| | |
|---|---|
| 1 | MATTHEW D. POWERS (Bar No. 104795) |
| | matthew.powers@weil.com |
| 2 | EDWARD R. REINES (Bar No. 135960) |
| | edward.reines@weil.com |
| 3 | SONAL N. MEHTA (Bar No. 222086) |
| | sonal.mehta@weil.com |
| 4 | WEIL, GOTSHAL & MANGES LLP |
| | Silicon Valley Office |
| 5 | 201 Redwood Shores Parkway |
| | Redwood Shores, CA 94065 |
| 6 | Telephone: (650) 802-3000 |
| | Facsimile: (650) 802-3100 |
| 7 | |
| | Attorneys for Defendant |
| 8 | Apple, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELAN MICROELECTRONICS CORPORATION, | Case No. C-09-01531 RS |
| Plaintiff, | APPLE, INC.'S ANSWER TO ELAN MICROELECTRONICS CORPORATION'S COMPLAINT FOR PATENT INFRINGEMENT |
| v. | |
| APPLE, INC., | Hon. Richard Seeborg |
| Defendant. | Demand for Jury Trial |

Defendant Apple, Inc. ("Apple") by and through its undersigned counsel, hereby responds to Plaintiff Elan Microelectronics Corporation's ("Elan") Complaint for Patent Infringement ("Complaint") as follows:

**I.**

**ANSWER**

**PARTIES**

1. Apple is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 1 of the Complaint, and, on that basis, denies those allegations.

2. Apple admits that U.S. Patent No. 5,825,352 ("the '352 patent") states on its face that it is entitled "Multiple Finger Contact Sending Method for Emulating Mouse Buttons

APPLE'S ANSWER                                                                                      Case No. C-09-01531 RS

and Mouse Operations on a Touch Sensor Pad." Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Elan's purported ownership of all right and title to the '352 patent and, therefore, denies those allegations. Except as so expressly admitted herein, Apple denies the allegations in Paragraph 2 of the Complaint.

3. Apple admits that U.S. Patent No. 7,274,353 ("the '353 patent") states on its face that it is entitled "Capacitive Touchpad Integrated with Key and Handwriting Functions." Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Elan's purported ownership of all right and title to the '353 patent and, therefore, denies those allegations. Except as so expressly admitted herein, Apple denies the allegations in Paragraph 3 of the Complaint.

4. Apple admits the allegations in Paragraph 4 of the Complaint.

**JURISDICTION AND VENUE**

5. Apple admits that Elan's Complaint purports to be an action that arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, but denies any wrongdoing or liability on its own behalf for the reasons stated herein. Apple admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Except as so expressly admitted herein, Apple denies the allegations in Paragraph 5 of the Complaint.

6. Apple admits that it resides in this district, has a regular place of business in this district, and has and does sell products and provide services to persons within this district. Apple denies that it has committed any acts of infringement within this district and specifically denies any wrongdoing, infringement, inducement of infringement or contribution to infringement. Apple admits that venue is proper as to Apple in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b). Except as so expressly admitted herein, Apple denies the allegations in Paragraph 6 of the Complaint.

**THE DISPUTE**

7. Apple denies the allegations in Paragraph 7 of the Complaint.

8. Apple denies the allegations in Paragraph 8 of the Complaint.

9. Apple admits that it designs, markets and sells computer and consumer electronics products including touch-sensitive input devices. Apple admits that it does or has designed, marketed, and sold the Apple iBook, PowerBook and MacBook portable computers, iPhone mobile phones and iPod Touch digital medial player devices, which do or have included touch-sensitive input devices. Except as so expressly admitted herein, Apple denies the allegations in Paragraph 9 of the Complaint.

**FIRST CLAIM**

10. Apple refers to and incorporates herein its answers as provided in Paragraphs 1-9 above.

11. Apple denies the allegations in Paragraph 11 of the Complaint.

12. Apple denies the allegations in Paragraph 12 of the Complaint.

13. Apple denies the allegations in Paragraph 13 of the Complaint.

14. Apple denies the allegations in Paragraph 14 of the Complaint.

15. Apple denies the allegations in Paragraph 15 of the Complaint.

**SECOND CLAIM**

16. Apple refers to and incorporates herein its answers as provided in Paragraphs 1-15 above.

17. Apple denies the allegations in Paragraph 17 of the Complaint.

18. Apple denies the allegations in Paragraph 18 of the Complaint.

19. Apple denies the allegations in Paragraph 19 of the Complaint.

20. Apple denies the allegations in Paragraph 20 of the Complaint.

21. Apple denies the allegations in Paragraph 21 of the Complaint.

**PRAYER FOR RELIEF**

22. Apple denies that Elan is entitled to any of the relief sought in its prayer for relief. Apple has not directly or indirectly infringed the '352 and '353 patents, either literally or by the doctrine of equivalents, willfully or otherwise. Elan is not entitled to recover statutory damages, compensatory damages, enhanced damages, an accounting, injunctive relief, costs, fees,

interest, or any other type of recovery from Apple. Elan's prayer should, therefore, be denied in its entirety and with prejudice, and Elan should take nothing.

### DEMAND FOR JURY TRIAL

23. Apple does not object to a trial by jury on all issues so triable.

## II.

## DEFENSES

As and for its affirmative defenses, Apple alleges as follows:

### FIRST DEFENSE – NON-INFRINGEMENT

24. Apple does not infringe and has not directly or indireclty infringed any claims of the '352 and '353 patents, either literally or under the doctrine of equivalents, willfully or otherwise.

### SECOND DEFENSE – INVALIDITY

25. Elan's alleged claims for infringement of the '352 and '353 patents are barred because each and every claim of the '352 and '353 patents is invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to Sections 102, 103, and/or 112.

### THIRD DEFENSE – LACHES

26. Elan's claims for relief are barred in whole or in part by the doctrine of laches.

### FOURTH DEFENSE – ESTOPPEL

27. Elan's claims for relief are barred in whole or in part by the doctrine of equitable estoppel.

### FIFTH DEFENSE – STATUTE OF LIMITATIONS

28. To the extent Elan seeks damages for alleged infringement more than six years prior to filing of this action, the relief sought by Elan is barred by 35 U.S.C. § 286.

**SIXTH DEFENSE – NOTICE**

29. To the extent Elan seeks damages for alleged infringement prior to its giving actual or constructive notice of the '352 and '353 patents to Apple, the relief sought by Elan is barred by 35 U.S.C. § 287.

**SEVENTH DEFENSE – NO INJUNCTIVE RELIEF**

30. To the extent Elan seeks injunctive relief for alleged infringement, the relief sought by Elan is unavailable because any alleged injury to Elan is not immediate or irreparable and because Elan has an adequate remedy at law for any alleged injury.

**DEMAND FOR JURY TRIAL**

31. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Apple hereby demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Apple prays for judgment as follows on Elan's Complaint and on Apple's Answer:

A. That Elan's Complaint be dismissed with prejudice and that Elan take nothing;

B. That judgment be entered in favor of Apple against Elan on Elan's Complaint;

C. That pursuant to 35 U.S.C. § 285 and/or other applicable laws, Elan's conduct be found to render this an exceptional case and that Apple be awarded its attorneys' fees incurred in connection with this action;

D. That Elan be required to pay Apple's costs of suit;

E. That Apple be awarded such other and further relief as the court may deem just and proper.

Dated: June 12, 2009                    WEIL, GOTSHAL & MANGES LLP


                                        By:    */s/ Edward R. Reines*
                                               EDWARD R. REINES
                                               edward.reines@weil.com

                                        Attorneys for Defendant Apple, Inc.