MATTHEW D. POWERS (Bar No. 104795)
matthew.powers@weil.com
EDWARD R. REINES (Bar No. 135960)
edward.reines@weil.com
SONAL N. MEHTA (Bar No. 222086)
sonal.mehta@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Apple, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELAN MICROELECTRONICS CORPORATION,<br><br>   Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>APPLE, INC.,<br><br>   Defendant and Counterclaim Plaintiff. | Case No. C-09-01531 RS<br><br>APPLE, INC.'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO ELAN MICROELECTRONICS CORPORATION'S COMPLAINT FOR PATENT INFRINGEMENT<br><br>Hon. Richard Seeborg<br><br>Demand for Jury Trial |

Defendant Apple, Inc. ("Apple") by and through its undersigned counsel, hereby responds to Plaintiff Elan Microelectronics Corporation's ("Elan") Complaint for Patent Infringement ("Complaint") as follows:

## I.

## ANSWER

### PARTIES

1. Apple is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 1 of the Complaint, and, on that basis, denies those allegations.

2. Apple admits that U.S. Patent No. 5,825,352 ("the '352 patent") states on its face that it is entitled "Multiple Finger Contact Sending Method for Emulating Mouse Buttons and Mouse Operations on a Touch Sensor Pad." Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Elan's purported ownership of all right and title to the '352 patent and, therefore, denies those allegations. Except as so expressly admitted herein, Apple denies the allegations in Paragraph 2 of the Complaint.

3. Apple admits that U.S. Patent No. 7,274,353 ("the '353 patent") states on its face that it is entitled "Capacitive Touchpad Integrated with Key and Handwriting Functions." Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Elan's purported ownership of all right and title to the '353 patent and, therefore, denies those allegations. Except as so expressly admitted herein, Apple denies the allegations in Paragraph 3 of the Complaint.

4. Apple admits the allegations in Paragraph 4 of the Complaint.

### JURISDICTION AND VENUE

5. Apple admits that Elan's Complaint purports to be an action that arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, but denies any wrongdoing or liability on its own behalf for the reasons stated herein. Apple admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Except as so expressly admitted herein, Apple denies the allegations in Paragraph 5 of the Complaint.

6. Apple admits that it resides in this district and has a regular place of business in this district. Apple denies that it has committed any acts of infringement within this district and specifically denies any wrongdoing, infringement, inducement of infringement or contribution to infringement. Apple admits that venue is proper as to Apple in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b). Except as so expressly admitted herein, Apple denies the allegations in Paragraph 6 of the Complaint.

### THE DISPUTE

7. Apple denies the allegations in Paragraph 7 of the Complaint.

8. Apple denies the allegations in Paragraph 8 of the Complaint.

9. Apple admits that it designs, markets and sells computer and consumer electronics products including touch-sensitive input devices. Apple admits that it does or has designed, marketed, and sold the Apple iBook, PowerBook and MacBook portable computers, iPhone mobile phones and iPod Touch digital medial player devices, which do or have included touch-sensitive input devices. Except as so expressly admitted herein, Apple denies the allegations in Paragraph 9 of the Complaint.

### FIRST CLAIM

10. Apple refers to and incorporates herein its answers as provided in Paragraphs 1-9 above.

11. Apple denies the allegations in Paragraph 11 of the Complaint.

12. Apple denies the allegations in Paragraph 12 of the Complaint.

13. Apple denies the allegations in Paragraph 13 of the Complaint.

14. Apple denies the allegations in Paragraph 14 of the Complaint.

15. Apple denies the allegations in Paragraph 15 of the Complaint.

### SECOND CLAIM

16. Apple refers to and incorporates herein its answers as provided in Paragraphs 1-15 above.

17. Apple denies the allegations in Paragraph 17 of the Complaint.

18. Apple denies the allegations in Paragraph 18 of the Complaint.

19. Apple denies the allegations in Paragraph 19 of the Complaint.

20. Apple denies the allegations in Paragraph 20 of the Complaint.

21. Apple denies the allegations in Paragraph 21 of the Complaint.

### PRAYER FOR RELIEF

22. Apple denies that Elan is entitled to any of the relief sought in its prayer for relief. Apple has not directly or indirectly infringed the '352 and '353 patents, either literally or by the doctrine of equivalents, willfully or otherwise. Elan is not entitled to recover statutory damages, compensatory damages, enhanced damages, an accounting, injunctive relief, costs, fees,

interest, or any other type of recovery from Apple. Elan's prayer should, therefore, be denied in its entirety and with prejudice, and Elan should take nothing.

