Yitai Hu (SBN 248085) (yitai.hu@alston.com)
Sean P. DeBruine (SBN 168071) (sean.debruine@alston.com)
S.H. Michael Kim (SBN 203491) (michael.kim@alston.com)
C. Augustine Rakow (SBN 254585) (augie.rakow@alston.com)
ALSTON + BIRD LLP
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, California  94306
Telephone:      650-838-2000
Facsimile:      650-838-2001

Attorneys for Plaintiff and Counterdefendant
ELAN MICROELECTRONICS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELAN MICROELECTRONICS CORPORATION,<br><br>                    Plaintiff,<br><br>        v.<br><br>APPLE, INC.,<br><br>                    Defendant. | Case No. C-09-01531 RS<br><br>**ELAN MICROELECTRONICS CORPORATION'S MOTION TO DISMISS APPLE, INC.'S THIRD, FOURTH AND FIFTH COUNTERCLAIMS UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT UNDER RULE 12(e)** |
| APPLE, INC.,<br><br>                    Counterclaimant,<br><br>        v.<br><br>ELAN MICROELECTRONICS CORPORATION,<br><br>                    Counterdefendant. | Date:  August 26, 2009<br>Time:  9:30 a.m.<br>Courtroom:  4, 5th Floor<br><br>The Honorable Richard Seeborg |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on August 26, 2009 at 9:30 a.m., in Courtroom 4 located at 280 South 1st Street, San Jose, California, Plaintiff and Counterdefendant Elan Microelectronics Corporation ("Elan") will, and hereby does, move to dismiss Defendant and Counterclaimant Apple, Inc.'s ("Apple") Third, Fourth and Fifth Counterclaims under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim or, in the alternative, to require a more definite statement under Rule 12(e).

As set forth in more detail below, Apple's Third, Fourth and Fifth Counterclaims should be dismissed because Apple has failed to plead any facts stating a claim for patent infringement. In its Fourth and Fifth Counterclaims, Apple has alleged nothing more than its speculation that Elan *might* infringe its patents, and that Apple intends to use discovery to continue its investigation of whether Elan's products infringe. In addition, while Apple admits that Elan is located in Taiwan, Apple fails to allege that any of the supposed acts of infringement by Elan took place in the United States. Finally, Apple has failed to allege any infringement by a third party, which is a necessary element of a claim for indirect infringement. As such, Apple fails to allege facts sufficient to properly establish its patent infringement counterclaims.

Because Apple's Third, Fourth and Fifth Counterclaims fail to satisfy the pleading standard required by Federal Rule of Civil Procedure 8, and because Apple has failed to set forth facts demonstrating any actual case or controversy with respect to Elan, Elan respectfully requests that the Third, Fourth and Fifth Counterclaims be dismissed. This motion is based upon this notice of motion and motion and accompanying memorandum of points and authorities, the pleadings of record in this matter and on any further submissions or argument of counsel as the Court may permit.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTUAL AND PROCEDURAL BACKGROUND.**

Elan brought suit against Apple on April 7, 2009, alleging that Apple infringes two of Elan's U.S. Patents. (Dkt. No. 1). After the parties stipulated to a 45 day extension, Apple filed its Answer on June 12, 2009. (Dkt. No. 7). On July 1, 2009, Apple served its First Amended Answer, Affirmative

Defenses, and Counterclaims to Elan's Complaint for Patent Infringement ("Amended Answer"). (Dkt. No. 15). In its Third, Fourth and Fifth Counterclaims, Apple attempts to allege that Elan infringes U.S. Patent Nos. 5,764,218 ("the '218 patent"), 7,495,659 ("the '659 patent"), and 6,933,929 ("the '929 patent") respectively. *Id.* at 7-9.

Apple's Third Counterclaim states:

> 50. Upon information and belief, Elan has been and is currently, directly and/or indirectly, infringing, in violation of 35 U.S.C. §271, the '218 patent through its design, marketing, manufacture and/or sale of touch-sensitive input devices or touchpads, including but not limited to the Smart-Pad.

