1   MATTHEW D. POWERS (Bar No. 104795)
matthew.powers@weil.com
2   EDWARD R. REINES (Bar No. 135960)
edward.reines@weil.com
3   SONAL N. MEHTA (Bar No. 222086)
sonal.mehta@weil.com
4   WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
5   201 Redwood Shores Parkway
Redwood Shores, CA 94065
6   Telephone: (650) 802-3000
Facsimile: (650) 802-3100

7

8   Attorneys for Defendant and Counterclaim Plaintiff,
Apple Inc.

9            UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11            SAN JOSE DIVISION

| | |
|---|---|
| ELAN MICROELECTRONICS CORPORATION,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant and Counterclaim Plaintiff. | Case No. C-09-01531 RS<br><br>APPLE INC.'S OPPOSITION TO ELAN MICROELECTRONICS CORPORATION'S MOTION TO DISMISS APPLE INC.'S THIRD, FOURTH AND FIFTH COUNTERCLAIMS UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT UNDER RULE 12(e)<br><br>Date: August 26, 2009<br>Time: 9:30 a.m.<br>Courtroom: 4, 5th Floor<br><br>Hon. Richard Seeborg<br><br>Demand for Jury Trial |

APPLE'S OPPOSITION TO ELAN'S MOTION
TO DISMISS            Case No. C-09-01531 RS

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................................................................. 1

II.  APPLE'S THIRD, FOURTH AND FIFTH COUNTERCLAIMS ARE MORE THAN ADEQUATE TO STATE A CLAIM UNDER RULES 8(A) AND 11(B)(3) ........ 3

    A.  There Is No Support For Elan's Theory That Infringement Allegations Pleaded Under Rule 11(b)(3) Are Necessarily Deficient Under Rule 12(b)(6) ........................................................................................................................ 3

    B.  Apple's Infringement Allegations Exceed The Federal Rules' Notice Pleading Standard ............................................................................................... 8

        1.  Apple Has Adequately Pleaded Indirect Infringement .............................. 8

        2.  Apple Has Adequately Pleaded Direct Infringement ............................... 11

    C.  At A Minimum, Apple Should Be Permitted To Amend Its Counterclaims ........ 12

III. CONCLUSION ..................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page**

### CASES

*Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*,
  No. C-09-1360 MMC, 2009 WL 1974602 (N.D. Cal. July 8, 2009) .......................... 9, 12

*Arnold v. Petland, Inc.*,
  No. 2:07-cv-01307, 2009 WL 816327, at *11 (S.D. Ohio March 16, 2009) .................... 6

*Broam v. Bogan*,
  320 F.3d 1023, 1028 (9th Cir. 2003) .................................................................. 12

*Creative Science Systems, Inc., v. Forex Capital Markets, LLC., et al.*,
  No. C-04-3746, 2006 WL 305963 (N.D. Cal. Feb. 8, 2006) ............................................ 3

*FotoMedia Techs., LLC v. AOL, LLC*, 2:07CV255, 2008 WL 4135906, at *2
  (E.D. Tex. Aug. 29, 2008), *adopted by* Memorandum Order, D.I. 162,
  *FotoMedia Techs., LLC v. AOL, LLC*, (E.D. Tex. Sept. 24, 2008) ............................ 10, 11

*In Re Katz Interactive Call Processing Patent Litigation*,
  07-ML-01816-RGK (C.D. Cal. Aug. 3, 2009) ................................................... 10

*In re Papst Licensing GMBH & Co., KG Litigation*,
  585 F. Supp. 2d 32 (D.D.C. 2008 ................................................................... 6, 7

*In re Papst Licensing GMBH & Co., KG Litigation*,
  602 F. Supp. 2d 17 (D.D.C. 2009) ................................................................... 6, 7

*Judin v. United States*,
  110 F.3d 780 (Fed. Cir. 1997) .......................................................................... 7, 8

*Leatherman v. Tarrant County NICU*,
  507 U.S. 163 (1993) ........................................................................................... 6

