# Exhibit E

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 07-ML-01816-RGK (FFMx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | IN RE KATZ INTERACTIVE CALL PROCESSING PATENT LITIGATION | | |

Relates to CV 07-6996 RGK (FFMx), Katz v. Comcast Corp., et al.

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Lead Attorneys Present for Plaintiffs: | | Lead Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   (In Chambers) Order DENYING the Geico Defendants' Motion to Dismiss or, Alternatively, For A More Definite Statement

## I.   INTRODUCTION

Plaintiff Ronald A. Katz Licensing, L.P. ("Katz") brought this lawsuit for patent infringement against a number of different defendants. The Amended Complaint includes allegations that the Geico Defendants "have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of" nineteen different patents. (Amended Compl. at ¶ 74.)

In response, defendants Geico Corporation, Government Employees Insurance Company, Geico General Insurance Company, Geico Indemnity Company and Geico Casualty Company (the "Geico Defendants") filed the current motion to dismiss or for a more definite statement. The motion seeks to dismiss Katz's Amended Complaint on two separate grounds. First, the Geico Defendants argue that Katz is not entitled to proceed with respect to fifteen of the listed patents because Katz did not inform the Geico Defendants of infringement before those patents expired. Second, the Geico Defendants argue that the Complaint provides insufficient factual allegations to give fair notice of Katz's claims. Should this Court deny the motion to dismiss on the second ground, the Geico Defendants' motion also seeks a more definite statement under Fed. R. Civ. P. 12(e).

## III.   LACK OF SPECIFICITY

### A.   Judicial Standard

According to Rule 8(a)(2), "a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has found that this provision is satisfied so long as the factual allegations give "defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 55 U.S. 41, 47-48 (1957). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted).

In the context of patent litigation, the Federal Circuit has noted that "[t]his requirement ensures that an accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself." *Phonometrics v. Hospitality Franchise Systems, Inc.,* 203 F.3d 790, 794 (Fed. Cir. 2000).

### B. Plaintiff's Complaint

The Geico Defendants assert that the Amended Complaint "fails to allege any identifiable conduct on the part of the Geico Defendants that would give rise to any liability for infringement of the asserted patents." (Geico's Mot. at p. 9.) In support of this position, the Geico Defendants argue that the "only allegations of infringement reference nothing more than 'Accused GEICO Services' and 'automated call processing systems.'" *Id*. In response, Katz points to paragraph 72 of the Amended Complaint and argues that this paragraph explains how the Geico Defendants' infringement occurred. Paragraph 72 states:

> On information and belief, the GEICO Defendants use infringing call processing systems to offer automated customer service to their customers. Using an automated system, in some instances in connection with operators, the GEICO Defendants allow their customers to access information about their policies, make payments, order new identification cards, establish or change their personal identification numbers, verify insurance coverage, and perform various other functions.

In their reply brief, the Geico Defendants argue that paragraph 72 is still insufficient for three reasons. First, the Geico Defendants point out that over time they have used several different telephone systems and plaintiff has not limited its allegations to any subset of these systems. Second, the Geico Defendants argue that the allegations of vicarious liability are flawed because they do not identify the third-party direct infringers. Finally, the Geico Defendants argue that the Amended Complaint fails to explain how Geico is liable for contributory infringement. This Court notes that these three arguments were not raised in the original motion and Katz has not had an opportunity to brief these issues. Thus, even if this Court were inclined to adopt these arguments, it would not do so without allowing Katz to address them. However, the Court does not need further briefing to reject the Geico Defendants' motion.

Generally, a plaintiff in a patent suit does not have to identify specific claims or provide a detailed explanation of how the accused products or services infringe the patent. The example provided in Form 16 of the Federal Rules of Civil Procedure is informative because it does not contain the details that the defendants in this case are demanding:

> Defendant has for a long time past been and still is infringing [the patent-in-suit] by making, selling, and using electric motors embodying the patented invention, and will continue to do so unless enjoined by this court.

Similarly, the Federal Circuit has not required a detailed explanation of how the defendant infringes specific claims. *See McZeal v. Sprint Nextel Corp.* 501 F.3d 1354, 1357 (Fed. Cir. 2007) ("a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent."). Moreover, in *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc*., 203 F.3d 790, 794 (Fed.Cir.2000), the Federal Circuit found that the complaint provided sufficient notice when it alleged ownership of the asserted patent, named each individual defendant, cited the patent that is allegedly infringed, described the means by which the defendants allegedly infringe, and pointed to the specific sections of the patent law invoked.

