# Exhibit F

Not Reported in F.Supp.2d                                                                                                Page 1
Not Reported in F.Supp.2d, 2008 WL 4135906 (E.D.Tex.)
**(Cite as: 2008 WL 4135906 (E.D.Tex.))**

Only the Westlaw citation is currently available.

United States District Court,
E.D. Texas,
Marshall Division.
FOTOMEDIA TECHNOLOGIES, LLC
v.
AOL, LLC., et al.
**Civil Action No. 2:07CV255.**

Aug. 29, 2008.

Mike McKool, Jr., Lewis T. Leclair, McKool Smith, Eric Sean Tautfest, Leslie Dale Ware, The Ware Firm, Dallas, TX, David M. Hill, John W. Olivo, Jr., John F. Ward, Robert G. Graham, Ward & Olivo, New York, NY, Ivan Wang, John Shumaker, Travis Gordon White, McKool Smith, Austin, TX, Samuel Franklin Baxter, McKool Smith, Marshall, TX, for Fotomedia Technologies, LLC.

Dieter H. Hellmoldt, Orrick Herrington & Sutcliffe, Menlo Park, CA.

Harry Lee Gillam, Jr., Gillam & Smith, LLP, Marshall, TX, Indra Neel Chatterjee, Richard S. Swope, Orrick Herrington & Sutcliffe, Menlo Park, CA, Paul R. Gupta, William Benjamin Tabler, III, Orrick Herrington & Sutcliffe, New York, NY, William Wayne Oxley, Orrick Herrington & Sutcliffe LLP, Los Angeles, CA, Darryl M. Woo, Bryan Alexander Kohm, Fenwick & West, LLP, Laura K. Carter, Marcus T. Hall, Patrick T. Michael, Winston & Strawn, San Francisco, CA, Blake Charles Erskine, Erskine & McMahon, Longview, TX, Heather Nicole Mewes, Julie A. Nokleberg, Fenwick & West, Mountain Valley, CA, G. William Lavender, Lavender Law, Texarkana, AR, Scott F. Partridge, Lisa Catherine Kelly, Paul R. Morico, Baker Botts LLP, Houston, TX, John Frederick Bufe, Michael Edwin Jones, Potter Minton, PC, Tyler, TX, for AOL, LLC., et al.

*REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE*

CHARLES EVERINGHAM IV, United States Magistrate Judge.

### 1. Introduction

*\*1* In this patent infringement case, the plaintiff, FotoMedia Technologies, LLC ("FotoMedia") accuses the defendants of infringing certain claims of United States Patent Nos. 6,018,774 ("the '774 patent"), 6,542,936 B1 ("the '936 patent") and 6,871,231 B2 ("the '231 patent"). Plaintiff's First Amended Complaint, ¶¶ 11-13, 19, 21-22, 25-26, 29-30. Pending before the court is Yahoo! Inc.'s ("Yahoo") motion to dismiss or, in the alternative, for a more definite statement (# 66, 71). The other defendants have joined Yahoo's motion.

### 1. Discussion

#### A. Standard governing Rule 12(b) motions

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The example given in Form 16 (covering patent infringement) of the Federal Rules of Civil Procedure provides:

> Defendant has for a long time past been and still is infringing [the patent-in-suit] by making, selling, and using electric motors embodying the patented invention, and will continue to do so unless enjoined by this court.

FED. R. CIV. P. app. Form 16.

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

A motion to dismiss under rule 12(b)(6) is "viewed with disfavor and is rarely granted." *Lowrey v. Texas A & M University Sys.,* 117 F.3d 242, 247 (5th Cir.1997). Although the defendants cite to *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) to suggest that a plaintiff must plead specific facts to support the elements of an indirect or willful infringement charge, the Federal Circuit recently considered the issue, albeit in the context of a *pro se* plaintiff, and rejected the argument that *Bell Atlantic* changed the pleading requirements of Rule 8(a) in patent infringement cases. *McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1357 n. 4 (Fed.Cir.2007). What is required is that the pleading give "the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). In a patent infringement case, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal,* 501 F.3d at 1357.

