1   Yitai Hu (SBN 248085) (yitai.hu@alston.com)
    Sean P. DeBruine (SBN 168071) (sean.debruine@alston.com)
2   S.H. Michael Kim (SBN 203491) (michael.kim@alston.com)
    T. Hunter Jefferson (admitted pro hac vice) (hunter.jefferson@alston.com)
3   C. Augustine Rakow (SBN 254585) (augie.rakow@alston.com)
    **ALSTON + BIRD LLP**
4   Two Palo Alto Square
    3000 El Camino Real, Suite 400
5   Palo Alto, California  94306
    Telephone:      650-838-2000
6   Facsimile:      650-838-2001

7
    Attorneys for Plaintiff and Counterdefendant
8   ELAN MICROELECTRONICS CORPORATION

9                       UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11                            SAN JOSE DIVISION

12
    ELAN MICROELECTRONICS                 )    Case No. C-09-01531 RS
13  CORPORATION,                          )
                                          )
14              Plaintiff,                )    **ELAN MICROELECTRONICS**
                                          )    **CORPORATION'S REPLY IN SUPPORT**
15         v.                             )    **OF ITS MOTION TO DISMISS APPLE,**
                                          )    **INC.'S THIRD, FOURTH AND FIFTH**
16  APPLE, INC.,                          )    **COUNTERCLAIMS UNDER RULE**
                                          )    **12(b)(6) FOR FAILURE TO STATE A**
17              Defendant.                )    **CLAIM, OR IN THE ALTERNATIVE, FOR**
                                          )    **MORE DEFINITE STATEMENT UNDER**
18                                        )    **RULE 12(e)**
   _____       )
19  APPLE, INC.,                          )
                                          )
20              Counterclaimant,          )    Date:  August 26, 2009
                                          )    Time:  9:30 a.m.
21         v.                             )    Courtroom:  4, 5th Floor
                                          )
22  ELAN MICROELECTRONICS                 )    The Honorable Richard Seeborg
    CORPORATION,                          )
23                                        )
                Counterdefendant.         )
24  _____      )

25

26

27

28

I.   **INTRODUCTION**

Apple's argument that Elan is on notice of the infringement claims against it in Apple's Fourth and Fifth counterclaims under Rule 8(a) without pleading sufficient facts to support those claims based on Rule 11(b)(3) is meritless.  Indeed, the Supreme Court in *Twombly* and *Iqbal* set forth a "threshold requirement" for Rule 8(a) to ensure that a claim for relief is "plausible" rather than merely "possible" to prevent a claimant from embarking on an expensive fishing expedition in the hope of finding sufficient information to eventually show infringement.  To be plausible, Apple must at least plead infringement of its patents, not mere speculation.  Tellingly, Apple conceded that it did not plead infringement at all for its Fourth and Fifth counterclaims, but speculated that infringement may be confirmed after a reasonable opportunity for further investigation or discovery.  Simply put, relying on possible infringement, Apple failed to meet this threshold requirement depriving Elan of notice on what it must defend for those counterclaims.

Apple's reliance on Rule 11(b)(3) and *Windy City* to support its argument is misplaced.  Once the factual contentions to support a claim for relief are pled under Rule 8(a), *Windy City* allowed for the factual contentions to have evidentiary support "after a reasonable opportunity for further investigation" under Rule 11(b)(3).  The *Windy City* court did not dispense with the requirement that acts of *actual infringement* be pled.  Apple, by contrast, has failed to plead infringement for its Fourth and Fifth counterclaims.  Similarly, for its Third, Fourth, and Fifth counterclaims, Apple failed to plead specific acts "within the United States" by Elan or any unidentified non-parties necessary to claim direct or indirect infringement.  Finally, Apple has failed to identify any direct infringement by any non-parties to support any counterclaim for indirect infringement of any of the asserted patents.  Accordingly, because of Apple's failure to comply with Rule 8(a), the Court should grant Elan's motion to dismiss.

