**EXHIBIT F**

Dockets.Justia.com



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 2818269 (S.D.Tex.)
**(Cite as: 2007 WL 2818269 (S.D.Tex.))**

Page 1

HOnly the Westlaw citation is currently available.

United States District Court,
S.D. Texas,
Houston Division.
PERFORMANCE AFTERMARKET PARTS
GROUP, LTD., et al., Plaintiffs,
v.
TI GROUP AUTOMOTIVE SYSTEMS, LLC, Defendant.
**Civil Action No. H-05-4251.**

Sept. 25, 2007.

Orelia Darcele Holley, Stephen R. Cochell, Orelia Darcele Holley, Epstein Becker et al., Houston, TX, Michael Bissegger, Epstein Becker Green, Washington, DC, for Plaintiffs.

John C. Blattner, J. Michael Huget, Butzel Long PC, Ann Arbor, MI, John R. Keville, Howrey LLP, Stephen R. Cochell, Epstein Becker et al., Houston, TX, for Defendant.

### *MEMORANDUM AND ORDER*

NANCY F. ATLAS, United States District Judge.

**\*1** This case is before the Court on a dispute between Plaintiffs-Performance AftermarketParts Group, Ltd. ("Performance") and G & C Automotive Distributors, Inc. (collectively, "Plaintiffs")-and Defendant TI Group Automotive Systems, LLC ("TI Group") regarding whether Defendant has alleged a contributory infringement counterclaim. The issue was raised in an August 31, 2007 letter [Doc. # 143] from Plaintiffs' attorney written in response to a discovery dispute raised by Defendant. The parties briefed the issue in letters dated September 4, 2007 [Doc. # 145], September 5, 2007 [Doc. # 146], September 7, 2007 [Doc. # 148], September 14, 2007 [Doc. # 152], and September 17, 2007 [Doc. # 153].

The Court has carefully reviewed the letters described above and, more importantly, has carefully reviewed the full record including Defendant's Counterclaim [Doc. # 94] and Defendant's Amended Preliminary Infringement Contentions [Doc. # 51]. Based on this review and the application of governing legal authorities, the Court concludes that Defendant has not alleged contributory infringement.

### I. *BACKGROUND*

Performance is a limited partnership that supplies automotive products to companies primarily outside the United States, and G & C is a corporation whose principals own Performance. TI Group is a leading manufacturer of, *inter alia,* automotive fuel pumps and fuel pump modules.[FN1] TI Group markets both original and replacement automotive fuel pumps and fuel pump modules, while Performance sells only replacement parts.

> FN1. The fuel pump is located within the fuel pump module.

Plaintiffs in their Second Amended Complaint [Doc. # 92] requested a declaratory judgment that TI Group's patents are invalid and that Plaintiffs' products are non-infringing. Plaintiffs also asserted antitrust claims against TI Group. TI Group filed a Counterclaim [Doc. # 94] in which it claimed that Performance's replacement fuel pumps infringe two of TI Group's patents.

Shortly before the close of discovery, this dispute arose between the parties regarding whether TI Groupasserted a counterclaim for contributory infringement. The dispute has been fully briefed and is now ripe for decision.

### II. *PLEADING STANDARD*

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."FED. R. CIV. P. 8(a)(2). The United States Supreme Court has made clear that a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recita-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case5:09-cv-01531-RS Document26-6 Filed08/12/09 Page3 of 4

Not Reported in F.Supp.2d                                                                                                                                                Page 2
Not Reported in F.Supp.2d, 2007 WL 2818269 (S.D.Tex.)
**(Cite as: 2007 WL 2818269 (S.D.Tex.))**

tion of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).[FN2] "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." Id. at 1965 n. 3 (internal quotation marks omitted). When the Complaint contains inadequate factual allegations, "this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 1966. "[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." Id. at 1967 (quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 528 n. 17, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983)).

> FN2. In a subsequent prisoner civil rights case, the Supreme Court held that a *pro se* prisoner's allegations were adequate where he alleged in the Complaint that he had hepatitis C, that the prison stopped providing him with his medication, and that his life was endangered as a result. See Erickson v. Pardus, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Similarly, the United States Court of Appeals for the Federal Circuit recently noted that a "court may grant the *pro se* litigant leeway on procedural matters, such as pleading requirements" and held that a *pro se* plaintiff adequately pled his direct infringement claim. See McZeal v. Sprint Nextel Corp., --- F.3d ----, 2007 WL 2683705, *3 (Fed.Cir. Sept.14, 2007). In this case, however, Defendant/Counter-Plaintiff is represented by counsel.

