# EXHIBIT I



LEXSEE 2008 US DIST LEXIS 104240

IN RE KATZ INTERACTIVE CALL PROCESSING PATENT LITIGATION

07-ML-01816-B-RGK (FFMx)CV 07-2134 RGK (FFMx),CV 07-2192 RGK (FFMx)

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

*2008 U.S. Dist. LEXIS 104240*

October 17, 2008, Decided
October 17, 2008, Filed

**PRIOR HISTORY:** *In re Katz Interactive Call Processing Patent Litig., 2008 U.S. Dist. LEXIS 106919 (C.D. Cal., Oct. 6, 2008)*

**COUNSEL:** [*1] For Ronald A Katz Technology Licensing L P, Plaintiff: Andrew C Byrnes, Robert T Haslam, LEAD ATTORNEYS, Covington & Burling LLP, Redwood Shores, CA; Dale A Rice, Michael K Plimack, LEAD ATTORNEYS, Covington & Burling LLP, San Francisco, CA; Frank V Pietrantonio, John P Moy, Jonathan Garwood Graves, LEAD ATTORNEYS, Cooley Godward Kronish, Reston, VA; Julia Heaney, Mary B Graham, LEAD ATTORNEYS, Morris Nichols Arsht and Tunnell, Wilmington, DE.

For Time Warner Cable Inc, Time Warner NY Cable LLC, Time Warner Entertainment Company LP, Defendant: Blas P Arroyo, LEAD ATTORNEY, Alston & Bird, Charlotte, NC; Frederick L Cottrell, III, Jeffrey L Moyer, Kelly E Farnan, LEAD ATTORNEYS, Richards Layton and Finger, Wilmington, DE; Jeffrey A Cooper, Siraj M Abhyankar, Angela Payne James, LEAD ATTORNEYS, PRO HAC VICE, Brie A L Brown, Jessica E Jacob, Kamran Jivani, Alston and Bird LLP, Atlanta, GA; Jeffrey S Standley, LEAD ATTORNEY, PRO HAC VICE, Standley Law Group, Dublin, OH; Matthew J Moore, LEAD ATTORNEY, Howrey LLP, Washington, DC; Michael K Plimack, LEAD ATTORNEY, Covington & Burling LLP, San Francisco, CA; Patrick J Flinn, LEAD ATTORNEY, Alston & Bird, Atlanta, GA; Robert T Haslam, LEAD ATTORNEY, [*2] Covington & Burling LLp, Redwood Shores, CA; Holly S Hawkins, Robin L McGrath, Alston and Bird, Atlanta, GA.

For AOL LLC, Compuserve Interactive Services Inc, Netscape Communications Corporation, AOL LLC, Compuserve Interactive Services Inc, Netscape Communications Corporation, Defendant: Alan L Whitehurst, LEAD ATTORNEY, Alston and Bird LLP, Washington, DC; Brie A L Brown, Jeffrey A Cooper, Siraj M Abhyankar, LEAD ATTORNEYS, Jessica E Jacob, Kamran Jivani, Alston and Bird LLP, Atlanta, GA; David M Maxwell, LEAD ATTORNEY, Duane Morris LLP, Atlanta, GA; Frederick L Cottrell, III, Jeffrey L Moyer, Kelly E Farnan, LEAD ATTORNEYS, Richards Layton and Finger, Wilmington, DE; Matthew J Moore, LEAD ATTORNEY, Howrey LLP, Washington, DC; Michael K Plimack, LEAD ATTORNEY, Covington & Burling LLP, San Francisco, CA; Patrick J Flinn, Ryan W Koppelman, LEAD ATTORNEYS, Holly S Hawkins, Robin L McGrath, Alston & Bird, Atlanta, GA; Paul R Gupta, LEAD ATTORNEY, PRO HAC VICE, Orrick Herrington and Sutcliffe LLP, New York, NY; Robert T Haslam, LEAD ATTORNEY, Covington & Burling LLp, Redwood Shores, CA; Mark J Shean, Orrick Herrington and Sutcliffe, Irvine, CA.

