# EXHIBIT J

Dockets.Justia.com

Not Reported in F.Supp.2d                                                                                   Page 1
Not Reported in F.Supp.2d, 2007 WL 4247674 (M.D.Fla.)
**(Cite as: 2007 WL 4247674 (M.D.Fla.))**

Only the Westlaw citation is currently available.

United States District Court, M.D. Florida,
Orlando Division.
OMEGA PATENTS, LLC, Plaintiff,
v.
LEAR CORPORATION, Defendant.
**No. 6:07-cv-1422-Orl-31DAB.**

Nov. 30, 2007.

Brian R. Gilchrist, Ryan Thomas Santurri, Allen, Dyer, Doppelt, Milbrath & Gilchrist, PA, Orlando, FL, for Plaintiff.

Daniel E. Traver, Jeffrey D. Keiner, Michael D. Porter, Grayrobinson, PA, Orlando, FL, Frank A. Angileri, Mark D. Chuey, Brooks & Kushman, PC, Southfield, MI, for Defendant.

### ORDER

GREGORY A. PRESNELL, District Judge.

**\*1** This matter comes before the Court on the Motion to Dismiss Defendant's Second Counterclaim and to Strike Affirmative Defenses (Doc. 21) filed by the Plaintiff, Omega Patents, L.L.C. ("Omega") and the response (Doc. 24) filed by the Defendant, Lear Corporation ("Lear").

In its complaint, Omega contends that it owns five patents relating to remote start systems or vehicle alert systems, and that Lear has "sold and offered for sale ... products ... that directly or indirectly infringe upon one or more claims" of these five patents. (Doc. 1 at 1-2). On October 19, 2007, Lear filed an answer, affirmative defenses, and counterclaims. (Doc. 9). Omega objects to the following under the heading "Affirmative Defenses":

2. After reasonable opportunity for further investigation or discovery, there is likely to be evidence that one or more claims of the patents-in-suit are invalid for failing to satisfy one or more requirements for patentability as set forth in the patent laws of Title 35 of the United States Code, including but not necessarily limited to, the requirements set forth in §§ 102, 103, and 112.

3. Defendant reserves the right to amend these defenses or raise affirmative defenses in accordance with additional information developed through discovery or otherwise, including but not limited to inequitable conduct in obtaining one or more patents-in-suit.

(Doc. 1 at 3). Omega refers to these as Lear's second and third affirmative defenses, and argues that they should be stricken for lacking any sort of factual basis. Lear responds that paragraph 3 is merely a reservation of the right to raise additional affirmative defenses in the future. (Doc. 24 at 9). As for paragraph 2, Lear contends that it is not required to provide more specificity because Omega has not itself specified which claims are allegedly being infringed and because Lear "knows of potentially invalidating prior art" and believes that discovery will likely turn up further evidence of invalidating prior art. (Doc. 24 at 8).

Both sides contend that paragraph 3 is not an affirmative defense. Moreover, it appears unlikely to affect Lear's ability to add or amend affirmative defenses. Certainly, Lear has not cited any precedent under which such language provided a party with rights beyond those already existing under the Federal Rules of Civil Procedure. However, until Lear attempts to add or amend an affirmative defense, that issue is not ripe. Therefore, the Court will not strike paragraph 3.

Paragraph 2 is a different story. Although affirmative defenses generally require only a short and plain statement of the defense asserted, they must include more than bare bones conclusory assertions. *Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D.Fla.2002).* A contention that the party believes discovery will provide evi-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2007 WL 4247674 (M.D.Fla.)  
**(Cite as: 2007 WL 4247674 (M.D.Fla.))**

Page 2

dence to support some unspecified affirmative defense does not even rise to the level of a conclusory assertion. And any insufficiency that might exist in Omega's complaint does not give Lear license to ignore the rules in its answer. Paragraph 2 will be stricken.

*2 Omega also challenges the legal sufficiency of Lear's Second Counterclaim, by which Lear seeks a declaratory judgment of invalidity as to each of Omega's five patents. As was the case with paragraph 2, each of the five paragraphs of the Second Counterclaim assert that, "[a]fter a reasonable opportunity for further investigation or discovery, there is likely to be evidence that one or more claims" of one of Omega's five patents "is invalid for failure to satisfy one or more requirements for patentability set forth in the patent laws of the United States, Title 35 of the United States Code, including but not necessarily limited to the requirements set forth in §§ 102, 103, and/or 112."(Doc. 9 at 5-6). Again, this "counterclaim" fails to rise even to the level of a conclusory assertion and will be stricken.

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Motion to Dismiss Defendant's Second Counterclaim and to Strike Affirmative Defenses (Doc. 21) filed by the Plaintiff, Omega Patents, L.L.C. is **GRANTED IN PART** and **DENIED IN PART.**Lear's Second Counterclaim and paragraph 2 of its affirmative defenses are **STRICKEN.**However, this is done without prejudice to Lear's ability to seek leave to add or amend a counterclaim or affirmative defense if it should discover supporting evidence. In all other respects, the motion is **DENIED.**

**DONE** and **ORDERED.**

M.D.Fla.,2007.  
Omega Patents, LLC v. Lear Corp.  
Not Reported in F.Supp.2d, 2007 WL 4247674 (M.D.Fla.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.