# EXHIBIT K



Not Reported in F.Supp.2d                                                                                                                  Page 1
Not Reported in F.Supp.2d, 2009 WL 398972 (C.D.Cal.)
**(Cite as: 2009 WL 398972 (C.D.Cal.))**

H Only the Westlaw citation is currently available.

United States District Court,
C.D. California.
Mali CHAGBY
v.
TARGET CORPORATION, et al.
**No. CV 08-4425-GHK (PJWx).**

Feb. 11, 2009.

West KeySummary
**Racketeer Influenced and Corrupt Organizations 319H ⚖73**

319H Racketeer Influenced and Corrupt Organizations
    319HI Federal Regulation
        319HI(B) Civil Remedies and Proceedings
            319Hk68 Pleading
                319Hk73 k. Enterprise. Most Cited Cases

Customer failed to plead facts that could support a theory that an enterprise existed between retailer and its advertising agency, and therefore customer's motion for reconsideration of their Racketeer Influenced and Corrupt Organizations Act (RICO) claim was dismissed. Customer merely stated that an enterprise existed between retailer and its advertising agency. Customer did not allege any facts that could lead to even an inference of the type of coordination or planning that could then lead to the inference of an enterprise. Simply stating that there was a congressional mandate to read a RICO claim broadly did not obviate the need to satisfy the federal notice pleading.

Arnold G. Regardie, Regardie and Associates, Payam Tavakoli, Payam Tavakoli & Associates Law Offices, Los Angeles, CA, Dean Browning Webb, Law Offices of Dean Browning Webb, Vancouver, WA, for Mali Chagby.

David F. McDowell, Samantha P. Goodman, Morrison and Foerster LLP, Los Angeles, CA, for Target Corporation, et al.

**Proceedings: (In Chambers) Order re: Plaintiff's Motion for Reconsideration of Court's October 27, 2008 Ruling**

GEORGE H. KING, District Judge.

*1 Beatrice Herrera Deputy Clerk

This matter is before the Court on Plaintiff's Motion for Reconsideration of Court's October 27, 2008 Ruling ("Motion"). We have considered the papers filed in support of and in opposition to this Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. The parties are familiar with the facts of this case, so they will be repeated only as necessary. Accordingly, we rule as follows:

**I. Motion for Reconsideration Standard**

Under Local Rule 7-18, a motion for reconsideration may be made on the grounds of: (A) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (B) the emergence of new material facts or a change of law occurring after the time of such decision, or (C) a manifest showing of failure to consider material facts before the Court before such decision. L.R. 7-18.

**II. Discussion**

Plaintiff Mali Chagby ("Plaintiff") argues that we failed to consider material facts presented to us by failing to address the congressional mandate that the Racketeer Influence and Corrupt Organizations Act ("RICO") is to be interpreted liberally, and that we failed to address Plaintiff's allegations that the particularity requirements of Federal Rule of Civil Procedure ("FRCP") 9(b) should be relaxed because Plaintiff is not in possession of necessary information to more fully plead the enterprise allegations.[FN1]

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case5:09-cv-01531-RS   Document26-11   Filed08/12/09   Page3 of 5

Not Reported in F.Supp.2d                                                                                                Page 2
Not Reported in F.Supp.2d, 2009 WL 398972 (C.D.Cal.)
**(Cite as: 2009 WL 398972 (C.D.Cal.))**

> FN1. Although Plaintiff characterizes these arguments as our failure to consider material facts, Plaintiff is actually arguing that we failed to specifically address two of her legal arguments.

First, Plaintiff's Motion does not satisfy subsection (C) of Local Rule 7-18 and is therefore an improper motion for reconsideration. In our October 27, 2008 Order ("Order"), we explained that we read and considered all the papers filed in support of and in opposition to Plaintiff's Motion to Dismiss. We need not, and are not required to, address every single allegation made in Plaintiff's Complaint, or argument made in Plaintiff's opposition, in the Order. Moreover, we did address Plaintiff's argument that the particularity requirements of FRCP 9(b) should be relaxed because Defendants allegedly possess the necessary information to fully plead an enterprise. In fact, in discussing Plaintiff's failure to adequately plead an enterprise, we held that:

> Plaintiff's attempt to rely on [FRCP] 11(b)(3) to obviate the need to plead any facts is unavailing. Rule 11(b) allows Plaintiff to plead facts that she believes in good faith to have evidentiary support. It does not permit Plaintiff to allege claims in the absence of any facts, simply because Plaintiff speculates that those facts will eventually be discovered."

