# EXHIBIT L

Dockets.Justia.com

Not Reported in F.Supp.2d  Page 1
Not Reported in F.Supp.2d, 2006 WL 83472 (D.Mass.)
**(Cite as: 2006 WL 83472 (D.Mass.))**

HOnly the Westlaw citation is currently available.

United States District Court,
D. Massachusetts.
Gerald N. PELLEGRINI
v.
ANALOG DEVICES, INC.
**No. Civ.A. 02-11562RWZ.**

Jan. 11, 2006.

Thomas C. O'Konski, Cesari & McKenna, LLP, Boston, MA, for Gerald N. Pellegrini.

Wayne L. Stoner, Richard W. O'Neill, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA, for Analog Devices, Inc.

*MEMORANDUM OF DECISION AND ORDER*

ZOBEL, J.

**\*1** Plaintiff Gerald N. Pellegrini filed suit against Analog Devices, Inc. ("Analog") in August 2002, asserting infringement of U.S. Patent No. 4,651,069 ("the '069 patent"), which claimed invention of a brushless motor with a motor control circuit, and which has since expired. Specifically, Pellegrini claimed that certain chips produced by Analog, known as "ADMC chips," infringe the '069 patent when combined with other components in a particular type of brushless motor. Pellegrini has never asserted that Analog itself infringes the '069 patent, but instead maintains that Analog induced its customers to use the ADMC chips to create infringing devices.

The parties agreed early in the case to resolve the threshold issue whether 35 U.S.C. § 271(f) barred any claims as to those ADMC chips manufactured and sold entirely outside of the United States, and they proceeded with limited discovery and cross-motions for partial summary judgment on this issue. At the time, it was clear to both parties and the court that any ADMC chips manufactured outside of the United States but sold to customers inside the United States-were minute in number and any possible recovery, even if infringement were proven, would be minuscule. Indeed, Pellegrini represented both to the court and to Analog that if Analog prevailed on the § 271(f) issue, he would voluntarily dismiss the remainder of the case.

In September 2003, I granted Analog's motion for partial summary judgment, concluding that as to those ADMC chips manufactured and sold entirely extraterritorially, dismissal was required under 35 U.S.C. § 271(f). (*See* Mem. and Order of May 7, 2003). Final judgment was entered in September 2003, and the remaining claims were stayed pending appeal. (*See* Order of Sept. 24, 2003). In July 2004, the Federal Circuit affirmed. See *Pellegrini v. Analog Devices, Inc.,* 375 F.3d 1113, 1119 (Fed.Cir.2004). Plaintiff then returned to this court, but instead of voluntarily dismissing the remainder of his claims, he unsuccessfully sought leave to amend his complaint. In response to Analog's concerns-raised at a status conference in January 2005-that Pellegrini lacked a good faith basis for proceeding with the litigation, the parties agreed to a schedule under which Pellegrini was required by March 1, 2005 to "provide evidentiary support underlying the good faith basis for his remaining allegations of patent infringement."(Docket No. 54). Dissatisfied with the responses it received, Analog filed a motion for sanctions pursuant to Fed.R.Civ.P. 11(b)(3) on March 3, 2005.

I. Rule 11(b)(3) Analysis

Rule 11(b)(3) requires that all allegations and factual contentions have "evidentiary support." See *Antonious v. Finnegan, Henderson, Farabow, Garrett & Dunner, LLP,* 275 F.3d 1066, 1074 (Fed.Cir.2002). Analog argues that Pellegrini "lacked a good faith basis to assert an inducement claim against Analog when [he filed] his complaint," and that he "still lacks a good faith basis to assert such a claim today, even after nearly three years of litigation."(Def.'s Mot. for Sanctions, at 1). Analog's assertion is based on Pellegrini's failure to offer any evidence of direct infringement by an Analog customer

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case5:09-cv-01531-RS   Document26-12   Filed08/12/09   Page3 of 5

Not Reported in F.Supp.2d                                                                                                              Page 2
Not Reported in F.Supp.2d, 2006 WL 83472 (D.Mass.)
**(Cite as: 2006 WL 83472 (D.Mass.))**

in the United States, a prerequisite of an inducement action. *See* Linear Tech. Corp. v. Impala Linear Corp., 379 F.3d 1311, 1326 (Fed.Cir.2004).

