# EXHIBIT Q



LEXSEE 2008 US DIST LEXIS 103956

**KRISTIN R. HIMMELBERGER, Plaintiff, vs. ANTHONY A. LAMARQUE, et. al., Defendants.**

**No. C 03-3011 RMW (PR), (Docket Nos. 28, 33, 34)**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

*2008 U.S. Dist. LEXIS 103956*

**December 11, 2008, Decided
December 15, 2008, Filed**

**SUBSEQUENT HISTORY:** Complaint dismissed at *Himmelberger v. Lamarque, 2009 U.S. Dist. LEXIS 31871 (N.D. Cal., Apr. 14, 2009)*

**PRIOR HISTORY:** *Himmelberger v. Lamarque, 2008 U.S. Dist. LEXIS 78868 (N.D. Cal., July 1, 2008)*

**COUNSEL:** [*1] Kristin R. Himmelberger, Plaintiff, Pro se, San Luis Obispo, CA.

For Warden Anthony A. Lamarque, E. J. Caden, D. Chesterman, Charles Lee, Defendants: Virginia Irene Papan, LEAD ATTORNEY, California Attorney General's Office, San Francisco, CA.

For Edward Alameida, Jr., Ortega, Edward Dugeaw, Defendants: Virginia Irene Papan, California Attorney General's Office, San Francisco, CA.

**JUDGES:** RONALD M. WHYTE, United States District Judge.

**OPINION BY:** RONALD M. WHYTE

**OPINION**

ORDER GRANTING MOTION TO DISMISS

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint in the Monterey Superior Court alleging violations of his federal constitutional rights and state tort claims concerning the conditions of his confinement at Salinas Valley State Prison. Thereafter, plaintiff filed a first amended complaint. Defendant Lamarque removed this action to federal court based on federal question jurisdiction. *See 28 U.S.C. §§ 1331, 1441(b)*. Defendants have filed a motion to dismiss and, although given an opportunity to do so, plaintiff did not file an opposition. For the reasons discussed below, defendants' motion to dismiss is GRANTED. In addition, plaintiff's ex parte motion for leave to further amend his complaint [*2] is DENIED.

**DISCUSSION**

A. *Rule 8(a)* [1]

> 1 Unless otherwise noted, all references to rules in this order are to rules of the Federal Rules of Civil Procedure.

Defendants argue that the complaint must be dismissed because it fails to comply with *Rule 8(a)*. *Rule 8* provides, in pertinent part, that a claim for relief in a complaint in federal court "must contain . . . a short and

Case5:09-cv-01531-RS   Document26-17   Filed08/12/09   Page3 of 5

Page 2
2008 U.S. Dist. LEXIS 103956, *

plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2)*.

Defendants argue that the lengthy amended complaint, alleging a wide variety of violations of federal and state law against a multitude of defendants, does not provide "a short and plain statement' of the claims, as required by *Rule 8(a)*. Where the allegations in a complaint are "argumentative, prolix, replete with redundancy and largely irrelevant," the complaint is properly dismissed for failure to comply with *Rule 8(a)*. *McHenry v. Renne, 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996)*; *see also Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981)* (affirming dismissal of complaint that was "'verbose, confusing and almost entirely conclusory'"). However, "verbosity or length is not by itself a basis [*3] for dismissing a complaint based on *Rule 8(a)*." *Hearns v. San Bernardino Police Dep't., 530 F.3d 1124, 1131 (9th Cir. 2008)*. A complaint, even if lengthy, is permissible if it sets forth "coherent, well-organized, and stated legally viable claims." *Id*.

Here, the amended complaint sets forth 32 "counts" against ten named defendants and additional "Doe" defendants. The numerous claims allege a wide variety of unrelated complaints about conditions at plaintiff's prison, including improper computation of credits for good behavior, failure to clean air vents, failure to serve "2-3 servings of fruit" per day, a lack of protein supplements and calcium, limitations on sending certified mail, inadequate medical care, improper restitution deductions, excessive lockdowns, the lack of single celling, limitations on music, movies, books and magazines with explicit content, prohibition on publishing an inmate newsletter, and inadequate protections of inmates against other inmates.

Unlike the complaint at issue in *Hearns*, the claims in this case are not well-organized or coherent. The amended complaint is confusing because claims are not specific as to the time the alleged violations occurred and are [*4] not set out in chronological order. Moreover, none of the claims are tied to specific actions by individual defendants. *See McHenry, 84 F.3d at 1177* (noting complaint's failure to specify actions by individual defendants that caused claimed violations); *see also Hearns, 530 F.3d at 1130* (distinguishing complaint in *McHenry* because, among other reasons, it did not allege individual defendants' actions causing claimed violations). In addition, the claims are often repetitive (*see, e.g.*, Amended Complaint at Counts 1 & 2 (alleging improper computation of credits for good behavior), Counts 3 & 5 (alleging insufficient fruit and lack of wholesome and nutritious meals), Counts 3, 8 & 28 (alleging, inter alia, excessive dust from failure to clean air vents), Counts 9 & 29 (alleging improper restitution deductions)), and multiple unrelated claims are combined into a single cause of action in some instances (*see, e.g., id*. at "Count 3" (alleging the lack of fruit, improper medical care for a broken foot, and failure to clean air vents)). Furthermore, for the reasons discussed below, the amended complaint does not set forth a cognizable claim for relief. *See, e.g, Grosz v. Lassen Community College Dist., 2008 U.S. Dist. LEXIS 64494, 2008 WL 2952800, *2 (E.D.Cal. July 28, 2008)* [*5] (distinguishing *Hearns* because lengthy complaint was confusing and incoherent, and failed to state a claim upon which relief can be granted).

