MATTHEW D. POWERS (Bar No. 104795)
matthew.powers@weil.com
EDWARD R. REINES (Bar No. 135960)
edward.reines@weil.com
SONAL N. MEHTA (Bar No. 222086)
sonal.mehta@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Defendant and Counterclaim Plaintiff,
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELAN MICROELECTRONICS CORPORATION,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant and Counterclaim Plaintiff. | Case No. C-09-01531 RS<br><br>MOTION FOR LEAVE TO FILE A SURREPLY<br><br>Date: September 30, 2009<br>Time: 9:30 a.m.<br>Courtroom: 4, 5th Floor<br><br>Hon. Richard Seeborg<br><br>Demand for Jury Trial |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on September 30, 2009 at 9:30 am, or as soon thereafter as counsel may be heard by the above-titled Court, located at 280 South 1st Street, San Jose, California, Defendant and Counterclaim Plaintiff Apple Inc. will and hereby does move for leave to file a surreply to Elan Microelectronics Corporation's Reply In Support Of Its Motion To Dismiss Apple Inc.'s Third, Fourth and Fifth Counterclaims Under Rule 12(b)(6) For Failure To State A Claim, Or In The Alternative, For More Definite Statement Under Rule 12(e). This motion is based upon this Notice of Motion, the following Memorandum of Points and Authorities, all matters with respect to which this Court may take judicial notice, all papers and pleadings on file or deemed to be on file herein, and such argument as may be presented at the hearing. A motion for an expedited briefing schedule on this motion is also being filed currently herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

Apple hereby respectfully requests leave to file the short surreply to Elan Microelectronics Corporation's Reply In Support Of Its Motion To Dismiss Apple Inc.'s Third, Fourth and Fifth Counterclaims Under Rule 12(b)(6) For Failure To State A Claim, Or In The Alternative, For More Definite Statement Under Rule 12(e) ("Reply") submitted concurrently herewith. Apple requests permission to file this surreply to ensure that the Court has the benefit of a balanced presentation on the central issue presented in Elan's motion to dismiss.

As the Court knows from its review of the papers, that issue is whether the Supreme Court's rulings in *Twombly* and *Iqbal* somehow abrogated Rule 11(b)(3). Apple has been completely up-front about its intent to rely on Rule 11(b)(3) for two of its three patent infringement counterclaims, expressly invoking that rule in its pleading. Accordingly, in preparing its motion to dismiss those counterclaims, Elan knew or should have known that the central issue before this Court would be impact of *Twombly* and *Iqbal*, if any, on Rule 11(b)(3) pleading. Despite this, Elan's opening brief failed to acknowledge—let alone address—Rule 11(b)(3) at all. Indeed, other than quoting Apple's counterclaims in the background section of its opening brief, Elan was utterly silent on Rule 11(b)(3). Instead, Elan merely contended that two

of Apple's counterclaims are speculative and fail to allege infringement because Apple did not "make the bald allegation that Elan infringes." D.I. 16 [Elan's Motion to Dismiss] ("Motion") at 3.

Only after having the benefit of Apple's analysis—and knowing that Apple would have no vehicle to respond—did Elan address this central question for the first time on reply.[1] In its Reply, Elan cited to *nine new cases* on the Rule 11(b)(3) issue and submitted a *new declaration* in which its counsel purported to attest to new facts and submit a new exhibit that Elan urged the Court to consider in support of Elan's motion. D.I. 25 [Elan's Reply] ("Reply") at 5-9; D.I. 26 [DeBruine Declaration] ("DeBruine Decl.") at ¶ 2, 3 and Exhibit A.

None of the arguments, case law or evidence cited by Elan for the first time on reply were unknowable or unforeseeable to Elan when it filed its Motion. Elan simply chose not to offer them in its opening brief. The only explanation for this omission is that Elan thought it would be to its strategic advantage to save its arguments on Rule 11(b)(3)—including its new evidence and nine new cases—for reply. Not only did this allow Elan to effectively shift the burden of addressing the interplay of *Twombly* and *Iqbal* with Rule 11(b)(3) onto the non-moving party, but it allowed Elan to make its arguments on the central issue with no vehicle for Apple's response. This sort of tactic prejudices not only Apple but the integrity of this Court's processes and procedures themselves.

For the above reasons, Apple requests leave to file the short surreply submitted concurrently herewith.

---

[1] Concerned that Elan's focus on *not* addressing Rule 11(b)(3) was the set up for some sort of inappropriate briefing ambush on reply, Apple put Elan on notice that it had waived any arguments based on Rule 11(b)(3) by failing to address it in its opening brief. D.I. 17 [Apple's Opposition] ("Opp.") at 3. Nevertheless, Elan went forward with its new argument, authority and evidence on reply.

| | | |
|---|---|---|
| 1 | Dated: August 20, 2009 | WEIL, GOTSHAL & MANGES LLP |
| 2 | | |
| 3 | | By:  /s/ Edward R. Reines |
| 4 | | EDWARD R. REINES<br>edward.reines@weil.com |
| 5 | | Attorneys for Defendant and |
| 6 | | Counterclaim Plaintiff Apple Inc. |