1  Yitai Hu (SBN 248085) (yitai.hu@alston.com)
   Sean P. DeBruine (SBN 168071) (sean.debruine@alston.com)
2  S.H. Michael Kim (SBN 203491) (michael.kim@alston.com)
   T. Hunter Jefferson (admitted pro hac vice) (hunter.jefferson@alston.com)
3  C. Augustine Rakow (SBN 254585) (augie.rakow@alston.com)
   **ALSTON + BIRD LLP**
4  Two Palo Alto Square
   3000 El Camino Real, Suite 400
5  Palo Alto, California 94306
   Telephone:     650-838-2000
6  Facsimile:     650-838-2001

7
   Attorneys for Plaintiff and Counterdefendant
8  ELAN MICROELECTRONICS CORPORATION

9                         UNITED STATES DISTRICT COURT

10                       NORTHERN DISTRICT OF CALIFORNIA

11                                SAN JOSE DIVISION

12
   ELAN MICROELECTRONICS              ) Case No. C-09-01531 RS
13 CORPORATION,                       )
                                      )
14              Plaintiff,            ) **ELAN MICROELECTRONICS**
                                      ) **CORPORATION'S OPPOSITION TO**
15       v.                           ) **APPLE'S MOTION FOR LEAVE TO FILE**
                                      ) **A SURREPLY**
16 APPLE, INC.,                       )
                                      )
17              Defendant.            ) Date: September 30, 2009
                                      ) Time: 9:30 a.m.
18 _____    ) Courtroom: 4, 5th Floor
19 APPLE, INC.,                       ) The Honorable Richard Seeborg
                                      )
20              Counterclaimant,      ) **Demand for Jury Trial**
                                      )
21       v.                           )
                                      )
22 ELAN MICROELECTRONICS              )
   CORPORATION,                       )
23                                    )
                Counterdefendant.     )
24 _____    )

25

26

27

28

_____
ELAN'S OPP'N TO MOT. FOR LEAVE TO FILE SURREPLY                    CASE NO.C-09-01531 RS

## I. INTRODUCTION

Apple fails to show any new argument or evidence raised in Elan's Reply that would warrant the Court's consideration of its proposed Surreply. Rather, Apple's proposed Surreply is nothing more than an attempt to get the "last word" and to continue Apple's strategy of directing the Court's attention to its irrelevant arguments and away from the merits of Elan's Motion to Dismiss. Elan's original motion seeks to dismiss three of Apple's proposed counterclaims for failing to adequately state a claim under Fed. R. Civ. P. 8(a). In its Opposition and now in its proposed Surreply, Apple implores the Court to ignore the very basis of Elan's Motion to Dismiss, claiming that "the central issue presented in Elan's motion" is not whether Apple's counterclaims satisfy Rule 8, but rather "whether the Supreme Court's rulings in *Twombly* and *Iqbal* somehow abrogated Rule 11(b)(3)." Rule 11(b)(3) may be central to Apple's Opposition, and in its Reply Elan rebutted Apple's spurious arguments as it was required to do. But Rule 11(b)(3) is not central or even relevant to Elan's motion. Apple has made its arguments in opposition, Elan properly addressed those arguments in its Reply, and there is no justification for a Surreply. Moreover, Apple's proposed Surreply in fact adds nothing new to the discussion of Rule 11(b)(3). Therefore, the Court should deny Apple's Motion for Leave to File a Surreply.

## II. ARGUMENT

### A. Elan's Reply Is Limited to the Arguments Elan Set Forth in its Motion to Dismiss and Rebuttals To Extraneous Arguments Raised in its Apple's Opposition.

Elan moved to dismiss Apple's Third, Fourth and Fifth Counterclaims for failure to satisfy Rule 8. *See* Mot. to Dismiss at 3:9-4:28. Apple's Opposition then raised arguments about Rule 11(b)(3) in an attempt to argue that the pleading standards under Rule 8 should be set aside in favor of an alternative, looser pleading standard under Rule 11(b)(3). *See* Opp'n 3:5-8:14. Elan's Reply in turn rebutted Apple's opposition by arguing that Rule 11(b)(3) is irrelevant to the pleading standards under Rule 8, *see* Elan's Reply at 5:11-7:5, and explaining that Apple's contention concerning Rule 11(b)(3) is moot because Apple's counterclaims fail to satisfy Rule 11(b)(3) in the first place. *See* Reply at 7:6-9:16. Because Elan's Reply was properly limited to rebutting the new and unforeseen arguments in Apple's Opposition, there is no need or justification for a surreply.

