*E-Filed 9/14/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ELAN MICROELECTRONICS CORPORATION,

        Plaintiff,

  v.

APPLE, INC.,

        Defendant.

No. C 09-01531 RS

**ORDER GRANTING MOTION TO DISMISS COUNTERCLAIMS**

## I. INTRODUCTION

In this patent infringement action brought by Elan Microelectronics Corporation against Apple, Inc., Elan moves to dismiss Apple's Third, Fourth, and Fifth Counterclaims, which seek to enforce three patents owned by Apple.[1] For the reasons discussed below, the motion will be granted, with leave to amend.

## II. DISCUSSION

A. Pleading Standards under Rule 8, *Twombly* and *Iqbal*

Rule 8 of the Federal Rules of Civil Procedure provides that to state a claim, a pleading must contain, among other things, "a short and plain statement of the claim showing that the pleader is

---

[1] Elan does not challenge Apple's first two counterclaims, which merely seek declaratory relief on the Elan patents in suit.

entitled to relief." The first part of this requirement--"a short and plain statement of the claim"--cannot be read without reference to the second part --"*showing* that the pleader is entitled to relief." The Supreme Court has made clear that while "showing" an entitlement to relief does not require "detailed factual allegations," it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [citation.] Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*.

The *Iqbal* court explained that the *Twombly* decision rested on two separate "working principles."

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Iqbal*, 129 S. Ct. at 1949-50.

The second principle of *Twombly* is that even where a complaint pleads more than legal conclusions, it still may not be sufficient.

> Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Id.* at 1950.

Here, Apple's allegation of infringement in all three of the challenged counterclaims consists of nothing more than a bare assertion, made "on information and belief" that Elan "has been and is

currently, directly and/or indirectly infringing, in violation of 35 U.S.C. § 271" the specified patents "through its design, marketing, manufacture and/or sale of touch sensitive input devices or touchpads, including but not limited to the Smart-Pad." Apple, Inc.'s First Amended Answer, Affirmative Defenses, and Counterclaims, ¶¶ 50, 55, and 60.

While the line between facts and legal conclusions is not always easy to draw, this pleading plainly falls within the prohibition against "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. Apple does not strenuously argue to the contrary, instead relying primarily on arguments discussed further in the following sections. Accordingly, the Court concludes that the three challenged counterclaims do not comply with Rule 8, under the standards enunciated in *Twombly* and *Iqbal*.[2]

B. Impact of *McZeal* and Form 18

After the *Twombly* decision was issued (but before *Iqbal*), the Federal Circuit considered the adequacy of a *pro se* litigant's complaint for patent infringement and other claims. *See McZeal v. Sprint Nextel Corporation*, 501 F.3d 1354 (Fed. Cir. 2007). While the *McZeal* complaint was much longer and more detailed than the counterclaims at issue here, apparently little of the additional material was relevant; the actual allegations of patent infringement were conclusory in much the same way as those here. The Federal Circuit nevertheless concluded that the pleading "met the low bar for *pro se* litigants to avoid dismissal on the basis of Fed. R. Civ. P. 12(b)(6)." 501 F. 3d at 1358. In analyzing the complaint's adequacy, the *McZeal* court looked to what was then Form 16 appended to the Federal Rules of Civil Procedure, entitled "Complaint for Patent Infringement" (it now appears at Form 18). That form, which provides an example for alleging *direct* patent

---

[2] The parties debate whether the counterclaims meet the standard of "plausibility" discussed in *Twombly* and *Iqbal*. As *Iqbal* explained, applying that "second" principle of *Twombly* presents a "context-specific task." At this juncture, the allegations of fact are so sparse that it is difficult to analyze plausibility, although nothing in what has been alleged raises any significant plausibility concerns. Because the claims fail under *Iqbal's* "first" principle, the Court need not further address the point.

infringement, requires essentially nothing more than conclusory statements.  It is not easy to reconcile Form 18 with the guidance of the Supreme Court in *Twombly* and *Iqbal*; while the form undoubtedly provides a "short and plain statement," it offers little to "show" that the pleader is entitled to relief.  Under Rule 84 of the Federal Rules of Civil Procedure, however, a court must accept as sufficient any pleading made in conformance with the forms.[3]

Form 18, however, only provides an example of how *direct* patent infringement may be alleged, the sole patent claim advanced by the *McZeal* plaintiff.  Here, in contrast, Apple has asserted that Elan is "directly and/or indirectly" infringing the patents.  Indirect infringement includes contributory infringement (35 U.S.C § 271 (c)) and inducing infringement (35 U.S.C § 271 (f)).  Both types of indirect infringement include additional elements, none of which Form 18 even purports to address.  In the absence of any other form that addresses indirect infringement and is made binding on the courts through Rule 84, the Court must apply the teachings of *Twombly* and *Iqbal*.  Accordingly, neither *McZeal* nor Form 18 supports a conclusion that Apple has adequately pleaded its counterclaims.

C.  Impact of Rule 11(b)(3)

As set out above, all three of the challenged counterclaims fail for failure to allege sufficient facts.  Elan urges that the Fourth and Fifth Counterclaims fail for the additional reason that they each contain the following language: "Pursuant to Rule 11(b)(3) and upon information and belief, it is likely that reasonable opportunity for further investigation or discovery will confirm that Elan [infringes]."  Elan argues that this language essentially is an admission by Apple that it is only *guessing* or *speculating* that there *may* be infringement of the two patents that are the subject of these counterclaims.

