Yitai Hu (SBN 248085) (yitai.hu@alston.com)
Sean P. DeBruine (SBN 168071)
(sean.debruine@alston.com)
S.H. Michael Kim (SBN 203491)
(michael.kim@alston.com)
T. Hunter Jefferson (admitted pro hac vice)
(hunter.jefferson@alston.com)
C. Augustine Rakow (SBN 254585)
(augie.rakow@alston.com)
**ALSTON & BIRD LLP**
Two Palo Alto Square
3000 El Camino Real, Ste 400
Palo Alto, CA  94306-2112
Phone:  (650) 838-2000
Fax:   (650) 838-2001

T. Hunter Jefferson (admitted pro hac vice)
(hunter.jefferson@alston.com)
**ALSTON + BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone:    404-881-7333
FACSIMILE:  404-253-8863

Attorneys for Plaintiff
ELAN MICROELECTRONICS
CORPORATION

MATTHEW D. POWERS (Bar No. 104795)
matthew.powers@weil.com
EDWARD R. REINES (Bar No. 135960)
edward.reines@weil.com
SONAL N. MEHTA (Bar No. 222086)
sonal.mehta@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Defendant and Counterclaim
Plaintiff, APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELAN MICROELECTRONICS CORPORATION, | ) Case No. 09-cv-01531 RS<br>)<br>) **JOINT CASE MANAGEMENT** |
| Plaintiff, | ) **CONFERENCE STATEMENT**<br>) |
| v. | ) Date:   October 7, 2009 |
| APPLE, INC., | ) Time:  2:30 PM<br>) Ctrm:  4, 5th Floor |
| Defendant. | )<br>) The Honorable Richard Seeborg |
| | ) |
| AND RELATED COUNTERCLAIMS. | )<br>) |

Pursuant to Civil L.R. 16-9 and the Court's standing Order regarding case management conferences, and Plaintiff Elan Microelectronics Corporation ("Elan") and Defendant Apple Inc. ("Apple") jointly file this Case Management Conference Statement.

## I.   JURISDICTION AND SERVICE

This court has subject matter jurisdiction over Elan's patent infringement claims under 28 U.S.C. § 1338(a) because this case involves a dispute over patent infringement and invalidity under 35 U.S.C. §§ 271 and 102.  Venue is proper in this court under 28 U.S.C. § 1391(b), because, *inter alia*, Apple was personally served on April 18, 2009.  Apple has its principle place of business in this judicial district and regularly conducts business in this judicial district.

This court has subject matter jurisdiction over Apple's patent infringement counterclaims under 28 U.S.C. § 1338(a) because this case involves a dispute over patent infringement and invalidity under 35 U.S.C. §§ 271 and 102.  Venue is proper in this court under 28 U.S.C. § 1391.  Apple has alleged that Elan is subject to personal jurisdiction in this district, and Elan has chosen not to contest personal jurisdiction in this matter.

## II.   FACTS

### A.   Claims

Elan filed this action on April 7, 2009 seeking a judgment that Apple has and is infringing Elan's U.S. Patents No. 5,825,352 ("the '352 patent") entitled "Multiple Finger Contact Sending Method for Emulating Mouse Buttons and Mouse Operations on a Touch Sensor Pad," and No. 7,274,353 B2 (the '353 patent) entitled "Capacitive Touchpad Integrated with Key and Handwriting Functions" (collectively "the Elan patents") by the importation, sale and offer for sale of certain of its MacBook, iPhone and iPod products.  Elan is requesting, *inter alia*, an injunction, damages, costs and expenses.  Apple timely answered the Complaint on June 12, 2009, denying Elan's claims.

On July 1, 2009, Apple filed an Amended Answer and Counterclaims seeking a declaratory judgment that Elan's '352 patent and '353 patent are invalid and not infringed, and a judgment of infringement of Apple's U.S. Patents No.  5,764,218 ("the '218 patent") entitled

"Method And Apparatus For Contacting A Touch-Sensitive Cursor-Controlling Input Device To Generate Button Values," No. 7,495,659 ("the '659 patent") "Touch Pad for Handheld Device," and No. 6,933,929 ("the '929 patent") entitled "Housing For A Computing Device" (collectively "the Apple patents").  Apple also seeks, *inter alia*, an injunction, damages, costs and expenses. As explained in Section IV below, Elan responded to Apple's patent infringement counterclaims on July 21, 2009 by filing a motion to dismiss, and in response to the September 14, 2009 Order on that motion, Apple intends to file amended counterclaims on or before October 5, 2009.

### B.	Parties

Elan is a corporation organized and existing under the laws of Taiwan, R.O.C. and having a principal place of business at No. 12, Innovation 1st Road, Science Based Industrial Park, Hsinchu Taiwan R.O.C.  Elan's main business is the design and development of touch-sensitive input devices, as well as microcontroller-based IC products.

Apple is a corporation organized under the laws of the State of California and having a principal place of business at 1 Infinite Loop, Cupertino, CA 95014.  Apple designs and sells personal computer and other consumer electronic products.

### III.	LEGAL ISSUES

The key legal issues include the following subjects:

(i)	Construction of any disputed patent claim terms.

(ii)	Elan's allegations that Apple infringes the Elan patents.

(iii)	Apple's allegations that the Elan patents are invalid, unenforceable, and not infringed by Apple and its customers under 35 U.S.C. §§ 101, *et seq.*

(iv)	Apple's allegations that Elan infringes the Apple patents.

(v)	Elan's allegation that the Apple patents are invalid, unenforceable, and not infringed by Elan and its customers under 35 U.S.C. §§ 101, *et seq.*

(vi)	Appropriate forms of relief due to either party, including declaratory, injunctive and monetary relief.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IV.    MOTIONS**

On July 21, 2009, Elan moved to dismiss Apple's counterclaims for patent infringement under Fed. R. Civ. P. 12(b) for failure to state a claim or for a more definitive statement under Fed. R. Civ. P. 12(e).  Elan's motion to dismiss was granted on September 14, 2009 and Apple was provided leave to amend its counterclaims within 20 days.  Apple plans to amend its counterclaims on or before October 5, 2009.

**V.    AMENDMENT OF PLEADINGS:**

Apple filed its Amended Answer and Counterclaims on July 1, 2009.  The parties anticipate that they may seek to add affirmative defenses and/or additional counterclaims as discovery proceeds. Apple plans to amend its counterclaims in view of the Court's September 14, 2009 Order.

**VI.    EVIDENCE PRESERVATION:**

The parties have agreed to take reasonable steps to preserve documents relating to the issues presented in Elan's Complaint and Apple's Amended Answer and Counterclaims based on the parties' current understanding of the issues, and to preserve documents relating to the issues presented in subsequent amendments of those documents, based on the parties' understanding of the issues at the time, by issuing document preservation instructions to the key individuals likely to have such documents directing such individuals to take affirmative steps to preserve such documents, whether in hardcopy or electronic form, and to suspend applicable document destruction/deletion procedures.

**VII.    DISCLOSURES:**

The parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a) on September 2, 2009.

**VIII.    DISCOVERY:**

No discovery has been taken.  The parties anticipate discovery on both parties' claims for patent infringement, including affirmative defenses and counterclaims thereto, and prayers for relief.

### A.    Method of Service

The parties agree that service by email will be treated as personal service.

### B.    Disclosure or Discovery of Electronically Stored Information

The parties agree presumptively to produce non-source code documents in electronic format (i.e., as PDF or TIFF files) and to reasonably accommodate one another's requests for OCR and load-file information to allow processing of production documents by the receiving party.

### C.    Claims of Privilege or Work-Product Protection

The parties agree that attorney-client privileged documents and work product documents (including electronically stored information) created after April 7, 2009 do not need to be logged.

The parties further agree that draft expert reports, including notes, and communications between expert witnesses and counsel for the purpose of preparing expert reports are not discoverable except insofar as relied upon or considered by the expert witness in rendering his or her opinion.

### D.    Changes to Limitations on Discovery

Requests for Admission:  The parties propose that each party should be permitted to propound up to fifty (50) requests for admission to each other party, excluding requests for admission used solely for authentication, issues of hearsay, exceptions to hearsay and issues relating to the best evidence rule and its exceptions.  The parties agree to discuss a reasonable approach to those exceptions as the case progresses.

Interrogatories:  The parties propose that each party should be permitted to serve thirty (30) interrogatories to each other party.

Depositions:  The parties propose that each party should be permitted to take up to one hundred (100) hours of deposition testimony of fact witnesses, with depositions requiring translation counting as **[Apple's position: half][Elan's position: two-thirds]** time against the time limit.  The parties further propose the presumptive time limit of seven (7) hours per

deposition of non-inventors and a presumptive nine (9) hour limit for inventors.  For Rule 30(b)(6) depositions of the parties, the parties propose a presumptive limit of twenty-one (21) hours total per party being deposed.  The parties further agree to work together to adjust limits as reasonable and necessary under the circumstances.

The parties do not otherwise propose that the discovery rules found in the Federal Rules of Civil Procedure be modified at this time.

### E.        Foreign Named Inventors and Employees

The parties agree that named inventors and employees of the parties that do not reside in the United States will be made voluntarily available for deposition in the Northern District of California without service of foreign process except as so identified to the opposing party no later than September 18, 2009.

### F.        Protective Order

The parties intend to meet and confer on and submit a proposed Stipulated Protective Order for the Court's approval shortly.

## IX.    RELATED CASES

Elan's '352 patent was one of the five patents at issue in the case of *Elantech Devices, Inc. v. Synaptics,* Case No. C06-01839 PWT.  During the pendency of that case, Elantech Devices, Inc. was merged into Plaintiff Elan Microdevices Corp.  That case settled and was dismissed in November 2008.  However the parties do not believe this case is related to the *Elantech Devices, Inc. v. Synaptics* case as defined in Civil L.R. 3-12.

## X.    RELIEF

Elan contends that it is entitled to a judgment that certain of Apple's Macbook laptop computers and its iPod Touch and iPhone products infringe the '352 and '353 patents and that the infringement was and continues to be willful.  As a result Elan contends that it is entitled to damages in an amount not less than a reasonable royalty, and to an injunction against any further infringement.  Elan is also requesting that any damage award be trebled as a result of Apple's willful infringement and that Apple be ordered to pay Elan's costs and attorneys' fees.

Apple seeks a declaratory judgment that it has not and is not infringing any claim of Elan's '352 and '353 patents, either directly or indirectly, willfully, contributorily or otherwise, and that Elan's '352 and '353 patents are invalid for failure to comply with the requirements of the Patent Laws of the United States, including but not limited to the provisions of 35 U.S.C. §§ 101,102,103, and/or 112. Apple also seeks a judgment that certain of Elan's touch-sensitive input devices, including without limitation the Smart-Pad, infringe the '218, '659 and '929 patents. Apple seeks damages in an amount not less than a reasonable royalty and an injunction against any further infringement of its '218, '659 and '929 patents. Apple also seeks costs and attorneys' fees.

## XI.     SETTLEMENT AND ADR

The parties discussed the possibility of settlement and believe that ADR via a settlement conference under the auspices of a Magistrate Judge in this district is mostly likely to be productive. The Court has referred this case to Magistrate Judge Spero for such a conference. Magistrate Judge Spero has ordered the following schedule:

| | |
|---|---|
| November 20, 2009 | Elan provides Apple with its settlement proposal. |
| December 4, 2009 | Apple provides Elan with counter-proposal. |
| December 18, 2009 | The principals of the parties must have met in an attempt to settle the case. |
| January 7, 20010 | Each party lodges a Settlement Conference Statement. |
| January 14, 2010 | Settlement conference. |

Dkt. 40.

## XII.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:

As noted in the parties August 14, 2009 submissions, the parties have consented to have this case proceed before Magistrate Judge Richard Seeborg for all further proceedings including trial and entry of judgment while his nomination as district judge is pending.

## XIII.   EXPEDITED SCHEDULE

Because of the nature and complexity of the claims and defenses in this action, the parties submit that this is not the type of case that can be handled on an expedited basis or with short-circuited procedures.  The parties' proposed schedule is set forth in Section XIV below.

## XIV.   SCHEDULING

The parties agree on, and therefore propose to the Court, the following schedule for the case.  Each party expressly reserves its rights to move for a change in the schedule:

| Event | Proposed Date |
|---|---|
| Parties to serve Disclosure of Asserted Claims and Infringement Contentions pursuant to Pat. L.R. 3-1 and document production pursuant to Pat. L.R. 3-1, 3-2.<br><br>(10 days after CMC) | October 22, 2009 |
| Parties to serve Preliminary Invalidity Contentions and document production pursuant to Pat. L.R. 3-3 and 3-4.<br><br>(45 days after Infringement Contentions) | December 7, 2009 |
| The parties will exchange a list of patent claim terms to be construed by the Court pursuant to Pat. L.R. 4-1.<br><br>(10 days after Invalidity Contentions) | December 21, 2009 |
| The parties will exchange proposed constructions and extrinsic evidence pursuant to Pat. L.R. 4-2.<br><br>(20 days after list of patent claim terms) | January 11, 2010 |
| The parties will have a conference regarding the terms to be construed by the Court. | February 1, 2010 |
| The parties will file a Joint Claim Construction Statement and Prehearing Statement pursuant to Pat. L.R. 4-3.<br><br>(60 days after Invalidity Contentions) | February 5, 2010 |

| | |
|---|---|
| Completion of Claim Construction Discovery, including discovery of expert opinions (if any) on Claim Construction pursuant to Pat. L.R. 4-4.<br><br>(30 days after Joint Claim Construction and Prehearing Statements) | March 8, 2010 |
| The parties will file their opening patent claim construction briefs pursuant to Pat. L.R. 4-5(a). | March 26, 2010 |
| The parties will file their opposition patent claim construction briefs pursuant to Pat. L.R. 4-5(b). | April 16, 2010 |
| The parties will file their reply patent claim construction briefs pursuant to Pat. L.R. 4-5(c). | April 30, 2010 |
| Claim Construction hearing.<br><br>(2 weeks after reply claim construction briefs) | At the Court's convenience on or after May 10, 2010 |
| Further Case Management Conference. | At the Court's convenience, 15 days after issuance of the Court's Claim Construction Order |

## XV.    PATENT LOCAL RULE DISCLOSURES AND CLAIM CONSTRUCTION

Pursuant to Patent Local Rule 2-1(a), the parties propose that the obligation and deadlines set forth in the patent local rules be modified pursuant to the above proposed schedules. The parties further agree to meet and confer regarding amendment of contentions on subjects that will be developed in discovery such as obviousness as discovery progresses.

With respect to Claim Construction proceedings, the parties propose to discuss the duration and format of a tutorial and hearing with the Court at the Case Management Conference.

## XVI.   TRIAL

A jury demand has been made. A determination of the number of days required for the trial would best be made following the Court's claim construction ruling.

**XVII.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have filed their Certifications of Interested Entities or Persons which are attached hereto as Exhibit A.

DATED:  September 30, 2009          Respectfully submitted,

                                    ALSTON & BIRD LLP


                                    By:   /s/  Sean P. DeBruine
                                          ─────────────────────────────
                                          Sean P. DeBruine
                                          Attorneys for Plaintiff, ELAN MICROELECTRONICS
                                          CORPORATION

DATED:  September 30, 2009          Respectfully submitted,

                                    WEIL GOTSHAL & MANGES, LLP


                                    By:   /s/  Edward Robert Reines
                                          ─────────────────────────────
                                          Edward Robert Reines
                                          Attorneys for Defendant, APPLE, INC.

1

**FILER'S ATTESTATION**

2      I, Sean P. DeBruine, am the ECF User whose ID and password are being used to file this

3  **CASE MANAGEMENT CONFERENCE STATEMENT**.  In compliance with General Order

4  45, paragraph X.B., I hereby attest that Edward Reines has concurred in this filing.

5  DATED:  September 30, 2009              Respectfully submitted,

6                                          ALSTON & BIRD LLP

7

8                                          By:   /s/  Sean P. DeBruine

9                                          Sean P. DeBruine
                                           Attorneys for Plaintiff
10                                         ELANTECH MICROELECTRONICS CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28