MATTHEW D. POWERS (Bar No. 104795)
matthew.powers@weil.com
EDWARD R. REINES (Bar No. 135960)
edward.reines@weil.com
SONAL N. MEHTA (Bar No. 222086)
sonal.mehta@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Apple, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELAN MICROELECTRONICS CORPORATION,<br><br>          Plaintiff and Counterclaim Defendant,<br><br>   v.<br><br>APPLE, INC.,<br><br>          Defendant and Counterclaim Plaintiff. | Case No. C-09-01531 RS<br><br>APPLE, INC.'S SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO ELAN MICROELECTRONICS CORPORATION'S COMPLAINT FOR PATENT INFRINGEMENT<br><br>Hon. Richard Seeborg<br><br>Demand for Jury Trial |

Defendant Apple, Inc. ("Apple") by and through its undersigned counsel, hereby responds to Plaintiff Elan Microelectronics Corporation's ("Elan") Complaint for Patent Infringement ("Complaint") as follows:

**I.**

**ANSWER**

**PARTIES**

1.      Apple is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 1 of the Complaint, and, on that basis, denies those allegations.

2.      Apple admits that U.S. Patent No. 5,825,352 ("the '352 patent") states on its face that it is entitled "Multiple Finger Contact Sending Method for Emulating Mouse Buttons and Mouse Operations on a Touch Sensor Pad."  Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Elan's purported ownership of all right and title to the '352 patent and, therefore, denies those allegations.  Except as so expressly admitted herein, Apple denies the allegations in Paragraph 2 of the Complaint.

3.      Apple admits that U.S. Patent No. 7,274,353 ("the '353 patent") states on its face that it is entitled "Capacitive Touchpad Integrated with Key and Handwriting Functions."  Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Elan's purported ownership of all right and title to the '353 patent and, therefore, denies those allegations.  Except as so expressly admitted herein, Apple denies the allegations in Paragraph 3 of the Complaint.

4.      Apple admits the allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      Apple admits that Elan's Complaint purports to be an action that arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, but denies any wrongdoing or liability on its own behalf for the reasons stated herein.  Apple admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Except as so expressly admitted herein, Apple denies the allegations in Paragraph 5 of the Complaint.

6.      Apple admits that it resides in this district and has a regular place of business in this district.  Apple denies that it has committed any acts of infringement within this district and specifically denies any wrongdoing, infringement, inducement of infringement or contribution to infringement.  Apple admits that venue is proper as to Apple in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).  Except as so expressly admitted herein, Apple denies the allegations in Paragraph 6 of the Complaint.

## THE DISPUTE

7.      Apple denies the allegations in Paragraph 7 of the Complaint.

8.      Apple denies the allegations in Paragraph 8 of the Complaint.

9.      Apple admits that it designs, markets and sells computer and consumer electronics products including touch-sensitive input devices.  Apple admits that it does or has designed, marketed, and sold the Apple iBook, PowerBook and MacBook portable computers, iPhone mobile phones and iPod Touch digital medial player devices, which do or have included touch-sensitive input devices.  Except as so expressly admitted herein, Apple denies the allegations in Paragraph 9 of the Complaint.

### FIRST CLAIM

10.      Apple refers to and incorporates herein its answers as provided in Paragraphs 1-9 above.

11.      Apple denies the allegations in Paragraph 11 of the Complaint.

12.      Apple denies the allegations in Paragraph 12 of the Complaint.

13.      Apple denies the allegations in Paragraph 13 of the Complaint.

14.      Apple denies the allegations in Paragraph 14 of the Complaint.

15.      Apple denies the allegations in Paragraph 15 of the Complaint.

### SECOND CLAIM

16.      Apple refers to and incorporates herein its answers as provided in Paragraphs 1-15 above.

17.      Apple denies the allegations in Paragraph 17 of the Complaint.

18.      Apple denies the allegations in Paragraph 18 of the Complaint.

19.      Apple denies the allegations in Paragraph 19 of the Complaint.

20.      Apple denies the allegations in Paragraph 20 of the Complaint.

21.      Apple denies the allegations in Paragraph 21 of the Complaint.

### PRAYER FOR RELIEF

22.      Apple denies that Elan is entitled to any of the relief sought in its prayer for relief.  Apple has not directly or indirectly infringed the '352 and '353 patents, either literally or by the doctrine of equivalents, willfully or otherwise.  Elan is not entitled to recover statutory damages, compensatory damages, enhanced damages, an accounting, injunctive relief, costs, fees,

1    interest, or any other type of recovery from Apple.  Elan's prayer should, therefore, be denied in
2    its entirety and with prejudice, and Elan should take nothing.

3                                    **DEMAND FOR JURY TRIAL**

4              23.       Apple does not object to a trial by jury on all issues so triable.

5                                                **II.**

6                                          **DEFENSES**

7              As and for its affirmative defenses, Apple alleges as follows:

8                       **FIRST DEFENSE – NON-INFRINGEMENT**

9              24.       Apple does not infringe and has not directly or indirectly infringed any
10   claims of the '352 and '353 patents, either literally or under the doctrine of equivalents, willfully
11   or otherwise.

12                          **SECOND DEFENSE – INVALIDITY**

13             25.       Elan's alleged claims for infringement of the '352 and '353 patents are
14   barred because each and every claim of the '352 and '353 patents is invalid for failure to comply
15   with the requirements of Title 35 of the United States Code, including but not limited to
16   Sections 101, 102, 103, and/or 112.

17                             **THIRD DEFENSE – LACHES**

18             26.       Elan's claims for relief are barred in whole or in part by the doctrine of
19   laches.

20                          **FOURTH DEFENSE – ESTOPPEL**

21             27.       Elan's claims for relief are barred in whole or in part by the doctrine of
22   equitable estoppel.

23                    **FIFTH DEFENSE – STATUTE OF LIMITATIONS**

24             28.       To the extent Elan seeks damages for alleged infringement more than six
25   years prior to filing of this action, the relief sought by Elan is barred by 35 U.S.C. § 286.

26
27
28

**SIXTH DEFENSE – NOTICE**

29.     To the extent Elan seeks damages for alleged infringement prior to its giving actual or constructive notice of the '352 and '353 patents to Apple, the relief sought by Elan is barred by 35 U.S.C. § 287.

**SEVENTH DEFENSE – NO INJUNCTIVE RELIEF**

30.     To the extent Elan seeks injunctive relief for alleged infringement, the relief sought by Elan is unavailable because any alleged injury to Elan is not immediate or irreparable and because Elan has an adequate remedy at law for any alleged injury.

**III.**

**COUNTERCLAIMS**

Counterclaim-Plaintiff Apple counterclaims against Counterclaim-Defendant Elan as follows:

**PARTIES**

31.     Apple is a corporation organized under the laws of the State of California and having a principal place of business at 1 Infinite Loop, Cupertino, CA 95014.

32.     Elan alleges that it is a corporation organized under the laws of Taiwan R.O.C. with a principal place of business at No. 12, Innovation 1st Road, Science Based Industrial Park, Hsinchu Taiwan R.O.C.

**JURISDICTION AND VENUE**

33.     These counterclaims arise under Title 35 of the United States Code.  The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

34.     Elan is subject to personal jurisdiction in this district arising out of its systematic and continuous contacts with this district and its purposeful acts and/or transactions directed toward this district.  Such contacts include without limitation Elan's past and ongoing infringing conduct in this district, Elan's bringing of this lawsuit in this district, and, on information and belief, Elan's presence and conduct of business in this district through ELAN Information Technology Group, operating in Cupertino, California 95015.

APPLE'S SECOND AMENDED ANSWER, DEFENSES AND
COUNTERCLAIMS

Case No. C-09-01531 RS

35.      Venue is proper in this judicial district under 28 U.S.C. § 1391.

**THE DISPUTE**

36.      Elan designs, markets, manufactures and sells touch-sensitive input devices or touchpads and related components, including but not limited to the Smart-Pad product.  These products are incorporated into products that are sold in the United States and are used by consumers in the United States, including for example, as part of laptop computers.

37.      Laptop computers including Elan touchpads and related components are available for purchase throughout the United States, including in this judicial district.  These products are available for purchase in this judicial district from retailers, distributors and middle-men, including for example, at retail outlets (e.g., Best Buy) and on the internet (e.g., www.amazon.com).

38.      Upon information and belief, Elan touchpads and related components are used by consumers and users of the laptop computers including such touchpads and components throughout the United States, including in this judicial district.

39.      Upon information and belief, Elan markets, sells and supports its touch-sensitive input devices or touchpads and related components in the United States directly and through its agent Elan Information Technology Group ("EITG").  EITG is Elan's wholly-owned subsidiary, with its principle place of business in this judicial district.  *See* Order Denying Defendant Elan Microelectronics' Motion to Dismiss in *Agilent Technologies, Inc. v. Elan Microelectronics Corp.*, Case No. 04-5385-JW (N.D. Cal. Nov. 29, 2005).  Elan maintains a "worldwide network of sales channels and technical support," including in North America.  *Id.*  EITG is the North American hub for that network.  *Id.*  Elan's co-founder, chief-engineer and head of R&D served as President and registered agent of EITG.  *Id.*  EITG directly purchases products from Elan and turns around to sell them to California companies.  *Id.*  Elan has caused its products to be imported into the United States, specifically to the Northern District of California.  *Id.*  Elan maintains a continuous business relationship with the United States through its EITG office.  *Id.*  Elan directs its customers in North America to contact EITG for products and services.  *Id.*

**FIRST COUNTERCLAIM – DECLARATORY JUDGMENT**

**'352 PATENT**

40.     Apple incorporates herein by reference the allegations of paragraphs 1 - 39 of this Answer, Affirmative Defenses and Counterclaims ("Answer").

41.     Apple counterclaims against Elan pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

42.     In its Complaint, Elan alleges that Apple is now and has been directly and/or indirectly infringing the '352 patent by the sale of at least its iBook, PowerBook, MacBook, iPhone and iPod Touch products.

43.     An actual controversy exists between Elan and Apple by virtue of the allegations of Elan's Complaint and Apple's Answer as to the validity and infringement of the '352 patent.

44.     The '352 patent is invalid and not infringed, as set forth in paragraphs 24 through 30 above.

45.     Apple is entitled to judgment that the '352 patent is invalid and not infringed.

**SECOND COUNTERCLAIM – DECLARATORY JUDGMENT**

**'353 PATENT**

46.     Apple incorporates herein by reference the allegations of paragraphs 1 - 45 of this Answer.

47.     Apple counterclaims against Elan pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

48.     In its Complaint, Elan alleges that Apple is now and has been directly and/or indirectly infringing the '353 patent by the sale of its iPhone and iPod Touch products.

49. An actual controversy exists between Elan and Apple by virtue of the allegations of Elan's Complaint and Apple's Answer as to the validity and infringement of the '353 patent.

50. The '353 patent is invalid and not infringed, as set forth in paragraphs 24 through 30 above.

51. Apple is entitled to judgment that the '353 patent is invalid and not infringed.

### THIRD COUNTERCLAIM – PATENT INFRINGEMENT

### '218 PATENT

52. Apple incorporates herein by reference the allegations of paragraphs 1 - 51 of this Answer.

53. Apple is the owner of the entire right, title and interest in and to U.S. Patent No. 5,764,218 ("the '218 patent") entitled "Method And Apparatus For Contacting A Touch-Sensitive Cursor-Controlling Input Device To Generate Button Values," which was duly and legally issued on June 9, 1998 in the name of inventors Mark A. Della Bona, Jonathan Dorfman and Jay F. Hamlin. A copy of the '218 patent is attached as Exhibit A hereto.

54. The '218 patent claims methods and apparatuses for a touch-sensitive cursor-controlling input device that detects contact intervals when the user contacts the touch-sensitive input device, detects gap intervals between subsequent contact intervals, and moves the cursor on the display screen and enables an operator to perform with a single touch-sensitive input device numerous control operations, such as cursor manipulation, click, multi-click, drag, click-and-drag, and multi-click-and-drag operations based on the duration of the contact and gap intervals.

55. Upon information and belief, Elan's touch-sensitive input devices or touchpads and related components employ the methods and/or apparatuses claimed in the '218 patent, including but not limited to the Smart-Pad product, employ the methods and/or apparatuses claimed in the '218 patent by detecting contact intervals for touches on the touchpad, detecting gap intervals between such contact intervals, and based on the duration of those

intervals, distinguishing between three or more gestures (e.g., "vertical scroll," "tapping," "magnifier") and reporting the gesture that has been identified to the host device (e.g., laptop computer).  In addition, driver software for Elan's touch-sensitive input devices such as the Smart-Pad allows a user to enable one-finger, two-finger, and three-finger tapping and to select which laptop control operations correlate to different gestures.

56.    Laptop computers employing Elan's touch-sensitive input devices or touchpads and related components employing the methods and/or apparatuses claimed in the '218 patent, including but not limited to the Smart-Pad product, are imported into, offered for sale, sold and used in the United States.

57.    Upon information and belief, Elan has been and is currently directly infringing, in violation of 35 U.S.C. § 271, the '218 patent through its use, importation, offer for sale and/or sale of touch-sensitive input devices or touchpads and related components employing the methods and/or apparatuses claimed in the '218 patent, including but not limited to the Smart-Pad product, in the United States, including through its agent EITG.

58.    Elan has had actual knowledge of the '218 patent since at least July 1, 2009.

59.    Upon information and belief, Elan has been and is currently indirectly infringing, in violation of 35 U.S.C. § 271, the '218 patent.  Upon information and belief, the '218 patent is directly infringed by, without limitation, manufacturers and others in the distribution channel of laptop computers, using, selling, offering for sale and/or importing in the United States, Elan's touch-sensitive input devices or touchpads employing the methods and apparatuses claimed in the '218 patent through their processing of gestures, including but not limited to the Smart-Pad product.  Upon information and belief, Elan induces that infringement through its intentional marketing, sale and/or support, including technical support, of such devices in the United States, including through EITG, and through the intentional design, marketing, manufacture, sale and/or support, including technical support, of such devices abroad to induce direct infringement in the United States.  Upon information and belief, Elan's inducement includes, without limitation, active encouragement of the use, sale, offer for sale and/or

importation in the United States, of such devices to enable gestures that infringe the '218 patent on such devices, including through the promotion and provision of software drivers and marketing literature that induces direct infringement.   Upon information and belief, Elan has known or should have known that these actions would cause direct infringement of the '218 patent and did so with specific intent to encourage direct infringement.

60.     Apple has suffered, and will continue to suffer, irreparable injury as a result of Elan's infringement.   Pursuant to 35 U.S.C. §§ 283 and 284, Apple is entitled to damages for infringement and to a permanent injunction against further infringement.

61.     This case is exceptional, and therefore, Apple is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

## FOURTH COUNTERCLAIM – PATENT INFRINGEMENT

## '659 PATENT

62.     Apple incorporates herein by reference the allegations of paragraphs 1 - 61 of this Answer.

63.     Apple is the owner of the entire right, title and interest in and to U.S. Patent No. 7,495,659 ("the '659 patent") entitled "Touch Pad For Handheld Device," which was duly and legally issued on February 24, 2009 in the name of inventors Greg Marriott, Guy Bar-Nahum, and Steven Bollinger. A copy of the '659 patent is attached as Exhibit B hereto.

64.     The '659 patent claims methods and apparatuses for a touchpad system that maps the touchpad into native sensor coordinates and produces native values of the native sensor coordinates when events occur on the touchpad.   The system further includes filtering the native values of the native sensor coordinates based on the type of events that occur on the touchpad.   The system additionally includes generating a control signal based on the native values of the native sensor coordinates when a desired event occurs on the touch pad.

65.     Upon information and belief, Elan's touch-sensitive input devices or touchpads and related components employ the methods and/or apparatuses claimed in the '659 patent, including but not limited to the Smart-Pad product, employ the methods and/or apparatuses claimed in the '659 patent by including a touchpad and controller that defines a

logical device unit associated with the surface of a touchpad, receives native values associated with native sensor coordinates based on touches to the touchpad, filters those values, adjusts the native values to a new value associated with the logical device unit, and reports the new, filtered values to the host processor on the laptop such that the amount of data sent based on values associated with the logical device unit is less than the native values associated with sensor coordinates on the touchpad.

66.    Laptop computers employing Elan's touch-sensitive input devices or touchpads and related components employing the methods and/or apparatuses claimed in the '218 patent, including but not limited to the Smart-Pad product, are imported into, offered for sale, sold and used in the United States.

67.    Upon information and belief, Elan has been and is currently directly infringing, in violation of 35 U.S.C. § 271, the '659 patent through its use, importation, offer for sale and/or sale of touch-sensitive input devices or touchpads employing the methods and/or apparatuses claimed in the '659 patent, including but not limited to the Smart-Pad product, in the United States, including through its agent EITG.

68.    Elan has had actual knowledge of the '659 patent since at least July 1, 2009.

69.    Upon information and belief, Elan has been and is currently indirectly infringing, in violation of 35 U.S.C. § 271, the '659 patent. Upon information and belief, the '659 patent is directly infringed by, without limitation, manufacturers and others in the distribution channel of laptop computers, using, selling, offering for sale and/or importing in the United States, Elan's touch-sensitive input devices or touchpads employing the methods and apparatuses claimed in the '659 patent through their processing of touches, including but not limited to the Smart-Pad product. Upon information and belief, Elan induces that infringement through its intentional marketing, sale and/or support, including technical support, of such devices in the United States, including through EITG, and through the intentional design, marketing, manufacture, sale and/or support, including technical support, of such devices abroad to induce direct infringement in the United States. Upon information and belief, Elan's inducement

1   includes, without limitation, active encouragement of the use, sale, offer for sale and/or

2   importation in the United States of such devices to enable processing of touches that infringe the

3   '659 patent on such devices, including through the promotion and provision of touchpads and

4   related controllers and marketing literature that induces direct infringement.  Upon information

5   and belief, Elan has known or should have known that these actions would cause direct

6   infringement of the '659 patent and did so with specific intent to encourage direct infringement.

7          70.    Apple has suffered, and will continue to suffer, irreparable injury as a

8   result of Elan's infringement.  Pursuant to 35 U.S.C. §§ 283 and 284, Apple is entitled to

9   damages for infringement and to a permanent injunction against further infringement.

10         71.    This case is exceptional, and therefore, Apple is entitled to attorneys' fees

11  pursuant to 35 U.S.C. § 285.

12              **FIFTH COUNTERCLAIM – PATENT INFRINGEMENT**

13                             **'929 PATENT**

14         72.    Apple incorporates herein by reference the allegations of paragraphs 1 - 71

15  of this Answer.

16         73.    Apple is the owner of the entire right, title and interest in and to U.S. Patent

17  No. 6,933,929 ("the '929 patent") entitled "Housing For A Computing Device," which was duly

18  and legally issued on August 23, 2005 in the name of inventor Chris J. Novak.  A copy of the

19  '929 patent is attached as Exhibit C hereto.

20         74.    The '929 patent claims an improved housing for a computing device,

21  including a touchpad system.

22         75.    Upon information and belief, Elan's touch-sensitive input devices or

23  touchpads in touchpad systems and touchpad housing assemblies, including but not limited to the

24  Smart-Pad assembly employed in laptop computers, employ the apparatus claimed in the '929

25  patent because they comprise a touchpad housing with a recess, a touchpad that sits in the recess

26  and a touchpad label (covering) over the touchpad and housing that is substantially permanently

27  attached to the housing to secure the touchpad within the cavity formed by the recess.  The recess

28  in the Smart-Pad assembly coincides with the shape of the touchpad and has substantially the

APPLE'S SECOND AMENDED ANSWER, DEFENSES AND
COUNTERCLAIMS

Case No. C-09-01531 RS

same depth as the thickness of the touchpad.  The recess also surrounds an opening that allows wires from the touchpad to be provided internal to the touchpad housing.

76.     Laptop computers employing Elan's touch-sensitive input devices or touchpads and related components employing the methods and/or apparatuses claimed in the '218 patent, including but not limited to the Smart-Pad assembly are imported into, offered for sale, sold and used in the United States.

77.     Elan has had actual knowledge of the '929 patent since at least July 1, 2009.

78.     Upon information and belief, Elan has been and is currently indirectly infringing, in violation of 35 U.S.C. § 271, the '929 patent.  Upon information and belief, the '929 patent is directly infringed by, without limitation, manufacturers and others in the distribution channel of laptop computers, using, selling, offering for sale and/or importing in the United States, Elan's touch-sensitive input devices or touchpads in touchpad systems and touchpad housing assemblies claimed in the '929 patent, including but not limited to the Smart-Pad assembly.  Pursuant to Rule 11(b)(3), it is likely that reasonable opportunity for further investigation or discovery will confirm that Elan induces that infringement through its intentional marketing, sale and support of such devices in the United States, including through EITG, and through the intentional design, marketing, manufacture, sale and support of such devices abroad to induce direct infringement in the United States.  Pursuant to Rule 11(b)(3), it likely that reasonable opportunity for further investigation or discovery will confirm that Elan's inducement includes active encouragement, participation and/or assistance in the design and manufacture of touchpad systems or housing assemblies that infringe the '929 patent as part of its activities in conjunction with the manufacture, marketing, sale and support of touchpads employed in such systems or housing assemblies in laptop computers.  Pursuant to Rule 11(b)(3), it likely that reasonable opportunity for further investigation or discovery will confirm that Elan has known or should have known that these actions would cause direct infringement of the '929 patent and did so with specific intent to encourage direct infringement.

79.     Apple has suffered, and will continue to suffer, irreparable injury as a result of Elan's infringement.   Pursuant to 35 U.S.C. §§ 283 and 284, Apple is entitled to damages for infringement and to a permanent injunction against further infringement.

80.     This case is exceptional, and therefore, Apple is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

81.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Apple hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Apple prays for judgment as follows on Elan's Complaint and on Apple's Answer, Affirmative Defenses and Counterclaims:

A.     That Elan's Complaint be dismissed with prejudice and that Elan take nothing;

B.     That judgment be entered in favor of Apple against Elan on Elan's Complaint;

C.     For entry of an Order declaring each and every claim of the '352 and '353 patents invalid and not infringed by Apple;

D.     For entry of an Order declaring that Elan has infringed, directly or indirectly, the '218, '659 and '929 patents under 35 U.S.C. § 271;

E.     That Elan, its officers, agents, servants, employees, attorneys and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly and indirectly infringing the '218, '659 and '929 patents;

F.     That Elan be required to pay damages to compensate Apple for Elan's infringement pursuant to 35 U.S.C. § 284;

G.     An assessment of pre-judgment and post-judgment interest and costs against Elan, together with an award of such interest and costs;

APPLE'S SECOND AMENDED ANSWER, DEFENSES AND COUNTERCLAIMS

Case No. C-09-01531 RS

14

1

          H.      That pursuant to 35 U.S.C. § 285 and/or other applicable laws, Elan's

2

                conduct be found to render this an exceptional case and that Apple be

3

                awarded its attorneys' fees incurred in connection with this action;

4

          I.       That Elan be required to pay Apple's costs of suit;

5

          J.      That Apple be awarded such other and further relief as the court may deem

6

                just and proper.

7

8

Dated:  October 5, 2009             WEIL, GOTSHAL & MANGES LLP

9

10

                  By:      */s/  Edward R. Reines*

11

                         EDWARD R. REINES
                         edward.reines@weil.com

12

                     Attorneys for Defendant and
                  Counterclaim Plaintiff Apple, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28