1  Yitai Hu (SBN 248085) (yitai.hu@alston.com)
   Sean P. DeBruine (SBN 168071) (sean.debruine@alston.com)
2  S.H. Michael Kim (SBN 203491) (michael.kim@alston.com)
   C. Augustine Rakow (SBN 254585) (augie.rakow@alston.com)
3  **ALSTON + BIRD LLP**
   Two Palo Alto Square
4  3000 El Camino Real, Suite 400
   Palo Alto, California  94306
5  Telephone:       650-838-2000
   Facsimile:        650-838-2001
6
   T. Hunter Jefferson (hunter.jefferson@alston.com) (admitted pro hac vice)
7  **ALSTON + BIRD LLP**
   One Atlantic Center
8  1201 West Peachtree Street
   Atlanta, Georgia 30309-3424
9  Telephone:       404-881-7333
   Facsimile:        404-253-8863
10
11 Attorneys for Plaintiff and Counterdefendant
   ELAN MICROELECTRONICS CORPORATION
12
13                          UNITED STATES DISTRICT COURT
14                         NORTHERN DISTRICT OF CALIFORNIA
15                                  SAN JOSE DIVISION

16 ELAN MICROELECTRONICS              ) Case No. C-09-01531 RS
   CORPORATION,                       )
17                                    )
                                      ) **ELAN MICROELECTRONICS**
18        Plaintiff and Counterclaim  ) **CORPORATION'S ANSWER,**
          Defendant,                  ) **AFFIRMATIVE DEFENSES AND**
19                                    ) **COUNTERCLAIMS IN RESPONSE TO**
        v.                            ) **APPLE, INC.'S SECOND AMENDED**
20 APPLE, INC.,                       ) **ANSWER, AFFIRMATIVE DEFENSES**
                                      ) **AND COUNTERCLAIMS**
21                                    )
          Defendant and               )
22        Counterclaim Plaintiff.     ) The Honorable Richard Seeborg
                                      )
23 _____    ) Demand for Jury Trial

---

ELAN'S ANSWER, AFFIRMATIVE DEFENSES AND                                    CASE NO.C-09-01531 RS
COUNTERCLAIMS IN RESPONSE TO APPLE'S SECOND AMENDED
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Dockets.Justia.com

Plaintiff Elan Microelectronics Corporation ("Elan") by and through its undersigned counsel, hereby answers the affirmative counterclaims raised in Defendant Apple, Inc.'s ("Apple") Second Amended Answer, Affirmative Defenses and Counterclaims ("Second Amended Answer"), Dkt. 43.

## I. ANSWER TO APPLE'S COUNTERCLAIMS

Elan responds to Apple's counterclaims as follows:

1-30. Apple's responses to the allegations in Elan's Complaint require no response from Elan.

### PARTIES

31. Elan admits the allegations in paragraph 31.

32. Elan admits the allegations in paragraph 32.

### Jurisdiction and Venue

33. Elan admits the allegations in paragraph 33.

34. Elan does not dispute personal jurisdiction in this district over Apple's counterclaims in Elan's lawsuit brought in this district. Elan denies the remaining allegations in paragraph 34.

35. Elan does not dispute that venue is proper in this district.

### The Dispute

36. Elan admits that it designs, markets, manufactures and sells touch-sensitive input devices or touchpads, including the Smart-Pad product, that these products are sold in the United States by third parties not under Elan's control. Elan denies the remaining allegations in paragraph 36.

37. Elan admits that laptop computers including Elan touchpads are available for purchase in the United States, including through Amazon.com and Best Buy. Elan denies the remaining allegations in paragraph 37.

38. Elan denies the allegations in paragraph 38.

39. Elan admits that the Nov. 29, 2005 Order in Case No. 05-CV-05385 JW which Apple cites in paragraph 39 found that the plaintiff in that case made a prima facie showing of jurisdiction based upon the factual allegations recited in paragraph 39. Elan denies that any of those alleged activities by Elan Information Technology Group ("EITG") related to any "touch-sensitive input devices or touchpads and related components," denies that EITG markets, sells or supports any such products and denies that

1   Elan directly sells or supports any such products directly in the United States.

**First Counterclaim for Declaratory Judgment – '352 Patent**

40. Elan incorporates herein by reference its answers above.

41. Elan admits the allegations in paragraph 41.

42. Elan admits the allegations in paragraph 42.

43. Elan admits the allegations in paragraph 43.

44. Elan denies the allegations in paragraph 44.

45. Elan denies the allegations in paragraph 45.

**Second Counterclaim for Declaratory Judgment – '353 Patent**

46. Elan incorporates herein by reference its answers above.

47. Elan admits the allegations in paragraph 47.

48. Elan admits the allegations in paragraph 48.

49. Elan admits the allegations in paragraph 49.

50. Elan denies the allegations in paragraph 50.

51. Elan denies the allegations in paragraph 51.

**Third Counterclaim for Patent Infringement – '218 Patent**

52. Elan incorporates herein by reference its answers above.

53. Elan admits that information including the title, issue date and named inventors alleged in paragraph 53 appear on the face of U.S. Patent No. 5,764,218 ("the '218 patent"). Elan is without knowledge or information sufficient to form a belief as to the truth of the information or the remaining allegations in the paragraph, and on that basis denies them.

54. Elan denies the allegations in paragraph 54. The scope of the '218 patent is defined by the patent claims themselves.

55. Elan denies the allegations in paragraph 55.

56. Elan denies the allegations in paragraph 56.

57. Elan denies the allegations in paragraph 57.

58. Elan admits having actual knowledge of the '218 patent upon receipt of Apple's First

Amended Answer, Affirmative Defenses and Counterclaims ("First Amended Answer"), Dkt. 15, on July 1, 2009. Elan denies having actual knowledge of the patent before that date.

59. Elan denies the allegations in paragraph 59.

60. Elan denies the allegations in paragraph 60.

61. Elan denies the allegations in paragraph 61.

**Fourth Counterclaim for Patent Infringement – '659 Patent**

62. Elan incorporates herein by reference its answers above.

63. Elan admits that information including the title, issue date and named inventors alleged in paragraph 63 appear on the face of U.S. Patent No. 7,495,659 ("the '659 patent"). Elan is without knowledge or information sufficient to form a belief as to the truth of the information or the remaining allegations in the paragraph, and on that basis denies the same.

64. Elan denies the allegations in paragraph 64. The scope of the '659 patent is defined by the patent claims themselves.

65. Elan denies the allegations in paragraph 65.

66. Elan denies the allegations in paragraph 66.

67. Elan denies the allegations in paragraph 67.

68. Elan admits having actual knowledge of the '659 patent since receiving Apple's First Amended Answer on July 1, 2009. Elan denies having actual knowledge of the patent before that date.

69. Elan denies the allegations in paragraph 69.

70. Elan denies the allegations in paragraph 70.

71. Elan denies the allegations in paragraph 71.

**Fifth Counterclaim for Patent Infringement – '929 Patent**

72. Elan incorporates herein by reference its answers above.

73. Elan admits that information including the title, issue date and named inventors alleged in paragraph 73 appear on the face of U.S. Patent No. 6,933,929 ("the '929 patent"). Elan is without knowledge or information sufficient to form a belief as to the truth of the information or the remaining allegations in the paragraph, and on that basis denies the same.

74. Elan denies the allegations in paragraph 74. The scope of the '929 patent is defined by the patent claims themselves.

75. Elan denies the allegations in paragraph 75.

76. Elan denies the allegations in paragraph 76.

77. Elan admits having actual knowledge of the '929 patent since receiving Apple's First Amended Answer on July 1, 2009.  Elan denies having actual knowledge of the patent before that date.

78. Elan denies the allegations in paragraph 78.

79. Elan denies the allegations in paragraph 79.

80. Elan denies the allegations in paragraph 80.

## II.  ELAN'S AFFIRMATIVE DEFENSES

### First Affirmative Defense – Non-Infringement

81.  Elan does not infringe and has not directly or indirectly infringed any claims of the '218, '659 or '929 patents ("Apple Patents"), either literally or under the doctrine of equivalents, willfully or otherwise.

### Second Affirmative Defense – Invalidity

82.  Apple's claims for infringement of the Apple Patents are barred because each and every claim of the Apple Patents is invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103 and/or 112.

### Third Affirmative Defense – Laches

83.  Apple's claims for relief are barred in whole or in part by the doctrine of laches.

### Fourth Affirmative Defense – Statute of Limitations

84. To the extent Apple seeks damages for alleged infringement more than six years before the filing of this action, the relief sought by Apple is barred by 35 U.S.C. § 286.

### Fifth Affirmative Defense – Notice

85. To the extent Apple seeks damages for alleged infringement before giving actual or constructive notice of the Apple Patents, the relief sought by Apple is barred by 35 U.S.C. § 287.

**Sixth Affirmative Defense – No Injunctive Relief**

86. To the extent Apple seeks injunctive relief for alleged infringement, the relief sought by Apple is unavailable because any alleged injury to Apple is not immediate or irreparable and because Apple has an adequate remedy at law for any alleged injury.

### III.  ELAN'S COUNTERCLAIMS

**First Counterclaim for Declaratory Judgment – '218 Patent**

87. Elan incorporates herein by reference its statements above.

88. Elan asserts this counterclaim against Apple pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

89. In its Second Amended Answer, Apple alleges that Elan is now and has been directly and/or indirectly infringing the '218 patent by the sale of at least its Smart-Pad product.

90. An actual controversy exists between Elan and Apple by virtue of the allegations in Apple's Second Amended Answer and Elan's Answer in response thereto, as to the validity and infringement of the '218 patent.

91. The '218 patent is invalid and not infringed, as set forth in paragraphs 81 through 86 above.

92. Elan is entitled to a judgment that the '218 patent is invalid and not infringed.

**Second Counterclaim for Declaratory Judgment – '659 Patent**

93. Elan incorporates herein by reference its statements above.

94. Elan asserts this counterclaim against Apple pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

95. In its Second Amended Answer, Apple alleges that Elan is now and has been directly and/or indirectly infringing the '659 patent by the sale of at least its Smart-Pad product.

96. An actual controversy exists between Elan and Apple by virtue of the allegations in Apple's Second Amended Answer and Elan's Answer in response thereto, as to the validity and infringement of the '659 patent.

97. The '659 patent is invalid and not infringed, as set forth in paragraphs 81 through 86 above.

98. Elan is entitled to judgment that the '659 patent is invalid and not infringed.

### Third Counterclaim for Declaratory Judgment – '929 Patent

99. Elan incorporates herein by reference its statements above.

100. Elan asserts this counterclaim against Apple pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

101. In its Second Amended Answer, Apple alleges that Elan is now and has been directly and/or indirectly infringing the '929 patent by the sale of at least the Smart-Pad assembly employed in laptop computers.

102. An actual controversy exists between Elan and Apple by virtue of the allegations in Apple's Second Amended Answer and Elan's Answer in response thereto, as to the validity and infringement of the '929 patent.

103. The '929 patent is invalid and not infringed, as set forth in paragraphs 81 through 86 above.

104. Elan is entitled to judgment that the '929 patent is invalid and not infringed.

### IV.  DEMAND FOR JURY TRIAL

105.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Elan hereby demands a trial by jury on all issues so triable.

### V.  PRAYER FOR RELIEF

WHEREFORE, in addition to the relief Elan seeks in its Complaint, Elan further prays for judgment:

A.  that Apple's counterclaims be dismissed with prejudice;

B.  that judgment be entered in favor of Elan and against Apple for each and every counterclaim asserted by Apple;

C.  for entry of an Order declaring each and every claim of the Apple Patents invalid and not infringed by Elan;

D.  an assessment of costs of defending against the counterclaims, together with an award of such interests and costs;

E.  that pursuant to 35 U.S.C. § 285 and/or other applicable laws, Apple's conduct be found to

render this an exceptional case and that Elan be awarded its attorneys' fees incurred in connection with the counterclaims; and

F.  for such other and further relief as the Court deems just and proper.

Dated:   October 20, 2009            Respectfully submitted,

ALSTON + BIRD LLP

By: _____/s/_____
          Sean P. DeBruine

Attorneys for Plaintiff and Counterdefendant
ELAN MICROELECTRONICS CORPORATION