Yitai Hu (SBN 248085) (yitai.hu@alston.com)
Sean P. DeBruine (SBN 168071) (sean.debruine@alston.com)
S.H. Michael Kim (SBN 203491) (michael.kim@alston.com)
C. Augustine Rakow (SBN 254585) (augie.rakow@alston.com)
**ALSTON + BIRD LLP**
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, California  94306
Telephone:      650-838-2000
Facsimile:       650-838-2001

T. Hunter Jefferson (admitted pro hac vice) (hunter.jefferson@alston.com)
**ALSTON + BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone:      404-881-7333
Facsimile:       404-253-8863

Attorneys for Plaintiff and Counterdefendant
ELAN MICROELECTRONICS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELAN MICROELECTRONICS CORPORATION,<br><br>             Plaintiff,<br><br>      v.<br><br>APPLE, INC.,<br><br>             Defendant.<br><hr>APPLE, INC.,<br><br>             Counterclaimant,<br><br>      v.<br><br>ELAN MICROELECTRONICS CORPORATION,<br><br>             Counterdefendant. | Case No. C-09-01531 RS<br><br>**ELAN'S MOTION TO COMPEL PRODUCTION OF SOURCE CODE DOCUMENTS PER PATENT L.R. 3-4(A)**<br><br>[Civil L.R. 7-1, 37]<br><br><br><br>Date:   Wednesday February 17, 2010<br>Time:   9:30 AM<br>Ctrm:   4 (5th Floor)<br><br>JURY TRIAL DEMANDED<br><br>The Honorable Richard Seeborg |

**NOTICE OF MOTION AND MOTION**

TO DEFENDANT APPLE, INC.:

PLEASE TAKE NOTICE THAT, on Wednesday February 17, 2010 at 9:30 a.m., or as soon thereafter as this matter can be heard, Plaintiff Elan Microelectronics Corporation ("Elan") will move for an Order compelling Apple, Inc. ("Apple") to produce source code documents Apple was required to produce on December 7, 2009 pursuant to Patent L.R. 3-4(a).

This motion is based upon this Notice of Motion and Motion to Compel Production of Source Code Pursuant to Patent L.R. 3-4(a) ("Motion to Compel"), the Declaration of Sean P. DeBruine in support hereof ("DeBruine Decl."), all of the pleadings and documents of record in this matter, and on any argument of counsel permitted by the Court.

Elan has complied with Local Rules 7-2(a) and 37-1 in submitting this motion. *See* DeBruine Decl., ¶¶ 7-11.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

This is a patent infringement case. Patent Local Rule 3-4(a) requires both parties to produce "source code, specifications, schematics, flow charts, artwork [and] formulas" sufficient to show the operation of "any aspects or elements of an Accused Instrumentality." This disclosure is required without request from the opposing party. "The Local Rules are not like other forms of discovery which require a formal request by the opposing party. Rather, it is the responsibility of the party itself to make the disclosures that satisfy the Rules." *Cryptography Research Inc. v. Visa Int'l Serv. Ass'n*, No. 04-4143, 2005 U.S. Dist. LEXIS 37103, at *8 (N.D. Cal. Jul. 27, 2005).

On September 30, 2009, Apple agreed to a Joint Case Management Statement requesting December 7, 2009 as the deadline to produce source code documents pursuant to the Patent Local Rule. Dkt. 41. By November 17, 2009, the parties had negotiated a strict if elaborate protocol, demanded by Apple, for parties to inspect source code at the offices of the producing parties' outside counsel. *See* DeBruine Decl., ¶ 8. To date, however, more than <u>three months</u> after agreeing to the December 7, 2009 deadline, Apple has failed to produce any portion of its source code. In fact, Apple's counsel professes inability even to provide a date certain by which Apple will comply. *Id.*, ¶ 8.

Apple's source code is unarguably the most relevant evidence regarding the operation and functionality of Apple's products, and is utterly critical evidence to Elan's case. Apple's delay in producing its source code has prejudiced Elan's investigation and trial preparation. Accordingly, Elan respectfully asks this Court for an order compelling Apple to produce immediately its complete source code for the accused products, in their native format, that is, in electronic searchable format.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Elan filed this action on April 7, 2009 alleging that Apple infringes Elan's U.S. Patents Nos. 5,825,352 ("the '352 patent") and 7,274,353 B2 ("the '353 patent"). Dkt. 1. On July 1, 2009, Apple filed an Amended Answer and Counterclaims asserting U.S. Patents Nos. 5,764,218 ("the '218 patent"), 7,495,659 ("the '659 patent") and 6,933,929 ("the '929 patent"). Dkt. 15.

On August 6, 2009, Elan served a First Set of Requests for Documents [Nos. 1-65] including requests specifically for source code. *See* DeBruine Decl., Ex. A. On September 8, 2009, Apple objected on several bases including confidentiality, relevance, and availability through other sources. The parties began negotiating an appropriate protocol for source code inspection, and by November 17, 2009 the parties reached agreement on a protocol. DeBruine Decl., ¶ 8. The only remaining issue was Apple's counsel's ability to secure Apple's compliance with Patent Local Rule 3-4(a) and the Court's Scheduling Order, which granted the December 7, 2009 deadline the parties had requested.

On December 7, 2009, the parties exchanged Invalidity Contentions pursuant to Patent L.R. 3-3. At that time, more than <u>four months</u> after Elan served discovery requests for the source code, and more than <u>two months</u> after Apple had agreed to the deadline, the parties were obligated to produce the source code or make it available for inspection and copying pursuant to Patent Local Rule 3-4(a):

> With the "Invalidity Contentions," the party opposing a claim of patent infringement shall produce or make available for inspection and copying: (a) <u>Source code</u>, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of <u>any aspects or elements of an Accused Instrumentality</u> identified by the patent claimant in its Patent L.R. 3-1(c) chart. (emphasis added).

Despite the clear and broad requirements of the Patent Local Rule, however, Apple initially refused to produce <u>any</u> documents at all under Local Rule 3-4(a), stating the point unequivocally in its Invalidity Contentions:

> As for P. As to P.R. 3-4(a), Elan has access to publicly-available information, on the internet and elsewhere, about Apple's accused instrumentalities. ***Apple is in the process of collecting additional documents concerning the accused functionalities and will supplement its production*** with documentation sufficient to show the structure, function, or operation of the relevant functionalities of the accused Apple instrumentalities ***once Elan has provided adequate infringement contentions*** and as Apple's collection and review of such documents progresses.

12/7/2009 Apple, Inc.'s Invalidity Contentions (DeBruine Decl., Ex. B) (emphasis added).

Although Apple finally produced *non*-source code documents once Elan threatened to file a motion to compel Apple's compliance with Rule 3-4(a), Apple has failed to produce <u>any</u> of its source code. DeBruine Decl. ¶ 11. As late as December 16, 2009, Apple's counsel promised only "that Apple will do its best to make source code available for inspection as soon as possible once a protective order is entered, but that we may not be able to make copies available before the holidays." Moreover, "[g]iven these procedures and Apple's corporate shut-down over the holidays," Apple's attorneys claimed that they "may not be able to make code available for inspection after the holidays." 12/16/09 S.Mehta email to S.DeBruine. *See* DeBruine Decl., ¶ 9. The holidays have come and gone, and still Apple's counsel is unable to provide even a date by which it will provide its source code. *Id.*, ¶ 10.

Apple's refusal to comply with this Court's rules has forced Elan to provide claim construction disclosures under Patent L.R.s 4-1 and 4-2 without the benefit of discovery Apple was obligated to produce. Elan must now also prepare for a settlement conference with Magistrate Judge Spero, scheduled to occur February 11, 2010 (Dkt. 46), yet Elan has yet to obtain access to the evidence central to a full evaluation of the case.

**III.    THE COURT SHOULD ORDER APPLE TO MAKE ITS SOURCE CODE AVAILABLE FOR INSPECTION AS APPLE WAS REQUIRED TO DO ON DECEMBER 7, 2009 UNDER PATENT L.R. 3-4(A)**

**A.    Rule 37 Authorizes This Court to Compel Apple to Produce its Source Code for Inspection as Required by Patent L.R. 3-4(a)**

Fed. R. Civ. P. 37(a) authorizes the Court to compel discovery if "a party fails to make a disclosure required by Rule 26(a)" or "fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3). Complementing the Federal Rules, the Patent Local Rules serve as a further "discovery device" that lays out an orderly procedure for patent initial disclosures and claim construction proceedings. *See Cryptography Research*, 2005 U.S. Dist. LEXIS 37013 at *5. To this end, Patent

Local Rule 3-4(a) provides a broad discovery requirement that the accused infringer "produce or make available for inspection and copying its *source code*, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient *to show the operation of any aspects or elements* of an Accused Instrumentality. . ." (emphasis added).  On its face, the Local Rule requires production of source code for the accused product as a whole, not merely specific functions.  *Forterra Systems, Inc. v. Avatar Factory*, No. 5-5572, 2006 WL 2458804, at *1 (N.D. Cal. Aug. 22, 2006).

As such, Apple's argument, *i.e.*, that it need not produce 3-4(a) items until Elan provides more specific Infringement Contentions, ignores the Local Rules.  *See, e.g.*, 12/7/2009 Apple, Inc.'s Invalidity Contentions (DeBruine Decl., Ex. B) ("Apple is in the process of collecting additional documents concerning the accused functionalities and will supplement its production . . . once Elan has provided adequate infringement contentions."); *see also* DeBruine Decl., ¶ 10, 12/16/09 S.Mehta email to S.DeBruine ("[W]e are in the process of identifying [L.R. 3-4(a)] documents that may show the relevant functionalities.  We were looking forward to Elan's supplemental infringement contentions to give us a better sense of Elan's infringement theories and what functionalities and documents will be relevant to those theories.  Unfortunately, Elan's infringement contentions continue to fall short in a number of areas (an issue we will address by separate email shortly)."); *Id.*, ¶ 11, 12/29/09 S.Mehta email to S.DeBruine (arguing that Infringement Contentions directed at Apple's "firmware modules running on the Broadcom controller" lack sufficient specificity and that Elan must "provide at least its theory as to how the[] chips and/or software modules actually identify the recited maxima or minima").

Apple cannot dodge its obligation to produce source code under Patent L.R. 3-4(a) by splitting hairs in this way, claiming it does not know which aspects of the software are at issue.  Under the Rule, Apple must produce source code "sufficient to show the operation of *any* aspects or elements" of the accused products.  In fact, "the Rule calls for much more than the narrow definition adopted by [defendant] . . . The Rule requires production of this information as to *any aspects or elements* of an Accused Instrumentality." *Cryptography Research,* at *7 (emphasis in original).

### C. The Court Should Order Apple to Produce its Source Code for Inspection in Response to Elan's Discovery Requests Nos. 22-25 As Well

Fed. R. Civ. P. 26 allows for discovery regarding any matter "that is relevant to the claim or defense of any party" and "appears reasonably calculated to lead to the discovery of admissible evidence." Apple's source code is unquestionably related to Elan's claims for patent infringement. At the very least, it is reasonably calculated to lead to the discovery of admissible evidence. The fact that the Local Rules allow for discovery of source code relating to *any* aspect of the accused product shows that the source code is *always* relevant to a claim of patent infringement where software is at issue.

In fact, Elan's Document Requests Nos. 22-25 seek documents similar to those required by L.R. 3-4(a). Yet Apple objects on the grounds that the source code is "confidential" and "not relevant to Elan's claims and defenses." Apple therefore agrees to produce source code only "after the Court has entered a protective order," and only for functionalities that are "not otherwise ascertainable." *See* 9/9/2009 Apple's Responses and Objections to Elan's First Request for Documents [Nos. 1-65] at 15-17 (DeBruine Decl., Ex. A). These objections ignore Patent Local Rule 3-4(a), not to mention the mandate of Local Rule 2-2 that "[d]iscovery cannot be withheld on the basis of confidentiality absent Court order."

### D. A Balancing of the Parties' Interests Weighs Heavily in Favor of Disclosure

If the Court were to balance interests between the parties, the scale tips decidedly in favor of compelling disclosure. First, Apple has not asserted any harm or undue burden in producing its source code, but merely relies on Apple's "rigorous internal procedures" and the difficulty of obtaining "executive-level authorization" to comply with this district's local rules. Any potential harm to Apple caused by disclosure is substantially minimized or eliminated by the strict inspection protocol already agreed upon by the parties, or at least protections available under the District's default protective order. Further, Elan has no other means to obtain the source code, which is relevant and utterly critical to Elan's case.

## IV. CONCLUSION

Apple has failed to comply with its discovery obligations. Elan respectfully requests the Court adopt the Proposed Order compelling Apple to produce immediately its complete source code for the accused products, in their native format, that is, in electronic searchable format.

Dated: January 13, 2010                                          ALSTON + BIRD LLP

By:     /s/
Sean P. DeBruine
Attorneys for Plaintiff and Counterdefendant