Yitai Hu (SBN 248085) (yitai.hu@alston.com)
Sean P. DeBruine (SBN 168071) (sean.debruine@alston.com)
S.H. Michael Kim (SBN 203491) (michael.kim@alston.com)
C. Augustine Rakow (SBN 254585) (augie.rakow@alston.com)
**ALSTON + BIRD LLP**
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone:    650-838-2000
Facsimile:    650-838-2001

T. Hunter Jefferson (admitted pro hac vice) (hunter.jefferson@alston.com)
**ALSTON + BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone:    404-881-7333
Facsimile:    404-253-8863

Attorneys for Plaintiff and Counterdefendant
ELAN MICROELECTRONICS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELAN MICROELECTRONICS CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE, INC.,<br><br>        Defendant. | Case No. C-09-01531 RS<br><br>**DECLARATION OF SEAN P. DEBRUINE IN SUPPORT OF ELAN CORPORATION'S MOTION TO COMPEL PRODUCTION OF SOURCE CODE PURSUANT TO L.R. 3-4(A)**<br><br>[Civil L.R. 7-2(d), 7-5] |
| APPLE, INC.,<br><br>        Counterclaimant,<br><br>    v.<br><br>ELAN MICROELECTRONICS CORPORATION,<br><br>        Counterdefendant. | |

I, Sean P. DeBruine, declare as follows:

1. I am a partner in the law firm of Alston & Bird LLP, counsel to Plaintiff Elan Corporation ("Elan"). I make this declaration in support of Elan's Motion to Compel Production of Source Code Pursuant to Patent L.R. 3-4(a) ("Motion to Compel"). I have personal knowledge of the following facts, except those facts stated on information and belief, which facts I believe to be true. If called to testify I could and would testify competently to the matters stated herein.

2. Attached as **Exhibit A** is a true and correct copy of an excerpt of Apple's Responses and Objections to Elan First Set of Requests for Documents [Nos. 1-65] at 1 and 15-17, as served on Elan on September 9, 2009.

3. Attached as **Exhibit B** is a true and correct copy of Apple's Invalidity Contentions and Accompany Document Productions as served on Elan on December 7, 2009.

4. Attached as **Exhibit C** is a true and correct copy of *Cryptography Research Inc. v. Visa Int'l Serv. Ass'n*, No. 04-4143, 2005 U.S. Dist. LEXIS 37103 (N.D. Cal. Jul. 27, 2005).

5. Attached as **Exhibit D** is a true and correct copy of *Forterra Systems, Inc. v. Avatar Factory*, No. 5-5572, 2006 WL 2458804 (N.D. Cal. Aug. 22, 2006).

6. On August 6, 2009, my client Elan served a First Set of Requests for Documents and Things [Nos. 1-65].

7. On September 30, 2009, the parties agreed on December 7, 2009 as the deadline to produce source code pursuant to Patent Local Rule 3-4(a).

8. On November 17, 2009, my client Elan agreed to Apple's request that the parties produce source code by making it available for inspection, under certain terms, at the offices of the producing parties' outside counsel.

9. On December 16, 2009, I received an email from Apple's counsel stating as follows:

> As stated in Apple's invalidity contentions and our subsequent discussions, we are in the process of identifying non-source code documents that may show the relevant functionalities. We were looking forward to Elan's supplemental infringement contentions to give us better sense of Elan's infringement theories and what functionalities and documents will be relevant to those theories. Unfortunately, Elan's infringement contentions continue to fall short in a number of areas (an issue we will address by separate email shortly). That said, we expect to produce this week technical

documents relating to the accused functionality, as best understood based on Elan's current contentions.

With respect to source code, I explained on Friday that Apple will do its best to make source code available for inspection as soon as possible once a protective order is entered, but that we may not be able to make code available before the holidays. As I explained, Apple has rigorous internal procedures governing source code inspections. These procedures require executive-level authorization for the release of code for inspection pursuant to the entered protective order and that someone from Apple's in-house litigation team personally fly the source code to Boston. Given these procedures and Apple's corporate shut-down over the holidays, we may not be able to make code available for inspection until after the holidays. . . . In any event, as I explained on Friday, we will do our best to make source code available for inspection as soon as we can. We are coordinating with Apple's in-house legal team to expedite that process as much as possible and will let you know as soon as we can when the code will be available. In the interim, we hope to get back to you tomorrow on the issues you raised during our call Friday regarding finalizing the protective order.

10.     On December 29, 2009, I received a letter from Apple's counsel stating as follows:

Elan agreed to provide supplemental contentions that would provide at least its theory as to how the[] chips and/or software modules actually identify the maxima or minima . . . But Elan's supplemental contentions do none of that . All Elan has alleged now is that some sort of "firmware modules running on the Broadcom controller filter the capicatance data to create a data structure representing the finger contacts with the touch sensor" and that "the firmware examines these signal values to identify a first maxima in a signal corresponding to a first finger, identify a minima following the first maxima, and identify a second maxima in a singal corresponding to a second finger following the minima." This is not a meanifgful supplementation. . . . Elan has provided no additional detail as its infringement theory. As a result, Apple is still left to guess how Elan believes Apple's products are alleged to infringe.

11.     On January 12, 2010, I conferred with Apple's counsel by telephone regarding outstanding discovery disputes, including Apple's failure to produce source code pursuant to Patent L.R. 3-4(a). Apple's counsel stated that Apple's counsel were unable to provide a date by which Apple can provide the source code.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on January 13, 2010 in Palo Alto, California.

                                                         _____/s/ Sean P. DeBruine_____
                                                              SEAN P. DEBRUINE