# EXHIBIT D

Case5:09-cv-01531-RS    Document48-4    Filed01/13/10    Page1 of 5

**Westlaw Delivery Summary Report for BERRY,JULIA**

| | |
|---|---|
| Your Search: | "source code" /s confidential |
| Date/Time of Request: | Tuesday, January 12, 2010 08:02 Central |
| Client Identifier: | 980099-RAKOA |
| Database: | DCTCA |
| Citation Text: | Not Reported in F.Supp.2d |
| Lines: | 117 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.



Page 1

Not Reported in F.Supp.2d, 2006 WL 2458804 (N.D.Cal.)
**(Cite as: 2006 WL 2458804 (N.D.Cal.))**

Only the Westlaw citation is currently available.

United States District Court, N.D. California, San Jose Division.
FORTERRA SYSTEMS, INC., a California Corporation, Plaintiff,
v.
AVATAR FACTORY, a California Corporation, IMVU, inc., a Delaware corporation, and William D. Harvey, an individual, Defendants.
No. C-05-04472 PVT.

Aug. 22, 2006.

Byron W. Cooper, John E. Lord, Townsend, Townsend And Crew LLP, Palo Alto, CA, for Plaintif.

Alan J. Henrich, Morgan Chu, Richard Elgar Lyon, III, Irell & Manella LLP, Los Angeles, CA, for Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF SOURCE CODE; CONTINUING HEARING DATE ON MOTION FOR SUMMARY JUDGMENT; SETTING CASE MANAGEMENT CONFERENCE; AND VACATING DISCOVERY CUT-OFF**

PATRICIA V. TRUMBULL, Magistrate Judge.

**I. INTRODUCTION**

Plaintiff Forterra Systems, Inc. ("Forterra") is the owner of U .S. Patent No. 6,784,901 ("the '901 patent).[FN1] The invention of the '901 patent relates to a method, system and computer program for delivering electronic chat messages in a three-dimensional ("3D") multi-user environment. Forterra claims that Defendant IMVU, Inc. ("IMVU") operates an on-line chat system that infringes the '901 patent. Presently before the court is Forterra's Motion to Compel IMVU to produce its source code in its entirety. For the following reasons, and under the following restrictions, Forterra's Motion is Granted.

> FN1. The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

**II. DISCUSSION**

Forterra seeks production of the entire source code both under Patent L.R. 3-4(a) and in response to discovery requests. Patent L.R. 3-4(a) provides that the infringement defendant must with the Preliminary Invalidity Contentions,

> produce or make available for inspection and copying: (a) Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart.

Patent L.R. 3-4(a). Patent Local rule 3-1(c) re- quires:

> A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

Patent L.R. 3-1(c). Thus the rule requires the source code for the aspects or elements of the accused product identified by the preliminary invalidity contentions. *See Cryptography Research, Inc. v. Visa Int'l Serv. Ass'n,* 2005 WL 1787421(N.D.Cal. Jul. 27, 2005)(ordering defendant to produce any information relating to any aspect or element of the claims identified by [Plaintiff] in its Patent Local Rule 3-1(c) chart.).

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2006 WL 2458804 (N.D.Cal.)
**(Cite as: 2006 WL 2458804 (N.D.Cal.))**

Page 2

IMVU claims that it has produced all of the information required by the Patent Local Rules. Forterra disagrees, claiming that it cannot analyze the limited portion of source code produced. Forterra also argues that regardless of whether the entire code had to be disclosed under the patent local rules, the entire source code is discoverable under Rule 26 and that IMVU must produce the source code in response to properly propounded document requests.

The Federal Rules of Civil Procedure allow broad discovery: requested discovery is relevant if it "appears reasonably calculated to lead to the discovery of admissible evidence" relating to the claims or defenses of any party. Fed.R.Civ.P. 26(b)(1). Because the entire source code is relevant under Rule 26, the court need not decide whether the entire code ought to have been disclosed. The question then becomes whether the burden to IMVU outweighs the benefit to Forterra. Fed.R.Civ.P. 26(b)(2)(iii).

IMVU claims undue burden from the risk of inadvertent disclosure if the highly **confidential** and proprietary **source code** is produced to Forterra. A court may order that "confidential information not be revealed or be revealed only in a designated way." Fed.R.Civ.P. 26(c)(7). Because the source code is at the heart of the dispute, Forterra's expert must have access to the entire source code. In order to limit the risk of inadvertent disclosure, the production shall be made only to Forterra expert Richard F. Ferraro ("Ferraro"). The parties shall meet and confer in order to specify the conditions under which production shall be made. The Court was impressed with the Ferraro declaration in support of the reply to this motion and recommends that the precautions outlined in paragraphs 17-19 be the starting point for the parties to discuss appropriate procedures. The Court also recommends that counsel include Mr. Ferraro and an IMVU expert in the discussion of appropriate safety precautions. When the parties have agreed upon the procedures, expert Ferraro will sign a declaration agreeing to be bound by the procedures and Forterra shall file the declaration. Within one week of the filing of Ferraro's declaration, IMVU shall provide the entire source code, including all versions and the source code repository database, in electronic format to Ferraro for his eyes only for review in his own office.

The parties shall also meet and confer and agree upon a procedure by which Ferraro can seek to change the designation of portions of the source code from his eyes only to outside counsel only. One possible method to for this process was discussed in court whereby Ferraro could write a letter to both Forterra and IMVU describing, in general terms, the portions of the source code for which he seeks to lower the designation to include outside counsel. If the parties cannot agree upon the portions of the code that should be re-designated, they can bring the matter back before the court.

### III. CONCLUSION

For the foregoing reasons, it is hereby Ordered that:

1. The parties shall meet and confer and agree upon appropriate procedures for Forterra expert Ferraro to view the entire source code, including the repository database, in his office in electronic format;

2. Forterra shall file a declaration from Ferraro agreeing to be bound by the procedures agreed upon by the parties;

3. Within 1 week of the filing of the Ferraro declaration, IMVU shall produce to Ferraro, for his eyes only, the entire source code, including the repository database, in electronic format for him to view in his office;

4. The parties shall meet and confer to agree upon a procedure by which Ferraro can seek to lower the designation of the source code to allow it to be viewed by outside counsel;

5. The discovery cut-off of September 7, 2006 is

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 3

Not Reported in F.Supp.2d, 2006 WL 2458804 (N.D.Cal.)
**(Cite as: 2006 WL 2458804 (N.D.Cal.))**

hereby Vacated;

6. Forterra's motion for partial summary judgment is Continued to September 19, 2006 at 11:30 a.m.; and

7. A Case Management Conference shall be held to set new discovery and trial dates in this matter on September 19, 2006 at 11:30 a.m.

IT IS SO ORDERED.

N.D.Cal.,2006.
Forterra Systems, Inc. v. Avatar Factory
Not Reported in F.Supp.2d, 2006 WL 2458804 (N.D.Cal.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.