## Mehta, Sonal

| | |
|---|---|
| **From:** | Mehta, Sonal |
| **Sent:** | Friday, January 08, 2010 12:55 PM |
| **To:** | Rakow, Augie |
| **Cc:** | Reines, Edward; DeBruine, Sean; Apple Elan WGM Service; Elan Apple Team |
| **Subject:** | RE: Protective order and productions |

Augie,

I write in response to your email below regarding various discovery matters. We are disheartened that Elan is intent on approaching discovery meet and confers not as a cooperative exchange but as a vehicle for aggressive rhetoric and threats. That approach is inconsistent with how Apple intends--and how we believe Judge Seeborg would want the parties--to proceed, and so, we will continue to try to work cooperatively with you even as that sentiment is not reciprocated.

First, with respect to the protective order, we are happy to discuss your concerns about paragraph 12(b). As I explained in my prior communications with Sean, this provision is important to ensure that the parties' confidential information is not at risk of disclosure by an expert or consultant who is currently or in the future in a position to use that information to develop competing products or secure patent protection that covers the parties' products. I am travelling on Monday for another matter, but can make myself available between 10 am and 2 pm or after 3:30 pm on Tuesday to discuss language that would work for both parties. Please let me know when works for you.

Second, with respect to Mr. Dezmelyk, we are disappointed that Elan is unwilling to engage in a constructive dialog on the issue and instead seeks to justify its decision to disclose confidential information to Mr. Dezmelyk over Apple's objection. At the outset, we are surprised by Elan's eleventh-hour suggestion that Mr. Dezmelyk is entitled to access confidential information because Apple did not object under the provisions of the default ND Cal protective order. Your email below is the first time Elan has ever suggested that it is operating under the provisions of the default protective order. Indeed, Elan plainly designated Mr. Dezmelyk "under paragraph 12(b) of the proposed protective order" and not under the default protective order. Under the proposed protective order, the parties are required to meet and confer in person or by telephone to discuss the objection before information is shared. Elan's position that Sean's December 30 somehow satisfied that obligation is unfounded.

All of that said, we have considered the clarification Sean provided regarding Mr. Dezmelyk's work (including his representation that "other than this case, he is not involved in any multi-touch technology") and believe that we can resolve this matter informally. If you can confirm that Mr. Dezmelyk is not involved in any technology relating to touch-sensitive input device systems (i.e., not just multi-touch) and that he and his company do not have any patents or pending patent applications relating to the functionality, operation, or design of touch-sensitive input device systems in computers and personal electronic devices, Apple will withdraw its objection. In the future, we hope that Elan will work with us to resolve these matters in good faith, as required by both the terms and spirit of the protective order.

Third, we decline to engage on Elan's threats to file a motion to compel if Apple does not provide supplemental discovery by Tuesday. Apple's discovery responses were served on September 8 and Apple's counterclaims against Elan were filed October 6, and yet Elan waited until December 23 to initiate a meet and confer on Apple's discovery responses. An omnibus discovery letter sent two days before Christmas that demands a meet and confer first thing in the New Year would be unreasonable under normal circumstances, but is particularly unreasonable when Elan knew full well that Apple has a corporate shut down over the holidays. Moreover, the suggestion that Elan cannot wait until next week to meet and confer on these issues is simply not credible. Elan waited nearly three months to send its letter in the first place. And even when it did, that letter seeks to take Apple to task when Elan's own discovery responses mirror Apple's responses in precisely those respects that Elan claims are deficient. Taken together, these facts make clear that the sudden urgency of Elan's demand

1

for supplemental discovery responses is nothing more than an excuse for Elan to distract Apple from preparation of next week's claim construction disclosures, and not a meaningful attempt to meet and confer. As I mentioned in my email earlier this week, we will respond to your letter regarding Apple's discovery responses early next week. To the extent Elan continues to have concerns, we will of course be happy to engage in a meaningful meet and confer to discuss those concerns.

Finally, with respect to source code, we note again that we are working diligently to make the code available for inspection. At present, we are securing final releases from Apple's executive team and coordinating to have authorized Apple personnel travel to Boston to make the code available for inspection there. If Elan is intent on filing a motion to compel source code, we obviously cannot stop you. But our preference would be for the parties to spend time and resources on providing discovery, and not in unnecessary motion practice. We urge you to consider that.

Best,
Sonal

**From:** Rakow, Augie [mailto:Augie.Rakow@alston.com]
**Sent:** Wednesday, January 06, 2010 8:08 PM
**To:** Mehta, Sonal
**Cc:** Reines, Edward; DeBruine, Sean
**Subject:** Protective order and productions


Sonal,

I write to respond to your January 5, 2010 proposal regarding Paragraph 12(b) of the
protective order. I also write to address Apple's failure to respond appropriately to
both the meet and confer request made in my December 23, 2009 letter regarding
deficiencies in Apple's responses to Elan's first sets of written discovery requests, as
well as the meet and confer request made in Sean DeBruine's December 30, 2009 email
regarding Elan's disclosure of its expert Mr. Dezmelyk. Additionally, I write to request
we meet and confer regarding Apple's production of source code for inspection.

I. We have reviewed the language proposed below for paragraph 12(b) of the Protective
Order regarding the disclosure of experts and consultants. For the most part Elan can
agree with this language. However, we are reluctant to agree to the provision that
requires updating of the expert's CV for two years. For one thing, a "material change"
is a subjective standard so it would be difficult to when the requirement is triggered.
In addition, the length of time that we would be required to monitor this issue is too
long and the risk of inadvertent failure to comply too great. I would be happy to
discuss other ways to address whatever concern prompted this provision, but if it is
removed we have an agreed protective order.

II. As noted in my December 23, 2009 letter, Apple failed to provide sufficient
responses to Elan's First Set of Interrogatories Nos. 1-12 and First Set of Requests for
Production of Documents and Things Nos. 1-65. Many of the deficiencies are described in
detail in his letter. As you recognized in your January 6, 2010 evening email, we asked
to meet and confer by January 6, 2010. However, your email offers to do nothing more
than "respond" to our letter later. It does not propose dates or times to meet and
confer. Since we have satisfied our obligation to attempt to meet and confer with Apple,
and Apple has essentially ignored our request, we intend to file a motion to compel
amended responses to Elan's first sets of discovery requests if you do not produce
sufficient amended responses by close of business Tuesday January 12, 2010.

III. As noted in Sean DeBruine's December 30, 2009 email regarding Elan's disclosure of
its expert Robert Dezmelyk, we believe we are now permitted disclose confidential
documents to Mr. Dezmelyk. Under the Northern District of California's default
protective order, a party seeking to disclose documents designated as Highly Confidential

2

may do so unless it receives a written objection from the designating party within seven court days of delivering the request to make the disclosure. Elan made its disclosure request on December 15, 2009. Apple therefore had to object by December 24, 2009. Apple did not make an objection until Sunday December 27, 2009, effective Monday December 28, 2009. Therefore, under the district's default protective order, Elan is permitted to disclose Highly Confidential documents to its expert Mr. Dezmelyk.

The same is true under the expert disclosure provisions drafted and proposed by Apple in the protective order currently being negotiated by the parties. Under the expert disclosure provisions drafted and proposed by Apple, the producing party must object within ten days of receiving the disclosure request, and the parties must then meet and confer via telephone or in person within five days of receiving the objection. Even assuming Apple objected effectively on Monday December 28, 2009, the 5-day deadline (counted as 7 days under the "days as days" amended approach) to meet and confer was Monday January 4, 2010. Elan invited Apple to meet and confer on Wednesday December 30, 2010, but Apple ignored the request. Apple made no effort to maintain its objection by meeting and conferring with Elan, as required by the provisions drafted and proposed by Apple itself. Elan is therefore permitted to disclose Highly Confidential documents to Mr. Dezmelyk, including but not limited to documents described in Patent L.R. 3-4(a).

IV. Finally, please let me know if and when you would like to meet and confer regarding Apple's production of source code for inspection in the manner described in the draft protective order. As we have previously discussed, Apple was required under Patent L.R. 3-4 to have produced that code along with its preliminary invalidity contentions on December 7, 2009. A month has now passed and Apple has not even said when it intends to comply with the rule. We are no longer willing to wait on Apple. Counsel needs to inspect the code immediately in order to prepare our case effectively. Therefore, we intend to file a motion to compel production if you do not produce the source code in the manner described in the draft protective order by close of business Tuesday January 12, 2010.

Please let me know if you would like to discuss any of these issues.

Best regards,
Augie

C. Augustine Rakow
Alston + Bird LLP
3000 El Camino Real, Two Palo Alto Sq., Suite 400
Palo Alto, CA 94306
Direct: 650.838.2028 I 611-2028
Cell: 415.992.1144
Main: 650.838.2000
Fax: 650.838.2001
augie.rakow@alston.com
www.alston.com

Atlanta I Charlotte I Dallas I New York I Research Triangle I Washington DC I Silicon Valley

Ten Consecutive Years on Fortune® magazine's
"The 100 Best Companies to Work For" ™

*********************************************************** IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS and other taxing authorities, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting,

marketing or recommending to another party any transaction or matter addressed herein.
_____ NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (404-881-7000) or by electronic mail (postmaster@alston.com), and delete this message and all copies and backups thereof. Thank you.