Yitai Hu (SBN 248085)
(yitai.hu@alston.com)
Sean P. DeBruine (SBN 168071)
(sean.debruine@alston.com)
S.H. Michael Kim (SBN 203491)
(michael.kim@alston.com)
C. Augustine Rakow (SBN 254585)
(augie.rakow@alston.com)
**ALSTON & BIRD LLP**
Two Palo Alto Square
3000 El Camino Real, Ste 400
Palo Alto, CA  94306-2112
Phone:  (650) 838-2000
Fax:  (650) 838-2001

T. Hunter Jefferson (admitted pro hac vice)
(hunter.jefferson@alston.com)
**ALSTON + BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone:    404-881-7333
FACSIMILE:  404-253-8863

Attorneys for Plaintiff
ELAN MICROELECTRONICS
CORPORATION

MATTHEW D. POWERS (Bar No. 104795)
matthew.powers@weil.com
EDWARD R. REINES (Bar No. 135960)
edward.reines@weil.com
SONAL N. MEHTA (Bar No. 222086)
sonal.mehta@weil.com
**WEIL, GOTSHAL & MANGES LLP**
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Defendant and
Counterclaim Plaintiff,
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| ELAN MICROELECTRONICS CORPORATION, <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> APPLE INC., <br><br> Defendant and Counterclaim Plaintiff. | Case No. C-09-01531 RS (PVT) <br><br> [XXXXXXXXXX] AMENDED STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS |

Pursuant to the Court's January 25, 2010 Order, the parties hereby submit this Amended Stipulated Protective Order Regarding The Disclosure And Use Of Discovery

1   Materials.

2          Elan Microelectronics Corporation ("Elan") and Apple Inc. ("Apple") anticipate

3   that documents, testimony, or information containing or reflecting confidential, proprietary, trade

4   secret, and/or commercially sensitive information are likely to be disclosed or produced during

5   the course of discovery in this litigation and request that the Court enter this Order setting forth

6   the conditions for treating, obtaining, and using such information.[1]

7          Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds

8   good cause for the following Protective Order Regarding the Disclosure and Use of Discovery

9   Materials ("Order").

10                           1.    **PURPOSES AND LIMITATIONS**

11         (a)     Protected Material designated under the terms of this Order shall be

12  used by a Receiving Party solely for this litigation, and shall be used only for purposes of

13  litigating this case, and shall not be used directly or indirectly for any other purpose whatsoever.

14         (b)     The parties acknowledge that this Order does not confer blanket

15  protections on all disclosures during discovery. Designations under this Order shall be made with

16  care and shall not be made absent a good faith belief that the designated material satisfies the

17  criteria set forth below. If it comes to a Producing Party's attention that designated material does

18  not qualify for protection at all, or does not qualify for the level of protection initially asserted,

19  the Producing Party must promptly notify all other parties that it is withdrawing or changing the

20  designation.

21         (c)     The Parties also acknowledge that this Order does not confer

22  blanket protections on all disclosures or responses to discovery and that the protection it affords

23  extends only to the limited information or items that are entitled under the applicable legal

24  principles to treatment as confidential.  The parties further acknowledge that this Order creates no

25  ─────────────────

26  [1] The parties stipulate to the entry of this Protective Order in order to allow discovery to go
    forward under the terms agreed by the parties.  However, the parties have not reached agreement

27  on certain of the restrictions set forth in Section 6(b) regarding counsel's participation in
    reexamination proceedings before the US Patent and Trademark Office.  If the parties are unable

28  to promptly resolve this issue, Elan anticipates, and expressly reserves its right, to promptly move
    for modification of the order pursuant to Section 4(d).

entitlement to file confidential information as under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2.  **DEFINITIONS**

(a)  "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery in this matter.

(b)  "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party, and (ii) partners, associates, employees, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, and legal clerks, or (iii) independent attorneys contracted to assist outside counsel in connection with this action.

(c)  "Patents-in-suit" means U.S. Patent No. 5,825,352, U.S. Patent No. 7,274,353, U.S. Patent No. 5,764,218, U.S. Patent No. 7,495,659, and U.S. Patent No. 6,933,929, and any other patent asserted in this litigation, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(d)  "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel.

(e)  "Producing Party" means any Party or other third-party entity who discloses or produces any Discovery Material in this action.

(f)  "Protected Material" means any Discovery Material that is designated as "Confidential," "Confidential – Attorneys' Eyes Only," or "Confidential – Attorneys' Eyes Only – Source Code" as provided for in this Order.

(g)  "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)     "Source Code" means computer code that defines or otherwise describes in detail the algorithms or structure of software or hardware designs. Source code includes computer code, scripts, assembly, object code, source code listings object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and similarly sensitive implementation details that are afforded the same level of protection as source code in the ordinary course of business.

### 3.     COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6(a) and 6(e).

### 4.     SCOPE

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or their counsel in Court or in other settings that might reveal Protected Material.

(b)     Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Discovery Material to an individual who prepared the Discovery Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in Court or in any Court filing with consent of the Producing Party or Order of the Court.

(d)     This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5. **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6. **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a) Basic Principles. Protected Material shall be used solely for this litigation and the preparation and trial in this case, or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b) Patent Prosecution Bar. Absent the written consent of the Producing Party, any Counsel that receives one or more items designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall not be involved in any of the following activities:, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the disclosure in patent applications or specifications or the scope of claims in patents or patent applications relating to the functionality, operation, and design of touch-sensitive input device systems in computers and personal electronic devices, before any foreign or domestic agency, including the United States Patent and Trademark Office. This bar is not intended to preclude counsel from participating in reexamination proceedings on behalf of a Party challenging the validity of a patent, where counsel will not be involved in crafting claims, but it is intended to preclude counsel from participating directly or indirectly in reexamination proceedings on behalf of a patentee. This prohibition shall begin when access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials is first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

(c)     Secure Storage. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(d)     Legal Advice Based on Protected Material. Nothing in this Order shall be construed to prevent Counsel from advising their clients with respect to this litigation based in whole or in part upon Protected Materials, provided Counsel does not disclose the Protected Material itself except as provided in this Order.

(e)     Limitations. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (a) that is or has become publicly known through no fault of the Receiving Party; (b) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (c) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (d) with the consent of the Producing Party; or (e) pursuant to Order of the Court.

## 7.     DESIGNATING PROTECTED MATERIAL

(a)     Available Designations.   Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

(b)     Written Discovery and Documents and Tangible Things.   Written discovery, documents, and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. In the event that original documents are produced for inspection, the Producing Party may produce the documents with a temporary designation, provided that the documents are re-designated as necessary by placing the appropriate legend on the documents in the copying process.

(c)　　Depositions and Testimony.　Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice that the testimony is designated within thirty (30) days of receipt of the transcript of the testimony. All information disclosed during a deposition shall be deemed CONFIDENTIAL – ATTORNEYS' EYES ONLY until the time within which it may be appropriately designated as provided for herein has passed. Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material. In such cases, the Court reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties."

## 8.　DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"

(a)　　A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)　　Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)　　The Receiving Party's Outside Counsel;

(ii)　　In-house counsel for the Receiving Party, as well as their paralegals and staff, to whom disclosure is reasonably necessary for this litigation;

(iii)　　Any expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A, agreeing to be bound by the terms of this Order, and (b) no unresolved objections to

such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 12(b) below;

        (iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

        (v)    The Court, jury, and Court personnel;

        (vi)    Graphics, translation, design, and/or trial consulting services including mock jurors retained by a Party; and

        (vii)    Any other person with the prior written consent of the Producing Party.

**9.**      **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL—ATTORNEYS' EYES ONLY"**

        (a)    A Producing Party may designate Discovery Material as CONFIDENTIAL – ATTORNEYS' EYES ONLY if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.

        (b)    Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

        (i)    The Receiving Party's Outside Counsel;

        (ii)    Any expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 12(b) below;

        (iii)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

        (iv)    The Court, jury, and Court personnel;

(v) Graphics, translation, design, and/or trial consulting services, not including mock jurors, retained by a Party to whom disclosure is reasonably necessary for this litigation, provided that each such person, including their staff, has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order; and

(vi) Any other person with the prior written consent of the Producing Party.

**10. DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL— ATTORNEYS' EYES ONLY—SOURCE CODE"**

(a) To the extent production of Source Code becomes necessary to the prosecution or defense of the litigation, a Producing Party may designate Source Code as "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises or includes confidential, proprietary and/or trade secret Source Code.

(b) Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any party to produce any Source Code.

(c) Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i) The Receiving Party's Outside Counsel;

(ii) Any expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A, agreeing to be bound by the terms of this Order, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 12(b) below;

(iii) Court reporters, stenographers and videographers retained to record testimony taken in this action;

1     (iv)    The Court, jury, and Court personnel;

2     (v)    Graphics and design services to whom disclosure is

3    reasonably necessary for this litigation, provided that each such person, including their staff, has

4    signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms

5    of this Protective Order; and

6     (vi)    Any other person with the prior written consent of the

7    Producing Party.

8    **11.    DISCLOSURE AND REVIEW OF SOURCE CODE**

9     (a)    Source Code that is produced by Elan shall be made available for

10    inspection at the Palo Alto, California and/or other domestic office of its outside counsel, Alston

11    + Bird LLP, or any other location mutually agreed by the parties.  Source Code that is produced

12    by Apple Inc. will be made available for inspection at the Redwood Shores, California office

13    and/or the Boston, Massachusetts office of its outside counsel, Weil, Gotshal & Manges LLP, or

14    any other location mutually agreed by the parties.  Prior to the first inspection of source code the

15    Requesting Party shall provide the Producing Party with fifteen (15) days notice.  The Producing

16    Party will make a good faith effort to provide requested code for inspection within 15 days to the

17    extent reasonably possible.    The parties shall thereafter make every reasonable effort to

18    accommodate requests to inspect Source Code, and generally agree that the Requesting Party

19    shall provide three (3) days notice prior to any inspection.  However, the parties recognize that

20    deadlines such as responses to motions, rebuttal expert reports and preparation for hearings or

21    trial may justify inspection on a shorter notice period and may require inspection on a lesser

22    notice period, and agree to be reasonable in accommodating such requests.  This agreement

23    regarding Source Code production and inspection locations reflects a compromise reached by the

24    parties at an early stage of this litigation.  Either party may move the Court to modify the

25    treatment of Source Code under this Order if the restrictions herein interferes with the party's

26    ability to conduct discovery or prepare or present its case.

27

28

(b)     Source   Code   that   is   designated   "CONFIDENTIAL   --
ATTORNEYS' EYES ONLY – SOURCE CODE" shall be produced for inspection and review
subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing
Party to the Receiving Party's Outside Counsel and/or experts in a secure room on a secured
computer without Internet access or network access to other computers, as necessary and
appropriate to prevent and protect against any unauthorized copying, transmission, removal or
other transfer of any Source Code outside or away from the computer on which the Source Code
is provided for inspection (the "Source Code Computer"). The Producing Party shall install tools
that are sufficient for viewing and searching the Source Code produced, on the platform
produced, if such tools exist and are presently used in the ordinary course of the Producing
Party's business. The Receiving Party's Outside Counsel and/or experts may request that
commercially available software tools for viewing and searching Source Code be installed on the
secured computer, provided, however, that such other software tools are reasonably necessary for
the Receiving Party to perform its review of the Source Code consistent with all of the protections
herein. The Receiving Party must provide the Producing Party with the CD or DVD containing
such licensed software tool(s) at least fourteen (14) days in advance of the date upon which the
Receiving Party wishes to have the additional software tools available for use on the Source Code
Computer.

(ii)     No recording devices or recordable media will be permitted
inside the Source Code review room. The Receiving Party's Outside Counsel and/or experts shall
be entitled to take notes relating to the Source Code but may not copy the Source Code into the
notes and may not take such notes electronically on the Source Code Computer itself or any
computer that is connected to any network. No copies of all or any portion of the Source Code
may leave the room in which the Source Code is inspected except as otherwise provided herein.
Further, no other written or electronic record of the Source Code is permitted except as otherwise
provided herein. The Producing Party may visually monitor the activities of the Receiving Party's

representatives during any Source Code review, but only to ensure that no unauthorized electronic records of Source Code are being created or transmitted in any way.

(iii)    The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code. The Receiving Party may print portions of the Source Code only when reasonably necessary to facilitate the Receiving Party's preparation of court filings, expert reports, and related drafts and correspondences, and shall print only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose.  The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of Source Code for review and analysis elsewhere, and that printing is permitted solely to enable use of Source Code in filings and proceedings. Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and label "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" any pages printed by the Receiving Party.  If the Producing Party objects that the printed portions are excessive and/or not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within fourteen (14) days. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and reasonably necessary to any case preparation activity as provided herein. The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.  In the absence of any objection, or upon resolution of any such dispute by the Court, the Producing Party shall then provide one copy set of such pages to the Receiving Party within seven (7) days. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(iv)   All persons who will review a Producing Party's Source Code on behalf of a Receiving Party shall be identified in writing to the Producing Party at least seven (7) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any disclosure required under Paragraph 13 of this order. All persons viewing Source Code shall, each day they view Source Code, sign a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart. The Producing Party shall be entitled to a copy of the log.

(v)   Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Order, the Receiving Party's Outside Counsel and/or experts shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

(vi)   Other than as provided in Paragraph 11(b)(iii) above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any other computers or peripheral equipment. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its Outside Counsel.

(vii)   The Receiving Party's Outside Counsel may make no more than five (5) copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(b)(iv), not including copies attached to Court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code received from a Producing Party that are delivered by the Receiving Party to any qualified person under Paragraph 10 above. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. A copy of the log must be made available for inspection by the Producing Party at the Producing Party's request.

(viii)    The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

(ix)    All paper copies of Source Code shall be securely destroyed in a timely manner if they are no longer in use (*e.g.*, at the conclusion of a deposition). Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(x)    The Producing Party shall make a computer with the Source Code and software tools as described in paragraph 10(b)(i), along with a monitor or other display of a size capable of being viewed by several people simultaneously, available during the deposition(s) of representative(s) of the Producing Party regarding the structure, function and operation of the Source Code, or the author(s) of any such Source Code, where requested in the Notice of Deposition.

(xi)    Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such filing will not be made absent agreement from the Producing Party that the confidentiality protections will be adequate. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or

1   provide written permission to the Receiving Party that an electronic or any other copy needs to be

2   made for a Court filing, the Receiving Party's communication and/or disclosure of electronic files

3   or other materials containing any portion of Source Code (paper or electronic) shall at all times be

4   limited to solely individuals who are expressly authorized to view Source Code under the

5   provisions of this Protective Order.  Where the Producing Party has provided the express written

6   permission required under this provision for a Receiving Party to create electronic copies of

7   Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion

8   of Source Code in its possession or in the possession of its retained consultants, including the

9   names of the reviewers and/or recipients of any such electronic copies, and the locations where

10  the electronic copies are stored. A copy of the log must be made available for inspection by the

11  Producing Party at the Producing Party's request. Additionally, any such electronic copies must

12  be labeled "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" as provided

13  for in this Order.

14          **12.    EXPERTS AND CONSULTANTS**

15          (a)     Experts or consultants receiving Protected Material shall not be a

16  current officer, director or employee of a Party or of a competitor of a Party, nor anticipated at the

17  time of retention to become an officer, director or employee of a Party or of a competitor of a

18  Party.

19          (b)     Prior to disclosing any Protected Material to any outside experts or

20  consultants, the party seeking to disclose such information shall provide the Producing Party or

21  Parties with written notice that includes: (i) the name of the person; (ii) the present employer and

22  title of the person; and (iii) an up-to-date curriculum vitae of the person.  Said written notice shall

23  include an identification of any individual or entity with or for whom the person is employed or to

24  whom the person provides consulting services relating to the design, development, operation, or

25  patenting of touch-sensitive input device systems in computers and personal electronic devices, or

26  relating to the acquisition of intellectual property assets relating to such systems. The party

27  seeking to disclose Protected Material shall provide such other information regarding the person's

28  professional activities reasonably requested by the Producing Party for it to evaluate whether

good cause exists to object to the disclosure of Protected Material to the outside expert or consultant. During the pendency of and for a period of two (2) years after the final resolution of this action, including all appeals, the party seeking to disclose Protected Material shall provide written notice of any change it becomes aware of with respect to the outside expert or consultant's involvement in the design, development, operation or patenting of touch-sensitive input device systems in computers and personal electronic devices, or the acquisition of intellectual property assets relating to such systems. Counsel for the party seeking to disclose Protected Material shall make reasonable efforts to ensure that outside experts and consultants are aware of their obligation to provide notice of any such change. Counsel for the party seeking to disclose Protected Material shall notify the Producing Party within fourteen (14) days of learning of the change.

(c)     Within fourteen (14) days of receipt of the disclosure of the proposed outside expert or consultant, the Producing Party or Parties may object in writing to the proposed outside expert or consultant for good cause. In the absence of an objection at the end of the fourteen (14) day period, the person shall be deemed approved under this Order. There shall be no disclosure of Protected Material to any expert or consultant prior to expiration of this fourteen (14) day period. If the Producing Party objects to disclosure to the expert or consultant within such fourteen (14) day period, the parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the proposed expert or consultant in question until the objection is resolved by the Court.

(d)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the proposed outside expert or consultant will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(e)     Prior to receiving any Protected Material under this Order, the proposed outside expert or consultant must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto).

**13.     CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall particularly identify the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The designating party shall have the burden of justifying the disputed designation;

(ii)     Failing agreement, the objecting party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The parties' entry into this Order shall not preclude or prejudice either party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)     Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

14.   **SUBPOENAS OR COURT ORDERS**

(a)   If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such Discovery Material and to its counsel and shall provide each such party with an opportunity to move for a protective order regarding the production of confidential materials.

15.   **FILING PROTECTED MATERIAL**

(a)   Absent written permission from the Producing Party or a Court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material.

(b)   Any Receiving Party is authorized under Civil L.R. 79-5 to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order. Nothing in this section shall in any way limit or detract from the requirements as to Source Code set forth above.

16.   **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

Each party shall make efforts that are "reasonably designed" to protect its privileged materials. *See Gomez v. Vernon*, 255 F.3d 1118, 1131-32 (9th Cir. 2001). What constitutes efforts that are reasonably designed to protect privileged materials depends on the circumstances; the law does not require "strenuous or Herculean efforts," just "reasonable efforts." *See, e.g., Hynix Semiconductor, Inc. v. Rambus, Inc.* 2008 WL 350641, *1-*2 (ND Cal., Feb. 2, 2008); *see also*, Fed.R.Civ.Pro. 26(f)(3) advisory committee's notes to 2006 amendments (discussing the substantial costs and delays that can result from attempts to avoid waiving privilege, particularly when discovery of electronic information is involved). When a particular Rule 34 request requires a production or inspection that is too voluminous, expedited or complex (such as certain electronic productions) to allow for an adequate pre-production review, the parties may enter into non-waiver agreements for that particular production. If the requesting party is unwilling to enter into such an agreement, the Producing Party may move the court for a non-waiver order.

In the event that, despite reasonable efforts, a Producing Party discovers it has inadvertently produced privileged materials, then within 30 calendar days the Producing Party shall notify the Receiving Party that the document(s) or materials should have been withheld on the grounds of privilege.  After the Receiving Party receives this notice from the Producing Party under this paragraph, the Receiving Party shall not disclose or release the inadvertently produced materials to any person or entity pending resolution of the Producing Party's claim of privilege.  The parties shall hold a meet and confer, as defined in Civil Local Rule 1-5(n), as soon as reasonably possible after a notice of inadvertent production.   If the Producing Party and Receiving Party agree that the inadvertently produced materials is privileged, and was disclosed despite efforts by the Producing Party that were "reasonably designed" to protect the materials, then the Receiving Party shall return or certify the destruction of all copies (including summaries) of such material.  If no agreement is reached, then within 10 court days after the meet and confer, the Producing Party must seek a ruling from this court to establish that the material is privileged and that the Producing Party did not waive the privilege by inadvertently producing the material.  If the Producing Party seeks such a ruling, the Receiving Party shall not disclose or release the inadvertently produced material to any person or entity pending the court's ruling on the Producing Party's motion.

## 17.   **INADVERTENT FAILURE TO DESIGNATE**

(a)   The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to so designate.

(b)   A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material (subject to the

exception in Paragraph (c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)    Protected Material produced without the designation of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" may be so designated subsequent to production when the producing party failed to make such designation at the time of production through inadvertence or error. If discovery material is designated subsequent to production, the receiving party promptly shall collect any copies that have been provided to individuals so that they can be re-labeled with the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" designation. Notwithstanding the above, such subsequent designation of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

## 18.    INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

(a)    In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof are made.

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

19.     **FINAL DISPOSITION**

(a)     Not later than ninety (90) days after the final disposition of this litigation, (including after any appeals), each party shall return all Discovery Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy all such material.

(b)     All parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed. Notwithstanding the provisions for return or destruction of Discovery Material, Outside Counsel may retain pleadings, transcripts and attorney and consultant work product for archival purposes.

20.     **DISCOVERY RULES REMAIN UNCHANGED**

Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Civil Local Rules of the Northern District of California, the Patent Local Rules for the Northern District of California, or any deadlines or procedures ordered by the Court for this litigation.

21.     **MISCELLANEOUS**

(a)     Right to Further Relief. Nothing in this Order abridges the right of any person to seek modification of the Order by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     Termination of Litigation and Retention of Jurisdiction. The Parties agree that the terms of this Order shall survive and remain in effect after the termination of the above-captioned matter. The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of this Order.

(c)     Successors. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order. This Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     Burdens of Proof. Notwithstanding anything to the contrary above, nothing in this Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and, if so, what restrictions should apply.

(f)     Modification by Court. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Northern District of California, San Jose Division, is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California, San Jose Division.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: February 11, 2010             /s/ Sean P. DeBruine

Sean P. DeBruine

**ALSTON & BIRD LLP**
Attorneys For Elan Microelectronics Corporation

DATED: February 11, 2010             /s/ Sonal N. Mehta

Sonal N. Mehta

**WEIL, GOTSHAL & MANGES LLP**
Attorneys for Apple Inc.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: February 11, 2010

Honorable Patricia V. Trumbull
United States Magistrate Judge

1

2

## **EXHIBIT A**

3      I, [INSERT NAME], acknowledge and declare that I have received a copy of the

4  Protective Order ("Order") in *Elan Microelectronics Corporation v. Apple Inc.*, United States

5  District Court, Northern District of California, San Jose Division, Civil Action No. **09-01531**

6  (RS).  Having read and understood the terms of the Order, I agree to be bound by the terms of the

7  Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce

8  the terms of the Order.

9      [FOR EXPERTS AND CONSULTANTS:  I further acknowledge that I have notified

10  counsel for the party that has retained me of any individual or entity with or for whom I am

11  employed or to whom I provide consulting services relating to the design, development,

12  operation, or patenting of touch-sensitive input device systems in computers and personal

13  electronic devices, or relating to the acquisition of intellectual property assets relating to such

14  systems.  For the duration of this case and for a period of two (2) years after the final resolution of

15  this action, including all appeals, I agree to promptly notify counsel for the party that has retained

16  me of any change with respect to my involvement in the design, development, operation or

17  patenting of touch-sensitive input device systems in computers and personal electronic devices, or

18  the acquisition of intellectual property assets relating to such systems.]

19  Name of Individual: _____

20  Present occupation/job description: _____

21  _____

22  _____

23  Name of Company or Firm: _____

24  Address: _____

25  Dated: _____

26

27  _____

28  [Signature]

## FILER'S ATTESTATION

I, Sonal N. Mehta, am the ECF User whose ID and password are being used to file this **AMENDED STIPULATED PROTECTIVE ORDER**. In compliance with General Order 45, paragraph X.B. I hereby attest that Sean DeBruine has concurred in this filing.


By:     /s/ Sonal N. Mehta
                Sonal N. Mehta