1  Yitai Hu (SBN 248085) (yitai.hu@alston.com)
   Sean P. DeBruine (SBN 168071)
2  (sean.debruine@alston.com)
   S.H. Michael Kim (SBN 203491)
3  (michael.kim@alston.com)
   C. Augustine Rakow (SBN 254585)
4  (augie.rakow@alston.com)
   **ALSTON & BIRD LLP**
5  Two Palo Alto Square
   3000 El Camino Real, Ste 400
6  Palo Alto, CA  94306-2112
   Phone:  (650) 838-2000
7  Fax:   (650) 838-2001

8  T. Hunter Jefferson (admitted pro hac vice)
   (hunter.jefferson@alston.com)
9  **ALSTON + BIRD LLP**
   One Atlantic Center
10 1201 West Peachtree Street
   Atlanta, GA 30309-3424
11 Telephone:    404-881-7333
   FACSIMILE:  404-253-8863
12
   Attorneys for Plaintiff and Counterclaim
13 Defendant Elan Microelectronics Corporation

MATTHEW D. POWERS (Bar No. 104795)
matthew.powers@weil.com
EDWARD R. REINES (Bar No. 135960)
edward.reines@weil.com
SONAL N. MEHTA (Bar No. 222086)
sonal.mehta@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Defendant and
Counterclaim Plaintiff
Apple Inc.

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16                  SAN JOSE DIVISION

17 ELAN MICROELECTRONICS
   CORPORATION,
18
                       Plaintiff and Counterclaim
19                     Defendant,

20      v.

21 APPLE INC.,

22                     Defendant and Counterclaim
                       Plaintiff.
23

Case No. C-09-01531 RS (PVT)

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT
REGARDING CLAIM CONSTRUCTION
LOGISTICS

Date:   March 18, 2010
Time:  10 am

JURY TRIAL DEMANDED

Hon. Richard Seeborg

24

25

26

27

28

Pursuant to the Court's February 8, 2010 and February 18, 2010 Orders, the parties hereby submit the following joint proposal regarding all issues of claim construction logistics described in their Joint Claim Construction and Prehearing Statement.  The parties look forward to discussing and receiving the Court's guidance on these issues at the March 18, 2010 Case Management Conference.

## I.     Claims To Be Addressed By The Court

Patent Local Rule 4-3(c) requires identification of up to 10 claim terms whose construction will be most significant to the resolution of the case.  The parties identified the following 10 terms in the February 5, 2010 Joint Claim Construction and Prehearing Statement, Dkt. 60:

1.    '353 patent:  "a first pattern on said panel for representing a mode switch to switch said touchpad between a key mode and a handwriting mode," "a first pattern on said panel for representing a mode switch to switch said touchpad between a key mode and a mouse mode," and "a first pattern on said panel for representing a mode switch to switch said touchpad between a mouse mode and a handwriting mode" **(identified by both parties)**

2.    '353 patent:  "a plurality of second patterns on said plurality of regions for operation in said key and handwriting modes," "a plurality of second patterns on said plurality of regions for operation in said key and mouse modes," and "a plurality of second patterns on said plurality of regions for operation in said mouse and handwriting modes" **(identified by both parties)**

3.    '352 patent: "identify a first maxima in a signal corresponding to a first finger," "identify a minima the following the first maxima" and "identify a second maxima in a signal corresponding to the second finger following said minima" **(identified by Apple)**

4.    '352 patent: "identify" **(identified by Apple)**

5.    '352 patent: "in response to" **(identified by Apple)**

6.    '352 patent: "means for selecting an appropriate control function" **(identified by Apple)**

7.    '218 patent: "cursor control operation" **(identified by Elan)**

8.    '659 patent:  "sensors configured to map the touchpad surface into native sensor coordinates" **(identified by Elan)**

9.    '659 patent: "logical device units" **(identified by Elan)**

10.     **'929 patent:  "housing" (identified by Elan)**

1    The parties agree that the claim construction hearing should focus on these ten

2    claim construction disputes that are most significant for resolution of this case

3    **II.     Schedule and Page Limits For Claim Construction Briefing**

4    Elan's Position:    Elan proposes claim construction briefing proceed in three

5    rounds as provided in Patent Local Rule 4-5, comprising opening briefs, opposing briefs and

6    reply briefs,. Apple offers no explanation why "consolidated" briefing would be more helpful to

7    the Court in this case.  Elan believes the page lengths provided in Civil Local Rule 7 are

8    appropriate in this case.

9    The briefing deadlines are currently set for March 26, April 16 and April 30, 2010,

10   respectively.  Case Management Scheduling Order, Dkt. 42.  However, Elan intends to move to

11   exclude the testimony of Apple's expert Mr. Herzen for the reasons discussed in Section IV

12   below.  Elan would not oppose a motion to continue the claim construction briefs and hearing

13   sufficiently to permit Elan to depose Mr. Van Herzen.

14   Apple's Position:  Although the schedule currently contemplates three rounds of

15   briefing for each set of asserted patents (the patent-holder's opening briefs, accused infringer's

16   answering briefs and patent-holder's reply briefs), Apple respectfully submits that the briefing

17   will be more helpful to the Court if it is consolidated into two rounds.  Specifically, Apple

18   proposes that the parties simultaneously exchange one opening brief per side on all claim

19   construction disputes and one responsive brief per side on all claim construction disputes.  Apple

20   believes that a simultaneous exchange of briefs across patents will allow the parties to better

21   frame and present the disputed issues while also streamlining the submissions before the Court.

22   Under this approach, Apple respectfully submits that the parties' briefs should be limited to 35

23   pages total for opening briefs and 30 pages total for responsive briefs.  Under these pages limits,

24   the total volume of claim construction briefing would remain unchanged from the presumptive

25   limits of Local Rule 7.

26   In the event that the Court is inclined to have claim construction briefing proceed

27   in three rounds as Elan proposes, Apple agrees that the page lengths provided in Civil Local Rule

28   7 are appropriate in this case.  The briefing deadlines are currently set for March 26, April 16 and

April 30, 2010. As discussed in Section IV below, Apple has agreed to request that the Court continue the claim construction briefs and hearing in an effort to resolve the scheduling dispute surrounding depositions of both sides' claim construction experts.

**III.    Duration Of Claim Construction Hearing**

Elan's Position:    Elan believes the claim construction hearing should take no more than 3 hours.

Apple's Position:  In the event that the Court agrees that the claim construction proceeding should focus on the terms that have been identified as most significant for resolution of this dispute in the Joint Claim Construction and Prehearing Statement, Apple proposes that, given the importance of the issues, complexity of the technology and number of patents at issue, four hours should be set aside for the claim construction hearing.

**IV.    Expert Evidence**

Elan's Position:  Elan intends to move to exclude the testimony of Apple's expert, Mr. Van Herzen, unless Apple successfully moves the Court to postpone the claim construction briefing and hearing sufficiently to permit Elan to depose Mr. Van Herzen.  On February 26, 2010, Apple requested Elan accommodate Apple with a "slight extension" so that Mr. Van Herzen's deposition could take place on March 11, three days after the March 8 deadline for claim construction discovery.  On March 8, Apple then denied it had committed to produce Mr. Van Herzen on March 11, and asserted Mr. Van Herzen would not be available until March 24, two days before the March 26, 2010 deadline for opening claim construction briefs.  Apple's failure to produce Mr. Van Herzen for deposition prevents Elan from deposing Mr. Van Herzen before preparing claim construction briefs.  Elan will therefore move the Court to exclude Mr. Van Herzen's testimony, absent an order from the Court to postpone the briefing schedule sufficiently to permit Elan to depose Mr. Van Herzen and prepare briefs in light of his deposition.

As discussed below, Elan proposes that the parties' experts present the technology tutorial to the Court if the Court chooses to have one, but not present oral testimony during the claim construction hearing.

Apple's Position:  The parties have exchanged lengthy written submissions from

their respective claim construction experts and are in the process of scheduling depositions for these experts as discussed herein.  Because the expert's opinions will be well-developed in advance of the claim construction briefing, Apple respectfully submits, subject to the Court's guidance, that live expert testimony at the claim construction hearing will not be useful to the Court's consideration of the disputes.  Apple believes that the parties' expert submissions and cross-examination at deposition, as presented in the parties' briefing, will provide the Court with the most focused and helpful presentation of expert evidence relevant to the issues.

As to the scheduling of expert depositions, Apple believes that a modest extension of the claim construction schedule will resolve any dispute the parties may have on this issue.  To this end, Apple has conferred with Elan regarding the length of the extension and Elan has stated that a three-week extension would be appropriate.  Accordingly, Apple is filing herewith an unopposed motion to extend the claim construction schedule by three weeks.  Should the Court grant Apple's motion, any dispute between the parties on this issue will be moot.

Apple does not wish to trouble the Court with an extended presentation of the history of discussions between the parties on expert deposition scheduling.  Suffice it to say, Elan mischaracterizes the parties' discussions regarding expert deposition scheduling.  In the event that Elan moves to exclude Dr. Von Herzen's testimony, Apple will provide a detailed explanation and evidence showing that any scheduling issues relating to the deposition of Apple's expert arose from Elan's own lack of diligence in scheduling that deposition.  Likewise, should the claim construction schedule not be extended, Apple may move to exclude any evidence from Elan's claim construction expert as a result of Elan's unilateral cancellation of the deposition of Elan's expert that had been confirmed by Apple in writing.

**V.     Tutorial**

Elan's Position:  Elan believes a technology tutorial, presented shortly before or at the time of the claim construction hearing, would facilitate the Court's understanding of the claim construction disputes.  Elan believes that such a tutorial would take no more than 45 minutes per side.

Apple's Position:  Although Apple is happy to provide a tutorial should the Court

1   request one, Apple respectfully submits that the Court's understanding of the underlying

2   technology and patents-in-suit will best be facilitated by the parties' briefing and by the parties'

3   explanation of such issues as part of the claim construction proceedings.  Apple expects that a

4   focused presentation of the technology as it relates to the issues before the Court will be most

5   helpful to the Court.  Should the Court request a tutorial, Apple expects that such a tutorial would

6   take approximately 45 minutes per side.

7   **V.      Indefiniteness Under Section 112(2)**

8           Elan's Position:    Elan proposes that neither party be permitted to submit motions

9   for summary judgment of invalidity for indefiniteness until the Court construes the disputed claim

10   terms and issues a claim construction order.

11          Apple's Position:   As noted in the Joint Claim Construction and Prehearing

12   Statement, Apple has proposed that several limitations in the '352 patent asserted by Elan are

13   invalid as indefinite for failure to disclose and link adequate corresponding structure for means-

14   plus-function limitations.   For each of these means-plus-function limitations, the claim

15   construction dispute is the same.  A representative limitation has been included in the parties' list

16   of ten claim construction disputes that are most significant for resolution of this case.  Apple

17   respectfully requests permission to file concurrently with its claim construction briefing on Elan's

18   patents-in-suit, and to be heard as part of the claim construction hearing, a motion for summary

19   judgment of invalidity for indefiniteness for these limitations.  Apple believes that such a motion

20   would, if granted, significantly streamline the issues in this case and is properly heard as

21   indefiniteness issues are considered during claim construction.

22   DATED:  March 11, 2010                      /s/  Sean P. DeBruine
                                                    Sean P. DeBruine
23
24                                              **ALSTON & BIRD LLP**
                                                Attorneys for Elan Microelectronics Corporation
25

26   DATED:  March 11, 2010                      /s/  Sonal N. Mehta
                                                    Sonal N. Mehta
27
28                                              **WEIL, GOTSHAL & MANGES LLP**
                                                Attorneys for Apple Inc.

1

## **FILER'S ATTESTATION**

2

     I, Sonal N. Mehta, am the ECF User whose ID and password are being used to file this JOINT CASE MANAGEMENT CONFERENCE STATEMENT.   In compliance with

3

General Order 45, paragraph X.B. I hereby attest that Sean DeBruine has concurred in this filing.

4

5
     By:         */s/ Sonal N. Mehta*

6
                   Sonal N. Mehta

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28