1  Yitai Hu (SBN 248085) (yitai.hu@alston.com)
   Sean P. DeBruine (SBN 168071) (sean.debruine@alston.com)
2  C. Augustine Rakow (SBN 254585) (augie.rakow@alston.com)
   **ALSTON + BIRD LLP**
3  Two Palo Alto Square
   3000 El Camino Real, Suite 400
4  Palo Alto, California  94306
   Telephone:      650-838-2000
5  Facsimile:      650-838-2001

6  T. Hunter Jefferson (admitted pro hac vice)
   (hunter.jefferson@alston.com)
7  **ALSTON + BIRD LLP**
   One Atlantic Center
8  1201 West Peachtree Street
   Atlanta, Georgia 30309-3424
9  Telephone:      404-881-7333
   Facsimile:      404-253-8863
10

11 Attorneys for Plaintiff and Counterdefendant
   ELAN MICROELECTRONICS CORPORATION

12

13                    **UNITED STATES DISTRICT COURT**

14                    **NORTHERN DISTRICT OF CALIFORNIA**

15                              **SAN JOSE DIVISION**

16 | ELAN MICROELECTRONICS CORPORATION, | ) | Case No. 5:09-cv-01531-RS (PVT) |
|---|---|---|
| | ) | |
|          Plaintiff, | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | **CONCERNING MATERIALS PRODUCED** |
|      v. | ) | **BY 3M PURSUANT TO SUBPOENA** |
| | ) | |
| APPLE, INC., | ) | |
| | ) | |
|          Defendant. | ) | |
| | ) | |
| | ) | |
| AND RELATED COUNTERCLAIMS. | ) | |
| | ) | |

1  WHEREAS, Plaintiff Elan Microelectronics Corporation ("**Elan**") and Defendant
2  Apple, Inc. ("**Apple**") (collectively, the "**Litigants**") have each served a subpoena on Third-
3  Party Subpoena recipients 3M Company, 3M Innovative Properties Company, and 3M Touch
4  Systems, Inc. ("**3M**"), and in response thereto 3M is engaged in the collection and production of
5  documents and other materials, including electronic data, as part of the above-captioned
6  litigation;

7  WHEREAS, 3M has searched for and gathered a significant quantity of paper and
8  electronic files that may contain responsive and/or relevant information;

9  WHEREAS, the Litigants and 3M have determined that in view of the quantity and age
10 of the materials to be reviewed, and the difficulty on 3M's part of ascertaining what portions of
11 such materials are in fact responsive and/or relevant to the Litigants' requests, it would be
12 significantly more cost-effective and efficient for the Litigants to inspect the materials to
13 identify which documents or files each wishes to have 3M copy and produce to the Litigants in
14 response to their respective subpoenas;

15 WHEREAS, the Litigants and 3M acknowledge the utility of this process in reducing the
16 costs and increasing the likelihood that relevant materials will be identified, and further
17 acknowledge that while 3M has made efforts to identify and withhold from the inspection any
18 document or file 3M believes is protected from discovery by the attorney-client privilege or the
19 attorney work product doctrine, in view of the accelerated timetable on which the Litigants wish
20 access to the materials and the volume and nature of the materials to be reviewed, there is a
21 possibility that privileged or otherwise protected materials will be produced inadvertently for
22 inspection;

23 WHEREAS, following such inspection, 3M will re-review the specific materials
24 selected for production by the Litigants and will identify and withhold from such production
25 any materials that it believes are privileged or otherwise immune from discovery; and

26 WHEREAS, 3M and the Litigants wish to insure that 3M will not be subject to any
27 claim that it has waived its privilege or other immunity from discovery by having produced
28 such materials to the Litigants for inspection under these conditions,

NOW THEREFORE, the Litigants and 3M stipulate and respectfully request the Court to issue an Order protecting such privileged information on the following terms:

1. In accordance with Federal Rule of Evidence 502 and through agreement, production for inspection of materials that are privileged or otherwise protected from discovery will not constitute a waiver of privilege or work product protection for those materials or the subject matter of those materials in this proceeding or in other Federal or State proceedings involving the parties to this proceeding or third parties.

2. Once the Litigants have selected the specific documents or electronic files that they wish to have copied and produced, 3M shall have the right to review such selected documents and electronic files and to withhold any such selected documents and electronic files that it reasonably deems to be privileged or otherwise protected from discovery by the attorney work product doctrine.  3M will produce a log of documents and files withheld from production on any of the grounds identified in this paragraph.

3. If after producing copies of selected documents and electronic files to the Litigants 3M discovers that it has inadvertently produced a privileged or work product protected document or electronic file (which privilege or protection 3M does not intend to waive), 3M shall be entitled to notify and retrieve the inadvertently produced documents or files as provided in Paragraph 16 of the Amended Stipulated Protective Order Governing the Use of Disclosure and Use of Discovery Materials, dated February 11, 2010 ("**February Protective Order**").

4. The terms and protections provided by this Order are in addition to the protections for confidential and privileged information provided by the February Protective Order, which shall be deemed to apply to materials produced by 3M.  In the event of any apparent conflict between the terms of this Order and the February Protective Order, the terms most protective of 3M's rights in its confidential and privileged information shall be deemed to apply.

//

//

DATED:  March 16, 2010                /s/  Hildy Bowbeer
                                          Hildy Bowbeer

                                   Assistant Chief Intellectual Property Counsel
                                   **3M COMPANY**
                                   **3M INNOVATIVE PROPERTIES CO.**
                                   **3M TOUCH SYSTEMS, INC.**


DATED:  March 16, 2010                /s/ Sonal N. Mehta
                                          Sonal N. Mehta

                                   **WEIL, GOTSHAL & MANGES LLP**
                                   Attorneys for Apple Inc.


DATED:  March 16, 2010                /s/  Sean P. DeBruine
                                          Sean P. DeBruine

                                   **ALSTON & BIRD LLP**
                                   Attorneys for Elan Microelectronics
                                   Corporation

## [PROPOSED] ORDER

PURSUANT TO STIPULATION IT IS SO ORDERED.

Dated: _____, 2010   _____
Hon. Patricia V. Trumbull
UNITED STATES MAGISTRATE JUDGE

# FILER'S ATTESTATION

I, Sean DeBruine, am the ECF User whose ID and password are being used to file this **STIPULATED PROTECTIVE ORDER CONCERNING MATERIALS PRODUCED BY 3M PURSUANT TO SUBPOENA**. In compliance with General Order 45, paragraph X.B. I hereby attest that Sonal Mehta and Hildy Bowbeer have concurred in this filing.

DATED: March 16, 2010              By:      /s/ Sean P. DeBruine
                                                  Sean P. DeBruine

**ALSTON & BIRD LLP**
Attorneys for Elan Microelectronics Corporation

#31,801,175