Yitai Hu (SBN 248085) (yitai.hu@alston.com)
Sean P. DeBruine (SBN 168071) (sean.debruine@alston.com)
C. Augustine Rakow (SBN 254585) (augie.rakow@alston.com)
**ALSTON + BIRD LLP**
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, California  94306
Telephone:      650-838-2000
Facsimile:      650-838-2001

T. Hunter Jefferson (admitted pro hac vice)
(hunter.jefferson@alston.com)
**ALSTON + BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone:     404-881-7333
Facsimile:     404-253-8863

Attorneys for Plaintiff and Counterdefendant
ELAN MICROELECTRONICS CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ELAN MICROELECTRONICS CORPORATION, | ) Case No. 5:09-cv-01531-RS (PVT) |
| | ) |
| | ) |
| Plaintiff, | ) **STIPULATED PROTECTIVE ORDER** |
| | ) **CONCERNING MATERIALS PRODUCED** |
| v. | ) **BY 3M PURSUANT TO SUBPOENA** |
| | ) |
| APPLE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |
| | ) |
| AND RELATED COUNTERCLAIMS. | ) |

1    WHEREAS, Plaintiff Elan Microelectronics Corporation ("**Elan**") and Defendant

2    Apple, Inc. ("**Apple**") (collectively, the "**Litigants**") have each served a subpoena on Third-

3    Party Subpoena recipients 3M Company, 3M Innovative Properties Company, and 3M Touch

4    Systems, Inc. ("**3M**"), and in response thereto 3M is engaged in the collection and production of

5    documents and other materials, including electronic data, as part of the above-captioned

6    litigation;

7    WHEREAS, 3M has searched for and gathered a significant quantity of paper and

8    electronic files that may contain responsive and/or relevant information;

9    WHEREAS, the Litigants and 3M have determined that in view of the quantity and age

10    of the materials to be reviewed, and the difficulty on 3M's part of ascertaining what portions of

11    such materials are in fact responsive and/or relevant to the Litigants' requests, it would be

12    significantly more cost-effective and efficient for the Litigants to inspect the materials to

13    identify which documents or files each wishes to have 3M copy and produce to the Litigants in

14    response to their respective subpoenas;

15    WHEREAS, the Litigants and 3M acknowledge the utility of this process in reducing the

16    costs and increasing the likelihood that relevant materials will be identified, and further

17    acknowledge that while 3M has made efforts to identify and withhold from the inspection any

18    document or file 3M believes is protected from discovery by the attorney-client privilege or the

19    attorney work product doctrine, in view of the accelerated timetable on which the Litigants wish

20    access to the materials and the volume and nature of the materials to be reviewed, there is a

21    possibility that privileged or otherwise protected materials will be produced inadvertently for

22    inspection;

23    WHEREAS, following such inspection, 3M will re-review the specific materials

24    selected for production by the Litigants and will identify and withhold from such production

25    any materials that it believes are privileged or otherwise immune from discovery; and

26    WHEREAS, 3M and the Litigants wish to insure that 3M will not be subject to any

27    claim that it has waived its privilege or other immunity from discovery by having produced

28    such materials to the Litigants for inspection under these conditions,

1    NOW THEREFORE, the Litigants and 3M stipulate and respectfully request the Court

2  to issue an Order protecting such privileged information on the following terms:

3    1.    In accordance with Federal Rule of Evidence 502 and through agreement,

4  production for inspection of materials that are privileged or otherwise protected from discovery

5  will not constitute a waiver of privilege or work product protection for those materials or the

6  subject matter of those materials in this proceeding or in other Federal or State proceedings

7  involving the parties to this proceeding or third parties.

8    2.    Once the Litigants have selected the specific documents or electronic files that

9  they wish to have copied and produced, 3M shall have the right to review such selected

10  documents and electronic files and to withhold any such selected documents and electronic files

11  that it reasonably deems to be privileged or otherwise protected from discovery by the attorney

12  work product doctrine.  3M will produce a log of documents and files withheld from production

13  on any of the grounds identified in this paragraph.

14    3.    If after producing copies of selected documents and electronic files to the

15  Litigants 3M discovers that it has inadvertently produced a privileged or work product protected

16  document or electronic file (which privilege or protection 3M does not intend to waive), 3M

17  shall be entitled to notify and retrieve the inadvertently produced documents or files as provided

18  in Paragraph 16 of the Amended Stipulated Protective Order Governing the Use of Disclosure

19  and Use of Discovery Materials, dated February 11, 2010 ("**February Protective Order**").

20    4.    The terms and protections provided by this Order are in addition to the

21  protections for confidential and privileged information provided by the February Protective

22  Order, which shall be deemed to apply to materials produced by 3M.  In the event of any

23  apparent conflict between the terms of this Order and the February Protective Order, the terms

24  most protective of 3M's rights in its confidential and privileged information shall be deemed to

25  apply.

26  //

27  //

28

1   DATED:  March 16, 2010                    /s/  Hildy Bowbeer
                                                    Hildy Bowbeer
2
                                        Assistant Chief Intellectual Property Counsel
3                                       **3M COMPANY**
                                        **3M INNOVATIVE PROPERTIES CO.**
4                                       **3M TOUCH SYSTEMS, INC.**

5

6   DATED:  March 16, 2010                    /s/ Sonal N. Mehta
                                                   Sonal N. Mehta
7
                                        **WEIL, GOTSHAL & MANGES LLP**
8                                       Attorneys for Apple Inc.

9
    DATED:  March 16, 2010                    /s/  Sean P. DeBruine
10                                                 Sean P. DeBruine

11                                      **ALSTON & BIRD LLP**
                                        Attorneys for Elan Microelectronics
12                                      Corporation

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **[PROPOSED] ORDER**

2

3        PURSUANT TO STIPULATION IT IS SO ORDERED.

4

5   Dated: ___March 16___, 2010    _____

6                                  Hon. Patricia V. Trumbull
                                   UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## FILER'S ATTESTATION

2          I, Sean DeBruine, am the ECF User whose ID and password are being used to

3  file this **STIPULATED PROTECTIVE ORDER CONCERNING MATERIALS**

4  **PRODUCED BY 3M PURSUANT TO SUBPOENA**.  In compliance with General Order 45,

5  paragraph X.B. I hereby attest that Sonal Mehta and Hildy Bowbeer have concurred in this

6  filing.

7

8  DATED:   March 16, 2010          By:  _____/s/ Sean P. DeBruine_____
                                                 Sean P. DeBruine

9                                        **ALSTON & BIRD LLP**
                                          Attorneys for Elan Microelectronics Corporation
10

11

12  #31,801,175

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28