Yitai Hu (SBN 248085) (yitai.hu@alston.com)
Sean P. DeBruine (SBN 168071) (sean.debruine@alston.com)
C. Augustine Rakow (SBN 254585) (augie.rakow@alston.com)
**ALSTON + BIRD LLP**
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, California  94306
Telephone:     650-838-2000
Facsimile:     650-838-2001

T. Hunter Jefferson (admitted *pro hac vice*)(hunter.jefferson@alston.com)
**ALSTON + BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone:     404-881-7000
Facsimile:     404-881-7777

Attorneys for Plaintiff and Counterdefendant
ELAN MICROELECTRONICS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELAN MICROELECTRONICS CORPORATION,<br><br>                    Plaintiff,<br>     v.<br>APPLE, INC.,<br>                    Defendant. | Case No. 09-cv-01531 RS<br><br>**ELAN MICROELECTRONICS CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PENDING FINAL DETERMINATION BY THE ITC OF INVESTIGATION NO. 337-TA-714**<br><br>Date:     June 3, 2010<br>Time:    1:30 p.m.<br>Dept.:   Courtroom 3, 17th Floor<br>Judge:   Richard Seeborg |
| AND RELATED COUNTERCLAIMS | |

TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Thursday, June 3, 2010, in Courtroom 3 of this Court located at 450 Golden Gate Avenue, San Francisco, California, or as soon as the matter may be heard, Plaintiff Elan Microelectronics Corp. will and hereby does move this Court for a stay under the Court's inherent power of the proceedings with respect to Elan's patent infringement claims

ELAN MICROELECTRONICS CORPORATION'S MOTION
TO STAY PENDING FINAL DETERMINATION BY THE ITC            1
OF INVESTIGATION NO. 337-TC-714

Case No. 09-cv-01531 RS

and Apple's counterclaims relating to U.S. patents 5,825,352 ("the '352 Patent") and 7,274,353 ("the '353 Patent"). Elan's motion is based on the institution by the International Trade Commission ("ITC") of an Investigation pursuant to Section 337 of the Tariff Act of 1930, as amended ("the ITC Investigation"). The ITC Investigation is to determine whether Apple is violating Section 337 by importing or selling in the United States certain electronic devices with multi-touch enabled touchpads or touchscreens that infringe one or more claims of Elan's '352 Patent. Apple is named as the only respondent. The '352 Patent at issue in the ITC Investigation is one of the two patents Elan originally asserted in this action. The Apple multi-touch enabled products involved in the ITC Investigation are the same as those accused of infringing the '352 patent and the '353 patent in this action. The ITC Investigation therefore involves the same issues as are presented in this action with respect to the infringement and validity of the '352 patent. Discovery concerning Elan's patent and the accused Apple products will be of a similar scope. To avoid duplicative proceedings in two forums at the same time, and to promote the efficient use of judicial resources, a stay should be granted in this action until such time as the ITC Investigation is concluded. This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Sean P. DeBruine filed herewith and such other papers and pleadings on file and such other argument and evidence as may be presented to the Court at or prior to the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   STATEMENT OF FACTS**

On March 29, 2010, Elan filed a Complaint against Apple under Section 337 of the Tariff Act of 1930 as amended, in the International Trade Commission (ITC), styled In the Matter of Certain Electronic Devices with Multi-Touch Enabled Touchpads and Touchscreens. *See* Declaration of Sean P. DeBruine In Support of Elan's Motion For Stay Pending Final Determination by the ITC of Investigation No. 337-TA-714 ("DeBruine Decl.") at ¶ 2. On April 23, 2010, in response to Elan's ITC Complaint, the ITC issued a Notice of Investigation stating that the Commission has instituted an investigation in which Apple is the respondent ("the ITC Investigation"). *Id.* at ¶ 3 and Ex. A. The ITC Investigation is to determine whether Apple is

violating Section 337 by importing into the United States and/or selling within the United States after importation of certain electronic devices with multi-touch enabled touchpads or touchscreens that infringe one or more claims of U.S. Patent No. 5,825,352 ("the '352 patent"). Apple is the respondent. *Id.* at ¶ 4.

On April 26, Chief Administrative Judge Paul J. Luckern issued Order No. 1 in the ITC Investigation. DeBruine Decl. at ¶ 7 and Ex. B. In this Order, the AJ set a deadline of May 20, 2010 for Elan and Apple to submit discovery plans and scheduled a preliminary conference for May 27, 2010. *Id.* Based on the Institution of the ITC Investigation in April, discovery is likely to be completed by August 2010 and the trial is likely to take place in November of this year. *See id.* at ¶¶ 6 & 7.

The '352 patent at issue in the ITC Investigation is one of the two patents Elan is asserting in this action. The Apple multi-touch enabled products involved in the ITC Investigation – including the iPhone, iPod Touch, MacBook and Magic Mouse products – are also accused of infringing the '352 patent and the '353 patent in this action. *Id.* at ¶ 5. As such, the ITC Investigation involves many of the same issues as are presented in this action with respect to the infringement and validity of the '352 patent and Apple's defenses and that discovery concerning the accused Apple products will be of a similar scope. *Id.*

Since April 8, 2010, Elan has been in communication with Apple's counsel about staying all or part of the district court action in light of the soon-to-be-pending ITC action. On April 13, 2010, Elan's counsel received an e-mail from Apple's counsel stating that while the statutory period for Apple to elect a stay would not run until 30 days after an investigation is instituted, Apple was disinclined to elect a stay of this action on the '352 patent and, on the contrary, contended that the district court action should proceed in full and on schedule. *See* DeBruine Decl. at ¶ 8 and Ex. C. On April 23, when the Notice of Institution was published, Elan again sought Apple's agreement to the requested stay. *Id.* at ¶ 9 and Ex. D. Apple's counsel responded on April 27 stating that Apple would reserve its response until it had reviewed this motion. *Id.*, and Ex. E.

ELAN MICROELECTRONICS CORPORATION'S MOTION
TO STAY PENDING FINAL DETERMINATION BY THE ITC
OF INVESTIGATION NO. 337-TC-714

3

Case No. 09-cv-01531 RS

## II. ARGUMENT

Elan brings this motion now so that a decision to stay is made before the parties and the Court expend time and effort on the upcoming claim construction deadlines as to the Elan patents. In particular, the parties opening claim construction briefs are due on May 7, 2010 with replies due on May 21. It is within the Court's discretion to stay proceedings pending the resolution of other suits. *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Landis*, 299 U.S. at 254. The general test for imposing a stay requires courts to "balance interests favoring a stay with interests frustrated by the action" in light of the "court's paramount obligation to exercise jurisdiction timely in cases properly before it." *Cherokee Nation*, 124 F.3d at 1416 (citing *Landis*, 299 U.S. at 355). The Ninth Circuit expresses this test considering three factors: 1) possible damage which may result from the granting of a stay, 2) the hardship or inequity which a party may suffer in being required to go forward, and 3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. 254-55). A stay may be the most efficient and fairest course when there are "independent proceedings which bear upon the case." *Levya v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

Here, Elan proposes to stay only its own patent infringement claims and Apple's counterclaims directed to Elan's patent, not Apple's infringement claims, although Elan would not oppose a motion by Apple to stay the remaining causes of action. Apple will have to defend its accused products in the ITC Investigation whether or not Elan's related claims go forward in this forum.

If the stay is not granted, both parties would suffer needless duplication of expenses if they are forced to participate in largely duplicative proceedings in the ITC and in this Court at the same time. The most important factor in this determination is the orderly course of justice. First, the

ELAN MICROELECTRONICS CORPORATION'S MOTION
TO STAY PENDING FINAL DETERMINATION BY THE ITC
OF INVESTIGATION NO. 337-TC-714

4

Case No. 09-cv-01531 RS

ITC rules provide for a speedy discovery process, early hearing and an initial determination by a set deadline. Based on the Institution of the ITC Investigation in April, discovery will proceed over the summer, and an evidentiary hearing may take place before the end of the year. *See* DeBruine Decl. at ¶ 6. Second, a stay would avoid potentially duplicative discovery and reduce the drain on this Court's judicial resources. Therefore, staying this action will prevent duplication of discovery on these issues. Elan will agree that discovery obtained in the ITC Investigation by either party could be used in this action once the ITC Investigation is concluded and the stay is lifted. Discovery in this action could then be focused on the remaining asserted patents. Third, while this Court is not bound by a final determination in an ITC investigation concerning the same patent infringement allegations, the Court may benefit from the ITC's findings of fact and conclusions of law in this highly technical dispute. *See Texas Instruments v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996). Fourth, there is also at least the possibility that the parties will reach a global settlement in the ITC Investigation that would finally resolve all the patent claims and counterclaims at issue in this action, thus completely eliminating the need for this Court to expend any further resources on it.

For all of these reasons, Congress has granted the respondents named in an ITC Investigation the absolute right to stay a co-pending District Court action. *See* 28 U.S.C. § 1659. While Apple has stated that it is disinclined to avail itself of this right, a stay should be promptly granted to avoid unnecessary burden and expense to the parties and the Court.

### III. CONCLUSION

For the foregoing reasons, a stay should be granted in this action until such time as the ITC has issued a final determination in Investigation No. 337-TA-714.

DATED: April 27, 2009                    Respectfully submitted,

**ALSTON + BIRD LLP**


By: _____/s/ Sean P. DeBruine_____
Sean P. DeBruine
Attorneys for Plaintiff and Counterdefendant
ELAN MICROELECTRONICS CORPORATION

LEGAL02/31881606v1