**\*E-Filed 6/1/2010\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ELAN MICROELECTRONICS CORPORATION,

    Plaintiff,

  v.

APPLE, INC.,

    Defendant.

No. C 09-01531 RS

**ORDER DENYING MOTION TO STAY ACTION**

    Plaintiff Elan Microelectronics Corporation initiated this action alleging patent infringement by defendant Apple, Inc. By counterclaim, Apple seeks not only declaratory relief as to non-infringement and invalidity on the Elan patents-in-suit, but also brings infringement claims against Elan under patents Apple holds. Elan has now caused an investigation to be opened against Apple in the International Trade Commission ("ITC") to determine if importation of Apple products should be banned on grounds that they infringe one of the two Elan patents-in-suit. Based on the pendency of the ITC proceedings, Elan moves to stay the proceedings in this forum with respect to its affirmative claims and Apple's counterclaims as to *both* the Elan patents-in-suit. Elan does not seek a stay as to the proceedings under Apple's patents. Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument.

The motion is denied. 28 U.S.C. § 1659 provides for a mandatory stay of district court proceedings with respect to "any claim that involves the same issues" as may be pending in an ITC investigation, upon timely request by the party *defending* against the infringement claims in the ITC. Here, that party is Apple, which has elected to forego its statutory right to seek such a stay and which opposes Elan's request for a discretionary stay.

Elan is correct that Apple's right to request a mandatory stay under the statute does not in and of itself preclude the Court from granting a discretionary stay where Apple declines to exercise that right, but the statutory scheme does reflect the fact that it is primarily ITC respondents who may need protection from the burdens of litigating in two proceedings simultaneously, as a party asserting infringement claims may avoid those burdens simply by not initiating actions in more than one forum.[1] In any event, Elan has not established that a stay is warranted under all the circumstances here. Elan suggests that certain outcomes in the ITC could lead to a significant narrowing of the issues that would remain to be litigated here, but whether and the extent to which that would occur is speculative. As to the concern that proceeding in both venues will result in duplicative discovery, the parties may and should work cooperatively to avoid such a result, and to that end the parties appropriately have already submitted a modification to the protective order herein.

IT IS SO ORDERED.

Dated: 6/1/10

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] As Apple points out, 19 U.S.C. § 1337(c) gives a respondent in ITC proceedings the right to assert declaratory judgment counterclaims and then to have those claims removed to a district court. While this also does not divest a court of jurisdiction to grant a discretionary stay where warranted, it further undercuts Elan's argument that it would be appropriate to stay not only its own claims, but Apple's counterclaims related to the Elan patents-in-suit.