MATTHEW D. POWERS (Bar No. 104795)
matthew.powers@weil.com
JARED BOBROW (Bar No. 133712)
jared.bobrow@weil.com
DOUGLAS E. LUMISH (Bar No. 183863)
douglas.lumish@weil.com
SONAL N. MEHTA (Bar No. 222086)
sonal.mehta@weil.com
DEREK C. WALTER (Bar. No. 246322)
derek.walter@weil.com
NATHAN GREENBLATT (Bar No. 262279)
nathan.greenblatt@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Defendant and Counterclaim Plaintiff
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELAN MICROELECTRONICS CORPORATION,<br><br>        Plaintiff and Counterclaim Defendant,<br><br>    v.<br><br>APPLE INC.,<br><br>        Defendant and Counterclaim Plaintiff. | Case No. C-09-01531 RS (PVT)<br><br>**APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS ELAN MICROELECTRONICS CORP.'S INEQUITABLE CONDUCT DEFENSE AND COUNTERCLAIM**<br><br>JURY TRIAL DEMANDED<br><br>Hon. Richard Seeborg<br><br>August 5, 2010, 1:30 pm<br>Courtroom 3, 17th Floor |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..............................................................................................................1

II. LEGAL STANDARD .........................................................................................................2

III. ELAN'S INEQUITABLE CONDUCT ALLEGATIONS DO NOT MEET THE *EXERGEN* STANDARD AND SHOULD BE DISMISSED ............................................3

    A. Elan Has Not Pleaded What Information Is Alleged To Have Been Withheld ...................................................................................................................4

    B. Elan's Allegations Fail to Plead Sufficient Facts From Which Knowledge Can Be Reasonably Inferred ...................................................................................6

    C. Elan Does Not Plead That The Allegedly Withheld Information Was Material And Not Cumulative With Other Information Submitted To The Patent Office .........................................................................................................7

    D. Elan Has Not Pleaded What Purported Misrepresentations Are Alleged To Have Been Made ...................................................................................................9

    E. Elan Does Not Plead That Any Alleged Misrepresentations Were Material Or Why ................................................................................................................10

    F. Elan's Allegations Fail to Plead Sufficient Facts From Which An Intent To Deceive Can Be Reasonably Inferred ..................................................................10

IV. CONCLUSION ................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
  575 F.3d 1312 (Fed. Cir. 2009)..................................................................................... passim

*Juicy Whip, Inc. v. Orange Bang, Inc.*,
  292 F.3d 728 (Fed. Cir. 2002)................................................................................................9

*Lerner v. Fleet Bank, N.A.*,
  459 F.3d 273 (2d Cir. 2006)...................................................................................................3

*Manville Sales Corp. v. Paramount Systems, Inc.*,
  917 F.2d 544 (Fed. Cir. 1990)..............................................................................................11

## STATUTES

37 C.F.R. § 1.98............................................................................................................................5

**TO DEFENDANT ELAN MICROELECTRONICS AND ITS COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN TO ELAN MICROELECTONICS CORP. AND ITS COUNSEL OF RECORD that on August 5, 2010, Apple Inc. ("Apple") will move to dismiss Elan Microelectronics Corp.'s ("Elan") allegations of inequitable conduct in Elan's June 8, 2010 Elan's Answer, Affirmative Defenses And Counterclaims In Response To Apple's Third Amended Answer, Affirmative Defenses And Counterclaims ("Answer") that fail to comply with Federal Rule of Civil Procedure 9(b). This motion is based upon the points and authorities in support of the motion set forth below as well as the declaration and exhibits filed concurrently with this motion. The relief sought by Apple is an order from the Court dismissing Paragraphs 80-83 and 89 of Elan's June 8, 2010 pleading (D.I. 118).

## I.

## INTRODUCTION

Elan's Answer alleges for the first time that Apple's U.S. Patent No. 5,764,218 is unenforceable due to inequitable conduct. Elan's unenforceability allegation is meritless. It is also inadequately pleaded.

The Federal Circuit has confirmed that, to meet the heightened pleading requirements for inequitable conduct as applied under Rule 9(b), a pleading must "identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326-1328 (Fed. Cir. 2009). Here, the application of the *Exergen* standard to Elan's pleading is straightforward, as is the conclusion that Elan's pleading fails to identify these requisite facts for an inequitable conduct defense.

As a threshold matter, Elan's pleading does not identify the reference or information that it alleges was withheld with an intent to deceive, *i.e.*, "what" was withheld and where in the withheld reference the material information lies. Instead, Elan's pleading is based on the allegation that individuals involved in the patent application failed to disclose the mere existence of a product—the Cirque Glidepoint®—to the Patent Office. D.I. 118, ¶¶ 81-83, 89. There are numerous problems with this allegation, not the least of which is that the Cirque Glidepoint® cannot possibly be the reference that Elan contends was withheld with deceptive intent because it

APPLE INC.'S MOTION TO DISMISS ELAN
MICROELECTRONICS CORP.'S INEQUITABLE CONDUCT
DEFENSE AND COUNTERCLAIM                                    1                           Case No. C-09-01531 RS (PVT)

was *not withheld.* To the contrary, the '218 patent file history plainly shows that the Glidepoint® product was disclosed to the Patent Office during prosecution of the '218 patent. Thus, Elan's allegations premised on the alleged withholding of the Cirque Glidepoint® product simply do not state a viable claim for inequitable conduct.

Beyond this basic problem, Elan has not pleaded any basis for its allegation that any allegedly withheld reference is material and not cumulative of the art already before the Patent Office, including information relating to the Glidepoint® product that was disclosed. Nor has Elan pleaded sufficient facts from which the Court can reasonably infer that "a specific individual (1) knew of the withheld information . . . and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Exergen*, 575 F.3d at 1328-1329. Instead, Elan's pleading rests "on information and belief" that individuals involved in prosecution of the patent acted with an intent to deceive the Patent Office—precisely the sort of conclusory and speculative allegation that the Federal Circuit has rejected under Rule 9(b).[1]

For these reasons and those set forth below, Elan's pleading should be dismissed, and Elan should be required to articulate with specificity the basis for its inequitable conduct allegation, if any can be properly pleaded.

## II.

## LEGAL STANDARD

It is black letter law that inequitable conduct must be pleaded with particularity under Rule 9(b). *Exergen*, 575 F.3d at 1326. To satisfy that standard, a pleading must first "identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* at 1326-28. In other words, a pleading must (1) specifically identify who associated with the filing or prosecution of the patent both knew of the material information and deliberately withheld or misrepresented it, *id.* at 1329; (2) explain what claims,

---

[1]  Apple attempted to resolve this matter without the Court's intervention. Apple notified Elan of the deficiencies and inaccuracies in Elan's pleading and requested that Elan either withdraw the pleading or amend it to comply with Rule 9(b)'s requirements. Elan refused. *See* Greenblatt Decl., Exh. A [June 22, 2010 Letter from S. Mehta to S. DeBruine]; *id.* at Exh. B [June 25, 2010 Letter from S. DeBruine to S. Mehta].

and what limitations in those claims, the withheld references are relevant to, and where in those references the material information is found, *id.*; and (3) explain why the withheld information is material and how an examiner would have used this information in assessing the patentability of the claims, *id.* at 1329-1330.

In addition to providing these fundamental allegations, an inequitable conduct pleading must "include sufficient allegations of ***underlying facts*** from which a court may ***reasonably infer*** that a specific individual (1) ***knew*** of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific ***intent*** to deceive the PTO." *Id.* at 1328-29.[2] These supporting allegations of underlying facts are required because "[a] pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b)." *Id.* at 1326-27; *see also id.* at 1327 n.4 (citing Second Circuit jurisprudence rejecting speculative and conclusory allegations regarding fraudulent intent "because 'we must not mistake the relaxation of Rule 9(b)'s specificity requirement regarding condition of mind for a license to base claims of fraud on speculation and conclusory allegations, plaintiffs must allege facts that give rise to a strong inference of fraudulent intent.'") (citing *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006)). Consistent with this, the Federal Circuit has confirmed that "pleading on 'information and belief' is permitted under Rule 9(b) when essential information lies uniquely within another party's control, ***but only if the pleading sets forth the specific facts upon which the belief is reasonably based***." *Id.* at 1330. Thus, what is ultimately required is an allegation of ***facts*** sufficient to credibly support an intent to deceive, not merely the bald allegation of such an intent.

### III.

### ELAN'S INEQUITABLE CONDUCT ALLEGATIONS DO NOT MEET THE *EXERGEN* STANDARD AND SHOULD BE DISMISSED

Elan's pleading fails to properly plead the "who, what, when, where, and how" of inequitable conduct, and to include sufficient allegations of underlying fact from which the Court

---

[2] Emphasis added and internal citations omitted throughout, unless otherwise noted.

may reasonably infer knowledge and intent. Specifically, Elan's pleading is deficient for at least the following reasons: (1) Elan has not pleaded *what* reference is alleged to have been withheld and *where* in that reference the material information is contained; (2) Elan has not pleaded *who* had knowledge of the allegedly material information; (3) Elan has not pleaded *why* any allegedly withheld information was material to patentability and not cumulative with references that were disclosed to the Patent Office, and *how* the patent examiner would have used this information; (4) Elan has not pleaded *what* misrepresentations are alleged to have been made; (5) Elan has not pleaded *why* any alleged misrepresentations were material; and (6) Elan has not pleaded any underlying facts from which the Court can reasonably infer an *intent* to deceive. Each of these deficiencies provides an independent basis for dismissing Elan's pleading.

**A.    Elan Has Not Pleaded What Information Is Alleged To Have Been Withheld**

As set forth above, Elan's inequitable conduct pleading is based on an allegation that "[a]t no time did Mr. Della Bona, the other inventors, or any others involved in the patent application disclose the existence of Cirque's Glidepoint® product to the USPTO." D.I. 118, ¶ 82. Notably absent from Elan's allegations are any identification of what allegedly material information about the Glidepoint® product or its operation was withheld from the Patent Office. Instead, Elan appears to be alleging that the very fact of the product as a whole is material information that was known to Mr. Della Bona and others and withheld from the Patent Office. This allegation fails to state a claim for inequitable conduct for at least two reasons.

First, Elan's pleading is devoid of any identification of specifically *what* reference is alleged to have been withheld from the Patent Office and *where* in that reference the allegedly material information is disclosed. *Exergen*, 575 F.3d at 1329. Elan's pleading does not specify whether Mr. Della Bona or others involved in prosecution of the '218 patent are alleged to have had and withheld a sample of the Glidepoint® product or something else altogether.[3] Nor does

---

[3] To the extent Elan is implying that the "GlidePoint® touchpad material" that should have been submitted to the USPTO includes some sort of sample or physical unit of the GlidePoint® product, that suggestion is at odds with Patent Office procedure. Patent Office procedures permit a party to submit written information about a product that is relevant to the prosecution, but do not contemplate the submission of physical models or samples of prior art. *See* Greenblatt Decl., Exh. C [Form 1449 Information Disclosure Statement] (providing for disclosure of US Patent

1  Elan allege that aspects of any allegedly withheld reference it contends are material. Those
2  allegations are threshold allegations for Elan's inequitable conduct claims and will have
3  important ramifications for evaluating the adequacy of Elan's pleading as to the other elements of
4  its inequitable conduct defense. Indeed, it is only once Elan pleads specifically what is alleged to
5  have been withheld that the adequacy of its pleading can be evaluated on elements such as
6  knowledge of the allegedly withheld reference and material information, materiality and non-
7  cumulativeness, and an intent to deceive. Elan's inequitable conduct allegations should be
8  dismissed for this reason alone.

9  Second, to the extent Elan contends that the mere existence of the Glidepoint® product is
10 itself material information that was withheld, that allegation cannot form the basis for Elan's
11 inequitable conduct counterclaim because it does not identify any information that was withheld
12 from the Patent Office at all. To the contrary, the file history plainly shows that the existence of
13 the Glidepoint® product was in fact disclosed to the Patent Office during prosecution of the
14 application that led to the '218 patent. *See* Greenblatt Decl., Exh. C [Macworld Article] at 218
15 CFH 0075-0077. Indeed, Apple submitted to the Patent Office a February 1996 article from the
16 Macworld magazine that includes a review of the Glidepoint® product and describes the product
17 as one of three input devices that "let you move the cursor by sliding your fingertip . . . along the
18 smooth, rectangular surface and click by lightly tapping your finger on it." *Id.* at 218 CFH 0077.
19 A Cirque patent relating to this technology was also before the Patent Office during prosecution
20 of the '218 patent. *See* Greenblatt Decl., Exh. D [Office Action and Notice of References Cited]
21 at 218 CFH 0168, 0182-0205. Elan's inequitable conduct pleading therefore fails at the most
22 basic level—the existence of the product Elan alleges was not disclosed to the Patent Office was,
23 in fact, indisputably disclosed.[4]

24 If Elan seeks to pursue its inequitable conduct theory, it should be ordered to amend its

---

Documents, Foreign Patent Documents and Non Patent Literature Documents); 37 C.F.R. § 1.98 (providing for the identification of documents in information disclosure statements).

[4]  Elan refused to correct this demonstrably false allegation even after Apple called the misstatement to Elan's attention. *See* Greenblatt Decl., Exh. A [June 22, 2010 Letter from S. Mehta to S. DeBruine]; *id.*, Exh. B [June 25, 2010 Letter from S. DeBruine to S. Mehta].

pleading to state with specificity its threshold allegations as to what reference was allegedly withheld and where that reference contains material information.

### B. Elan's Allegations Fail to Plead Sufficient Facts From Which Knowledge Can Be Reasonably Inferred

Consistent with its failure to plead what reference is alleged to have been withheld from the Patent Office, Elan has failed to plead any facts to support an allegation that any individual involved in prosecution of the '218 patent had knowledge of any allegedly withheld reference.

Elan's pleading alleges at best that that the GlidePoint® product was "widely known in the art," and that "Mr. Della Bona[] knew of the Cirque GlidePoint® product from contemporaneous press reports." D.I. 118, ¶ 82.[5]  Putting aside the truth or falsity of those statements, Elan does not allege any facts suggesting that Mr. Della Bona (or anyone else associated with prosecution of the '218 patent) knew of any specific material information relating to the GlidePoint® product.  Indeed, even though Elan has already deposed Mr. Della Bona, Elan's pleading provides no allegation of facts that support any inference that Mr. Della Bona knew of material information concerning the GlidePoint® product.  As a result, Elan's pleading is plainly insufficient—both as a matter of law and as a matter of common sense. *See Exergen*, 575 F.3d at 1326-27 ("A pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b)."). As *Exergen* emphasizes, "[a] reference may be many pages long, and its various teachings may be relevant to different applications for different reasons. Thus, ***one cannot assume that an individual, who generally knew that a reference existed, also knew of the specific material information contained in that reference***." *Id.* at 1330.  Yet that is precisely

---

[5] Elan's pleading identifies "Mr. Della Bona, the other inventors, or any others involved in the patent application" and "the attorneys prosecuting the application" as allegedly committing inequitable conduct. D.I. 118, ¶¶ 82-83. Because he is the only individual actually named, Apple understands Elan's allegations to be limited to Mr. Della Bona. Insofar as Elan is attempting to plead inequitable conduct by any individual other than Mr. Della Bona, Elan has not adequately pleaded "who" committed inequitable conduct, let alone the basis for that allegation. *See Exergen*, 575 F.3d at 1329 (holding that a pleading fails to identify the "who" of the material omissions and misrepresentation where it fails to name ***the specific individual*** associated with the filing or prosecution of the application "who both knew of the material information and deliberately withheld or misrepresented it").

1  what Elan's pleading asks the Court to assume here. Indeed, Elan suggests taking an even bigger
2  leap by assuming that the alleged knowledge of the existence of a product from press reports is
3  tantamount to knowledge of underlying information sufficient to make it material prior art. This
4  assumption does not satisfy *Exergen's* requirement of a showing that a specific individual both
5  knew of **the material information** and deliberately withheld or misrepresented it. *See Exergen*,
6  575 F.3d at 1329-30. Nor is an end-run around *Exergen's* requirement permissible based on
7  vague assertions that the allegedly material information was "widely known in the art" without
8  any factual support to reasonably infer the requisite allegations. Thus, Elan's pleading fails to
9  comply with Rule 9(b) on this ground as well.

### C. Elan Does Not Plead That The Allegedly Withheld Information Was Material And Not Cumulative With Other Information Submitted To The Patent Office

In view of Elan's failure to identify any specific reference or information that was withheld from the Patent Office, it is not surprising that Elan has failed to plead an explanation for why the allegedly withheld information was material to patentability of the '218 patent and not cumulative of the information already before the Patent Office.

The law requires that a pleading of inequitable conduct "identify the particular claim limitations, or combination of claim limitations, that are supposedly absent from the information of record." 575 F.3d at 1329. *Exergen* makes clear that "stat[ing] generally that the withheld references are 'material' and 'not cumulative to the information already of record'" is insufficient. *Id.* ("Such allegations are necessary to explain both 'why' the withheld information is material and not cumulative, and 'how' any examiner would have used this information in assessing the patentability of the claims.").

Despite that guidance, Elan's pleading merely alleges that the GlidePoint® touchpad product was "widely known in the art to include 'tap,' 'double-tap' and 'tap and drag' gestures on the touchpad surface in lieu of activation of a mechanical button" and that "[t]hose functions were invoked based upon the time period of successive finger contacts with the touchpad and the time intervals between such contacts, as described and claimed in the '218 patent application." D.I. 118, ¶ 81. Based on these assumptions about what was "widely known" in the art, Elan alleges

that "[a] reasonable patent examiner would have considered Cirque's prior art GlidePoint® touchpad material to the alleged inventions claimed in the '218 patent and not cumulative of the other art cited." *Id.*

Here again, there are at least three fundamental problems with Elan's allegations as pleaded. First, as a threshold matter, Elan's allegations fail to point to any information in any reference about the GlidePoint® product that was material to patentability and known to Mr. Della Bona (or anyone else involved in prosecution of the '218 patent). All Elan has done is speculate that individuals working in the field knew that the GlidePoint® product performed certain functions and that Mr. Della Bona knew of the existence of the product from press reports. That speculation does not provide a basis to infer knowledge of material information about how the GlidePoint® product performs certain functions on the part of Mr. Della Bona. Second, Elan's allegations do not identify the particular claim limitations present in the allegedly withheld reference or information that were material to patentability of the '218 patent. Elan has simply alleged its speculation that the GlidePoint® product performed certain functions "as described and claimed in the '218 patent application," without any explanation as to ***why*** that speculation would be material, even if true, or ***how*** the patent examiner would have used that information during prosecution. Third, Elan has failed to explain why information that was allegedly withheld was absent from the record already before the Patent Office, including information relating to the GlidePoint® product disclosed by Apple. To the extent Elan contends that the GlidePoint® product was material because it enabled functions on the touchpad surface in lieu of activation of a mechanical button, Elan must explain why whatever reference is alleged to have been withheld is not merely cumulative of the cited prior art disclosing that the GlidePoint® product enables such functions. *See* Greenblatt Decl., Exh. C [Macworld Article] at 218 CFH 0075-0077; *see also id.*, Exh. D [Office Action and Notice of References Cited] at 218 CFH 0163-0228. Because it does not identify any material prior art that was alleged to have been withheld from the Patent Office, Elan's pleading should be dismissed.

### D. Elan Has Not Pleaded What Purported Misrepresentations Are Alleged To Have Been Made

Besides incorrectly alleging that the GlidePoint® product was never disclosed to the Patent Office, Elan also makes general allegations of affirmative misrepresentations that are plainly insufficient under *Exergen*. Specifically, Elan alleges that "[o]n information and belief, the named inventors, in particular at least Mr. Mark Della Bona, knowingly made affirmative misrepresentations of fact and failed to disclose to the USPTO material information known to him" and that "attorneys and other inventors did not disclose the GlidePoint® prior art to the USPTO, falsely claimed in the '218 patent application that no such prior art existed, and on information and belief made or allowed those false statements and withheld the material prior art with the specific intent to deceive the USPTO." D.I. 118, ¶¶ 80, 83. These statement "simply aver[] the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation," and thus do not satisfy Rule 9(b). *See Exergen*, 575 F.3d at 1326-27.

Elan goes on to allege that "[i]n the patent application filed by Apple on January 31, 1995, which ultimately resulted in the '218 patent, the named inventors each knowingly, and with specific intent to deceive the USPTO, falsely represented that the prior art did not include any devices capable of using gestures on the touch sensor surface to emulate mechanical button values, but rather that prior art touchpads required mechanical buttons." D.I. 118, ¶ 81. This allegation also fails when evaluated under the requirements of Rule 9(b).

Nowhere does Elan point to any specific statement that it alleges is false. Even before *Exergen*, the law required that a charge of inequitable conduct based on misrepresentations must identify the "specific statements" that the accuser alleges to be false. *See Juicy Whip, Inc. v. Orange Bang, Inc.*, 292 F.3d 728, 745 (Fed. Cir. 2002) (reversing inequitable conduct finding based on misrepresentation where "Orange Bang does not identify any specific statements in the declaration that it contends Juicy Whip knew to be false."). It is impossible to tell from Elan's pleading whether Elan contends that a specific false statement was made by a named inventor or attorney in an affidavit or declaration, or whether Elan is referring generally to some overall

assertion of patentability.  Without that threshold allegation as to *what* misrepresentation is alleged to have been made, it is impossible to evaluate whether Elan's pleading is adequate on the other elements of its inequitable conduct defense.  *See, e.g., Exergen*, 575 F.3d at 1330 ("As for the alleged misrepresentation, any knowledge of its alleged falsity is similarly deficient. No facts are alleged from which one can reasonably infer that, at the time of the allegedly false statement, the individual who made this statement to the PTO was aware of an allegedly contradictory statement on Exergen's website.").

### E. Elan Does Not Plead That Any Alleged Misrepresentations Were Material Or Why

For the same reasons, Elan's pleading fails to provide sufficient specificity as to the materiality of the alleged misrepresentations to the Patent Office.  Elan's allegations with respect to purported misrepresentations are limited to its contention that Mr. Della Bona and others "falsely represented that the prior art did not include any devices capable of using gestures on the touch sensor surface to emulate mechanical button values, but rather that prior art touchpads required mechanical buttons" and "falsely claimed in the '218 patent application that no such prior art existed." D.I. 118, ¶¶ 80, 83.  There are no allegations in Elan's pleading as to how these alleged false representations were material to patentability, especially in view of the scope of the patent's claims and the other information before the Patent Office.

### F. Elan's Allegations Fail to Plead Sufficient Facts From Which An Intent To Deceive Can Be Reasonably Inferred

Consistent with the vagueness of Elan's inequitable conduct pleading as a whole, Elan's pleading fails to allege any facts from which an intent to deceive on behalf of Mr. Della Bona or anyone else can be reasonably inferred.  Here, Elan's pleading states that "[o]n information and belief, [Mr. Della Bona's alleged] misrepresentations and omissions were made with the intention of deceiving the USPTO" and that "attorneys and other inventors did not disclose the GlidePoint® prior art to the USPTO, falsely claimed in the '218 patent application that no such prior art existed, and on information and belief made or allowed those false statements and withheld the material prior art with the specific intent to deceive the USPTO." D.I. 118, ¶¶ 80,

83. Thus, although Elan has already taken the deposition of Mr. Della Bona and one of his two co-inventors, Elan's allegation that they somehow intended to deceive the Patent Office is based on nothing more than its "information and belief" that there was an intent to deceive underlying the alleged withholding or misrepresentation of prior art.

Elan's pleading does not even include a hint of an attempt to comply with *Exergen*'s requirement that deceptive intent may be pleaded "on information and belief" "**only if the pleading sets forth the specific facts upon which the belief is reasonably based**." *Exergen*, 575 F.3d at 1330. Intent "is a separate and essential component of inequitable conduct," and cannot be presumed solely by a showing of materiality (which in any case is absent here). *See Manville Sales Corp. v. Paramount Systems, Inc.*, 917 F.2d 544, 552 (Fed. Cir. 1990). For this reason alone, Elan's pleading should be dismissed and Elan compelled to articulate what facts—if there are any at all—it contends support an inference of an intent to deceive on behalf of Mr. Della Bona or anyone else. *See Exergen*, 575 F.3d at 1331 (pleading specific facts showing intent is required lest "inequitable conduct devolve into a magic incantation . . . established upon a mere showing that art or information having some degree of materiality was not disclosed.").

## IV.

## CONCLUSION

For the foregoing reasons, Elan's inequitable conduct allegations (D.I. 118 at Paragraphs 80-83, 89) should be dismissed for failure to comply with Rule 9(b).

Dated: June 29, 2010                                    WEIL, GOTSHAL & MANGES LLP

                                                            By:      */s/ Douglas E. Lumish*

                                                            DOUGLAS E. LUMISH
                                                           Attorneys for Defendant and
                                                            Counterclaim Plaintiff Apple Inc.