Yitai Hu (SBN 248085) (yitai.hu@alston.com)
Sean P. DeBruine (SBN 168071) (sean.debruine@alston.com)
Elizabeth H. Rader (SBN 184963) (elizabeth.rader@alston.com)
Jennifer Liu (SBN 268990) (celine.liu@alston.com)
**ALSTON & BIRD LLP**
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone:   650-838-2000
Facsimile:   650-838-2001

T. Hunter Jefferson (hunter.jefferson@alston.com)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone:   404-881-7000
Facsimile:   404-881-7777

Attorneys for Plaintiff and Counterdefendant
ELAN MICROELECTRONICS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELAN MICROELECTRONICS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>Defendant. | Case No. 09-cv-01531 RS<br><br>**ELAN MICROELECTRONICS CORPORATION'S MOTION TO EXCLUDE DOCUMENTS NOT TIMELY PRODUCED OR, IN THE ALTERNATIVE, FOR COSTS**<br><br>DATE:   August 17, 2010<br>TIME:   10:00 a.m.<br>JUDGE:   Patricia V. Trumbull<br>CTRM:   5, 4th Floor |
| AND RELATED COUNTERCLAIMS | |

## I.   INTRODUCTION

Parties to an action are obligated to diligently search for documents that are relevant to claims and defenses raised by the parties, for production in Initial Disclosures, required disclosures under the local rules and productions in response to discovery requests. This

obligation includes the obligation to meet with inventors named on the patents-in-suit and ask about all possible sources of relevant documents known to the inventors, so relevant documents can be timely located and produced. Apple has known since it decided to assert its '218 patent against Elan that the inventors, including Jay E. Hamlin, would be key witnesses and key sources of proof for issues related to the patent, including when the claimed inventions were conceived, how they were developed and when they were reduced to practice. Elan specifically requested documents that Mr. Hamlin would be likely to have created, used and kept in its first set of document requests.

To further the goal of early disclosure of the parties' positions in patent infringement actions, the Patent Local Rules require a party claiming patent infringement to produce its documents created before the application date evidencing conception, reduction to practice design and development of each claimed invention with its disclosure of asserted claims within fourteen days after the Initial Case Management Conference. As such, early in the litigation process, Apple's attorney should have asked Mr. Hamlin about all the documents of which he was aware related to the inventions claimed in the '218 patent, and where such documents might be located, on or off Apple's company premises. If he kept relevant documents at his home, Apple's attorneys should have learned this many months ago if they were responsible in their search for documents.

Instead, Apple repeatedly told Elan that it was "prioritizing" collecting documents from its inventors but Apple both refused to commit to producing these documents by any specific date and used its inability to substantially complete its document production for almost ten months after Elan first requested the documents as an excuse to delay the inventors' depositions. On June 15, 2010, the day the oft-postponed deposition of Mr. Hamlin was finally to take place, Apple, advised Elan that Mr. Hamlin had found relevant documents. The parties rescheduled the deposition to allow Apple to review and produce these documents. Apple appears to have finally begun producing these documents on or around July 2, 2010. While Elan is still reviewing and analyzing the late-produced documents, it appears that Apple may change its position with respect to the dates when the inventions claimed in the '218 patent were first conceived based on the late-

produced documents. Apple should have located these documents in the fall of 2009, when it searched for documents responsive to Elan's document requests, documents required to be disclosed under Fed. R. Civ. P. 26 and documents required to be disclosed pursuant to this Court's Patent Local Rule 3-2. Having failed to conduct the reasonable search necessary to locate and produce them in a timely manner, Apple should be precluded from using these documents to its advantage in any hearing, trial or other proceeding. In the alternative, Elan should at least be compensated for its attorney's travel expenses incurred for the June 15 deposition that was cancelled because of Apple's failure to locate relevant documents until the night before the deposition.

## II.   STATEMENT OF FACTS

Elan filed this action on April 7, 2009. *See* Declaration of Sean P. DeBruine In Support of Elan's Motion to Exclude Documents Not Timely Produced, ("DeBruine Decl."), ¶ 2. On July 1, 2009, Apple counterclaimed, asserting three of its own patents against Elan. *Id.* Elan served its first set of requests for production of documents on August 6, 2010. *See id.*, ¶ 3 and Ex. 1. These requests included documents relating to the conception, design, development, testing use and reduction to practice of the alleged inventions claimed in the patents-in-suit. *See, e.g., id.* at Request No. 32.

One of the patents Apple has asserted against Elan is U.S. Patent 5,764,218, titled "Method and apparatus for contacting a touch-sensitive cursor-controlling input device to generate button values ("the '218 patent"). The inventors on the '218 patent are Mark A. Della Bona, Jonathan Dorfman and Jay E. Hamlin. Not surprisingly, Apple identified Mr. Hamlin as a witness likely to have discoverable information in its September 2, 2009 initial disclosures, and described his potential areas of knowledge as "[m]atters related to the '218 patent including, without limitation, inventorship, compliance with 35 USC § 101-103 and 112, claim construction, conception, diligence and reduction to practice." DeBruine Decl., Ex. 2. Moreover, of the three inventors, only Mr. Hamlin was disclosed as a current employee at Apple. On October 22, 2009, Apple filed its Disclosure of Asserted Claims pursuant to Patent L.R. 3-1. *Id.* at ¶ 5. As such, its accompanying document production under Patent L.R. 3-2, including the documents evidencing

ELAN MICROELECTRONICS CORPORATION'S MOTION TO
EXCLUDE DOCUMENTS NOT TIMELY PRODUCED OR, IN            3                                Case No. 09-cv-01531 RS
THE ALTERNATIVE, FOR COSTS

conception, reduction to practice, design and development of the claimed invention, was due the same day.

Elan served its notice of the deposition of Jay Hamlin on February 8, 2010, proposing a date of March 3, 2010 but asking Apple to identify possible dates for the deposition within one month. DeBruine Decl. at ¶ 6 and Exs. 3 and 4. Elan was unable to schedule the depositions of Apple's inventors for several months thereafter, however, because Apple would not commit to a date by which it would finish its "rolling" production of documents, including inventor-related documents. Id. at ¶ 7. On March 14, 2010, Elan's counsel wrote to Apple's counsel with respect to Mr. Mark Della Bona, the first named inventor on the '218 patent, noting that the only documents Apple had produced that even mentioned the Apple inventors were a handful of public documents such as the patents in suit, related patents and file histories. See id. at ¶ 8 and Ex. 5. Apple's counsel responded that Apple's collection and review was "ongoing" but stated "Apple has prioritized the collection and review of documents from Mr. Della Bona and the other Apple inventors (to the extent that we have such documents) and we are working diligently to produce such documents reasonably in advance of those depositions." Id. at Ex. 6 (Walter to Rakow March 17, 2010).

Elan originally scheduled inventor Mark Della Bona's deposition for April 8, 2010. On April 6, 2010, however, Apple's counsel wrote to Elan's counsel suggesting that his deposition be rescheduled because "As Apple has repeatedly explained, it cannot commit to producing substantially all documents relevant to Mr. Della Bona's deposition before April 30, including those stored in a recently uncoverd (sic) offsite hardcopy archive. Thus, should Elan proceed with Mr. Della Bona's deposition on April 8, it will be doing so on the basis of an incomplete documentary record." DeBruine Decl., Ex. 8 (Walter to Rakow email April 6, 2010 1:18 pm). After Apple represented that it had produced substantially all the responsive documents relevant to inventor issues, the parties finally agreed that Mr. Hamlin's deposition would take place on June 15, 2010 in Palo Alto. One of Elan's attorneys, Adam Swain, traveled to Palo Alto to take the deposition. DeBruine Decl. at ¶ 12.

//

On the morning of June 15, 2010, however, Apple's counsel sent an e-mail to Elan's counsel stating that late the night before the deposition, Mr. Hamlin had found some documents in his personal files at his home, many of which appeared to relate to his work as a consultant for Apple before he was an Apple employee. DeBruine Decl., Ex. 9. Apple's counsel therefore suggested that Mr. Hamlin's deposition be postponed to give Apple's counsel time to review the newly-discovered documents and produce them as appropriate. *Id.* Elan's counsel responded, agreeing that the deposition should not go forward but with surprise that documents in the possession of an inventor and key Apple employee had turned up only on the eve of the deposition when Apple should have produced them with its infringement contentions. Elan expressly reserved its right to object to the late production and to seek its costs incurred because of the cancellation. *Id.*

On June 19, 2010, Elan's counsel inquired of Apple's counsel when Apple would be producing the new documents found in Mr. Hamlin's possession so the deposition could be rescheduled. *Id.* To date, Apple's counsel has not responded. On July 2, 2010, however, Apple produced a number of documents from the time period before the filing of the '218 patent application that appear relevant to the development of the alleged invention. DeBruine Decl. at ¶ 15.

## III.   ARGUMENT

### A.   Apple Was Negligent In Complying With Its Obligations To Find All Sources of Relevant Documents In a Timely Manner

Rule 26(a)(A)(ii) requires that a party provide in its Initial Disclosures a copy -- or a description by category or location -- of all documents, electronically stored things information, and intangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment. Rule 26(g) requires attorneys who sign disclosures and responses to discovery requests to certify that disclosures and responses are complete and correct to the best of the attorney's knowledge information and belief formed after a "reasonable inquiry" which entails a "reasonable effort to assure that the client has provided all the information and documents available to him that are

responsive to the discovery demand." Fed. R. Civ. P. 26(f) 1980 Advisory Committee Notes. In *Pension Committee of University of Montreal Pension Plan v. Banc of American Securities*, LLC 05-CIV-9016, 2010 WL 184312 (S.D.N.Y. Jan. 15, 2010), the court sanctioned thirteen plaintiff investors for their failure to preserve electronically stored evidence. The *Pension Committee* court explained that negligence can result from "a pure heart and an empty head" -- for example, if a party acting in good faith fails to collect records of employees who are peripherally connected to the litigation. Similarly, the U.S. District Court for the Southern District of California recently reiterated the importance of inside and outside counsel taking responsibility to meet with engineers at a party who are likely to be witnesses at the beginning of the case to explain the legal issues and discuss appropriate document collection, which entails the engineers providing all information and documents relating in any way to issues in the case to the attorneys. See *Qualcomm Inc. v. Broadcom Corp.*, Case No. 05cv1958-B (BLM) (April 2, 2010 Order Declining to Impose Sanctions Against the Responding Attorneys and Dissolving the Order to Show Cause) DeBruine Decl., Ex. 11 at 4 and n. 2. Likewise, in *In re A & M Florida Properties II LLC,* the court sanctioned a plaintiff that failed to locate and produce thousands of responsive emails from employees' archive folders because plaintiff and its counsel were unaware that plaintiffs' employees stored e-mail in two kinds of folders. 2010 WL 1418861 (S.D. Bnkr. S.D.N.Y, Apr. 7, 2010), *6. ("[p]laintiff's counsel did not fulfill its obligation to find all sources of relevant documents in a timely manner. Counsel has an obligation to not just request documents of his client, but to search for sources of information."); see also *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004).

  Here, Apple failed to timely collect documents from an employee who is not merely peripheral. As an inventor on one of Apple's asserted patents and one of the key Apple employees involved in implementing the multi-touch technology in the accused products, Mr. Hamlin should have been at the top of the list of employees from whom Apple should have taken great care to make sure it collected all relevant documents in his possession, even if they were not stored on Apple premises.

//

B.  **Apple Should Have Searched For The Hamlin Documents and Produced Them in Autumn 2009.**

Apple was on notice that it should search for Mr. Hamlin's documents relating to the inventions claimed in the '218 patent for at least three reasons. First, Elan's first set of requests for production of documents was served on August 6, 2009. DeBruine Decl., Ex. 1. Mr. Hamlin's documents are responsive to various of Elan's requests. Second, Apple's Initial Disclosures were served, signed by its attorney, on September 2, 2009. DeBruine Decl., Ex. 2. This means that as of September 2, 2009, Apple's attorney certified that Apple had performed a reasonable search for all documents "that the disclosing party has in its possession, custody or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a) and (g). Mr. Hamlin's documents are documents in Apple's control that it may use to support its claims with respect to the '218 patent. Apple was aware that Mr. Hamlin was likely to have discoverable information about matters relating to the '218 patent because it said so in its Initial Disclosures. DeBruine Decl., Ex. 2. Third, this Court's Patent Local Rule 3-2 requires that a party claiming patent infringement produce certain documents with its Disclosure of Asserted Claims, not later than 14 days after the Initial Case Management Conference. These documents expressly include "all documents evidencing the conception, reduction to practice, design and development of each claimed invention ,which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Patent L.R. 3-1(f), whichever is earlier." Patent L.R. 3-2(b). That deadline is provided in order to enable the party opposing a claim of patent infringement to meet its own obligations to provide invalidity contentions pursuant to Patent L.R. 3-3. Here, the parties' respective Disclosures of Asserted Claims were due and exchanged on October 22, 2009. DeBruine Decl. at ¶ 5. Pursuant to Patent L.R. 3-2, the documents described in Patent L.R. 3-2(b) should have been produced (or made available) as of that date.

As such, a reasonable search for relevant documents should have included interviewing Mr. Hamlin about all the documents relating to the inventions claimed in the '218 patent. Apparently, once Mr. Hamlin met with Apple's attorneys to prepare for his deposition, it quickly occurred to him to search in his home files, where he readily located responsive, relevant

documents. This suggests that he would have done so in August or September of 2009 if Apple's attorneys had conducted a reasonable search at that time.

### C. Exclusion Is The Appropriate Sanction For Apple's Failure To Timely Search for the Hamlin Documents

The Federal Rules of Civil Procedure authorize federal courts to impose sanctions on parties and their attorneys who fail to comply with discovery obligations. Rule 37 *mandates* that a party's failure to comply with the initial disclosure obligations under Federal Rule of Civil Procedure 26(a) or the supplemental disclosure obligations under Federal Rule of Civil Procedure 26(e)(1) results in that party being precluded from "use [of] that information ... to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 544 (N.D. Cal. 2009); *Melczer v. Unum Life Ins. Co of Am.*, 259 F.R.D. 433, 435 (D. Ariz. 2009). The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The burden is on the party that failed to comply with its obligations to demonstrate that its failure was substantially justified or harmless. *See Carr v. Deeds*, 453 F.3d 593, 602 (4th Cir. 2006); *Yeti by Molly*, 259 F.3d at 1107; *Melczer*, 259 F.R.D. at 435. No finding of bad faith is required. *Yeti by Molly*, 259 F.3d at 1106.

Here, Apple has offered no explanation for why it failed to learn that Mr. Hamlin had relevant responsive documents in his home files until the night before his scheduled deposition, over ten months after Elan first requested these documents. Nor can Apple argue that its failure to locate these documents was harmless. For example, Elan could have used the Hamlin documents in the deposition of the other named inventors of the '218 patent, Mr. Dorfman and Mr. Della Bona. As such, the late-produced documents should be excluded.

//
//
//
//

### D. In the Alternative, Apple Should Be Required to Pay Elan's Costs Incurred In Preparation for the Hamlin Deposition.

"Imposition of discovery sanctions is committed to the trial court's discretion." *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978). The Court's inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991).

Here, Apple failed to do the investigation necessary to reveal the existence of relevant documents in Mr. Hamlin's possession in a timely manner such that they could be reviewed and produced before Mr. Hamlin's deposition. Apple's own statements admit that the discovery of relevant documents the night before the deposition caused the deposition to be postponed on the very day it was scheduled to take place. The deposition had been scheduled only after months of delays so that all the relevant documents could be produced well before the deposition, and for the convenience of counsel, including Apple's counsel, and the witness. Elan should not have to bear the costs associated with the cancellation, which was entirely Apple's fault. *See McConnell v. PacifiCorp Inc.*, 2008 WL 4279682 (Sept. 12, 2009 N.D. Cal.) (awarding fees and costs to party requesting documents and taking deposition where depositions were cancelled because responding party withheld documents and other information until the day of the deposition or after the deposition); *see also Sanders v. City of Fresno*, 2007WL 2345001 (E.D. Cal. Aug 16, 2007) (awarding reasonable costs to party noticing deposition cancelled by deponent's counsel the day before it was to have occurred, claiming mistakenly that the Court had ordered that no depositions go forward). Accordingly, Apple should be ordered to pay Elan's costs in the amount of $903.48. *See* DeBruine Decl. at ¶ 18.

//

## IV. CONCLUSION

Apple can offer no reasonable explanation for not timely conducting a reasonable search for documents relating to the conception and reduction to practice of the inventions claimed in its '218 patent, including collecting documents in its own inventor, Mr. Hamlin's possession. As a

sanction, the Court should preclude Apple from relying on these documents in these proceedings.

DATED: July 13, 2010

Respectfully submitted,

ALSTON & BIRD LLP

By: ___/s/ Sean P. DeBruine___
       Sean P. DeBruine

Attorneys for Plaintiff and Counterdefendant
ELAN MICROELECTRONICS CORPORATION