\*E-Filed 08/04/09\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ELAN MICROELECTRONICS CORPORATION,

   Plaintiff,

 v.

APPLE, INC.,

   Defendant.

No. C 09-01531 RS

**ORDER GRANTING MOTION TO DISMISS INEQUITABLE CONDUCT COUNTERCLAIM, WITH LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiff Elan Microelectronics Corporation and defendant Apple, Inc. have each brought claims against the other for patent infringement. Apple now moves to dismiss a counterclaim brought by Elan that alleges Apple engaged in inequitable conduct during the prosecution of one of its patents-in-suit, by failing to disclose adequately to the U.S. Patent and Trademark Office the existence or import of a product known as the Cirque Glidepoint®. Apple asserts the Cirque Glidepoint® was a touch pad that incorporated technology allowing a user to perform certain functions by tapping on the touch pad itself, rather than using separate mechanical buttons, an advance similar to that claimed in Apple's U.S. Patent No. 5,764,218. Apple contends that under the standards articulated in *Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F.3d 1312 (Fed. Cir. 2009),

Elan has failed to plead adequately the "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id*. at 1326-1328.

Elan argues that its pleading satisfies the *Exergen* standard. Its opposition, however, relies on facts and theories it has not pleaded. Accordingly, the motion to dismiss will be granted, with leave to amend.[1]

## II. BACKGROUND

The general background of this action has been described in prior orders and will not be repeated here. This motion relates to Apple's '218 patent, which generally pertains to a method by which a user's gestures on a touch pad can be used as a substitute for instead requiring the user to "click," "double-click," and perform related operations through the use of mechanical buttons typically located adjacent to a touch pad. The '218 specification states:

> [T]o perform click, double-click, and drag operations, prior art touch pads not only require the use of a touch pad but also require the use of a mechanical button switch . . . . Thus, there is a need in the field of computer interfaces for an apparatus and method of implementing the button generation function without using a mechanical button switch.

'218 patent at 3:6-8, 17-19.

Some nine months prior to the time Apple filed the application that led to the '218 patent, Cirque Corporation introduced its Glidepoint® product. Elan avers that the Glidepoint® touch pad "was widely known in the art to include "tap," "double-tap" and "tap and drag" gestures on the touch pad surface in lieu of activation of a mechanical button." Elan's Third Amended Answer and Counterclaims, ¶ 81. Elan further contends that the Glidepoint® touch pad implemented such functions by measuring the time periods of finger contacts on the pad, and of the intervals between such contacts, in a manner like that claimed in the '218 patent. *Id.*

---

[1] While Apple contends that even the facts on which Elan's opposition relies are insufficient to give rise to a claim, and even though it expresses strong doubts that Elan can truthfully allege any other facts to meet the *Exergen* standard, it concedes that it would not be appropriate to dismiss without leave to amend at this juncture.

Elan alleges that Mark Della Bonna, one of the named inventors on the '218 patent, "knew of the Cirque Glidepoint® product from contemporaneous press reports." *Id* at 82. Elan further alleges on information and belief that Della Bonna, "knew that the GlidePoint® product was material to the patentability of the invention recited in the '218 patent, not cumulative to the other cited references and inconsistent with statements made to the USPTO." *Id.* According to Elan, Della Bonna nonetheless, "failed to disclose the existence of Cirque's GlidePoint® product to the USPTO." *Id.*

## DISCUSSION

A claim of inequitable conduct must be plead with particularity to satisfy Rule 9(b) of the Federal Rules of Civil Procedure. *Exergen Corp.*, *supra*, 575 F.3d at 1326-27. The *Exergen* court summed up the requirements:

> [T]o plead the "circumstances" of inequitable conduct with the requisite "particularity" under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO. Moreover, although "knowledge" and "intent" may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO.

*Id.* at 1328-29.

Here, Apple argues that Elan's pleading is insufficient for six basic reasons. First, Apple contends that Elan has not sufficiently identified the allegedly material information it contends was withheld. While the counterclaim specifically asserts that Della Bonna failed to disclose "the existence of Cirque's GlidePoint® product," Apple contends Elan must do more to identify what aspects of that product constitute "material information." Apple also argues that Elan cannot rely on a supposed failure to disclose the "mere existence" of the product, because the prosecution history reveals that Apple in fact submitted materials disclosing that the GlidePoint® was on the market. In

United States District Court
For the Northern District of California

opposition, Elan contends that Apple only disclosed the existence of the GlidePoint® touch pad belatedly, and in a manner deliberately calculated to mislead the PTO into not believing that it potentially represented prior art.[2]  Even assuming such conduct could give rise to an inequitable conduct claim, however, those are facts (and a theory) that Elan has not pleaded.

Apple next complains that Elan has not adequately alleged *facts* that anyone involved in the prosecution of the '218 patent had *knowledge* that the GlidePoint® touch pad was a material reference.  Contrary to Apple's argument, the counterclaims averment that Della Bonna knew of the product's existence from "contemporaneous press reports" is sufficient to establish, for pleading purposes, his general awareness of the GlidePoint® touch pad.[3]  Apple is on firmer ground, however, when it argues that general knowledge of a product's existence is not equivalent to awareness of all of its features, or of a necessary recognition that those features might make it *material*.  It is incumbent on Elan to plead sufficient facts to support an inference that Della Bonna not only knew of the product's existence generally, but that he knew enough about it such that he did or should have recognized it to be material.

In a similar vein, Apple argues that, apart from what Della Bonna did or did not actually know,  Elan simply has not supported its conclusory allegations that the information withheld was both material and not cumulative of other information that was disclosed to the PTO.  In this instance, Elan's identification of the functions of the GlidePoint® touch pad as being implemented in the same manner as the methods claimed in the '218 patent likely is sufficient to establish

---

[2] Apple apparently intends to show on the merits that its invention claimed in the '218 patent predated the GlidePoint® product such that the latter is not prior art.  Whether or not Apple's evidence on this point is such that it would impede Elan's ability to make a good faith pleading to the contrary cannot be resolved at this juncture.

[3] Elan's allegation that "others involved in the filing and prosecution" also engaged in inequitable conduct does not satisfy the *Exergen* standard.  See 575 F.3d at 1329 (pleading that "fails to name the specific individual associated with the filing or prosecution of the application" is insufficient). While those allegations may therefore be surplusage, they do not necessarily mean that Elan has failed to state a claim with respect to Della Bonna, the one individual it has specifically named.

materiality for pleading purposes.  Elan has pleaded few if any facts, however, to support its conclusion that the allegedly withheld material was other than cumulative.

Apple next argues that Elan has not specifically identified any misrepresentations.  In opposition, Elan points to the representations made in the '218 patent application that all prior art touch pads required the use of mechanical buttons.  On reply, Apple strenuously argues that Elan is pointing to these statements "for the first time," and that the counterclaim "undisputedly" failed to include such allegations.  Apple is unduly discounting paragraph 81 of the counterclaim, which may not identify the alleged misrepresentations by the specification's column and line number, but which does plainly aver that "in the '218 patent," Apple "falsely represented that the prior art did not include any devices capable of using gestures on the touch sensor surface to emulate mechanical button values, but rather that prior art touch pads required mechanical buttons."  Thus, standing alone, this would not be a basis to dismiss the counterclaim.  Apple's further reply arguments that Elan has not alleged sufficient facts to show that Della Bonna knew these statements to be false when made and that they were material, however, has merit.

Apple's penultimate argument is that Elan has not alleged sufficient facts to demonstrate the materiality of any misstatements.  As noted above, this point has merit and should be further addressed in any amended counterclaim.

Finally, Apple complains that Elan has not pleaded facts sufficient to infer an *intent* to deceive.  Here, as in *Exergen*, intent to deceive has been pleaded solely on "information and belief."  While that is generally permissible, doing so imposes on Elan an obligation to "set[] forth the specific facts upon which the belief is reasonably based."  *Exergen*, *supra*, 575 F.3d at 1330.  Elan has not met that burden.

## III. CONCLUSION

Apple's motion to dismiss the inequitable conduct counterclaim is granted. Elan shall file any amended counterclaim within 20 days of the date of this order.

IT IS SO ORDERED.

Dated: 08/04/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE