UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELAN MICROELECTRONICS CORPORATION., <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant. | Case No.: C 09-01531 RS <br><br> **ORDER DENYING PLAINTIFF ELAN'S MOTION TO EXCLUDE DOCUMENTS NOT TIMELY PRODUCED OR, IN THE ALTERNATIVE, FOR COSTS** <br><br> **[Docket No. 135]** |

Plaintiff Elan Microelectronics Corporation moves to exclude documents not timely produced or, in the alternative, for costs. ("Elan"). Defendant Apple, Inc. opposes the motion. ("Apple"). Pursuant to Civ. L.R. 7-1(b), the motion is taken under submission and the hearing scheduled to be held on August 24, 2010 is vacated. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that plaintiff Elan's motion to exclude documents not timely produced is denied.[1]

Jay E. Hamlin was previously a consultant to Apple and returned to the company six years

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

ORDER, *page 1*

later as an employee. Opp. at 3; Hamlin Decl., ¶ 1. He worked on inventions that eventually led to Apple's U.S. Patent No. 5,764,218 patent. ("'218 patent"). *Id.* Defendant Apple alleges that the conception date of the '218 patent refutes certain of plaintiff Elan's defenses in the above-captioned action. Opp. at 1. Outside counsel to Apple met with Mr. Hamlin on February 19, 2010. Hamlin Decl., ¶ 1. Mehta Decl., ¶ 2. As part of that discussion, an inquiry was made as to whether Mr. Hamlin had any responsive documents in his possession, custody and control. *Id.* He concluded that "[he] did not recall having any relevant documents in [his] personal possession, custody or control at the time." Hamlin Decl., ¶ 1. Reply at 2. Apparently, he based this conclusion on the belief that "[he] would not have had any relevant files when [he] returned to Apple years later and thus would not have documents relevant to the '218 patent." *Id.*

Plaintiff Elan later scheduled to depose Mr. Hamlin on June 15, 2010. DeBruine Decl., ¶ 12. On the eve of his deposition, Mr. Hamlin met again with outside counsel and in-house counsel for Apple. Hamlin Decl., ¶ 2. During "the course of that meeting or on [his] way home that night, [he] recalled that there was one location [his] barn where [he] might have personal records that [he] could check to see if [he] had documents from the 1993-1994 time period when [he] was a consultant to Apple." *Id.* Mr. Hamlin had not checked any of his materials in the barn for more than a dozen years. *Id.* That evening, Mr. Hamlin located a folder of hardcopy documents, CD-ROMS and hard disk drives with archived computer files related to the touchpad work he did for Apple. *Id.* Lumish Decl., ¶ 2. The specific documents discovered by Mr. Hamlin in his barn included, *inter alia*, early development notes and source code for the invention covered by Apple's '218 patent and establish a conception date in 1993. Opp. at 1.

Defendant Apple promptly notified plaintiff Elan regarding the newly discovered documents and proposed re-scheduling Mr. Hamlin's deposition. DeBruine Decl., ¶ 13. However, the parties disputed whether defendant Apple should have to pay for the costs incurred in scheduling Mr. Hamlin's deposition in the first place. As a result, Mr. Hamlin and Apple's counsel appeared for deposition at Elan's counsel's offices on June 15, 2010 and learned that deposition had been cancelled. Lumish Decl., ¶ 3. Defendant Apple has produced the balance of the newly discovered documents with the exception of a few documents that must be forensically restored by an electronic

discovery vendor. DeBruine Decl., ¶ 15. Opp. at 1; Mehta Decl., ¶ 3. However, that production is expected to occur shortly. *Id.*

Presently, there is no discovery cut-off and trial has not yet been set. Opp. at 1.

Plaintiff Elan states that the newly discovered documents should have been located "many months ago." Mot. at 1. Reply at 2. It points out that defendant Apple was obligated to search diligently for responsive documents, especially from a named co-inventor of the asserted '218 patent and current Apple employee, for the production accompanying its initial disclosures, pursuant to the Patent Local Rules, and in response to specific document requests that were previously propounded in this action.[2] *Id.* Plaintiff Elan further states that it had become increasingly frustrated with defendant Apple's refusal to commit to a specific date for production of documents and oft-repeated representations that "it was 'prioritizing' collecting documents from its inventors." Mot. at 2. Finally, plaintiff Elan states that the newly discovered documents are significant since they may impact defendant Apple's position regarding "the dates when the inventions claimed in the '218 patent were first conceived." Mot. at 2. Reply at 4. Because of defendant Apple's flagrant disregard of its discovery obligations at nearly every turn, plaintiff Elan states that "Apple should be precluded from using these documents to its advantage in any hearing, trial or other proceeding." Mot. at 3. Alternatively, plaintiff Elan seeks reimbursement of costs for travel expenses incurred by the attorney scheduled to take the deposition.

Rule 26(a)(1)(A) requires that a party provide to the other parties "all documents, electronically stored information, and tangible things, that the disclosing party has in its possession, custody or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A).

Patent Local Rule 3-2(b) requires that a party claiming patent infringement produce to each opposing party "[a]ll documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Patent L.R. 3-1(f), whichever is earlier."

---

[2] *See, e.g.,* Plaintiff Elan Microelectronics Corporation's First request for Documents and Things to Apple, Inc. served on or about August 6, 2009. DeBruine Decl., ¶ 3, Exh. 1. (Request for Production No. 32: For each Apple Patent, all documents and things constituting, referring to, or relating to the conception, design, development, testing, use, or reduction to practice of the alleged invention described, disclosed, or claimed in the Apple Patent.).

Such production shall accompany the "Disclosure of Asserted Claims and Infringement Contentions," which is due not later than 14 days after the initial case management conference. Patent L.R. 3-1.

Rule 37(c)(1) states in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

Defendant Apple disputes the assertions that it has been deficient and dilatory in producing any responsive documents. Rather, in this unique instance, Mr. Hamlin was an independent consultant to the company and generated the newly discovered documents 17 years ago. Opp. At 1. The documents were stored in his barn. *Id.* During a meeting held on February 19, 2010, Mr. Hamlin assured defendant Apple that he did not have any responsive documents in his possession, custody, or control and only upon further reflection (during a meeting held with Apple's counsel on June 14, 2010 or on the drive home from that meeting), did he contemplate that additional documents might be located in his barn. Hamlin Decl., ¶¶ 1-2.

As part of its discussions with Mr. Hamlin during their initial meeting, the court assumes that counsel for Apple questioned him thoroughly regarding any possible locations for responsive documents, including his home. While no specific mention is made of the expanse of Mr. Hamlin's estate and whether the barn therein was used merely for long-term storage purposes or as a home office as well, there is no evidence of bad faith. As it was obligated to do, defendant Apple promptly notified the opposing party of the newly discovered documents and production of the documents has, or will be, shortly completed. Moreover, a discovery cut-off and trial date has not yet been set. Therefore, the court finds that the failure was harmless. Accordingly, plaintiff Elan's motion to exclude documents is denied.

IT IS FURTHER ORDERED that plaintiff Elan's motion, in the alternative, for costs is denied. During the parties' efforts to meet and confer on the instant motion, defendant Apple agreed to pay costs totaling $903.48 if plaintiff Elan would withdraw the motion. Opp. at 8; Lumish Decl., ¶ 4. DeBruine Decl., ¶ 18. Plaintiff Elan rejected the offer. *Id.*

IT IS FURTHER ORDERED that the parties shall meet and confer regarding whether plaintiff Elan may re-open depositions of certain witnesses, including co-inventors Jonathan Dorfman and Mark Della Bona of the '218 patent, already deposed regarding the newly produced documents.[3] *See, e.g.,* Apple's Opp. at 7.

IT IS SO ORDERED.

Dated:   August 11, 2010

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[3] "'Meet and confer' or 'confer' means to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order. Unless these Local Rules otherwise provide or a Judge otherwise orders, such communication may take place by telephone. The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to 'meet and confer' or 'confer.' Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation." Civ. L.R. 1-5(n).

ORDER, *page 5*