UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELAN MICROELECTRONICS CORP., ) | Case No.: C 09-01531 RS (PSG) |
|                Plaintiff, ) | **ORDER DENYING PLAINTIFF ELAN MICROELECTRONICS CORPORATION'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
|    v. ) | |
| APPLE, INC., ) | (Docket No. 211) |
|                Defendant. ) | |

Elan administratively moves to file under seal Exhibits B, E, F, G, H, I, J, L, and M to the Declaration of Palani P. Rathinasamy. Elan submits these exhibits in support of its pending motion to compel.[1] Elan seeks to file entire exhibits under seal without also submitting a redacted, public version of each exhibit. Elan claims that submission of heavily redacted documents would not substantially further the policy of providing public access to, and understanding of, court proceedings. For the reasons set forth herein, the motion is DENIED.

The Ninth Circuit has explained that "[h]istorically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents. This right is justfied by the interest of citizens in 'keeping a watchful eye on the workings of public

---

[1] *See* Docket No. 210.

agencies.'"[2]

"[A] strong presumption in favor of access is the starting point."[3] Under this standard, a party seeking to seal a judicial record relating to a dispositive motion bears the burden of overcoming the strong presumption of public access by articulating "compelling reasons" supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.[4] For records relating to non-dispositive motions, a threshold lower than "compelling" applies. "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to nondispositive motions."[5]

There is no question that the pending motion to compel filed by Elan is nondispositive in nature, implicating the lower "good cause" standards of Rule 26(c). With two exceptions,[6] however, instead of establishing good cause to support their request, Elan merely cut-and-pasted variations of the following generic statement to justify the wholesale sealing of each of the above-mentioned exhibits: "Good cause exists to seal the entire exhibit as Apple's response contain confidential internal product names not publicly known."[7] Elan also stated that the exhibits contained information that designated "Confidential-Attorneys' Eyes Only" and the information is not publicly known.

Elan's motion falls short of meeting even the lower "good cause" standard that applies to nondispositive motions.

First, the generic statement above does not justify or even address why Apple's internal product names could not simply be redacted in each of the exhibits at issue. If this is the only justification for the sealing request–and it is for all but two exhibits–it is unclear why a modest effort

---

[2] *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citations omitted).

[3] *Id.* at 1178.

[4] *See id.* at 1178-79.

[5] *Id.* at 1181.

[6] With respect to Exhibits L and M, Elan further justifies its request by asserting that the documents detail the internal operations of Apple's products.

[7] 5/24/11 Declaration of P. Rathinasamy at 2.

could not preserve both public access to the majority of each exhibit as well as Apple's legitimate proprietary interests. This not only runs afoul of *Kamakana,* but Civil Local Rule 79-5(a), which states that all sealing requests "must be narrowly tailored to seek sealing only of sealable material."

Second, under Civil Local Rule 79-5(d), Apple was required to file and serve a declaration establishing that any of its "Confidential-Attorneys' Eyes Only" information included in the above-mentioned exhibits is sealable. This was supposed to be filed within seven days of Elan's motion. It has now been seven days and no declarations have been filed by Apple.

In sum, neither party has provided good cause to seal the above-mentioned exhibits. Despite this failure, the parties will be given until noon on June 9, 2011 to file appropriate declarations setting forth good cause why any document relating to Elan's motion to compel, and any portion thereof, should be filed under seal. The parties are advised that their sealing requests must be narrowly tailored in light of the "strong presumption in favor of access" to court documents.

IT IS SO ORDERED.

Dated:   June 1, 2011

PAUL S. GREWAL
United States Magistrate Judge