MATTHEW D. POWERS (Bar No. 104795)
matthew.powers@weil.com
JARED BOBROW (Bar No. 133712)
jared.bobrow@weil.com
SONAL N. MEHTA (Bar No. 222086)
sonal.mehta@weil.com
DEREK C. WALTER (Bar. No. 246322)
derek.walter@weil.com
NATHAN GREENBLATT (Bar No. 262279)
nathan.greenblatt@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Defendant and Counterclaim Plaintiff
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELAN MICROELECTRONICS CORPORATION,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant and Counterclaim Plaintiff. | Case No. C-09-01531 RS (PSG)<br><br>**APPLE INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ELAN'S COMPLIANCE WITH THE PARTIES' AGREEMENT THAT ELAN EMPLOYEES WILL BE PRESENTED FOR DEPOSITION IN THE NORTHERN DISTRICT OF CALIFORNIA**<br><br>DATE: August 2, 2011<br>TIME: 10:00 a.m.<br>JUDGE: Hon. Paul Singh Grewal<br>CTRM: 5, 4th Floor<br><br>**MOTION TO SHORTEN TIME AND RESET HEARING DATE TO JULY 5, 2011 AT 10:00 AM FILED CONCURRENTLY HEREWITH** |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on August 2, 2011 at 10:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, Defendant and Counterclaim Plaintiff Apple Inc. ("Apple"), will and hereby does respectfully move to compel Plaintiff and Counterclaim Defendant Elan Microelectronics Corporation ("Elan") to comply with the parties' agreement that party witnesses will be presented for deposition in the Northern District of California. This motion is based upon the following Memorandum of Points and Authorities, the Declaration of Sonal N. Mehta, and a Proposed Order, each of which are served and filed concurrently herewith, as well as the complete record of this action, evidence and argument that may be presented at a hearing on this motion, and all matters of which the Court may take judicial notice. For the reasons set forth in greater detail in the Memorandum of Points and Authorities and related pleadings submitted herewith, Apple respectfully requests the Court to Order Elan to produce the requested discovery forthwith. A motion to shorten time and reset the hearing on this motion to July 5, 2011, so it can be heard with pending motion relating to the same agreement between the parties, is being filed concurrently herewith.

**I.**

**THE COURT SHOULD ENFORCE THE PARTIES' AGREEMENT THAT PARTY WITNESSES WILL APPEAR FOR DEPOSITION IN THE NORTHERN DISTRICT OF CALIFORNIA**

As Apple explained in its May 31, 2011 motion to compel, Elan contends that it is a Taiwanese company with little or no U.S. presence. Although Apple disputes that this prevents Elan from having substantial relevant knowledge regarding the presence of its products in the United States, it does not dispute that Elan's research and business activities and the majority of its employees are located in Taiwan. Accordingly, from the outset of this case, Apple immediately met and conferred with Elan to confirm that it would make its inventors and employees voluntarily available for deposition in this district, where Elan initiated suit. With the exception of specific inventors and employees that Elan was to identify prior to September 18, 2009, Elan agreed that it would do so. This agreement was memorialized in the parties

1  September 2009 Joint Case Management Conference Statement:

2
3
4
> The parties agree that named inventors and employees of the parties that do not reside in the United States will be made voluntarily available for deposition in the Northern District of California without service of foreign process except as so identified to the opposing party no later than September 18, 2009.

5 Dkt. No. 41 at 6. Prior to September 18, 2009, Elan did not identify any individuals that it would

6 be unable to make available for deposition. In advance of the January 2011 CMC, the foregoing

7 agreement was re-memorialized in the Further Case Management Conference Statement. *See* Dkt

8 No. 187 at 3. In that same document, the parties confirmed that neither of them had identified

9 any unavailable witnesses by the September 18, 2009 deadline. *Id.* Thus, Elan has agreed on

10 multiple occasions that it would make its inventors and employees voluntarily available for

11 deposition here in the United States. Despite the foregoing, Elan has refused to make its

12 inventors available for deposition in California, alleging that because the inventors are no longer

13 employees, Elan is powerless to make them available. Apple has already brought a motion to

14 compel on this issue, which is schedule to be heard on July 5.

15 Unfortunately, in addition to refusing making its non-employee inventors available for

16 deposition, Elan has also recently refused to make even its ***current*** employees available for

17 deposition in the Northern District of California, in either their individual or 30(b)(6) capacities.

18 As Elan stated in meet and confer, "it is Elan's position that Section IV.B of the Joint CMC only

19 applies to Elan's claims in this action." *See* Declaration of Sonal Mehta in Support of Apple

20 Inc.'s Motion to Compel Elan's Compliance with the Parties' Agreement That Elan Employees

21 Will be Presented for Deposition in the Northern District of California ("Mehta Decl."), Exh. A

22 [6/13/2011 email correspondence]. In other words, Elan now contends that the parties' agreement

23 to make witnesses available for deposition in California only applies to witnesses that can provide

24 testimony regarding the patent infringement allegations that Elan is bringing in this Court.

25 There is no basis for this position. At the outset, there is no language in the parties'

26 agreement to this effect, nor was there any discussion to this effect during the negotiation of the

27 agreement. *See* Mehta Decl. ¶ 2. This is particularly noteworthy because Elan was well aware of

28 Apple's counterclaims—which were filed on July 1, 2009—months in advance of the September

1  30, 2009 CMC statement, where Elan agreed to make its employees available for deposition in
2  California. *See* Dkt No. 41 (Sept. 30, 2009 CMC statement); Dkt. No 15 (Apple's First Amended
3  Answer asserting counterclaims filed on July 1, 2009). Thus, if, as Elan contends, it truly
4  intended for the parties' agreement to apply only to its counterclaims, it surely would have raised
5  this issue with Apple or requested that the agreement include language to this effect. It did not.
6  To the contrary, over a year later, after the parties had spent substantial resources litigating
7  Apple's counterclaims, Elan even reaffirmed the original agreement in the January 20, 2011
8  further CMC statement, again without any suggestion that it would seek to limit the agreement to
9  only Elan's claims. It was not until June 10, 2011 that Elan let Apple know for the first time that
10 it would not present its witnesses in the Northern District of California.[1] Mehta Decl., Exh. A
11 [6/13/2011 email correspondence] (June 10, 2011 email from J. Bu stating Elan's position that the
12 parties' agreement only applies to Elan's claims).

13        With respect to 30(b)(6) depositions specifically, Elan contends that "Apple's 30(b)(6)
14 topics only relate to Apple's counterclaims." *See id.* Elan is wrong again. In fact, Apple's notice
15 includes topics related to the conception and reduction to practice of the Elan patents-in-suit,
16 Elan's knowledge of Apple's alleged infringement, marking, and Elan's damages case. All of
17 these topics relate to Elan's claims, not Apple's. Moreover, even if all of Apple's 30(b)(6) topics
18 related only to its counterclaims, that still would not provide a basis for abrogating the parties'
19 agreement regarding deposition location.

20        Finally, it must be noted that Elan initiated this action by suing Apple in this forum. It has
21 thus chosen to avail itself of the Northern District of California. In these circumstances, even
22 beyond the parties' express agreement that employees and inventors are to be made available for
23 deposition in California, Elan simply cannot be heard to complain if it is forced to present

---

[1] During meet and confer, Elan has taken the position that its employees should be deposed in Taiwan for efficiency reasons. Briefly, Elan contends that if depositions are conducted in Taiwan, to the extent one of its witnesses is unprepared with relevant information, it will be able to quickly identify and present a substitute witness among its employees. However, if Elan properly prepares its Rule 30(b)(6) witnesses, there should be no need for it to identify substitute witnesses in the first place. Furthermore, with respect to witnesses who testify in their individual capacities, this rationale is totally inapplicable.

1 | witnesses here.

## II.

## CONCLUSION

For the foregoing reasons, Apple's motion to compel should be granted.

Dated: June 28, 2011          By:     */s/ Sonal N. Mehta*
                                             Sonal N. Mehta
                                 WEIL, GOTSHAL & MANGES LLP
                                   201 Redwood Shores Parkway
                                       Redwood Shores, CA 94065
                                       Attorneys for Defendant and
                                       Counterclaim Plaintiff Apple Inc.