### DEMAND FOR JURY TRIAL

23.   Apple does not object to a trial by jury on all issues so triable.

## II.

## DEFENSES

As and for its affirmative defenses, Apple alleges as follows:

### FIRST DEFENSE – NON-INFRINGEMENT

24.   Apple does not infringe and has not directly or indireclty infringed any claims of the '352 and '353 patents, either literally or under the doctrine of equivalents, willfully or otherwise.

### SECOND DEFENSE – INVALIDITY

25.   Elan's alleged claims for infringement of the '352 and '353 patents are barred because each and every claim of the '352 and '353 patents is invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, and/or 112.

### THIRD DEFENSE – LACHES

26.   Elan's claims for relief are barred in whole or in part by the doctrine of laches.

### FOURTH DEFENSE – ESTOPPEL

27.   Elan's claims for relief are barred in whole or in part by the doctrine of equitable estoppel.

### FIFTH DEFENSE – STATUTE OF LIMITATIONS

28.   To the extent Elan seeks damages for alleged infringement more than six years prior to filing of this action, the relief sought by Elan is barred by 35 U.S.C. § 286.

## SIXTH DEFENSE – NOTICE

29. To the extent Elan seeks damages for alleged infringement prior to its giving actual or constructive notice of the '352 and '353 patents to Apple, the relief sought by Elan is barred by 35 U.S.C. § 287.

## SEVENTH DEFENSE – NO INJUNCTIVE RELIEF

30. To the extent Elan seeks injunctive relief for alleged infringement, the relief sought by Elan is unavailable because any alleged injury to Elan is not immediate or irreparable and because Elan has an adequate remedy at law for any alleged injury.

## III.
## COUNTERCLAIMS

Counterclaim-Plaintiff Apple counterclaims against Counterclaim-Defendant Elan as follows:

## PARTIES

31. Apple is a corporation organized under the laws of the State of California and having a principal place of business at 1 Infinite Loop, Cupertino, CA 95014.

32. Elan alleges that it is a corporation organized under the laws of Taiwan R.O.C. with a principal place of business at No. 12, Innovation 1st Road, Science Based Industrial Park, Hsinchu Taiwan R.O.C.

## JURISDICTION AND VENUE

33. These counterclaims arise under Title 35 of the United States Code. The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

34. Elan is subject to personal jurisdiction in this district arising out of its systematic and continuous contacts with this district and its purposeful acts and/or transactions directed toward this district. Such contacts include without limitation Elan's past and ongoing infringing conduct in this district, Elan's bringing of this lawsuit in this district, and, on information and belief, Elan's presence and conduct of business in this district through ELAN Information Technology Group, operating in Cupertino, California 95015.

35. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## FIRST COUNTERCLAIM – DECLARATORY JUDGMENT

### '352 PATENT

36. Apple incorporates herein by reference the allegations of paragraphs 1 - 35 of this Answer, Affirmative Defenses and Counterclaims ("Answer").

37. Apple counterclaims against Elan pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

38. In its Complaint, Elan alleges that Apple is now and has been directly and/or indirectly infringing the '352 patent by the sale of at least its iBook, PowerBook, MacBook, iPhone and iPod Touch products.

39. An actual controversy exists between Elan and Apple by virtue of the allegations of Elan's Complaint and Apple's Answer as to the validity and infringement of the '352 patent.

40. The '352 patent is invalid and not infringed, as set forth in paragraphs 24 through 30 above.

41. Apple is entitled to judgment that the '352 patent is invalid and not infringed.

## SECOND COUNTERCLAIM – DECLARATORY JUDGMENT

### '353 PATENT

42. Apple incorporates herein by reference the allegations of paragraphs 1 - 41 of this Answer.

43. Apple counterclaims against Elan pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

44. In its Complaint, Elan alleges that Apple is now and has been directly and/or indirectly infringing the '353 patent by the sale of its iPhone and iPod Touch products.

45. An actual controversy exists between Elan and Apple by virtue of the allegations of Elan's Complaint and Apple's Answer as to the validity and infringement of the '353 patent.

46. The '353 patent is invalid and not infringed, as set forth in paragraphs 24 through 30 above.

47. Apple is entitled to judgment that the '353 patent is invalid and not infringed.

### THIRD COUNTERCLAIM – PATENT INFRINGEMENT
### '218 PATENT

48. Apple incorporates herein by reference the allegations of paragraphs 1 - 47 of this Answer.

49. Apple is the owner of the entire right, title and interest in and to U.S. Patent No. 5,764,218 ("the '218 patent") entitled "Method And Apparatus For Contacting A Touch-Sensitive Cursor-Controlling Input Device To Generate Button Values," which was duly and legally issued on June 9, 1998 in the name of inventors Mark A. Della Bona, Jonathan Dorfman and Jay F. Hamlin. A copy of the '218 patent is attached as Exhibit A hereto.

50. Upon information and belief, Elan has been and is currently, directly and/or indirectly, infringing, in violation of 35 U.S.C. § 271, the '218 patent through its design, marketing, manufacture and/or sale of touch-sensitive input devices or touchpads, including but not limited to the Smart-Pad.

51. Apple has suffered, and will continue to suffer, irreparable injury as a result of Elan's infringement. Pursuant to 35 U.S.C. §§ 283 and 284, Apple is entitled to damages for infringement and to a permanent injunction against further infringement.

52. This case is exceptional, and therefore, Apple is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

## FOURTH COUNTERCLAIM – PATENT INFRINGEMENT

### '659 PATENT

53. Apple incorporates herein by reference the allegations of paragraphs 1 - 52 of this Answer.

54. Apple is the owner of the entire right, title and interest in and to U.S. Patent No. 7,495,659 ("the '659 patent") entitled "Touch Pad For Handheld Device," which was duly and legally issued on February 24, 2009 in the name of inventors Greg Marriott, Guy Bar-Nahum, and Steven Bollinger. A copy of the '659 patent is attached as Exhibit B hereto.

55. Pursuant to Rule 11(b)(3) and upon information and belief, it is likely that reasonable opportunity for further investigation or discovery will confirm that Elan has been and is currently, directly and/or indirectly, infringing, in violation of 35 U.S.C. § 271, the '659 patent through its design, marketing, manufacture and/or sale of touch-sensitive input devices or touchpads, including but not limited to the Smart-Pad.

56. Apple has suffered, and will continue to suffer, irreparable injury as a result of Elan's infringement. Pursuant to 35 U.S.C. §§ 283 and 284, Apple is entitled to damages for infringement and to a permanent injunction against further infringement.

57. This case is exceptional, and therefore, Apple is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

## FIFTH COUNTERCLAIM – PATENT INFRINGEMENT

### '929 PATENT

58. Apple incorporates herein by reference the allegations of paragraphs 1 - 57 of this Answer.

59. Apple is the owner of the entire right, title and interest in and to U.S. Patent No. 6,933,929 ("the '929 patent") entitled "Housing For A Computing Device," which was duly and legally issued on August 23, 2005 in the name of inventor Chris J. Novak. A copy of the '929 patent is attached as Exhibit C hereto.

60. Pursuant to Rule 11(b)(3) and upon information and belief, it is likely that reasonable opportunity for further investigation or discovery will confirm that Elan has been and

is currently, directly and/or indirectly, infringing, in violation of 35 U.S.C. § 271, the '929 patent through its design, marketing, manufacture and/or sale of touch-sensitive input devices or touchpads, including but not limited to the Smart-Pad.

61.   Apple has suffered, and will continue to suffer, irreparable injury as a result of Elan's infringement. Pursuant to 35 U.S.C. §§ 283 and 284, Apple is entitled to damages for infringement and to a permanent injunction against further infringement.

62.   This case is exceptional, and therefore, Apple is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

63.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Apple hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Apple prays for judgment as follows on Elan's Complaint and on Apple's Answer, Affirmative Defenses and Counterclaims:

A.   That Elan's Complaint be dismissed with prejudice and that Elan take nothing;

B.   That judgment be entered in favor of Apple against Elan on Elan's Complaint;

C.   For entry of an Order declaring each and every claim of the '352 and '353 patents invalid and not infringed by Apple;

D.   For entry of an Order declaring that Elan has infringed, directly or indirectly, the '218, '659 and '929 patents under 35 U.S.C. § 271;

E.   That Elan, its officers, agents, servants, employees, attorneys and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly and indirectly infringing the '218, '659 and '929 patents;

F.   That Elan be required to pay damages to compensate Apple for Elan's infringement pursuant to 35 U.S.C. § 284;

G. An assessment of pre-judgment and post-judgment interest and costs against Elan, together with an award of such interest and costs;

H. That pursuant to 35 U.S.C. § 285 and/or other applicable laws, Elan's conduct be found to render this an exceptional case and that Apple be awarded its attorneys' fees incurred in connection with this action;

I. That Elan be required to pay Apple's costs of suit;

J. That Apple be awarded such other and further relief as the court may deem just and proper.

Dated: July 1, 2009

WEIL, GOTSHAL & MANGES LLP

By: ___/s/ Edward R. Reines___
EDWARD R. REINES
edward.reines@weil.com

Attorneys for Defendant and
Counterclaim Plaintiff Apple, Inc.