*Id.* at 7. Apple's Fourth Counterclaim states:

> 55. Pursuant to Rule 11(b)(3) and upon information and belief, it is likely that reasonable opportunity for further investigation or discovery will confirm that Elan has been and is currently, directly and/or indirectly, infringing, in violation of 35 U.S.C. § 271, the '659 patent through its design, marketing, manufacture and/or sale of touch-sensitive input devices or touchpads, including but not limited to the Smart-Pad.

*Id.* at 8. Apple's Fifth Counterclaim states:

> 60. Pursuant to Rule 11(b)(3) and upon information and belief, it is likely that reasonable opportunity for further investigation or discovery will confirm that Elan has been and is currently, directly and/or indirectly, infringing, in violation of 35 U.S.C. § 271, the '929 patent through its design, marketing, manufacture and/or sale of touch-sensitive input devices or touchpads, including but not limited to the Smart-Pad.

*Id.* at 8-9. For the following reasons, these allegations fail to aver facts sufficient to support a claim for patent infringement.

**II.    ARGUMENT**

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A party may move for dismissal of action for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The United States Supreme Court restated and clarified the pleading standards under Rules 8(a) and 12(b)(6) in 2007 in the case of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Court held that a plaintiff must allege sufficient facts to give a defendant fair notice of the plaintiff's claim. *Id.* at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of elements

of a cause of action will not do." *Id.* at 555 (internal citations and quotations omitted). Thus, under *Bell Atlantic,* Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556 n.3. Further, factual allegations must be enough to raise a right to relief above the speculative level. "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (parenthetically quoting *Wright & Miller*, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

### A.   Apple's Fourth And Fifth Counterclaims Should Be Dismissed Because Apple Fails to Even Allege that Elan is Infringing the Asserted Patents.

As the Supreme Court made clear in *Bell Atlantic*, the factual allegations in a complaint must be sufficient to state a claim to relief. *See Bell Atlantic*, 550 U.S. at 570. To survive a motion to dismiss a claim for patent infringement requires *inter alia* "a statement that the plaintiff owns the patent . . . [and] a statement that the defendant has been infringing the patent by making, selling and using" a device embodying the patent. *McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1356-57 (Fed. Cir. 2007). Apple's Fourth and Fifth Counterclaims alleging infringement by Elan fail to meet even this minimal pleading standard. Apple does not even make the bald allegation that Elan infringes its patents. Rather it alleges only that "further investigation or discovery" might provide a basis for such an allegation. Amended Answer at ¶ 55 and ¶ 60 (Dkt. No. 15). Apple's failure to allege the fundamental fact necessary to support its claim – that there has been infringement of its patents – is fatal to Apple's counterclaims. Something more than speculation of possible infringement must be pleaded. Dismissal of Apple's Fourth and Fifth Counterclaims under Rule 12(b)(6) is appropriate because Apple has done nothing more than allege that it is *speculating* that Elan infringes the asserted patents.

The District Court for the District of Columbia recently dismissed a complaint for patent infringement based on a nearly-identical pleading. *In re Papst Licensing GMBH & Co., KG Litigation*, 585 F.Supp.2d 32 (D.D.C. 2008). In that case the plaintiff, Papst, alleged in its complaint that "[a] reasonable opportunity for further investigation or discovery is **likely to provide evidentiary support** the Sanyo Defendants have made, used, sold or offered to sell . . ." products covered by the asserted patent. *Id.* at 33 (omission of original emphasis and emphasis added). In the court's opinion, that language "merely *speculates* that Sanyo *might* have infringed or be infringing and notifies Sanyo and

the Court that Papst intends to investigate whether Papst has an infringement claim against Sanyo." *Id*. at 35 (emphasis added).  By alleging that it needed further investigation in order to determine whether Sanyo had infringed, Papst was admitting that it could not allege facts giving rise to the claim.  Papst was held to have pleaded itself out of court by making allegations demonstrating it had no legal claim. *Id*. at 35 n.2.  Thus, the court held that such language "fail[ed] to state a claim as required by Rule 8 — it does not contain 'a short and plain statement of the claim showing that the pleader is entitled to relief' sufficient 'to give a defendant fair notice' of the claims." *Id*. at 35.  Apple's Fourth and Fifth Counterclaims are presented in terms that closely parallel the language rejected by *In re Papst*.  Here, Apple alleges that "it is likely that reasonable opportunity for further investigation or discovery will confirm" Elan's infringement, Amended Answer, ¶¶ 55 and 60 (Dkt. No. 7), while in *Papst* the plaintiff alleged that "[a] reasonable opportunity for further investigation or discovery is likely to provide evidentiary support" of infringement.  *Papst*, 585 F. Supp. 2d at 33 (omission of original emphasis).  Since Apple needs to conduct further investigation in order to determine whether Elan infringes Apple's patents, Apple cannot allege sufficient facts giving rise to its counterclaims at the time of filing.  Therefore, the counterclaims do not meet the pleading standard of Rule 8(a)(2).

       The court in *Pabst* also pointed out that "[a] patentee has a duty under Federal Rule of Civil Procedure 11 to conduct an adequate pre-filing investigation of the devices it accuses of infringement." *Id*. at 35 n.2 (citing *Judin v. United States*, 110 F.3d. 780, 784 (Fed. Cir. 1997)).  Apple therefore acknowledges that it has failed to conduct a sufficient pre-filing investigation to allege Elan's infringement of the '659 and '929 patents, as required under *Judin*, because Apple merely alleges intent to rely on further investigation to confirm its speculation.  *See Judin*, 110 F.3d. at 784 (Rule 11 requires party and counsel to investigate accused device and reasonably determine that every patent claim element is present before filing suit).

       Apple's unfounded counterclaims will impose extensive costs to Elan and will unnecessarily burden this Court.  As patent litigation is quite expensive, it is proper to correct these deficiencies at the outset by dismissing these claims under Rule 12(b)(6).  Accordingly, the Court should grant Elan's motion to dismiss Apple's Fourth and Fifth Counterclaims for failure to state a claim upon which relief can be granted.

B.  **Apple's Third, Fourth and Fifth Counterclaims Should be Dismissed Because Apple Fails to Allege the Facts Required For a Claim of Patent Infringement.**

In addition to admitting that it can not state a case for patent infringement in support of its Fourth and Fifth Counterclaims, both of those claims as well as Apple's Third Counterclaim fail to state facts sufficient to establish a cause of action. For each of these claims, Apple attempts to allege that Elan has and is "directly and/or indirectly" infringing its patents. Amended Answer at ¶ 50, ¶ 55 and ¶ 60 (Dkt. No. 15). Yet Apple's Amended Answer fails to state a plausible set of facts to support those causes of action. In fact, Apple has failed to even make conclusory allegations that mimic all of the required elements to state a claim. As will be described below, a claim for direct infringement under 35 U.S.C. §271(a) requires some infringing action by the defendant in the United States. Yet Apple's counterclaims fail to allege what, if any, actions Elan has taken in this country that could constitute infringement. Similarly indirect infringement requires direct infringement by a third party. Again, Apple's complaint is silent as to any alleged third party infringement. Because Apple has failed to even allege the elements of these counterclaims in conclusory terms, they should be dismissed.

Apple may argue that these allegations are not required under the Federal Circuit's decision in *McZeal*. That decision states that a pleading following Fed.R.Civ.P. 84 Form 18 is sufficient. *McZeal* involved a *pro se* patentee's complaint for direct infringement against a domestic defendant. As Judge Dyk pointed out in his dissent, it is difficult to reconcile *McZeal* with the standard set out in *Bell Atlantic*. *McZeal*, 501 F.3d at 1359. Moreover, since *McZeal* was decided the Supreme Court confirmed that the standard established in *Bell Atlantic* applies "in all civil actions" governed by Rule 8 of the Federal Rules of Civil Procedure. *Id.* at 1953.[1] That standard therefore applies in patent cases

---

[1] Certainly the rationale underlying *Bell Atlantic* favoring dismissal of unsupported claims before parties are forced to undergo the expense of discovery applies in full force in patent case. As Judge Dyk noted, a recent AIPLA survey reported that "the median cost of discovery in a patent infringement suit is between $350,000 and $3,000,000." *McZeal*, 501 F.3d at 1362 n.8. Since the *McZeal* decision, Courts in at least this District and the Southern District of California have held that *Bell Atlantic* applies to patent infringement claims. *See, e.g., Anticancer, Inc. v. Xenogen Corp.*, 248 F.R.D. 278 (S.D. Ca. 2007) (*Bell Atlantic* pleading standards applies to pleadings in patent infringement actions); Order Granting in Part and Denying in Part Defendant's Motion to Dismiss or, in the Alternative, for a More Definite Statement; Vacating Hearing, *Advanced Analogic Techs, Inc. v. Kinetic Techs, Inc.*, No. C-09-1360 MMC (N.D. Ca. July 8, 2009) (Dkt. No. 43) (hereafter "*Advanced Analogic Order*").

and is inconsistent with the conclusory statements at issue in *McZeal*. However, this motion does not require that the *McZeal* decision be reconciled with the *Bell Atlantic* and *Iqbal* cases. The better course is to recognize, as did Judge Dyk in his dissent, that *McZeal* sets the minimum standard to properly state a claim for direct, literal patent infringement by a domestic defendant. *See McZeal*, 501 F.3d at 1360-61. Because Apple makes different allegations here – namely for indirect infringement and infringement by a foreign defendant – it must allege the elements of those causes of action. Apple has failed to do so.

> **1.    Apple Fails to Allege Direct Infringement by a Third Party and Thus Does Not State a Claim for Indirect Infringement.**

Apple has not set out even conclusory allegations of the necessary elements for its claim for indirect infringement. To indirectly infringe a patent, whether by inducing another's infringement, or by contributing to another's infringement, there must be some act of direct infringement in this country by a third party. *See Joy Technologies, Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993). Moreover, to be liable for inducing another's infringement, the indirect infringer must intentionally aid and abet that direct infringement with knowledge of the patent. *DSU Medical Corporation, et al. v. JMS Co., LTD, et al.*, 471 F.3d 1293, 1305 (2006) ("In order to induce infringement, there must first be an act of direct infringement and proof that the defendant knowingly induced infringement with the intent to encourage the infringement. The defendant must have intended to cause the acts that constitute the direct infringement and must have known or should have known than[*sic*] its action would cause the direct infringement."). Apple makes no allegation of direct infringement of its patent by any third party, nor does Apple allege that Elan knew of and encouraged any such third-party infringement. As such, Apple has failed to allege facts sufficient to support a claim for indirect infringement, and its allegations of indirect infringement should be dismissed. *See Advanced Analogic Order* at 3 (dismissing claim for induced and contributory infringement for failure to allege direct infringement by a third party).

> **2.    Apple Fails to Allege Any Acts by Elan in the United States to Support its Claim for Direct Infringement.**

Apple's attempt to allege direct infringement is similarly lacking. In order to directly infringe a

United States patent, one must "make[], use[], offer[] to sell, or sell[] [the] patented invention, *within the United States . . .*" 35 U.S.C. §271(a) (emphasis added).  To be liable for indirect infringement by contributing to another's infringement, one must sell or offer to sell or import *into the United States* a component of the patented invention.  35 U.S.C. §271(c) (emphasis added).  In other words, the U.S. patent laws are territorial, and cover only acts that take place in the United States.  *Microsoft Corporation v. AT&T Corp.,* 550 U.S. 437, 454-55 ("The presumption that United States law governs domestically but does not rule the world applies with particular force in patent law.  The traditional understanding that our patent law operate[s] only domestically and d[oes] not extend to foreign activities is embedded in the Patent Act itself, which provides that a patent confers exclusive rights in an invention within the United States.") (internal citations and quotations omitted).  The Federal Circuit recently noted – after the *McZeal* decision – that "whether the allegedly infringing act happened in the United States is an element of the claim for patent infringement" that should be pleaded.  *Litecubes, LLC v. Northern Light Prods, Inc.*, 523 F.3d 1353, 1366 (Fed. Cir. 2008).  While the complaint at issue in *Litecubes* included an allegation that defendant's actions took place "in the United States," the Court noted that cases where "the activity complained of took place wholly outside the United States" could be "quickly disposed of in a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Id.* at 1366 n.14.  This is such a case.

Elan alleges that it is incorporated and has its principle place of business outside the United States.  *See* Complaint, ¶ 1 (Dkt. No. 1).  Apple states that it lacks any information to contest that allegation.  Amended Answer, ¶ 1 (Dkt. No. 15).  As such, it is fair to assume that the location of any actions by Elan will be at issue with respect to Apple's infringement claims.  Yet none of Apple's Third, Fourth or Fifth Counterclaims allege that any of Elan's allegedly infringing acts have taken place in the United States.  *Id.* at ¶¶ 50, 55 and 60.  Because Apple has failed to allege the necessary elements of infringement under any of §§ 271(a)-(c), those counterclaims should be dismissed under Fed. R. Civ. P. 12(b)(6).

       3.    **In the Alternative, Apple Should Provide a More Definitive Statement of Its Direct Infringement Contentions.**

This case is similar to that recently decided by Judge Chesney, where infringement claims were

dismissed. *See* Order Granting in Part and Denying in Part Defendant's Motion to Dismiss or, in the Alternative, for a More Definite Statement; Vacating Hearing, *Advanced Analogic Techs, Inc. v. Kinetic Techs, Inc.*, No. C-09-1360 MMC (N.D. Ca. July 8, 2009). In that case the Court rejected the allegation in the complaint that "a substantial part of the events which give rise to the claim for patent infringement occurred in the County of Santa Clara" as insufficient to allege infringing acts in the United States. *Id.* at 2. While Elan contends that the same outcome should apply here, in its Amended Answer Apple alleges that Elan's contacts with this district include some undefined alleged "past and ongoing infringing conduct." Amended Answer, ¶ 34. This is nothing more than a cursory statement of a legal conclusion. Under *Bell Atlantic* and *Iqbal* this statement need not be accepted as true, and is insufficient to state a claim.

However, should the Court nevertheless accept this statement of a legal conclusion as adequate to state a claim, Elan is nevertheless entitled to a more definite statement on this topic. Elan therefore alternatively requests that the Court order Apple to provide a more definite statement setting forth Apple's infringement allegations against Elan, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Rule 12(e) provides that, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). The Supreme Court has further stated that, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema*, *N.A.*, 534 U.S. 506, 514 (2002). At a minimum, Elan is entitled to know whether Apple is alleging direct infringement, and if so of which one, two or all three of its asserted patents. Furthermore, to address any such allegation Elan is entitled to know what acts Apple alleges have taken place in this country that constitute infringement.

III.   **CONCLUSION**

For the foregoing reasons, Plaintiff and Counterdefendant Elan respectfully submits that the allegations of direct and indirect infringement in Defendant and Counterclaimant Apple's Third, Fourth and Fifth Counterclaims each fail to state a claim and should be dismissed under Rule 12(b)(6). In the alternative, Plaintiff and Counterdefendant Elan requests that Defendant and Counterclaimant Apple be

required, under Rule 12(e) to provide a more definite statement as to what allegedly infringing acts by Elan took place in the United States.

Dated:  July 21, 2009                              Respectfully submitted,

                                                   ALSTON + BIRD LLP


                                                   By:_____/s/_____

                                                         Sean P. DeBruine

                                                   Attorneys for Plaintiff and Counterdefendant
                                                   ELAN MICROELECTRONICS CORPORATION

#31412227