*McZeal v. Sprint Nextel Corp.*,
  501 F.3d 1354 (Fed. Cir. 2007) .................................................................. 4, 5, 8

*Rotella v. Wood*,
  528 U.S. 549 (2000) ............................................................................................ 4

*Trachsel v. Buchholz*,
  No. C-08-02248, 2009 WL 839117 (N.D. Cal. March 30, 2009) ...................................... 3

*Windy City Innovations, LLC v. America Online, Inc.*,
  227 F.R.D. 278 (N.D. Ill. 2005 ......................................................................... 5

### RULES

Fed. R. Civ. P. 11(b)(3) .............................................................................. passim

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

**OTHER AUTHORITIES**

Fed. R. Civ. P. 11 advisory committee's note,
    146 F.R.D. 401 (1993) .................................................................................................. 3, 4

# I.

# INTRODUCTION

There are few issues as *en vogue* as motions to dismiss based on the Supreme Court's high-profile rulings in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*. But when a motion becomes trendy to file based on a new legal development, the need to scrutinize whether the broad application of the new authority truly fits the circumstances is heightened.

Here, a review of the record demonstrates that Elan's motion does not fit the circumstances of this case because Apple's pleading satisfies the requirements of Rule 8. To be sure, there are instances in which patent-holders allege infringement without pleading sufficient facts to state viable legal claims and put the alleged infringer on notice of the claims against it. In such circumstances, the Supreme Court's guidance in *Twombly* and *Iqbal* is helpful in ensuring that the notice requirements of Rule 8 are met and that irresponsible litigation based on "implausible" claims is not permitted. But *Twombly* and *Iqbal* do not create a heightened pleading standard that requires that claims be dismissed or amended without good reason merely because the alleged infringer can identify certain factual details that could also have been pleaded, or would like more specific details about the infringement contentions that are properly the subject of discovery. That is precisely what Elan seeks here.

At the outset, Elan seeks to dismiss two of Apple's three patent infringement counterclaims on the theory that they *per se* fail to state a claim because they plead patent infringement as likely to be confirmed after a reasonable opportunity for further investigation or discovery. Elan criticizes Apple for "not even mak[ing] the bald allegation that Elan infringes its patents," and argues that Apple's pleading is "speculating" as to infringement and therefore does not state a claim for relief under *Twombly* and *Iqbal*. But Elan's position is a perversion of those cases. At their core, *Twombly* and *Iqbal* seek to encourage fair notice and responsible pleading. That is precisely what Apple has done here.

Apple purposely and expressly pleaded its Fourth and Fifth Counterclaims pursuant to Rule 11(b)(3) because it did not want to plead facts that it could not confirm in its own pre-filing investigation. Instead, Apple provided Elan with fair notice of its belief that it will

1  establish through further investigation and discovery of information uniquely in Elan's control
2  that Elan infringes Apple's patents. Elan offers no explanation for how or why Apple should be
3  penalized for taking this path—expressly authorized by the Rules—let alone how the Supreme
4  Court's guidance in *Twombly* and *Iqbal* supports such an outcome. Instead, Elan studiously
5  ignores Rule 11(b)(3) and even goes so far as to imply that Apple has *violated* Rule 11 by
6  conducting an inadequate investigation. In so doing, Elan has failed to address the fundamental
7  tension in its position. Parties that seek to meet their obligations under Rules 8 and 11 but that
8  cannot do so because of asymmetries in information should be *encouraged* to plead under Rule
9  11(b)(3) not thrown out of court under Rule 12(b)(6) through some kind of Catch-22.

10  Elan also seeks dismissal of each of Apple's three patent infringement
11  counterclaims as inadequate because they supposedly do not plead specific acts of direct
12  infringement underlying Elan's indirect infringement and specific acts of direct infringement by
13  Elan in the United States. Again, Elan's position is based on its attempt to stretch the Supreme
14  Court's guidance in *Twombly and Iqbal* well beyond its meaning. The law does not require that
15  Apple describe in detail the specific acts of third-party direct infringement underlying Elan's
16  indirect infringement or provide details as to the specific acts of direct infringement by Elan or its
17  agents in the United States. To the contrary, courts, including the Federal Circuit, have
18  repeatedly recognized that the notice pleading standard explained in *Twombly* requires only that a
19  patent-holder plead facts sufficient to place the alleged infringer on *notice* of what he must
20  defend. Elan concedes as much when it acknowledges that, even after *Twombly* and *Iqbal*, Rule 8
21  does not require detailed factual allegations but only facts sufficient to give the defendant fair
22  notice of the claims against it. As shown below, Apple has provided Elan with ample notice of
23  the claims against it. Indeed, it has done so with the same level of particularity that Elan itself has
24  alleged in its own pleading.

25  For the reasons set forth herein, Elan's motion should be denied.

## II.

## APPLE'S THIRD, FOURTH AND FIFTH COUNTERCLAIMS ARE MORE THAN ADEQUATE TO STATE A CLAIM UNDER RULES 8(A) AND 11(B)(3)

### A. There Is No Support For Elan's Theory That Infringement Allegations Pleaded Under Rule 11(b)(3) Are Necessarily Deficient Under Rule 12(b)(6)

Elan contends that Apple's Fourth and Fifth Counterclaims fail to allege infringement because Apple did not "make the bald allegation that Elan infringes," but instead pleaded patent infringement that is likely to be confirmed after a reasonable opportunity for further investigation or discovery. D.I. 16 [Elan's Motion to Dismiss] ("Motion") at 3. But aside from quoting Apple's counterclaims in the background section of its brief, Elan never once acknowledges—let alone addresses—that Apple's allegations are specifically and explicitly pleaded pursuant to Rule 11(b)(3). To the contrary, Elan ignores the fact that Rule 11(b)(3) expressly permits the very manner of pleading that Elan now argues is insufficient.[1] *Compare* Fed. R. Civ. P. 11(b)(3) *with* Motion at 3-4.

Under Rule 11(b)(3), the factual contentions in a pleading must either "have evidentiary support, or if specifically so identified, [be] likely [to] have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Prior to its amendment in 1993, Rule 11 required pleadings to be "well grounded in fact," which put claimants in a Catch-22. A claimant who needed discovery from a third-party to support its allegations would be denied access to that discovery because her allegations were not well grounded in fact. *See* Fed. R. Civ. P. 11 advisory committee's note, 146 F.R.D. 401, 523 (1993). To address this quandary, the Rule was revised to allow claimants to make allegations that are "likely [to] have evidentiary support" "in recognition that sometimes a litigant may have good reason to believe that a fact is true or false but may need discovery, formal or informal, from

---

[1] By failing to address the very rule that authorizes this style of pleading in its motion, Elan has waived any arguments based on that provision and should not be permitted to make such arguments for the first time in reply in some kind of inappropriate briefing ambush. *See, e.g., Creative Science Systems, Inc., v. Forex Capital Markets, LLC., et al.*, No. C-04-3746, 2006 WL 305963 (N.D. Cal. Feb. 8, 2006) (Seeborg, J.) (denying new argument for sanctions raised for the first time on reply because the opposing party did not have an opportunity to respond) (Reines Decl. Exh., A); *Trachsel v. Buchholz*, No. C-08-02248, 2009 WL 839117 (N.D. Cal. March 30, 2009) (Whyte, J.) (striking arguments raised for the first time on reply) (Reines Decl., Exh. B).

opposing parties or third persons to gather and confirm the evidentiary basis for the allegation." *Id*. at 580, 585. As amended, Rule 11(b)(3) thus provides a safety valve for parties who must plead certain facts, but cannot confirm them before pleading because an adversary controls the information necessary to substantiate these claims. In short, Rule 11(b)(3) provides "flexibility . . . [to] allow[] pleadings based on evidence reasonably anticipated after further. . . discovery." *Rotella v. Wood,* 528 U.S. 549, 560 (2000).

Apple found itself in the precise situation contemplated by the adopters of Rule 11(b)(3) in investigating and preparing its patent infringement counterclaims here. After conducting a pre-filing inquiry—including not only the review of publicly-available documentation, but the purchase, use and taking-apart of laptops employing the accused Elan touchpads—Apple still sought discovery of the sale, design and inner workings of Elan's touchpads to confirm the evidentiary basis for its infringement allegations. Declaration of Edward R. Reines In Support Of Apple's Opposition To Elan Microelectronics Corporation's Motion To Dismiss Apple Inc.'s Third, Fourth And Fifth Counterclaims Under Rule 12(b)(6) For Failure To State A Claim, Or In The Alternative, For More Definite Statement Under Rule 12(e) ("Reines Decl.") at ¶ 2. As such, Apple recognized that it would be prudent to obtain discovery of information uniquely in Elan's possession to confirm that Elan's touchpads work as Apple understood them to work based on the information that was available to Apple. *Id.*

Some claimants in Apple's position may have simply made bald allegations of infringement based on their "information and belief" as to the operation of Elan's touchpads.[2] Had Apple done so, it might not be facing this motion now. But Apple chose the more responsible path. Rather than make infringement allegations in such circumstances, particularly in the absence of information uniquely in Elan's possession, Apple instead availed itself of flexibility provided by Rule 11(b)(3). As that rule requires, Apple gave Elan notice that

---

[2] Even in such cases, dismissal under Rule 12(b)(6) may not be appropriate. For example, in *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357-58 (Fed. Cir. 2007), the Federal Circuit vacated an order dismissing a patent infringement complaint for failure to state a claim where it recognized that the plaintiff had access to only the defendant's public statements and advertisements before filing, but would have an opportunity to substantiate his infringement allegations as the case progressed because "the specifics of how [the] purportedly infringing device work[ed] [wa]s something to be determined through discovery."

"Pursuant to Rule 11(b)(3) and upon information and belief, it is likely that a reasonable opportunity for further investigation or discovery" would confirm that Elan infringes Apple's patents through its design, marketing, manufacture and/or sale of touch-sensitive input devices or touchpads such as the Smart-Pad device. *See* D.I. 15 [Apple's Amended Answer] at ¶¶ 50, 55, 60. In so doing, Apple provided Elan notice not only of the claims against it but of Apple's belief that further discovery and investigation would confirm the evidentiary basis of those claims. Litigants should be encouraged to pursue this path, not punished.

Despite this, Elan urges this court to dismiss Apple's Rule 11(b)(3) allegations as some sort of admission that Apple has not stated a claim for infringement. Motion at 3. This argument is both unpersuasive and unsupported.

Since the promulgation of Rule 11(b)(3), courts have found that infringement allegations pleaded pursuant to that rule sufficiently state a claim for relief. For example, in *Windy City Innovations, LLC v. America Online, Inc.*, 227 F.R.D. 278 (N.D. Ill. 2005), accused infringer AOL argued that Windy City had "alleged only that it *might* have evidentiary support to make a future claim of infringement, not that it presently made or could make a claim of infringement" when it chose to plead under Rule 11(b)(3). *Id*. at 282. The court rejected this argument, holding that "a review of the language in [the disputed paragraph] which states that Windy 'is *likely* to have evidentiary support' after a reasonable inquiry shows that it is in compliance with Rule 11(b)(3)." *Id*. Consequently, the court held that Windy City's Rule 11(b)(3) infringement allegation sufficiently stated a claim under Rule 12(b)(6). *Id.*

Nothing in *Twombly* or *Iqbal* does—or could—repeal Rule 11(b)(3) pleading, nor has Elan cited any authority that even suggests that it does. To the contrary, the Federal Circuit has made clear that even after *Twombly*, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal,* 501 F.3d at 1357. By pleading under Rule 11(b)(3), Apple informed Elan and the Court that it seeks discovery to confirm the evidentiary basis for its allegations that Elan infringes Patent Nos. 7,495,659 and 6,933,929 through its "design, marketing, manufacture and/or sale of touch sensitive input devices or touchpads, including but not limited to the Smart-Pad." *See* D.I. 15 [Apple's Amended Answer]

1  at ¶¶ 50, 55, 60.  Indeed, a "bald allegation" of infringement, as Elan suggests was necessary, would have provided no greater notice of the claims against it than Apple's Rule 11(b)(3) allegations.  To the contrary, a bald allegation would have provide Elan *less* notice as to Apple's request for further discovery and investigation to confirm its claims.

Moreover, to hold that Rule 11(b)(3) pleading fails to sufficiently state a claim post-*Twombly* would impermissibly render Rule 11(b)(3) a nullity.  When clarifying the pleading standard in *Twombly*, the Supreme Court could not have intended such a drastic and absurd result.  Nor was the Court able to nullify Rule 11(b)(3) even if it had sought to do so.  As the Court noted in an earlier pleadings case, changes to the Federal Rules are obtainable only "by the process of amending the Federal Rules, and not by judicial interpretation."  *Leatherman v. Tarrant County NICU*, 507 U.S. 163, 168-69 (1993) (holding that Rules 8 and 9 could not be rewritten through judicial interpretation to include a heightened pleading standard for claims against municipalities); *see also Arnold v. Petland, Inc.*, No. 2:07-cv-01307, 2009 WL 816327, at *11 (S.D. Ohio March 16, 2009) (Reines Decl., Exh. C) (post-*Twombly* decision noting that, even where pleading fails to satisfy the particularity requirement of Rule 9(b), the Court may allow discovery to proceed under Rule 11(b)(3)).  In short, Rule 11(b)(3) is as viable after *Twombly* as it was before.

Elan's cases are not to the contrary.  Elan relies primary on *In re Papst Licensing GMBH & Co., KG Litigation*, 585 F. Supp. 2d 32 (D.D.C. 2008), to support its theory that Apple's claims are speculative and therefore inadequate under Rule 12(b)(6).  But Elan's reliance on *Papst* is misplaced.  At the outset, Elan relies on the *Papst* Court's initial order on the accused infringer's Rule 12(b)(6) motion to dismiss without citing or even acknowledging the Court's decision amending that order upon reconsideration.  *See In re Papst Licensing GMBH & Co., KG Litigation*, 602 F. Supp. 2d 17 (D.D.C. 2009) ("Reconsideration Order").  Elan's avoidance of the Reconsideration Order is telling.  In that order, the Court explained the unique facts that rendered dismissal of Papst's claim appropriate.  Specifically, the Court explained that Papst claimed to have alerted the accused infringer of its patent infringement allegations before it even filed suit by providing claim charts showing how the accused products were alleged to meet each element of

1 the patent claims, but nevertheless, even months into the case, could plead only that infringement was likely upon further investigation. *Id.* at 20. Indeed, Papst was "well past the *Markman* hearing in [the] multidistrict litigation" and still could not take a position one way or the other on whether it had sufficient facts to allege infringement. *Id.* at 21. Given the late stage of the case and the heightened challenges of expensive and time-consuming multidistrict litigation, the Court ruled that it simply could "not allow Papst to continue its hide-the-ball routine."[3] *Id.* Thus, while the Court acknowledged that "neither detailed nor specific facts are necessary to meet the notice pleading standard," it found that Papst had no reasonable basis to continue to allege that it might be able to prove infringement with some further, unspecified discovery or investigation. *Id.* at 20. In those circumstances, the Court determined that dismissal without prejudice was the best and most efficient course.[4] *Id*. at 21.

Those circumstances are not present here. This case is at a much earlier stage than *Papst*. Likewise, the record here confirms that Apple has taken the exact opposite approach of Papst in pleading under Rule 11(b)(3). Rather than use that rule to "hide-the-ball" as to its allegations late in the game, Apple has been up-front about its allegations right from the outset. As such, the *Papst* Court's rationale for dismissal of Papst's infringement claims without prejudice simply does not apply here. Nor does the *Papst* Court's ruling shed light on the interplay between Rule 11(b)(3) and Rule 12(b)(6) in this case. Neither decision in *Papst* acknowledged Papst's reliance Rule 11(b)(3) at all, let alone explained how Rule 11(b)(3) allegations can be dismissed as speculative under Rule 12(b)(6) where a responsible party invokes Rule 11(b)(3) for proper purposes.

Just as with *Papst*, Elan's reliance on *Judin v. United States*, 110 F.3d. 780 (Fed. Cir. 1997) is similarly misplaced. As a threshold matter, *Judin* was decided under the 1983

---

[3] The *Papst* Court was also clearly skeptical of the evidentiary underpinnings of Papst's allegations. While Papst had initially alleged its need for further investigation and discovery, it sought to amend its complaint to just remove that language and allege infringement "upon information and belief" in response to the motion to dismiss. *Papst,* 585 F. Supp. 2d at 35.

[4] The reconsideration order expressly amended the Court's prior order to clarify that the dismissal of Papst's claims was without prejudice such that it could file a new complaint if it sought to do so. *Id.* at 21.

version of Rule 11, which did not include 11(b)(3)'s provision for factual contentions "likely [to] have evidentiary support" and therefore sheds no light on the viability of Apple's allegations expressly invoking Rule 11(b)(3). *Id.* at 783, n.1 ("Rule 11, RCFC, is patterned after the 1983 version of Rule 11, Fed.R.Civ.P. We express no view as to whether the outcome of this case would be different if the rule had been patterned after the 1993 version of Rule 11, Fed.R.Civ.P."). In any event, Elan's suggestion that Apple has failed to conduct a sufficient pre-filing investigation pursuant to *Judin* is meritless. In *Judin*, the plaintiff and his attorney failed to offer an "adequate explanation . . . for why they failed to obtain, or attempted to obtain, a sample of the accused device from the Postal Service or a vendor so that its actual design and functioning could be compared with the claims of the patent." *Id*. at 784. Here, Apple undertook a pre-filing investigation of the accused Elan products, including not only the review of publicly-available documentation, but the purchase, use and taking-apart of laptops employing the accused Smart-Pad touchpad to determine their design and function. *See* Reines Decl. at ¶ 2. This is not a violation of Rule 11 but rather an affirmation of its importance.

### B. Apple's Infringement Allegations Exceed The Federal Rules' Notice Pleading Standard

Elan concedes, as it must, that notice pleading under Rule 8—even as interpreted in *Twombly* and *Iqbal*—does not require detailed factual allegations but only facts sufficient to give the defendant fair notice of the claims against it. Motion at 2, 5 (citing *McZeal*).[5] Nevertheless, Elan lodges two complaints against each of Apple's Third, Fourth and Fifth Counterclaims. As set forth below, both are inconsistent with pleading requirements of *Twombly* and *Iqbal*, and, awkwardly, with Elan's *own* pleading in this case.

#### 1. Apple Has Adequately Pleaded Indirect Infringement

Elan's first complaint is that Apple has not set out even conclusory allegations of the necessary elements of claim for indirect infringement because it has not identified

---

[5] Elan's attempt to cast *McZeal* as squarely inconsistent with *Twombly* and *Iqbal* is not credible. Motion at 5-6. *McZeal* repeatedly acknowledged and applied the Supreme Court's ruling in *Twombly*. *McZeal*, 501 F.3d at 1356-57.

APPLE'S OPPOSITION TO ELAN'S MOTION
TO DISMISS                                    8                            Case No. C-09-01531 RS

1  infringement by third parties underlying Elan's indirect infringement or that Elan knew of and
2  encouraged third-party infringement. Motion at 6.

3  Elan's argument is readily rejected as a cynical attempt to apply a double-standard
4  for tactical gain. *Elan* was no more specific than Apple in its own pleading in this case. Elan
5  alleged that "Apple is now and has been ***directly and/or indirectly infringing***" the patents-in-suit
6  by the sale of the accused products, just as Apple has alleged that "Elan has been and is currently,
7  ***directly and/or indirectly, infringing,*** in violation of 35 U.S.C. § 271 the [asserted Apple patents]
8  through its design, marketing, manufacture and/or sale of touch-sensitive input devices or
9  touchpads, including but not limited to the Smart-Pad." *Compare* D.I. 1 [Elan Complaint] at ¶¶
10 11, 17 *with* D.I. 15 [Apple's Amended Answer] at ¶¶ 50, 55, 60. Nowhere in Elan's Complaint
11 did it allege direct infringement by any third party underlying the alleged indirect infringement by
12 Apple or that Apple knew of and encouraged such third-party infringement. *See generally* D.I. 1
13 [Elan Complaint]. Thus, insofar as Elan maintains that it has stated an adequate claim for indirect
14 infringement, Apple has too. Any other outcome would hold Apple to a different pleading
15 standard than Elan itself applied in initiating this suit. Such an outcome makes no sense and is
16 exactly the type of gamesmanship that modern pleading rules are designed to discourage.

17 In any event, Elan has offered little support for its position. Elan relies exclusively
18 on a recent order from Judge Chesney in which the Court dismissed, with leave to amend, indirect
19 infringement claims that did not allege that any third party made, used, offered to sell or sold an
20 accused product. *See Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*, No. C-09-1360
21 MMC, 2009 WL 1974602 (N.D. Cal. July 8, 2009) (Chesney, J.) (Reines Decl., Exh. D). But
22 there is an important difference between that case and this one. In that case, the defendant was
23 accused of infringing the patent-in-suit by making, selling and using integrated circuits including
24 but not limited to light emitting diode (LED) circuits. Because of the nature of the accused
25 devices, an allegation of indirect infringement without explanation as to what third parties were
26 using or selling those circuits in a manner that directly infringed the patent-in-suit could result in
27 significant uncertainty as to the indirect infringement claims. In contrast, in this case, the very
28 nature of Elan's products defines those alleged third party infringers—they are the users of

1  accused products, whether individual customers of Elan's products or manufacturers that use
2  Elan's touchpads in their own consumer electronics products. In other words, the nature of the
3  accused products in this case itself places both parties on notice of the indirect infringement
4  allegations against them.

5  Not surprisingly, other courts have found general indirect infringement allegations
6  sufficient in similar situations. For example, just two days ago, the Court in *In Re Katz*
7  *Interactive Call Processing Patent Litigation* issued an order denying a Rule 12(b)(6) motion to
8  dismiss on the same grounds as those raised here. *See* (In Chambers) Order DENYING the Geico
9  Defendants' Motion to Dismiss or, Alternatively, For A More Definite Statement, D.I. 6682, *In*
10 *Re Katz Interactive Call Processing Patent Litigation*, 07-ML-01816-RGK (C.D. Cal. Aug. 3,
11 2009) (Reines Decl., Exh. E). There, the defendants sought to dismiss, among others, claims for
12 inducement and contributory infringement of patents relating to automated call processing
13 systems on the grounds that the patent-holder's allegations did not identify specifically the third-
14 party direct infringers underlying its indirect infringement theories. *Id*. at 2. The Court rejected
15 defendants' motion on the grounds that a patent-holder need provide notice as to its claims but
16 need not provide a detailed description of how the accused infringer infringes specific claims in
17 its pleading. *Id.* Indeed, even where the defendants were faced with allegations that they infringe
18 nineteen patents with over 1600 claims, the Court rejected their request for further specificity as
19 essentially asking the patent-holder to provide its infringement analysis at the pleading stage. *Id.*
20 at 3.

21 Likewise, in *FotoMedia v. AOL*, the Court considered the adequacy of indirect
22 infringement allegations directed to photosharing websites and determined that general
23 allegations of indirect infringement (without specific allegations of underlying direct
24 infringement by users of the websites or knowledge and encouragement thereof) were adequate
25 under Rule 12(b)(6). *See FotoMedia Techs., LLC v. AOL, LLC*, 2:07CV255, 2008 WL 4135906,
26 at *2 (E.D. Tex. Aug. 29, 2008), *adopted by* Memorandum Order, D.I. 162, *FotoMedia Techs.,*
27 *LLC v. AOL, LLC*, (E.D. Tex. Sept. 24, 2008) (Reines Decl., Exhs. F and G). To the extent the
28 accused infringer sought clarification of the details underlying the indirect infringement

allegations, the Court emphasized that "the disclosures mandated by the Local Patent Rules and discovery conducted under the Federal Rules of Civil Procedure" were the appropriate vehicles for such clarification. *Id.* The same is true here.

### 2. Apple Has Adequately Pleaded Direct Infringement

Elan's second argument is that Apple's counterclaims do not allege direct infringement by Elan in the United States. Motion at 6-7. As with its other arguments, Elan's argument is based on an overbroad reading of *Twombly* and *Iqbal* and an unduly-narrow reading of Apple's counterclaims.

Each of Apple's patent infringement counterclaims alleges that "Elan has been and is currently infringing, directly and/or indirectly, infringing, in violation of 35 U.S.C. § 271" the patents-in-suit, through "its design, marketing, manufacture and/or sale" of the accused devices. D.I. 15 [Apple's Amended Answer] at ¶¶ 50, 55, 60. Apple's counterclaims also allege that Elan has committed "past and ongoing infringing conduct in this district" and that Elan conducts business in this district through ELAN Information Technology Group, operating in Cupertino, California 95015. D.I. 15 [Apple's Amended Answer] at ¶ 34. Taken together, these allegations are more than adequate to put Elan on notice of Apple's claim that Elan is directly and/or indirectly infringing the patents-in-suit in the United States, and indeed, in this judicial district.

Elan does not meaningfully dispute this. Instead, it argues that Apple cannot have pleaded the elements of direct infringement because Elan is incorporated outside the United States and thus that "it is fair to assume that the location of any actions by Elan will be at issue with respect to Apple's infringement claims." Motion at 7. That is not a Rule 12(b)(6) issue. It is an issue as to the merits of Apple's allegations that is not properly before the Court at this juncture. All that is before the Court at this stage is whether Apple has met its obligation to plead facts sufficient to support a viable claim of infringement in the United States. Apple has pleaded that Elan is infringing under Section 271 through "its design, marketing, manufacture and/or sale" of the accused devices, including ***in this judicial district***, and thus has unquestionably stated a plausible claim for direct infringement in the United States. Any factual disputes as to whether or not Elan has in fact performed acts of direct infringement in this judicial district or the United

1  States generally by designing, marketing, manufacturing or selling the accused products should
2  be addressed as the case progresses.

### C. At A Minimum, Apple Should Be Permitted To Amend Its Counterclaims

In its motion, Elan urges this Court to dismiss Apple's patent infringement allegations outright and only to order a more definite statement as a last resort. Motion at 8. In so arguing, Elan points this Court to Judge Chesney's order in *Advanced Analogic*, and contends that the same outcome should apply here. In so arguing, Elan fails to recognize that Judge Chesney's order dismissing certain allegations in *Advanced Analogic* provided the party making those allegations leave to amend its complaint to address the deficiencies identified by the Court. *See, e.g., Advanced Analogic*, 2009 WL 1974602, at *2. This is consistent with the fundamental principle that pleadings should not be dismissed under Rule 12(b)(6) without leave for amendment to cure deficiencies identified by the Court. *See, e.g., Broam v. Bogan,* 320 F.3d 1023, 1028 (9th Cir. 2003) ("Rule 12(b)(6) motions are viewed with disfavor. Dismissal without leave to amend is proper only in 'extraordinary' cases.") (citations omitted). Thus, should the Court identify any deficiencies in Apple's counterclaims—whether under Rule 12(b)(6) or 12(e)—Apple should, at a minimum, be permitted to amend its pleading to address such deficiencies.

## III.

## CONCLUSION

For the foregoing reasons, Apple respectfully requests that Elan's motion to dismiss or, in the alternative, for a more definite statement, be denied.

Dated: August 5, 2009

WEIL, GOTSHAL & MANGES LLP

By: */s/ Edward R. Reines*
EDWARD R. REINES
edward.reines@weil.com

Attorneys for Defendant and
Counterclaim Plaintiff Apple Inc.