Thus, the Amended Complaint would clearly be sufficient if this were a typical patent case involving a manageable number of patents and claims. However, Katz have alleged that the Geico Defendants infringe nineteen patents that contain over 1600 claims. Although the Court is sympathetic to the difficulty in defending against so many patents and claims, it cannot find that the Amended Complaint fails to provide fair notice to the defendants. Numerous other similarly situated defendants have been able to do so in this case and other related cases. Moreover, the Geico Defendants essentially ask Katz to provide a complete infringement analysis now. This level of detail is not required at the pleading stage. Therefore, the Geico Defendants' motion to dismiss or, alternatively, for a more definite statement is DENIED.

## II.     EXPIRED PATENTS

### A. Judicial Standard

Under Fed. R. Civ. Proc. 12(b)(6), a complaint is properly dismissed if it fails to state a claim upon which relief can be granted. The Court must "accept all allegations of fact as true and draw all reasonable inferences" in favor of the non-moving party to assess whether the pleading adequately sets forth any grounds for relief. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1391 (3rd. Cir. 1994) (reversing grant of motion to dismiss by drawing inferences in plaintiff's favor); *Usher v. Los Angeles*, 828 F.2d 556 (9th Cir. 1987).

### B. Damages/Notice

Section 287(a) states:

Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.," together with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, *no damages shall be recovered* by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

(emphasis added.)
The Geico Defendants argue that Katz has failed to satisfy § 287's notice requirement. Therefore, they conclude that Katz cannot recover any damages prior to the date this lawsuit was filed. Specifically, the Geico Defendants contend that Katz does not sell products and offer services. Therefore, Katz could not have provided constructive notice. Second, the Geico Defendants contend that Katz failed to provide actual notice. Since the fifteen patents in question all expired by December 20, 2005, prior to the filing of this lawsuit on November 9, 2007, the Geico Defendants argue that Katz cannot have any recovery on the expired patents.

In response, Katz advances three arguments. First, Katz argues that **§** 287(a) does not apply because there are no patented articles to mark. Second, Katz argues that there is no requirement to mark with respect to those patents that contain method claims. Finally, Katz identifies an August 12, 1997 letter and implies that this letter provides actual notice of its patents.

As a threshold matter, this Court must determine whether **§** 287(a) applies. Katz points out that

the first sentence of **§** 287(a) requires notice only in the event that the patentee or its licensees make, offer to sell or sell a patented "article."  Since the Amended Complaint uses the term "services" and "call processing" to describe both the inventions of the patents-in-suit, activities of Katz's licensees, and Geico Defendants' infringing conduct, Katz argues that **§** 287(a) does not apply.  A review of the case law shows that **§** 287(a) applies only when there are products/articles to mark.  Where there are no tangible articles to mark, there is no duty to provide notice under **§** 287(a).  *Texas Digital Systems, Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1220 (Fed. Cir. 2002) ("The recovery of damages is not limited . . . where there are no products to mark" (citing to *Wine Ry. Appliance Co. v. Enterprise Ry. Equipment Co.*, 297 U.S. 387, 395 (1936) ("Penalty for failure implies opportunity to perform."))).

The Geico Defendants never address these decisions. Instead, the Geico Defendants point out that a plaintiff is required to both plead and prove that the requirements of  **§** 287(a) have been satisfied.  However, that only makes sense if **§** 287(a) applies.

Here, the Geico Defendants have failed to show that there are any articles or products covered by the asserted patents. Indeed, the Geico Defendants' motion admits that Katz sells no products. (Geico's Mot. at p. 6.) Moreover, the Geico Defendants never allege  that Katz's licensees have any articles or products that should be marked.  As a result, this Court cannot determine if the asserted patents are subject to **§** 287(a).[1]  After discovery, the Geico Defendants may be able to make such a showing.  However, the Court cannot make a ruling on that issue at the pleading stage.  Accordingly, this Court DENIES the Geico Defendants' motion to dismiss based on **§** 287(a).

**IT IS SO ORDERED**.

|   | : |   |
|---|---|---|
| Initials of Preparer | | slw |

---

[1] At this point, there is no need to determine whether the August 12, 1997 letter would constitute actual notice under  **§** 287(a).