Under rule 12(e), "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed.R.Civ.P. 12(e). Bearing these standards in mind, the court now considers the allegations of the First Amended Complaint.

**B. Application**

The First Amended Complaint alleges that FotoMedia holds all right title and interest to the '774, '936, and '231 patents. First Amended Complaint, ¶¶ 11-13. The First Amended Complaint further alleges that the defendants own, operate, or otherwise control photosharing web sites. First Amended Complaint, ¶¶ 14-18. The First Amended Complaint alleges that upon information and belief, Defendants make, use, license, sell, offer for sale, or import in the State of Texas, in this judicial district, and elsewhere within the United States photosharing website services that alone or in combination with personal computers infringe the '774, '936, and '231 patents, as well as related services. The First Amended Complaint also alleges that the defendants:

*2 have been and are now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of, the ' 774 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, selling, offering for sale, or importing photosharing web site services alone or in combination with personal computers, as well as related services covered by one or more claims of the '774 patent, all to the injury of FotoMedia.

First Amended Complaint, ¶ 21. Similar allegations appear with respect to the '936 and '231 patents. First Amended Complaint, ¶¶ 25, 29. The First Amended Complaint provides the Uniform Resource Locators ("URLs") identifying the defendants' websites. FotoMedia seeks damages and a permanent injunction as a result of the alleged infringement.

Although FotoMedia originally alleged willful infringement against all of the defendants, FotoMedia now alleges that only defendants AOL, Shutterfly, and Yahoo's acts of infringement of the '774 patent are willful, that only AOL and Yahoo's acts of infringement of the '936 patent were willful, and that only AOL and Yahoo's acts of the '231 patent were willful. The First Amended Complaint, although alleging that certain defendants have willfully infringe the patents-in-suit, does not detail how the defendants are alleged to have willfully infringed the patents-in-suit.

The defendants argue that the allegations of indirect infringement and willful infringement in First

Amended Complaint should be dismissed for failure to state a claim. According to the defendants, FotoMedia has not alleged sufficient facts to state a plausible claim for indirect infringement under *Bell Atlantic.* As FotoMedia points out, however, neither the patent infringement pleading form nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement. The level of detail provided by FotoMedia in its allegations of indirect infringement are similar to those approved by Form 16, the Federal Circuit, and the courts in this district. The same is true for the allegations of willful infringement that remain against AOL, Yahoo and Shutterfly.

Defendant Photobucket argues that the plaintiff's First Amended Complaint removed the willfulness allegations against it. According to Photobucket, the court should dismiss the allegations of indirect infringement, because the withdrawal of the willfulness allegation implicitly suggests that the plaintiff cannot prove the elements of indirect infringement. There is no merit to this argument. The withdrawal of the allegations of willfulness might suggest that the plaintiff cannot meet the *Seagate* requirements FN1 or that FotoMedia has elected not to pursue a willfulness claim at this time. Based on the authorities cited above, the court concludes that the allegations are sufficient to state a claim for indirect infringement and willful infringement, and the appropriate vehicles for clarification of the allegations are the disclosures mandated by the Local Patent Rules and discovery conducted under the Federal Rules of Civil Procedure.

> FN1. *In re Seagate Tech., LLC,* 497 F.3d 1360 (Fed.Cir.2007).

**\*3** The court also recommends denial of the motion for more definite statement under Rule 12(e). The pleading is not so vague that the defendants cannot reasonably be required to frame a responsive pleading. As such, the standard applicable to Rule 12(e) has not been satisfied.

**3. Conclusion**

Based on the foregoing, the undersigned recommends denying Yahoo's motion to dismiss or, in the alternative, motion for more definite statement (# 66, 71). The undersigned also recommends the denial of the motions with respect to the remaining defendants (see 67, 68, 69, 70).

E.D.Tex.,2008.
FotoMedia Technologies, LLC v. AOL, LLC.
Not Reported in F.Supp.2d, 2008 WL 4135906 (E.D.Tex.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.