II.  **ARGUMENT AND CITATION OF AUTHORITY**

   A.   **Apple Failed To State Claims For Relief Under Rule 8(A) In Its Third, Fourth, Fifth Counterclaims.**

Apple's Third, Fourth, and Fifth counterclaims fail to provide a "short and plain statement of the claim showing that the pleader is entitled to relief" under Rule 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations

omitted).  Even if all of Apple's limited factual contentions were accepted as true, Apple still failed to provide a plausible claim of direct or indirect infringement under Rule 8(a)(2).

### 1.  Apple Did Not Plead Direct Infringement "Within The United States."

"The grammatical structure of [35 U.S.C. § 271(a)] indicates that 'within the United States' is a separate requirement" for liability purposes.  *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1315 (Fed. Cir. 2005).  This requirement equally applies to claims of indirect infringement because actionable direct infringement is a prerequisite for such liability.  *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993) ("Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement.").  A patentee must specifically plead that direct infringement occurred "within the United States."  *See Advanced Analogic Tech. v. Kinetic Tech., Inc.*, 2009 WL 1974602, at *1 & n.2 (N.D. Cal. Jul 8, 2009).

For Apple's Third, Fourth, and Fifth counterclaims, Apple failed to plead any specific conduct by Elan or any non-party to support direct or indirect infringement "within the United States" under 35 U.S.C. § 271.  (D.I. 15 at ¶¶ 50, 55, 60).  At best, Apple's jurisdictional statement speculates Elan's infringement in this judicial district.  Apple's jurisdictional statement does not actually allege that the acts of infringement for which it seeks relief in its Third, Fourth, and Fifth counterclaims are the "infringing conduct" which gives rise to the Court's personal jurisdiction.  (D.I. 15 at ¶ 34.)  Rule 8(a) does not permit this type of pleading.  *See, e.g., J.R. v. Sylvan Union Sch. Dist.*, 2008 WL 682595, at *14 (E.D. Cal. Mar. 10, 2008) (citing *Twombly* and dismissing plaintiff's allegations as "no more than conjectural, as provided by their express qualification that they 'are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.'"); *see also Daw Indus. Inc. v. Proteor Holdngs*, 2008 WL 251977, at *5 (S.D. Cal. Jan. 29, 2008).[1]  Dismissal is proper for jurisdictional statements that do not properly plead "within the United States."  *See Advanced Analogic*, 2009 WL 1974602 at *1 & n.2.  Because Apple's Third, Fourth, and Fifth counterclaims are insufficient under Rule 8(a), they must be dismissed.  *See id.*

### 2.  Apple Failed To Plead Properly Indirect Infringement.

Apple identified Elan's Smart-Pad as the only accused device.  (D.I. at ¶¶ 50, 55, 60; Reines

---

1.    All unpublished decisions are attached to the supporting Declaration of Sean P. DeBruine ("DeBruine Dec.") filed contemporaneously herewith.

1   Dec. at ¶ 2.)  Elan's Smart-Pad, however, is merely sold to multiple and varying device makers who

2   then incorporate the Smart-Pad into various end-user devices such as laptop computers.  Yet, even after

3   "taking apart laptops" allegedly having an Elan touchpad during its pre-investigation actions (Reines

4   Dec. at ¶ 2), Apple conceded that it did not know if Elan's Smart-Pad actually infringed the '659 and

5   '929 patents, directly or indirectly.  (D.I. 17 at 4-5).  Importantly, these patents claim a "host device" or

6   "housing" with a particular structure for a touchpad.  (D.I. 15-2 at 21:30-24:14; D.I. 15-3 at 12:52-

7   14:64.)  Apple failed to allege any host device, such as a laptop or computer system, or any device

8   consisting of a housing structure and an Elan touchpad.  (D.I. 15 at ¶¶ 55, 60.)  Because Elan does not

9   make or sell host devices or housing structures and Apple failed to identify any, Elan is completely

10  blind on how it could possibly defend itself against indirect or direct infringement on those patents, and

11  dismissal is proper.  *See Hewlett-Packard Co. v. Intergraph Corp.*, 2003 WL 23884794, at *2 (N.D.

12  Cal. Sept. 6, 2003) (dismissing claims for induced infringement because "there are no allegations of

13  direct infringement by a third-party"); *Performance Aftermarket Parts Group, Ltd. v. TI Group*

14  *Automotive Sys., LLC*, 2007 WL 2818269, at *2 (S.D. Tex. Sept. 25, 2007) (concluding that a defendant

15  who cited to 35 U.S.C. § 271 but did not provide any facts regarding contributory infringement had not

16  properly pled contributory infringement); *Goss Int'l Americas, Inc. v. MAN Roland, Inc.*, 2008 WL

17  3823707, at *1-2 (D.N.H. Aug 15, 2008) (concluding that a patentee had not properly pled a claim for

18  induced or contributory infringement because the complaint "include[d] no mention of direct

19  infringement by any party other than" the defendant).

20      Apple's argument that Elan applies a double standard is misplaced.  Apple's '218, '659, and

21  '929 patents require identification of at least end-user devices using Elan's Smart-Pad to place Elan on

22  adequate notice of how Elan allegedly indirectly infringes those patents.  In stark contrast, Elan

23  identified specific end-user devices sold and made by Apple, including the Apple iBook, PowerBook,

24  MacBook portable computers, iPhone, and iPod Touch digital media player devices, not one of

25  hundreds of components contained in those Apple products that directly or indirectly infringe Elan's

26  '352 and '353 patents.  (D.I. 1 at 2-4.)  Those identified products are the products which Elan claims

27  directly infringe its patents.  Apple has not provided the same information in any of its counterclaims.

28      Further, Apple's reliance on the *Advanced Analogic*, *In re Katz*, and *FotoMedia* to support its

1     argument that it is not required to allege direct infringement is unavailing.  In *Advanced Analogic*, the

2     court dismissed the claims for indirect infringement because the plaintiff "fail[ed] to allege, however,

3     that any such third party has itself made, used, offered to sell, or sold an infringing product."  *Advanced*

4     *Analogic*, 2009 WL 1974602 at *1.  The court did not base its decision on the nature of the products,

5     but on the simple fact that there was no allegation that non-parties directly infringed.  *See id.*  Apple's

6     Third, Fourth, and Fifth counterclaims also fail to allege any direct infringement by non-parties.  (D.I.

7     15 at ¶¶ 50, 55, 60.)

8         *In re Katz Interactive Call Processing Patent Litigation*, 07-ML-01816 (C.D. Cal. Aug. 3,

9     2009), is equally unavailing.  First, the movant did not raise the claim that the patentee improperly pled

10     indirect infringement until its reply which permitted the court to dispose of the motion without

11     addressing that issue.  *See id.* at 2.  Second, in denying the motion to dismiss, the court did not discuss

12     the pleading standard for indirect infringement because that issue was not before the court.  *See id.* at 2-

13     3.  Instead, the court merely focused on the Federal Circuit's pre-*Iqbal* decision in *McZeal v. Sprint*

14     *Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007).  *McZeal*, however, is inapplicable.  First, the decision

15     involved a *pro se* patentee which required "the reviewing court [to] grant the *pro se* litigant leeway on

16     procedural matters, such as pleading requirements" because "an unrepresented litigant should not be

17     punished for his failure to recognize subtle factual or legal deficiencies in his claims."  *Id.* at 1356.

18     Apple is not appearing *pro se*.  *See Performance*, 2007 WL 2818269 at *1 n.2 (refusing to apply

19     *McZeal* to defendant's counterclaims because the defendant was represented by counsel and dismissing

20     various counterclaims).  Second, *McZeal* did not involve allegations of indirect infringement.  *See*

21     *McZeal*, 501 F.3d at 1357.  Finally, the issue raised by the movant was whether the complaint

22     adequately detailed ***how*** the accused products infringed, which is not the basis for Elan's motion.  *See*

23     *id.* at 1356-58.

24         Equally unavailing is Apple's reliance on the decision in *FotoMedia Tech., LLC v. AOL, LLC*,

25     2008 WL 4135906 (E.D. Tex. Aug. 29, 2008).  Like *In re Katz*, the court incorrectly relied on the pre-

26     *Iqbal* decision in *McZeal*.  *See id.* at *1.  Moreover, the decision is inconsistent with the law of this

27     district.  *See Hewlett-Packard*, 2003 WL 23884794 at *2.  Because Apple's pleading deficiencies are

28     different from those claimed against the *pro se* litigant in *McZeal*, *In re Katz* and *FotoMedia* are

inapplicable and do not save Apple's counterclaims.

###       3.       Apple Did Not Allege Any Actual Infringement In Its Fourth And Fifth Counterclaims.

Apple did not state a claim with respect to the '659 and '929 patents as evidenced by its concession that it did not allege any infringement of those patents in its its Fourth and Fifth counterclaims.  (D.I. 17 at 4-6.)  Those counterclaims, at best, identify that Apple thinks that some of Elan's products may or may not have directly infringed the asserted patents at some time.  Further, Apple has asserted a speculative belief that Elan may or may not have induced others to infringe or contributed to the infringement of others although neither the directly infringing products nor the direct infringers have been identified.  Because it did not allege a claim entitled for relief, those counterclaims must be dismissed.

### B.       Apple's Reliance On Rule 11(b)(3) Does Not Elevate Its Speculation of Infringement To Satisfy Rule 8(a).

For its Fourth and Fifth counterclaims, Apple merely speculates that "it is likely that reasonable opportunity for further investigation or discovery will confirm that Elan has been" directly or indirectly infringing the '629 and '959 patents.  (D.I. 15 at 7-9.)  The pleading standard under Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007).  "Factual allegations must be enough to raise a right to relief *above the speculative level*."  *Id.* at 555 (emphasis added).  Apple's Fourth and Fifth counterclaims are merely speculative and do not meet the Rule 8(a) standard.  For example, even after "taking-apart laptops" allegedly having Elan touchpads as part of its pre-filing investigation (Reines Dec. at ¶ 2), Apple still conceded it did not know if Elan's touchpads or products containing Elan's touchpads actually infringed the '659 and '929 patents.  (D.I. 17 at 4-5.)  Apple simply attempts to conflate Rule 11(b)(3) with Rule 8(a)(2) in order to avoid having to accuse Elan of actually infringing anything.

Courts have repeatedly rejected Apple's position.  *See, e.g., Geisinger Med. Ctr. v. Gough*, 160 F.R.D. 467, 469 (M.D. Pa. 1994) ("We reject the defendants' interpretation of the 1993 amendment to Rule 11 as giving them a general license to plead a claim first and then allowing them to conduct the necessary investigation in support of it.  The amendment's intended effect is [far] more limited in

scope."); *In re Papst Licensing GmbH & Co. KG Litig.*, 585 F. Supp. 2d 32 (D.D.C. 2008);[2] *Omega Patents, LLC v. Lear Corp.*, 2007 WL 4247674, at *2 (M.D. Fla. Nov. 30, 2007) (dismissing counterclaims for declaration of invalidity containing language identified in Rule 11(b)(3) and noting that "this 'counterclaim' fails to rise even to the level of a conclusory assertion and will be stricken"); *J.R.*, 2008 WL 682595 at *14 ("Plaintiffs' allegations . . . are no more than conjectural, as provided by their express qualification that they 'are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.'").

More importantly, like courts in other districts, courts in the Ninth District also refuse to follow Apple's reading of Rule 11(b)(3) into Rule 8(a).  For example, in *Chagby v. Target Corp.*, 2009 WL 398972 (C.D. Cal. Feb. 11, 2009), the court found:

> Plaintiff's attempt to rely on FRCP 11(b)(3) to obviate the need to plead any facts is unavailing.  Rule 11(b) allows Plaintiff to plead ***facts*** that she believes in good faith to have evidentiary support.  It does not permit Plaintiff to allege ***claims*** in the absence of any facts, simply because Plaintiff speculates that those facts will eventually be discovered.

*Id.* at *1 (emphasis added).  A similar result was reached in the Southern District case of *Daw Industries*, 2008 WL 251977 at *2, in which the court rejected a patentee's declaratory judgment claim which the plaintiff specifically identified the need for "reasonable opportunity for further investigation."  The court correctly noted that the plaintiff had not, in fact, alleged anything: "Plaintiff's Complaint [for declaratory judgment] does not allege the right to engage in any activity at all.  Plaintiff's position is simply that it does not know whether or not it has infringed Defendant's patent."  *Id.* at *5.

The only authority Apple cites to support its lower pleading requirement of Rule 8(a) is *Windy City Innovations, LLC v. America Online, Inc.*, 227 F.R.D. 278 (N.D. Ill 2005).  But reliance on *Windy City* does not advance Apple's cause.  *Windy City* was issued before the Supreme Court's latest pronouncement in *Iqbal* which expressly rejected the rationale used by the *Windy City* court.  *See Iqbal*,

---

2.    Although the *Papst* court altered its order on reconsideration, the court only changed its dismissal from one with prejudice to one without prejudice.  *See In re Papst*, 602 F. Supp. 2d 17, 21 (D.D.C. 2009) (amending the court's previous order to provide that the complaint was dismissed without prejudice).  The court reiterated and applied the exact same legal standard on reconsideration and reached the same conclusion: dismissal was proper.  *Compare Papst*, 585 F. Supp. 2d at 34 *with Papst*, 602 F. Supp. 2d at 18-19.  Accordingly, Elan is unclear why Apple believes that the later order calls into question the legal principles applied in court's original decision.

129 S. Ct. 1937 at 1944 ("*Twombly* retired the *Conley* no-set-of-facts test . . . .").  Further, unlike

Apple's counterclaims, the plaintiff in *Windy City* alleged actual infringement of the patent by

identified accused product.[3]  *Windy City,* 227 F.R.D. at 278.  Because there is no legal authority that

supports Apple's attempt to avoid the pleading requirement of Rule 8(a), Apple's arguments regarding

Rule 11(b)(3) should be rejected.

        **C.**    **Even If Rule 11 Affected The Pleading Requirements Of Rule 8(A), Apple Has Not Met The Requirements Of Rule 11(B)(3).**

              **1.**    **Apple Did Not Conduct An Objectively Reasonable Pre-Filing Investigation Which Prohibits It From Relying On Rule 11(B)(3).**

Rule 11(b) requires a party and counsel to investigate an accused device and reasonably

determine that every patent claim element is present before pleading any claim for relief.  *Judin v.*

*United States*, 110 F.3d 780, 784 (Fed. Cir. 1997).  Once an attorney has conducted a proper pre-filing

investigation, Rule 11(b)(3) permits the attorney to make factual assertions which, "if specifically so

identified, will likely have evidentiary support after a reasonable opportunity for further investigation

or discovery."  Fed. R. Civ. P. 11(b)(3).  *See also Pellegrini v. Analog Devices, Inc.*, 2006 WL 83472, at

*2-4 (D. Mass. Jan. 11, 2006) (holding that an appropriate pre-filing investigation is required before a

party can allege "factual contentions" which require additional discovery under Rule 11(b)(3));

*Pellegrini v. Analog Devices, Inc.*, 312 Fed. App'x. 304, 307-08 (Fed. Cir. 2008) (same), *cert denied*,

129 S. Ct. 1329 (2009).

Under Rule 11(b), Apple bears the burden to demonstrate that its pre-filing investigation was

proper.  *See, e.g.*, *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000) ("In

bringing a claim of infringement, the patent holder, if challenged, must be prepared to demonstrate to

both the court and the alleged infringer exactly why it believed before filing the claim that it had a

reasonable chance of proving infringement.").  For claims of patent infringement, Rule 11(b)(3)

requires, at a minimum, interpreting the claims of the asserted patents and comparing them to the

products accused of direct infringement.  *See Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295,

---

3.      Unlike Apple's Fourth and Fifth counterclaims, *Windy City's* amended complaint made infringement allegations without Rule 11(b)(3) as to a list of specific products.  (DeBruine Dec., Ex. M at ¶ 11.)  It reserved reliance on Rule 11(b)(3) only for a certain set of additional specific products.  (*Id.* at ¶ 12.)  *Windy City* did not rely on Rule 11(b)(3) for the infringement claim as a whole, as Apple does.  (*Id.* at ¶ 11.)  *Windy City* thus provides no support for Apple's position that Rule 11 somehow lowers the pleading standard under Rule 8.

1300-01 (Fed. Cir. 2004).  According to Apple, it engaged in a very limited pre-filing investigation of Elan's products which "include[ed] not only the review of the publicly-available documentation, but the purchase, use and taking-apart of laptops employing the accused Smart-Pad touchpad to determine their design and function."  (D.I. 17 at 8; Reines Dec. at ¶ 2.)  Apple did not contact Elan to obtain any additional information "uniquely in Elan's control" which might have been necessary.  (DeBruine Dec. at ¶ 2.)  In fact, Apple does not even identify what additional information it needed.  Moreover, many technical service providers exist who could have assisted Apple in its pre-filing investigation if necessary.  (*Id.* at ¶ 3 & Ex. A.)

Apple's Third counterclaim alleges direct and indirect infringement of the '218 patent.  The '218 patent claims recite detailed circuitry and operations performed within a touchpad device.  (D.I. 15-1 at 13:28-18:65).  Apple's alleged pre-filing conduct does not indicate that Apple actually reviewed the internal circuitry of Elan's Smart-Pad, actually determined how the product performed its internal operations, or actually compared the claims to accused product.  Thus, Apple cannot meet its burden to demonstrate that its pre-filing investigation was objectively reasonable under Rule 11(b)(3).  *See Antonious v Spalding & Evenflo Cos.*, 275 F.3d 1066, 1074 (Fed. Cir. 2002) ("An attorney's prefiling actions are evaluated using a standard of objective reasonableness.").

The same pre-filing investigation is required for claims of indirect infringement.  Apple must perform the same steps with respect to the non-party's products and determine if Elan induced or contributed to the non-party's alleged infringement.  *See Pellegrini*, 2006 WL 83472 at *2-4.[4]  Apple's alleged pre-filing investigation does not allege any review of any products from any non-party.  This is especially problematic for the '659 or '929 patents which require a "host device" or "housing" with a particular structure for a touchpad in its claims.  (D.I. 15-2 at 21:30-24:14; D.I. 15-3 at 12:52-14:64.)  Apple also does not appear to have compared the claims of these patents to any host device or any

---

4.      Although the plaintiff's claims were dismissed under Rule 11 and not 12(b)(6), the holding in *Pellegrini* is directly applicable to the issues raised by Apple.  The court determined that the plaintiff could not rely on Rule 11(b)(3) because it had not engaged in a proper pre-filing investigation such that his claims should be dismissed. *See Pellegrini*, 2006 WL 83472 at *1-4 (holding that the plaintiff could not receive discovery and continue to litigate claims for which it had not conducted a reasonable pre-suit investigation).  Because it was decided after *McZeal*, the Federal Circuit's affirmance controls to the extent that *McZeal* is inconsistent with it.  The fact that the Federal Circuit's decision in *Pellegrini* is unpublished is irrelevant to its precedential effect.  *See* Fed. R. App. P. 32.1.

housing structure to form a reasonable basis that Elan could possibly directly or indirectly infringe.

Finally, Apple's description of its pre-filing investigation does not identify what, if any, acts Apple determined were performed by Elan or any non-party "within the United States" as required by 35 U.S.C. § 271(a). Thus, Apple's pre-investigation analysis of Elan's Smart-Pad does not provide any likelihood of direct or indirect infringement of the asserted patents through any proper infringement analysis. *See View Eng'g, Inc.*, 208 F.3d at 986 (requiring at a bare minimum under Rule 11 to apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted).

Most importantly, Apple's counterclaims are not compulsory and are not facing any sort of time bar. Accordingly, a reasonable investigation under Rule 11(b)(3) requires a full investigation in this situation. *See, e.g., Sprague Farms, Inc. v. Providian Corp.*, 929 F. Supp. 1125, 1131 (C.D. Ill. 1996) (concluding that Rule 11(b)(3) does not apply if a claimant is not under time pressure to file its claims). Clearly, Apple did not engage in an appropriate pre-suit investigation. Because proper pre-filing investigation is lacking, Apple cannot rely on Rule 11(b)(3) to shield its counterclaims from dismissal. *See Pellegrini*, 2006 WL 83472 at *2-4; *Pellegrini*, 312 Fed. App'x. at 307-08.

### 2. Apple Did Not Plead Specific Factual Allegations Pursuant To Rule 11(B)(3).

Even if Apple had performed a proper pre-filing investigation, Apple could still not avail itself of Rule 11(b)(3). That rule applies to "factual contentions" not to claims. *Compare* Fed. R. Civ. P. 11(b)(3) *with* Fed. R. Civ. P. 11(b)(2). *See Arnold v. Petland Inc.*, 2009 WL 816327 (S.D. Ohio Mar. 26, 2009) (limiting the application of Rule 11(b)(3) to specific factual allegations). Apple, however, has not identified or pled any factual allegations which it contends will likely have evidentiary support after discovery. (D.I. 15 at ¶¶ 50, 55, 60.) Instead, Apple asserts that Rule 11(b)(3) applies to all aspects of its Fourth and Fifth counterclaims. Accordingly, even if Rule 11(b)(3) ameliorated Apple's pleading obligations, Apple has failed to comply with the requirements of the rule.

### D. Apple's Request For Leave To Amend Is Inappropriate And Should Be Denied.

In order for Apple to present properly any request for leave to amend its counterclaims in response to Elan's motion, Apple must file a notice of motion with the Court. *See* L-R 7-2. Because

1  Apple has not filed a notice of motion, Apple's request contained in its response brief is improper.  *See*

2  *Phleger v. Countrywide Home Loans, Inc.*, 2008 WL 65677, at *5 (N.D. Cal. Jan. 4, 2008) (holding that

3  the plaintiff's request for leave to amend her counterclaims contained in a brief in opposition to a

4  motion to dismiss was improper because no accompanying notice of motion was filed and denying

5  leave to amend).

6        In addition, Apple should have attached a copy of its proposed second amended pleading to its

7  brief.  *See Hinshaw v. The Vessel M/V Aurora*, 2007 U.S. Dist. Lexis 41104, at *15 (N.D. Cal. June 6,

8  2007) ("A motion for leave to amend a complaint must attach a copy of the proposed complaint.").

9  Because Apple has not identified the substance of its proposed amended pleading, neither the Court nor

10  Elan can determine whether the proposed amendments would in fact correct the deficiencies in Apple's

11  counterclaims or would be merely futile.  *See Himmelberger v. Lamarque*, 2008 U.S. Dist. Lexis

12  103956, at *10 (N.D. Cal. Dec. 11, 2008) (denying a motion for leave to amend because "[i]n the

13  absence of a proposed second amended complaint, the court cannot discern whether plaintiff could cure

14  the deficiencies set forth in the amended complaint or whether granting him leave to further amend his

15  amended complaint would be futile").  Accordingly, Apple's request should be denied.

16  **III.    CONCLUSION**

17        Apple has not and cannot comply with the pleading requirements of Rule 8(a).  Accordingly,

18  Elan's motion to dismiss should be granted in full.  In the alternative, Apple should be required to

19  provide a more definite statement of the factual allegations which form the basis of its Third, Fourth,

20  and Fifth counterclaims before Elan should be required to serve a reply and answer to the

21  counterclaims.

22  Dated:  August 12, 2009                          Respectfully submitted,

23                                                   ALSTON + BIRD LLP

24

25                                                   By:_____/s/_____
                                                              Sean P. DeBruine
26

27                                                   Attorneys for Plaintiff and Counterdefendant
                                                     ELAN MICROELECTRONICS CORPORATION
28