### III. *ANALYSIS*

**\*2** It is undisputed that Defendant makes no mention of "contributory infringement" in its Counterclaim or its Amended Preliminary Infringement Contentions. Indeed, Defendant did not mention "contributory infringement" in its Answer [Doc. # 6], its Statement of the case in the Joint Report of the Meeting and Joint Discovery/Case Management Plan [Doc. # 15], its Counterclaim filed in response to Plaintiffs' Amended Complaint [Doc. # 23], or its Motion to Amend Preliminary Infringement Contentions [Doc. # 43]. Defendant argues, however, that its citation to 35 U.S.C. § 271 in the "Parties, Jurisdiction, and Venue" section of the Counterclaim, and its request that the Court enjoin Plaintiffs from "directly or indirectly infringing in any manner" and from "inducing or contributing to the infringement" of Defendant's patents satisfies the pleading requirements for contributory infringement.[FN3] The Court disagrees.

> FN3. Defendant also argues that Plaintiffs should have known from reading the patents that Defendant was asserting a contributory infringement claim. Plaintiffs/Counter-Defendants are not required, however, to guess what claims may be asserted against them particularly where, as here, Plaintiffs may have read the complaints and determined only that Defendant's counterclaim for direct infringement would likely fail

Section 271 has many subsections. Subsection (a) covers direct infringement which occurs when a party "without authority makes, uses, offers to sell, or sells any patented invention, within the United States ...." See 35 U.S.C. § 271(a). Direct infringement is clearly alleged in the Counterclaim where Defendant alleges that Plaintiffs, without authorization, "have been and are making, selling, and/or offering for sale within the United States a device that falls within the scope of one or more claims of" Defendant's patents. *See* Counterclaim [Doc. # 94], ¶¶ 9-10, 15-16.

Subsection (b) provides that a party who "actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Defendant does not argue that the Counterclaim includes an inducement claim under § 271(b), and it clearly does not.[FN4]

> FN4. Defendant's argument that the contributory infringement claim can be found in the Prayer for Relief section of the Counter-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case5:09-cv-01531-RS Document26-6 Filed08/12/09 Page4 of 4

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2007 WL 2818269 (S.D.Tex.)  
**(Cite as: 2007 WL 2818269 (S.D.Tex.))**

Page 3

claim is refuted by the presence in the Prayer for Relief of a request to enjoin Plaintiffs from "inducing ... infringement" which is clearly and undisputedly not contained in the Counterclaim.

Subsection (c) covers contributory infringement, providing that a party who:

offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. § 271(c). Subsection (c) is not cited in the Counterclaim or in the Amended Preliminary Infringement Contentions, nor are there any factual allegations in the either pleading that would support a contributory infringement claim.[FN5] TI Group's mention of 35 U.S.C. § 271 in the "Parties, Jurisdiction, and Venue" section of the Counterclaim, without reference to any subsection of the statute, and without any factual allegations regarding contributory infringement is inadequate under Rule 8(a) of the Federal Rules of Civil Procedure to give notice to Counter-Defendants that TI Group is asserting a claim for contributory infringement. *See* McZeal v. Sprint Nextel Corp., --- F.3d ----, 2007 WL 2683705, *1 (Fed.Cir. Sept.14, 2007) (a claim is inadequately pled if the "plaintiff fails to allege any set of facts in support of his claim").

> FN5. Defendant argues that its expert report and deposition support a contributory infringement claim, but a Counterclaim cannot be amended by a party's expert.

## IV. CONCLUSION AND ORDER

**\*3** Defendant does not allege contributory infringement in its Counterclaim, and does not raise contributory infringement in its Amended Preliminary Infringement Contentions. Accordingly, it is hereby

**ORDERED** that contributory infringement is not a counterclaim in this case.

S.D.Tex.,2007.  
Performance Aftermarket Parts Group, Ltd. v. TI Group Automotive Systems, LLC  
Not Reported in F.Supp.2d, 2007 WL 2818269 (S.D.Tex.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.