For United States Cellular Corporation, TDS [*3] Telecommunications Corporation, TDS Metrocom LLC, Defendant: Aaron R Feigelson, John W Kozak, Robert Thomas Wittmann, LEAD ATTORNEYS, PRO HAC VICE, Leydig Voit and Mayer, Chicago, IL; Frederick L Cottrell, III, Jeffrey L Moyer, Kelly E Farnan, LEAD ATTORNEYS, Richards Layton and Finger, Wilmington, DE; Matthew J Moore, LEAD ATTORNEY, Howrey LLP, Washington, DC.

For Cablevision Systems Corporation, Cablevision Systems New York City Corporation, Cablevision of Brookhaven Inc, Cablevision of Connecticut Corporation, Cablevision of Hudson County Inc, Cablevision of Litchfield Inc, Cablevision of Monmouth Inc, Cablevision of

2008 U.S. Dist. LEXIS 104240, *

New Jersey Inc, Cablevision of Oakland LLC, Cablevision of Rockland/Ramapo LLC, Cablevision Systems Corporation, Cablevision of Oakland LLC, Cablevision of Rockland/Ramapo LLC, Defendant: Adam Bernstein, LEAD ATTORNEY, Bethpage, NY; Anne Champion, LEAD ATTORNEY, Gibson, Dunn & Crutcher LLP, New York, NY; David Andrew Segal, LEAD ATTORNEY, Gibson Dunn and Crutcher, Palo Alto, CA; Frederick L Cottrell, III, Jeffrey L Moyer, Kelly E Farnan, LEAD ATTORNEYS, Richards Layton and Finger, Wilmington, DE; Josh A Krevitt, LEAD ATTORNEY, Gibson Dunn and Crutcher LLP, Irvine, CA; [*4] Matthew J Moore, LEAD ATTORNEY, Howrey LLP, Washington, DC.

For CSC Holdings Inc, Defendant: Jeffrey L Moyer, Kelly E Farnan, LEAD ATTORNEYS, Richards Layton and Finger, Wilmington, DE; Matthew J Moore, LEAD ATTORNEY, Howrey LLP, Washington, DC; David Andrew Segal, Gibson Dunn and Crutcher, Irvine, CA.

For Charter Communications Inc, Charter Communications Holding Company LLC, Charter Communications Operating LLC, Charter Communications Entertainment I LLC, Defendant: Angela Payne James, PRO HAC VICE, Jeffrey A Cooper, Jessica E Jacob, Scott P Amy, PRO HAC VICE, Brie A L Brown, Siraj M Abhyankar, Kamran Jivani, LEAD ATTORNEYS, Alston and Bird LLP, Atlanta, GA; Jeffrey L Moyer, Kelly E Farnan, LEAD ATTORNEYS, Richards Layton and Finger, Wilmington, DE; Matthew J Moore, LEAD ATTORNEY, Howrey LLP, Washington, DC; Michael K Plimack, LEAD ATTORNEY, Covington & Burling LLP, San Francisco, CA; Patrick J Flinn, LEAD ATTORNEY, Alston & Bird, Atlanta, GA; Robert T Haslam, LEAD ATTORNEY, Covington & Burling LLp, Redwood Shores, CA; Holly S Hawkins, Robin L McGrath, Alston and Bird, Atlanta, GA.

For Qwest Communications International Inc, Qwest Wireless LLC, Qwest Communications Corporation, Qwest [*5] LD Corp, Qwest Broadband Services Inc, Qwest Interprise America Inc, Defendant, Counter Claimant: Jeffrey L Moyer, Kelly E Farnan, LEAD ATTORNEYS, Richards Layton and Finger, Wilmington, DE.

For Ronald A Katz Technology Licensing L P, Ronald A Katz Technology Licensing L P, Ronald A Katz Technology Licensing L P, Ronald A Katz Technology Licensing L P, Ronald A Katz Technology Licensing L P, Counter Defendant: Andrew C Byrnes, Robert T Haslam, LEAD ATTORNEYS, Covington & Burling LLP, Redwood Shores, CA; Dale A Rice, Michael K Plimack, LEAD ATTORNEYS, Covington & Burling LLP, San Francisco, CA; Frank V Pietrantonio, John P Moy, Jonathan Garwood Graves, LEAD ATTORNEYS, Cooley Godward Kronish, Reston, VA; Julia Heaney, Mary B Graham, LEAD ATTORNEYS, Morris Nichols Arsht and Tunnell, Wilmington, DE.

For United States Cellular Corporation, TDS Telecommunications Corporation, TDS Metrocom LLC, Counter Claimant: Frederick L Cottrell, III, Jeffrey L Moyer, Kelly E Farnan, LEAD ATTORNEYS, Richards Layton and Finger, Wilmington, DE; John W Kozak, LEAD ATTORNEY, Leydig Voit and Mayer, Chicago, IL; Matthew J Moore, LEAD ATTORNEY, Howrey LLP, Washington, DC; Robert Thomas Wittmann, LEAD ATTORNEY, [*6] PRO HAC VICE, Leydig Voit and Mayer, Chicago, IL.

For AOL LLC, Compuserve Interactive Services Inc, Netscape Communications Corporation, Counter Claimant: Alan L Whitehurst, Jeffrey A Cooper, LEAD ATTORNEYS, Alston and Bird LLP, Washington, DC; David M Maxwell, LEAD ATTORNEY, Duane Morris LLP, Atlanta, GA; Frederick L Cottrell, III, Jeffrey L Moyer, Kelly E Farnan, LEAD ATTORNEYS, Richards Layton and Finger, Wilmington, DE; Matthew J Moore, LEAD ATTORNEY, Howrey LLP, Washington, DC; Patrick J Flinn, LEAD ATTORNEY, Alston & Bird, Atlanta, GA; Paul R Gupta, LEAD ATTORNEY, PRO HAC VICE, Orrick Herrington and Sutcliffe LLP, New York, NY; Siraj M Abhyankar, LEAD ATTORNEY, Brie A L Brown, Jessica E Jacob, Kamran Jivani Alston and Bird LLP, Atlanta, GA; Holly S Hawkins, Robin L McGrath, Alston and Bird, Atlanta, GA.

For Counter Claimant: Blas P Arroyo, LEAD ATTORNEY, Alston & Bird, Charlotte, NC; Frederick L Cottrell, III, Jeffrey L Moyer, Kelly E Farnan, LEAD ATTORNEYS, Richards Layton and Finger, Wilmington, DE; Jeffrey A Cooper, Siraj M Abhyankar, LEAD ATTORNEYS, Angela Payne James, PRO HAC VICE, Brie A L Brown, Jessica E Jacob, Kamran Jivani, Alston & Bird LLP, Atlanta, GA; Jeffrey S Standley, [*7] LEAD ATTORNEY, PRO HAC VICE, Standley Law Group, Dublin, OH; Matthew J Moore, LEAD ATTORNEY, Howrey LLP, Washington, DC; Holly S Hawkins, Robin L McGrath, Alston and Bird, Atlanta, GA.

For Charter Communications Inc, Charter Communications Holding Company LLC, Charter Communications Operating LLC, Charter Communications Entertainment I LLC, Counter Claimant: Jeffrey A Cooper, Siraj M Abhyankar, LEAD ATTORNEYS, Angela Payne James, PRO HAC VICE, Brie A L Brown, Jessica E Jacob, Kamran Jivani, Alston & Bird LLP, Atlanta, GA; Jeffrey L Moyer, Kelly E Farnan, LEAD ATTORNEYS, Rich-

ards Layton and Finger, Wilmington, DE; Matthew J Moore, LEAD ATTORNEY, Howrey LLP, Washington, DC; Holly S Hawkins, Robin L McGrath, Alston and Bird, Atlanta, GA.

For CSC Holdings Inc, Counter Claimant: Jeffrey L Moyer, Kelly E Farnan, LEAD ATTORNEYS, Richards Layton and Finger, Wilmington, DE; Matthew J Moore, LEAD ATTORNEY, Howrey LLP, Washington, DC; David Andrew Segal, Gibson Dunn and Crutcher, Palo Alto, CA.

For Ronald A Katz Technology Licensing L P, Ronald A Katz Technology Licensing L P, Ronald A Katz Technology Licensing L P, Ronald A Katz Technology Licensing L P, Counter Defendant: Andrew C Byrnes, Robert [*8] T Haslam, LEAD ATTORNEYS, Covington & Burling LLP, Redwood Shores, CA; Dale A Rice, Michael K Plimack, LEAD ATTORNEYS, Covington & Burling LLP, San Francisco, CA; Julia Heaney, Mary B Graham, LEAD ATTORNEYS, Morris Nichols Arsht and Tunnell, Wilmington, DE.

For Charter Communications Inc, Charter Communications Holding Company LLC, Charter Communications Operating LLC, Charter Communications Entertainment I LLC, Counter Claimant: Angela Payne James, PRO HAC VICE, Jeffrey A Cooper, Siraj M Abhyankar, LEAD ATTORNEYS, Jessica E Jacob, Alston and Bird LLP, Atlanta, GA; Holly S Hawkins, Robin L McGrath, LEAD ATTORNEYS, Alston and Bird, Atlanta, GA.

For Time Warner NY Cable LLC, Time Warner Entertainment Company LP, Time Warner Cable Inc, Counter Claimant: Blas P Arroyo, LEAD ATTORNEY, Alston & Bird, Charlotte, NC; Holly S Hawkins, Robin L McGrath, LEAD ATTORNEYS, Alston and Bird, Atlanta, GA; Jeffrey A Cooper, Kamran Jivani, Siraj M Abhyankar, LEAD ATTORNEYS, Jessica E Jacob, Alston & Bird LLP, Atlanta, GA.

For Ronald A Katz Technology Licensing L P, Ronald A Katz Technology Licensing L P, Ronald A Katz Technology Licensing L P, Counter Defendant: Robert T Haslam, LEAD ATTORNEY, Covington & [*9] Burling LLp, Redwood Shores, CA.

For United States Cellular Corporation, Counter Claimant: Robert Thomas Wittmann, LEAD ATTORNEY, PRO HAC VICE, Leydig Voit and Mayer, Chicago, IL.

For TDS Telecommunications Corporation, TDS Metrocom LLC, Counter Claimant: Aaron R Feigelson, LEAD ATTORNEY, Leydig Voit and Mayer, Chicago, IL; Frederick L Cottrell, III, Jeffrey L Moyer, Kelly E Farnan, LEAD ATTORNEYS, Richards Layton and Finger, Wilmington, DE; Matthew J Moore, LEAD ATTORNEY, Howrey LLP, Washington, DC; Robert Thomas Wittmann, LEAD ATTORNEY, PRO HAC VICE, Leydig Voit and Mayer, Chicago, IL.

For Cablevision Systems Corporation, Cablevision Systems New York City Corporation, Cablevision of Brookhaven Inc, Cablevision of Connecticut Corporation, Cablevision of Hudson County Inc, Cablevision of Litchfield Inc, Cablevision of Monmouth Inc, Cablevision of New Jersey Inc, Cablevision of Oakland LLC, Cablevision of Rockland/Ramapo LLC, Counter Claimant: Adam Bernstein, LEAD ATTORNEY, Bethpage, NY; David Andrew Segal, LEAD ATTORNEY, Gibson Dunn and Crutcher, Palo Alto, CA.

For CSC Holdings Inc, Counter Claimant: David Andrew Segal, LEAD ATTORNEY, Gibson Dunn and Crutcher, Palo Alto, CA.

**JUDGES:** The Honorable [*10] R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** R. GARY KLAUSNER

**OPINION**

**CIVIL MINUTES**

**Proceedings: (In Chambers) ORDER DENYING Joint Motion to Strike Addendum to the Expert Report of James E. Malackowski (D.E. 656)**

This Court's March 13, 2008 scheduling order required the parties to serve their opening expert reports on May 2, 2008. Plaintiff Ronald A. Katz Technology Licensing L.P.'s ("Katz") complied with that deadline and served the expert report of James Malackowski on the defendants in these two cases. Mr. Malackowski's report explained the specific damages Katz was seeking from each defendant. As part of that analysis, Mr. Malackowski derived a royalty rate and royalty base. Mr. Malackowski's report suggests the greatest source of value from Katz's patents is the cost savings from reduced live agent calls. (Malackowski's Report at p. 42.) As a result, he included each "automated call" of each defendant in the royalty base but he did include "operator" calls. This was true even though some of the claims at issue involved operators calls.

On June 19, 2008, the Court issued an order granting in part defendants' joint motion for summary judgment under § 112. The order invalidated thirty eight [*11] claims in the Katz portfolio, many of which Katz had asserted against the moving defendants. While claims

relating to total automation remain against each defendant, the number has been reduced to one or two per defendant. Apparently, this caused Mr. Malackowski to be concerned that there could be a scenario in which defendants would have negotiated over semi-automated customer service. As a result, on July 12, 2008, Katz served the Malackowski Addendum. This report changed the royalty rate and applied it to a royalty base of operator calls. According to Mr. Malackowski, the addendum would only apply "[i]n the event that for any given defendant each and every, or substantially all, of the asserted claims which are directed towards completed calls in the IVR are found to be not valid or not infringed . . .." (Depo. at 32:22-33:6, Ex. B to Champion Decl.) Thus, the Addendum represents a "contingent" damages report.

The defendants complain that Mr. Malackowski could have included this contingency in his original report. They further argue that the late Addendum prejudiced their ability to respond to Katz's damages case. Specifically, the defendants argue that the defendants will have to [*12] incur the additional expense of having their own experts respond to the Addendum, or risk having no expert opinion with which to oppose it at trial.

### A. Legal Standard

*Federal Rule of Civil Procedure 37* allows a court to preclude a party from introducing evidence at trial, at a hearing, or on a motion where that party has, without substantial justification, failed to disclose required information in discovery or to amend a prior discovery response as required by *Rule 26(e)(2). Fed.R.Civ.P. 37(c)(1)*.

> In determining whether to preclude introduction of evidence pursuant to *Federal Rule of Civil Procedure 37*, courts consider (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Dey, L.P. v. Ivax Pharmaceuticals Inc., 233 F.R.D. 567, 571 (C.D. CA 2005)* (citing to *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592 (4th Cir.2003))*.

The Federal Circuit has affirmed *Rule 37* sanctions precluding a patentee from [*13] pursuing arguments in summary judgment when, contrary to the district court's prior order "to respond with everything that you have that is responsive to a reasonable request," the patentee failed to include in its infringement contentions during fact or expert discovery the contentions it made for the first time in its motion for summary judgment. *Nike, Inc. v. Wolverine, 43 F.3d 644, 646, 648-49 (Fed Cir. 1994)*; *See also, ATD Corp. v. Lydall Inc. 159 F.3d 534, 550-551 (Fed. Cir. 1998)*(excluding prior art reference for failure to timely disclose the reference).

### B. Decision

In the event that Katz only prevails against a defendant on operator based claims, Mr. Malackowski's original expert report makes little sense because it only included automated calls in its base. Clearly, Katz should still be entitled to damages under this scenario. Thus, justice dictates that, if possible, Katz be allowed to proceed with a damages theory that is consistent with its previous report and does not prejudice the defendants. Here, Katz has quickly placed all the defendants on notice of its Addendum. Moreover, after reviewing the Addendum, this Court finds that it is short and only contains small, albeit [*14] important, substantive modifications. Katz also made sure that the defendants had an opportunity to question Mr. Malackowski on the Addendum. Thus, Katz has taken the appropriate precautions to avoid overly prejudicing the defendants.

Accordingly, this Court DENIES defendants' motion. To the extent that the defendants are concerned that they have to prepare a rebuttal report to the Addendum. This Court relieves them of that requirement. Defendants' damages experts may rebut the Malackowski Addendum at trial without having previously included the substance of that testimony in their expert reports.

**IT IS SO ORDERED.**