(Order at n. 2). Therefore, contrary to Plaintiff's assertion, we never required Plaintiff to satisfy Rule 9(b)'s heightened pleading requirements when pleading the existence of an enterprise. We only required that Plaintiff plead facts, and not simply legal conclusions, alleging the existence of an enterprise between Target and its advertising agency.FN2 Plaintiff's arguments in the Motion are legal ones and Plaintiff's argument that we failed to consider material facts is misplaced. Therefore, the Motion is improper because Plaintiff has made no showing that we failed to consider any material facts before us.

> FN2. Although we addressed it in our Order, Plaintiff seems to misunderstand the distinctiveness requirement when alleging the existence of an enterprise. In her Reply, Plaintiff states that her allegations "together with the multiple predicate acts of false advertising should be sufficient to justify an inference of the existence of an alternative enterprise consisting of Target Stores and Target.com with Target Corp. as the RICO person."Again, as we explained in our Order, "an enterprise consisting only of a corporation and its employees fails for lack of distinctiveness because the person (the corporation) and the enterprise are the same ."(Order at 2); see *Living Designs Inc. v. E.I. Dupont De Nemours and Co.,* 431 F.3d 353, 361 (9th Cir.1995).

A majority of courts have held, in applying the distinctiveness requirement, that an enterprise consisting of a corporation and its wholly owned subsidiaries fails for lack of distinctiveness.See *Lee v. Gen. Nutrition Cos., Inc.,* 2001 WL 34032651, at *14 (C.D.Cal. Nov.26, 2001) (holding that Plaintiffs failed to satisfy distinctiveness requirement when they alleged enterprise between corporate defendant, its affiliates and two of its officers because "the persons pled operated within a unified corporate structure and were guided by a single corporate consciousness"); *Discon, Inc. v. NYNEX Corp.,* 93 F.3d 1055, 1064 (2d Cir.1996), *vacated on antitrust grounds,* 525 U.S. 128, 119 S.Ct. 493, 142 L.Ed.2d 510 (1998) (though the three corporate defendants were separate legal entities, each "operated within a unified corporate structure" and "were guided by a single corporate consciousness" and as such, the distinctiveness requirement was not satisfied); *Bessette v. Avco Fin. Servs., Inc.,* 230 F.3d 439, 449 (1st Cir.2000) ("In most cases, a subsidiary that is under the complete control of the parent company is nothing more than a division of the one entity. Without further allegations, the mere identification of a subsidiary and a parent in a RICO claim fails the distinctiveness requirement."). Even the Seventh Circuit, which originally held that a wholly-owned subsidiary is distinct from

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case5:09-cv-01531-RS   Document26-11   Filed08/12/09   Page4 of 5

Not Reported in F.Supp.2d                                                                                           Page 3
Not Reported in F.Supp.2d, 2009 WL 398972 (C.D.Cal.)
**(Cite as: 2009 WL 398972 (C.D.Cal.))**

a parent corporation, *see Haroco, Inc. v. Am. Nat'l Bank and Trust Co. of Chicago,* 747 F.2d 384, 403-04 (7th Cir.1984), has since retreated from that position and now holds that, "unless the enterprise's decision to operate through subsidiaries rather than divisions somehow facilitated its unlawful activity" no enterprise exists. *Bucklew v. Hawkins, Ash, Baptoe & Co., LLP,* 329 F.3d 923, 934 (7th Cir.2003); *see also Fitzgerald v. Chrysler Corp.,* 116 F.3d 225, 227-28 (9th Cir.1997) (holding that RICO is not just a conspiracy statute and the mere allegation of a conspiracy between a corporation and its subsidiaries does not rise to an enterprise for RICO purposes). Therefore, Plaintiff's argument that Defendants Target Corp. and its wholly owned subsidiaries, Target Stores, Target Financial Services, Target Brands, and Target.com can be an enterprise fails because, as alleged, they all operate under a unified corporate structure and fail to satisfy RICO's enterprise distinctiveness requirement. If, as alleged, Target Corp. and its subsidiaries are a RICO enterprise, then every corporation that has subsidiaries and commits fraud is an enterprise for RICO purposes. That is not the law. *See Emery v. Am. Gen. Fin., Inc.,* 134 F.3d 1321, 1324 (7th Cir.1998) (holding that enterprise liability would only exist if subsidiary was able to "wrest control of the parent, and use the parent as an instrument for further criminal activities").

**\*2** Turning to the merits of Plaintiff's Motion, as we explained in our Order, Plaintiff fails to plead facts that can even plausibly support a theory that an enterprise ever existed between Target and its advertising agency. It is not enough for Plaintiff to simply state that an enterprise existed, in the hopes that discovery will produce facts sufficient to show such an enterprise. Plaintiff cites a variety of cases for the proposition that she need not allege facts indicating an enterprise existed either because she need only satisfy notice pleading and/or because the predicate acts alleged are themselves evidence that an enterprise existed. Neither argument helps Plaintiff.

First, we are well aware of the notice pleading standard of the Federal Rules. Plaintiff cites *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.* for the proposition that she need not allege more than the existence of an enterprise to satisfy a motion to dismiss. 742 F.2d 786, 790 (3rd Cir.1984). However, in *Seville,* the plaintiff alleged that two distinct corporations, Southmost Machinery Corp. and Tri-State Machinery Corp., and their two controlling officers worked together over an extended period of time to fraudulently induce the plaintiff to enter into various purchase, consignment, joint venture, and service agreements. *Id.* at 787-88. From these facts, the court found that the plaintiff's allegation that an enterprise existed satisfied notice pleading. *Id.* Therefore, in *Seville,* the facts alleged by the plaintiff, specifically the coordination between the defendants to defraud the plaintiff, made it plausible that an enterprise existed between four distinct RICO persons. Here, Plaintiff merely states that an enterprise existed between Target, its subsidiaries (which are not distinct) and its advertising agency. Unlike the plaintiff in *Seville,* Plaintiff does not allege any facts that could lead to even an inference of the type of coordination or planning that could then lead to the inference of an enterprise between Target and its advertising agency. Therefore, Plaintiff has not satisfied even notice pleading. Simply stating that there is a congressional mandate to read RICO broadly, as Plaintiff so states, does not obviate the need to satisfy Rule 8(a) and federal notice pleading.

Second, Plaintiff's argument that the existence of an enterprise should be inferred from the predicate acts alleged in the Complaint is similarly unavailing. There are, of course, situations where the predicate acts alleged in a complaint can lead to the inference of an enterprise. *See e.g. Tribune Co. v. Purcigliotti,* 869 F.Supp. 1076, 1096 (S.D.N.Y.1994); *United States v. Hammoud,* 556 F.Supp.2d 710 (E.D.Mich.2008). For example, in *Tribune Co.,* plaintiffs alleged that the defendants engaged in a scheme to defraud New York News and Tribune by filing and prosecuting workers' compensation claims. As alleged, the scheme involved the planning of union defendants, a law firm, and an attorney who orchestrated the scheme, individual defendants who filed claims, and a doctor who examined the individual

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

defendants and supported their claims for hearing loss. 869 F.Supp. at 1082. These facts, as alleged, lead to an inference of an associated-in-fact enterprise. On the other hand, Plaintiff's alleged predicate actsTarget's newspaper and internet advertisements that failed to include "+ CRV" language-do not create an obvious inference that fraud even occurred, let alone that an enterprise was formed to create the purportedly fraudulent advertisements. Because the facts Plaintiff alleges as predicate acts do not create an inference of an enterprise with a common purpose or an ongoing organization, Plaintiff has failed to allege an enterprise.

**\*3** For the foregoing reasons Plaintiff's Motion is **DENIED.**

### III. Plaintiff's State Law and Declaratory Judgment Claims

As we explained in our Order, district courts have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). Once supplemental jurisdiction has been established under § 1367(a), the district court "can decline to assert supplemental jurisdiction over a pendant claim only if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates the claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."28 U.S.C. § 1367(c). Here, Plaintiff has indicated that if the Motion is denied, she does not plan on filing a second amended complaint. Accordingly, we exercise our discretion and **DISMISS** Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

Plaintiff's Fifteenth Claim seeks relief pursuant to the Declaratory Judgment Act. Plaintiff seeks a declaratory judgment as to Defendants' advertising of their beverages subject to CRV requirements, and the rights, duties and responsibilities of the parties with respect thereto. This claim seems to be related to Plaintiff's state law claims. To the extent that Plaintiff's state law claims will now have to be asserted in state court, any declaratory judgment claim should go there as well because it would be waste of judicial resources to have two separate courts deciding essentially the same case with the possibility of inconsistent results. Therefore, because it is in our discretion to hear a declaratory judgment claim, *see Leadsinger, Inc. v. BMG Music Publ'g,* 512 F.3d 522, 533 (9th Cir.2008), we decline to do so, and **DISMISS** Plaintiff's declaratory judgment claim without prejudice.

### IV. Conclusion

For the foregoing reasons we hereby **DENY** Plaintiff's Motion for Reconsideration. Because Plaintiff has indicated that she elects not to amend her Complaint if the Motion for Reconsideration is denied, we hereby exercise our discretion and decline to entertain Plaintiff's state law and declaratory judgment claims. These claims are **DISMISSED** without prejudice. Therefore, this action is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

C.D.Cal.,2009.
Chagby v. Target Corp.
Not Reported in F.Supp.2d, 2009 WL 398972 (C.D.Cal.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.