**\*2** Pellegrini objects to Analog's characterization of the law.[FN1] He spends much energy, for example, arguing that he is not required to prove direct infringement before he has conducted discovery [FN2] or before the case goes to the jury. The Federal Circuit has made clear, however, that "[i]n bringing a claim of infringement, the patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement." *View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 208 F.3d 981, 986 (Fed.Cir.2000). Pellegrini cites *Q-Pharma, Inc. v. Andrew Jergens Co.,* 360 F.3d 1295 (Fed.Cir.2004), for the proposition that "the key factor in determining whether a patentee [has] performed a reasonable pre-filing inquiry is the presence of an infringement analysis," and that "an infringement analysis can simply consist of a good faith, informed comparison of the claims of a patent against the accused subject matter." *Id.* at 1302. Pellegrini is correct as to the standard enunciated in *Q-Pharma,* but he has failed to meet it.

> FN1. Indeed, although Pellegrini has not filed a Rule 11 motion against Analog, his opposition clearly invites the imposition of such sanctions. (Pl.'s Opp., at 1 ("Analog's Motion for Sanctions is itself in violation of Fed.R.Civ.P. Rules 11(b)(2) and 11(b)(3)."). Because none of Analog's papers could form the basis for a Rule 11 sanction, the invitation is declined.

> FN2. The parties did conduct limited discovery for six months as to ADMC chips manufactured and sold entirely outside of the United States.

In fact, the infringement analysis contained in the claim chart prepared by Pellegrini consists entirely of comparisons between limitations of the '069 patent[FN3] and various elements described in a paper by Analog scientists. (Pl.'s Opp., at 6 ("The claim charts specifically identify claim elements ... with structures contained in Analog's article."); *id.,* Ex. A). That paper, however, nowhere discusses the accused ADMC chips, nor does it mention any Analog customer. (*See id.,* Ex. E). It is, as Analog notes, "devoid of any reference to a brushless D.C. motor made, used, sold, offered for sale, or imported in the United States by one of Analog's customers," let alone any indication that such a motor was manufactured using Analog's ADMC chips. Comparing the '069 patent to the descriptions contained in the article is thus useless because the article is completely silent as to "the accused subject matter" against which the patent must be compared. *Q-Pharma,* 360 F.3d at 1302.

> FN3. The claims of the '069 patent were construed by Judge Gorton in a separate matter, *see* Pellegrini v. Texas Instruments, Inc., No. 99-12378 (Mem. & Order July 9, 2001), and Pellegrini reasonably relies on that construction. Judge Gorton's claim construction, however, is not itself an infringement analysis, but rather only one element of such analysis.

Pellegrini also cites an affidavit and supplemental affidavit of Dr. Bradley Lehman, an expert employed by Pellegrini in another case. (Pl.'s Opp., at 10-11; *id.,* Ex. H). Dr. Lehman, a former Analog researcher, explains in his affidavits that he previously told Pellegrini that he had worked on a project in which the ADMC chip was used in developing motor controllers for brushless DC motors, and that such motor controllers had been used in Sanyo refrigerators and possibly also Electrolux refrigerators. (Pl.'s Opp., Ex. H; Lehman Supp. Aff.). Lehman further states that he "showed [Pellegrini] a picture of a refrigerator that contained the motor controller, taken from an advertisement from Sanyo."(Lehman Supp. Aff.). For several reasons, however, these statements were not sufficient evidence of direct infringement by Analog customers in the United States; relying on them thus did not satisfy Pellegrini's pre-filing inquiry obligation.

**\*3** First, advertisements alone are generally insufficient evidence of infringement. *See* View Eng'g, 208 F.3d at 985 (no factual basis for infringement claim where patentee had relied solely on its knowledge of its own patent and defendant's advertising statements); *cf.* Q-Pharma, 360 F.3d at 1302 (patentee

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case5:09-cv-01531-RS   Document26-12   Filed08/12/09   Page4 of 5

Not Reported in F.Supp.2d                                                                                                    Page 3
Not Reported in F.Supp.2d, 2006 WL 83472 (D.Mass.)
**(Cite as: 2006 WL 83472 (D.Mass.))**

conducted sufficient infringement analysis to avoid Rule 11 sanctions where it did not rely solely on defendant's advertising, but additionally compared asserted claims with sample of accused product). In this case, there is no suggestion that the alleged picture of a Sanyo refrigerator in any way indicated that it contained a brushless motor using an ADMC chip. Second, although Lehman purports to have told Pellegrini that Sanyo and Electrolux used the ADMC chip, nowhere in his affidavits does Lehman suggest that Sanyo and Electrolux sold refrigerators containing infringing brushless motors in the United States. Indeed, Pellegrini himself is only able to speculate that there was a "possibility that some of Sanyo's refrigerators may have been brought into the United States."(Pl.'s Opp., at 12). As to Electrolux, Pellegrini is only able to note that Electrolux purchased "large volume[s]" of ADMC chips and that Electrolux has "significant sales in the United States."(*Id.* at 12-13).[FN4] Such broad facts cannot form a good faith evidentiary basis for bringing a claim of infringement.

> FN4. Pellegrini makes the identical argument as to Emerson, another Analog customer. For the same reasons, it fails.

Nor is Pellegrini able to muster sufficient evidence of direct infringement by two other Analog customers he names-Omnirel and Amirix. Pellegrini notes that Omnirel and Amirix both claim to have developed a brushless motor control algorithm for use with Analog's ADMC chips. (Pl.'s Opp., at 11; *id.,* Exs. I & J). Neither company, however, claims to have developed a brushless motor itself, but rather represents only that it has developed an algorithm for controlling such motors. Such an algorithm could not infringe either claim 7 or claim 15 or the '069 patent, which require a complete brushless motor including multiple components, including a motor control circuit.

To mitigate his clear lack of evidence, Pellegrini suggests that his pro se status, as well as the timeliness of Analog's Rule 11 motion should be taken into account. Courts "never impose sanctions lightly, and are particularly cautious as to pro se litigant[s]," *Constant v. United States,* 929 F.2d 654, 658 (Fed.Cir.1991), but even pro se litigants are required to follow procedural rules. Pellegrini is, moreover,

amply experienced in litigation, having previously sued Texas Instruments for infringement of the '069 patent. *Seeid.*(taking into account pro se plaintiff's previous litigation experience). Although Pellegrini may be appearing pro se, he has apparently received assistance from law firms throughout the litigation. (*See* Appearance of Thomas C. O'Konski, Esq., Docket No. 63, June 22, 2005; Def.'s Mot., at 7 n. 4). As to the timeliness of Analog's motion, Rule 11 itself imposes no time limits. More importantly, Analog's motion was entirely timely. Analog had no reason to challenge the good-faith basis of Pellegrini's pending claims while the extraterritorial infringement claims were being separately litigated and appealed, since Pellegrini maintained throughout that he would voluntarily dismiss the pending claims if Analog prevailed. Not until January 2005 did Analog receive notice that Pellegrini intended instead to pursue the pending claims. The parties then agreed that Pellegrini had until March 1, 2005 to demonstrate an evidentiary basis for pursuing his claims, and when he failed to do so, Analog immediately filed its motion.

**\*4** Because Pellegrini has failed to demonstrate any factual basis upon which to claim direct infringement of the '069 by Analog customers in the United States, and because the record demonstrates that Pellegrini failed to conduct a sufficiently reasonable pre-filing inquiry, I find that he has violated Fed.R.Civ.P. 11(b)(3) and that Analog is therefore entitled to sanctions.

II. Rule 11(c) Sanctions

Rule 11(c)(2) directs the court to impose sanctions "sufficient to deter repetition of such conduct."Analog has requested dismissal and reasonable attorneys' fees and costs. Dismissal is clearly warranted, since Pellegrini lacks any factual basis upon which to proceed with the remaining claims. As for monetary relief, I treat Analog's request as limited to those attorneys' fees and costs accrued since January 2005, the time at which Pellegrini indicated he intended to pursue these claims. Although Analog has argued that Pellegrini had no adequate basis upon which to initially file these claims, it is clear from the history of this case that Pellegrini's intent to pursue these claims (and the need for Analog to defend against them) really only surfaced in January 2005. In

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case5:09-cv-01531-RS  Document26-12  Filed08/12/09  Page5 of 5

Not Reported in F.Supp.2d  Page 4
Not Reported in F.Supp.2d, 2006 WL 83472 (D.Mass.)
**(Cite as: 2006 WL 83472 (D.Mass.))**

this case, Pellegrini, a plaintiff who, while pro se, had prior patent litigation experience as well as the assistance of legal counsel, repeatedly represented both to the defendant and to the court that he would voluntarily dismiss his remaining claims were he to lose on the other portion of the case. He failed to do so, and instead pursued those claims, without any good faith evidentiary basis upon which to do so, and despite discussion in conferences before the court about the need for him to demonstrate such an evidentiary basis or to face possible sanctions. In light of this history, Analog is entitled to recover a reasonable share of its fees and costs. Analog should submit a bill of its fees and costs, from which an appropriate award will be determined.

III. *Conclusion*

Defendant's motion for sanctions (# 58 on the Docket) is allowed. Plaintiff's remaining claims are dismissed, and defendant shall submit a bill of reasonable attorneys' fees and costs accrued since January 2005.

D.Mass.,2006.
Pellegrini v. Analog Devices, Inc.
Not Reported in F.Supp.2d, 2006 WL 83472 (D.Mass.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.