Because the lengthy amended complaint is confusing, frequently repetitive, incoherent, and disorganized, here, as in *McHenry*, "[o]nly by months or years of discovery and motions [could] each defendant find out what he is being sued for." *84 F.3d at 1178*. Thus, the court finds that the amended complaint does not set forth a "short and plain statement" of the claims as required by *Rule 8(a)*, and must be dismissed.

B. *Rule 12(b)(6)*

Defendants also argue that the amended complaint fails to state a cognizable claim for relief, and must be dismissed pursuant to *Rule 12(b)(6)*.

1. *Legal Standard*

A case should be dismissed under *Rule 12(b)(6)* if it fails to state a claim upon which relief can be granted. *Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1483 (9th Cir. 1995)*. Dismissal for failure to state a claim is a ruling on a question of law. *Id*. "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987)*. "While [*6] a complaint attacked by a *Rule 12(b)(6)* motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)* (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id. at 1974*. A *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*.

Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994)*, including documents physically attached to the complaint or documents the complaint necessarily

relies on and whose authenticity is not contested. *Lee v. County of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)*. Allegations of fact in the complaint must be taken [*7] as true and construed in the light most favorable to the non-moving party. *Symington, 51 F.3d at 1484*.

"Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988)*. Moreover, when a claim involves an element of improper motive, a heightened pleading standard applies: the plaintiff must make nonconclusory allegations supporting an inference of unlawful intent. *Alfrey v. United States, 276 F.3d 557, 567 (9th Cir. 2002)*.

2. *Analysis*

Defendants argue that the amended complaint should be dismissed because it fails to allege specific conduct by the individual defendants that proximately caused the claimed constitutional violations. To state a claim under *§ 1983*, a plaintiff must set forth specific facts as to each individual defendant's conduct that proximately caused a violation of his rights. *Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988)*. Moreover, because an individual defendant cannot be held liable based solely on his membership in a group, a showing of his individual participation in unlawful conduct is required. *See Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir. 1996)* [*8] (holding instruction permitting jury to find individual liable as member of team, without any showing of individual wrongdoing, is improper).

Throughout the amended complaint, plaintiff alleges conduct by "defendants" as a group and does not specify action by any individual defendants. The amended complaint also does not allege how any individual defendant's actions proximately caused the violation of plaintiff's rights. As an example, in Counts 1 and 2, plaintiff alleges that "defendants" LaMarque, Duegaw, "does CCI" and "does 1-5," Alameida, Duncan, LaMarque, Calderon and "Does 1-5" failed to properly calculate his credits for good behavior, but he does not allege the role or actions of any of the defendants individually that led to the alleged improper computation of his credits. Similarly, in count 3 against defendants Rianda, Lee, Posner, LaMarque and "Does 1-5," plaintiff alleges that "defendants" failed in a wide variety of areas, from cleaning the air vents to providing a nutritious diet, to providing adequate medical care, but plaintiff does not allege what any of these defendants did individually or how their actions caused any of the various alleged violations of state or [*9] federal law. The same pattern persists throughout each of the 32 "counts" in the amended complaint, whereby plaintiff names a group of defendants at the beginning of each count, but then fails to allege what any of the named defendants did or failed to do individually on any occasion that led to the claimed violation of state or federal law.

Because plaintiff has failed to set forth specific facts showing how any individual defendant's conduct violated plaintiff's rights under state or federal law, his amended complaint must be dismissed for failure to state a cognizable claim for relief.

C. *Motion to Amend*

Plaintiff has filed an "ex parte" motion to further amend his complaint. The motion fails for several reasons. First, "ex parte" motions may not be granted. Plaintiff was instructed to serve defendants any papers he files, and he offers no explanation why he did not or could not do so with his motion to amend. Second, plaintiff has already amended the complaint once, further leave to amend at this stage -- over five years after the action was filed and after defendants appeared and filed a dispositive motion -- would cause defendants undue prejudice, and plaintiff has made no showing [*10] of good cause as to why he has waited so long to seek further leave to amend his complaint. *See Wagh v. Metris Direct, Inc., 363 F.3d 821, 830 (9th Cir. 2003)* (district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously filed an amended complaint); *Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994)* (leave to amend should not be granted if it would cause opposing party undue prejudice; holding that attempt to amend complaint after court issued scheduling order required showing of good cause). Lastly, plaintiff does not attach the proposed second amended complaint, nor does he set forth what amendments he would make. In the absence of a proposed second amended complaint, the court cannot discern whether plaintiff could cure the deficiencies set forth in the amended complaint or whether granting him leave to further amend his amended complaint would be futile. *See id*. (leave to amend need not be granted where, inter alia, the amendment constitutes an exercise in futility, or creates undue delay).

Accordingly, plaintiff's motion for leave to further amend the first amended complaint will be denied.

**CONCLUSION**

For the foregoing reasons, [*11] defendants' motion to dismiss is GRANTED. The motion for defendants Duegaw and Ortega to join in the motion to dismiss is GRANTED. Plaintiff's motion for leave to amend is DENIED.

The clerk shall close the file, terminate any pending motion and enter judgment.

IT IS SO ORDERED.

| | |
|---|---|
| DATED: 12/11/08 | RONALD M. WHYTE |
| /s/ Ronald M. Whyte | United States District Judge |