Neither the Federal Rules of Civil Procedure nor this Court's Civil Local Rules provide the right to file a surreply. Civ. L.R. 7-3(d); *see also Hardgraves v. Hartley*, No. 07-1833, 2008 WL 2561924, at *1 (E.D. Cal. June 26, 2008); *Hill v. England*, No. CVF05869, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005); *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005).[1] When opposition papers raise extraneous arguments beyond the scope of the original motion, it is undisputed that a movant's reply can and should address such material. *See, e.g.*, *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991) ("Clearly, reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party [non-moving] who took it upon himself to argue those previously unforeseen issues."); *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495-96 (S.D.N.Y. 1990) ("[Non-movant] contends that sur-reply papers are justified since defendants' reply papers address numerous issues for the first time. Such an argument, however, misconstrues the very purpose of reply papers. The moving party may address in his reply papers new issues raised in the opposition papers so as to avoid giving an unfair advantage to the answering party who took it upon himself to argue those previously unforeseen issues. Although defendants' reply papers addressed issues not raised in its moving papers, each point in the reply brief directly responds to an issue raised in [non-movant's] opposition papers.") (internal citations omitted).

Apple's Motion for Leave to File a Surreply ("Motion for Leave") fails to show otherwise. Apple argues that Elan somehow improperly waited until its Reply to address Rule 11(b)(3). Mot. for Leave at 1:18-2:3. But Elan had no reason to address that issue in its Motion to Dismiss. The central issue to Elan's motion is whether Apple's counterclaims satisfy Rule 8, as recently interpreted by the Supreme Court in *Twombly* and *Iqbal*. Mot. to Dismiss at 2:20-3:6. In its Opposition, Apple all but ignored those cases, attempting to dismiss Elan's motion as "*en vogue*" and "trendy." Opp'n at 1:3-6. It was Apple's Opposition that shifted the focus onto Rule 11(b)(3). Rule 11(b)(3), however, does not pertain to **pleading standards** for stating a claim for relief. Rather, it controls counsel's **liability** for making representations to the Court without adequate factual foundation. That issue is not currently before the Court, and Elan had no reason to address that issue. Elan had no reason to believe that

---

[1] Unpublished cases not previously cited in the underlying Motion to Dismiss, Opposition or Reply, are included as exhibits to the Declaration of Sean P. DeBruine, submitted herewith.

Apple cited Rule 11(b)(3) in its Fourth and Fifth Counterclaims for any reason other than to avoid liability for possible intentional or negligent statements of fact to the Court for which it did not have adequate support.  As such, Apple's position that its argument that Rule 11(b)(3) somehow alters the pleading standards was "reasonably foreseeable" and should have been addressed in Elan's original motion lacks merit:  Elan is not seeking the imposition of sanctions for the contents of Apple's counterclaims.  Mot. for Leave at 2:10-11.

Building on this faulty foundation, Apple also argues that Elan's Reply improperly cites case law not cited in the initial Motion or Opposition.  Mot. for Leave at 2:5-6.  However, Apple fails to indicate any new *issues* raised by Elan's reliance on those cases.  Indeed, the cases merely illustrate the proper and limited uses of Rule 11(b)(3), and thereby rebut Apple's contention that Rule 11(b)(3) allows it to allege entire claims on a speculative basis.  Therefore, the cases raise no new issues.

Tellingly, Apple's proposed Surreply makes no attempt to rebut Elan's showing that Rule 11(b)(3) on its face cannot save Apple's inadequate pleading.  As Elan pointed out, Rule 11(b)(3) applies only to *"specifically . . . identified"* contentions of fact; it does not apply to the pleading of claims in their entirety.  Fed. R. Civ. P. 11(b)(3) (emphasis added); *see* Reply 9:17-25.  Yet even with its proposed Surreply, Apple *still* has not identified any specific factual contention for which it seeks to invoke Rule 11(b)(3).  Moreover, Apple acknowledges the holding in *Chagby v. Target Corp.*, 2009 WL 398972 at *1 (C.D. Cal. Feb. 11, 2009) that Rule 11(b)(3) applies only to particular *facts* and therefore cannot serve as an alternative pleading standard for entire *claims*.  *See* Reply at 6:8-14; Mot. for Leave at 3:25-4:2.  By failing to address these points, Apple's proposed Surreply concedes not only Elan's central argument concerning Rule 8 in Elan's original motion, but also that Rule 11(b)(3) is a best a tangential issue that does not justify Apple's failure to plead sufficient facts to support its claims.

**B.    Even To the Extent Apple Does Actually Address Elan's Arguments, the Proposed Surreply Would Not Be Helpful to the Resolution of the Disputed Issues.**

The proposed Surreply criticizes Elan's reliance on *Geisinger* by noting that the court in that case chose not to apply Rule 11(b)(3) because the counterclaim at issue was a compulsory counterclaim.  From this, Apple infers that *Geisinger* somehow represents a general judicial approval for unconfirmed and speculative claiming, so long as the "pleaders . . . have determined that they are

likely to have a claim[.]"  Proposed Surreply at 2:21-22.  However, the *Geisinger* court noted that the "intended effect" of Rule 11(b)(3) is "f[a]r more limited in scope" and does not confer "a general license to plead a claim first and then . . . conduct the necessary investigation in support of it." *Geisinger Med. Ctr. v. Gough*, 160 F.R.D. 467, 469 (M.D. Pa. 1994).  In fact, the *Geisinger* court made clear that the rule does not even come into play until the pleader has "plead[ed] a claim first."  *Id*.  The proposed Surreply fails to explain how Apple's intended invocation of Rule 11(b)(3) for the entirety of two non-compulsory counterclaims is not an attempt to use Rule 11(b)(3) as the "general license" to plead first and investigate later that *Geisinger* prohibits,  nor how Apple properly pled a claim "first."

Apple's proposed critique of Elan's reliance on *Omega* indicates that Apple has simply misread both Elan's Reply and the *Omega* decision.  Apple argues that *Omega* is inapposite because "the counterclaim in *Omega* was nothing more than a placeholder allegation[.]"  Proposed Surreply 3:6-8.  But the "placeholder allegation" was defendant Lear's third affirmative defense.  Elan's Reply cited the case for its dismissal of the second counterclaim, which was pleaded using "after reasonable opportunity for further investigation or discovery" language used by Apple.  *Compare Omega Patents LLC v. Lear Corp.*, No. 07-1422, 2007 WL 4247674, at *1 (M.D. Fla. Nov. 30, 2007) ("[P]aragraph 3 is merely a reservation of the right to raise additional affirmative defenses in the future.") *with id.*, at *2 ("Omega also challenges the legal sufficiency of Lear's Second Counterclaim . . .  [T]his 'counterclaim' fails to rise even to the level of a conclusory assertion[.]")  Therefore, the proposed Surreply fails to even address the relevant aspects of the *Omega* decision.

Apple's proposed critique of Elan's reliance on *J.R.* similarly indicates that Apple has simply misread Elan's Reply.  Elan did not rely on *J.R.* for the argument that the Fourth and Fifth Counterclaims fail because they are *speculative*.  Rather, Elan cited *J.R.* in an entirely separate part of the Reply brief dealing with the failure of Apple's Third, Fourth and Fifth Counterclaims to allege infringement conduct *within the United States*.  *See* Reply at 2:18.  Because its arguments about *J.R.* are completely off-point, Apple's proposed Surreply would also contribute nothing to the analysis of *J.R.*  Finally, Apple's proposed Surreply critiques Elan's reliance on *Daw* by pointing out that *Daw* had nothing to do with Rule 11(b)(3).  Indeed this is true, for the same reasons Rule 11(b)(3) has nothing to do with Elan's motion.  Counterclaimant Daw's speculative allegation contained virtually the same

Rule 11(b)(3) language as is recited in Apple's Fourth and Fifth Counterclaims. *See Daw Indus., Inc. v. Proteor Holdings, S.A.*, No. 07-1381, 2008 WL 682595, at *2 (S.D. Cal. Jan. 29, 2008) (stating a belief that a invalidity will be shown "after a reasonable opportunity for further investigation and discovery."). Yet, as Apple points out, the *Daw* court dismissed the counterclaim with no reference to Rule 11(b)(3) whatsoever, finding simply that "Plaintiff has presented no factual allegations to support this legal conclusion" of invalidity *Id.*, at *5. Like the court's decision in *Daw*, Elan's Motion to Dismiss relies solely on Rule 8, underscoring the irrelevance of Rule 11(b)(3). As such, Apple's proposed critique of *Daw* fails to rebut Elan's reliance on *Daw*.

### C. The Alleged "New Fact" in Elan's Reply was Known to Apple and Merely Supplies Context to Apple's Declaration.

Apple also argues that Elan's Reply included a new declaration improperly attesting to new facts. Mot. for Leave at 2:5-8. However, evidence that is already known to the non-movant is not "new" material. *First Specialty Ins. Corp. v. 633 Partners Ltd.*, 300 Fed. Appx. 777, 788 (11th Cir. 2008). As such, a reply can properly introduce evidence that is necessary to contextualize selective factual assertions made by non-movant in the opposition. *See* Civil L.R. 7-3(c) ("The reply may include affidavits or declarations[.]"); *Terrell v. Contra Costa County*, 232 Fed. Appx. 626 (9th Cir. 2007). That is precisely what Elan does in the declaration supporting its Reply. The declaration merely documents a publicly known fact — *i.e.*, that resources were available for Apple to perform the pre-filing investigation that it chose not to pursue. That evidence simply provides context for Apple's true-but-selective contention that its limited investigation yielded incomplete results. Therefore, the declaration does not raise "new" facts so as to justify a surreply.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Apple's Motion for Leave to File a Surreply.

Dated:  August 25, 2009             Respectfully submitted,

ALSTON + BIRD LLP


By:_____/s/_____
     Sean P. DeBruine
Attorneys for Plaintiff and Counterdefendant
ELAN MICROELECTRONICS CORPORATION