---

[3] While acknowledging that Rule 84 renders Form 18 sufficient for allegations of direct literal infringement, the dissent in *McZeal* expressly opined that the form would be insufficient to state a claim under the usual standards.  501 F.3d at 1360.

Apple counters that such pleading is specifically authorized by Rule 11(b)(3), and that it should be "encouraged . . . not punished" for having taken "the more responsible path" in pleading in that fashion, rather than simply making the allegations "on information and belief." Apple further argues that if invoking Rule 11(b)(3) is held to render a pleading insufficient to state a claim, that would impermissibly render the rule "a nullity."

As an initial matter, Rule 11(b)(3) is part of Rule 11(b), which defines the implied representations an attorney or unrepresented party is deemed to make to the court when presenting any pleading, written motion, or other paper. The rule imposes certain obligations on attorneys and unrepresented parties, all designed to curtail improper, frivolous, harassing, unnecessarily delayed, and unnecessarily expensive litigation. Nothing in the rule purports to address or alter the standard for stating a claim under Rule 8.

Apple asserts that Rule 11(b)(3) was adopted to address the "quandary" a party faces when it needs discovery to support its allegations, but "would be denied access to that discovery because [its] allegations were not well grounded in fact."[4] Although Rule 11(b)(3) expressly permits a party to plead matters as to which the party still needs confirming evidence, there are at least two problems with the conclusions Apple appears to be drawing from that fact. First, while it is not entirely clear what level of information Apple believes a party must have before invoking Rule 11(b)(3), there is some indication it thinks *any* suspicion of wrongdoing is sufficient. Because the issue is not directly presented in this motion, the Court declines to explicate a precise standard for when reliance on Rule 11(b)(3) is appropriate. However, the Advisory Committee Note upon the adoption of Rule 11(b)(3) is instructive:

---

[4] Apple's characterization of the supposed "quandary" appears at least somewhat exaggerated, and is not supported by the Advisory Committee Note it cites. Outside the context of securities fraud litigation, there is no automatic bar on discovery taking place prior to the resolution of pleading issues. Furthermore, in this instance Apple's claims do not appear to be compulsory counterclaims, so it would have been possible to await further development of the facts before pleading the claims. That said, it is true that a defendant or cross-defendant may sometimes resist discovery until a viable claim is pleaded, and that courts will sometimes occasionally stay or limit discovery pending a determination as to the scope of the issues that will go forward.

5

> [S]ometimes a litigant may have *good reason to believe* that a fact is true or false but may need discovery, formal or informal, from opposing parties or third persons to gather and *confirm the evidentiary basis* for the allegation. Tolerance of factual contentions in initial pleadings by plaintiffs or defendants when specifically identified as made on information and belief does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances; **it is not a license to join parties, make claims, or present defenses without any factual basis or justification**.

(italics and bold added.)

To the extent Apple is suggesting that a litigant may avail itself of Rule 11(b)(3) when there are *no* factual circumstances known to it that would constitute a "good reason to believe" a claim exists, it is reading the rule too liberally. Here, for example, regardless of what knowledge may lie exclusively in the possession of Elan or others, Apple should be able to articulate at least some facts as to why it is reasonable to believe there is infringement.[5] Simply guessing or speculating that there may be a claim is not enough.

The second flaw in Apple's reliance on Rule 11(b)(3) is that, as mentioned above, whether a party has complied with Rule 11(b) and whether it has complied with Rule 8 are two separate inquiries. Rule 8 requires factual allegations sufficient to "show" entitlement to relief. Under Rule 11, an attorney or unrepresented party ordinarily is deemed to be representing, under penalty of Rule 11 sanctions, that "the factual contentions *have* evidentiary support." The portion of Rule 11(b)(3) on which Apple is relying merely relieves the attorney or unrepresented party from certifying that he or she already possesses evidentiary support for the factual contentions, it does not release the party from the obligation to advance sufficient factual allegations to satisfy Rule 8.

Turning then to the particular allegations Apple makes in this case, as presently worded there is a degree of ambiguity in the Fourth and Fifth Counterclaims. Arguably the gist of the allegations is what Elan contends; Apple is only saying "there may or may not be infringement, we need further discovery to find out." Alternatively, the allegations could be understood as intending to convey

---

[5] This is not to say that Apple necessarily must *plead* any or all such facts to state a claim; indeed some of them could be protected by privilege or the work product doctrine. However, in at least some situations, a party might be able to plead a great number of circumstantial facts supporting a belief of wrongdoing, while still needing discovery to "confirm the evidentiary basis" of the allegations.

that Apple believes there *is* infringement and is making that factual contention, but needs discovery to gather evidentiary support for the contention.

If, in any amended cross-complaint addressing the deficiencies discussed in the first section above, Apple still chooses to rely on Rule 11(b)(3), it should plainly allege infringement as a factual matter (and with the level of specificity required under Rule 8 and *Twombly* and *Iqbal*), and use Rule 11(b)(3) only for the purpose of relieving counsel from the obligation it would otherwise have to certify that it already possesses evidentiary support for all the factual allegations.

### III. CONCLUSION

Elan's motion to dismiss the Third, Fourth, and Fifth Counterclaims is granted. Apple shall file any amended counterclaims within 20 days of the date of this order.

IT IS SO ORDERED.

Dated:     9/14/09

_____
RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE