1  YITAI HU (SBN 248085)
   yitai.hu@alston.com
2  SEAN P. DEBRUINE (SBN 168071)
   sean.debruine@alston.com
3  ELIZABETH H. RADER (SBN 184963)
   elizabeth.rader@alston.com
4  JANE HAN BU (SBN 240081)
   jane.bu@alston.com
5  JENNIFER LIU (SBN 268990)
   celine.liu@alston.com
6  PALANI P. RATHINASAMY (SBN 269852)
   palani.rathinasamy@alston.com
7  **ALSTON & BIRD LLP**
   275 Middlefield Road, Suite 150
8  Menlo Park, CA 94025-4008
   Telephone:     650-838-2000
9  Facsimile:     650-838-2001

10 Attorneys for Plaintiff and Counterdefendant
   ELAN MICROELECTRONICS
11 CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELAN MICROELECTRONICS CORPORATION,<br><br>      Plaintiff,<br>  v.<br>APPLE, INC.,<br><br>      Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 09-cv-01531 RS (PSG)<br><br>**ELAN MICROELECTRONICS CORPORATION'S OPPOSITION TO APPLE'S MOTION TO COMPEL ELAN WITNESS DEPOSITIONS IN THE NORTHERN DISTRICT OF CALIFORNIA**<br><br>Date: July 5, 2011<br>Time: 10:00 a.m.<br>Courtroom 5<br>Hon. Paul Singh Grewal |

Apple brings a Motion to Compel essentially asking that Elan be ordered to bring any and all of its employees to whom Apple may issue a deposition notice to this District for depositions before the close of discovery.  Apple conveniently fails to disclose that it seeks to compel at least *nine*—and possibly more—Elan employees in Taiwan to appear for deposition in this District, only a few weeks prior to the close of fact discovery.  Apple also fails to mention that its motion would compel certain of those witnesses to appear on deposition topics fully covered in depositions of those same witnesses **already taken by Apple in the United States** in the parallel ITC Action.  These omitted facts demonstrate that Apple merely seeks to press its perceived advantage.

To the extent Apple complains of the limited time remaining for discovery, it has only itself to blame; Apple issued the deposition notices at issue between May 23 and 27, 2011, more than *two years* after the start of this lawsuit, and just weeks before the close of discovery as then scheduled.  Having waited until the end of discovery to notice those depositions, and seeking testimony it has in many cases already obtained, Apple cannot now be heard to use the short time left to complete discovery as a basis for granting its motion.  Also absent from Apple's motion is any discussion of how it would be unduly burdened or prejudiced if the depositions go forward in Taiwan.  To the contrary, Elan has clearly enumerated the advantages of such an arrangement, especially in light of the short time left to complete any legitimate depositions.  If the depositions take place in Taiwan, Elan could promptly provide additional Rule 30(b)(6) designees if Apple establishes a need.  Apple's blanket request that any of Elan's employees, regardless of whomever and however many employees Apple wishes to depose, be compelled to travel to California for deposition should be denied or at least altered to a more reasonable arrangement.

Elan notes that it has been prejudiced by the shortened schedule requested by Apple, which is made necessary again by Apple's lack of diligence.   Elan raised its objections to making all of its witnesses available in the United States over a month ago, promptly after receiving Apple's deposition notices.   Elan has consistently held that position, and Apple threatened to file its motion weeks ago.  It did not, delaying until the last minute and forcing Elan to file this Opposition on shortened time.  While Elan is anxious to resolve this issue in order to complete

discovery, Apple's conduct should be noted as illustrative of its intent in this matter.

**I.      The Limited Time Prior To Discovery Cutoff Is Caused By Apple's Own Delay**

On May 23, 2011, Apple issued nine individual deposition notices to Elan's employees in Taiwan (Jane Bu Declaration filed herewith ("JBu Decl.") ¶ 2).  On May 27, 2011, Elan responded that four of the noticed individuals were no longer with the company and therefore Elan could not produce them pursuant to the deposition notices (Apple Motion To Shorten Time for Motion to Compel "Apple Admin. Mot." Exh. A at 4).  Elan also objected to conducting the five remaining depositions in this District, because three of the individuals work in the same department and have substantially overlapping knowledge, and the testimony sought from all five individuals pertains to Apple's counterclaims, and not to Elan's case in chief or Apple's defense (*id.*).  More than a week passed before Apple responded, on June 7, 2011, citing the 2009 Case Management Conference Statement in which Elan agreed to make "Elan employees and inventors" available for depositions in the NDCA (*id.* at 3).  As such, a month has now elapsed between the time Apple was aware of the deposition location dispute, yet Apple only filed its motion on June 28, and demanded that Elan be forced to respond in just three days, effectively eliminating any chance for Elan to object to the Administrative Motion to shorten time. [1],[2]

On May 27, 2011, Apple also served a Rule 30(b)(6) deposition notice on Elan which included 19 substantive topics (JBu. Decl. ¶¶ 3, 4, Exh 1).  Elan served its responses and objections on June 9, 2011.  (JBu. Decl. ¶ 4, Exh 1).  In its objections, Elan noted that many of the topics in that notice are identical to the topics on which Elan employees have already appeared for

---

[1] Apple in its Administrative Motion to shorten time also claimed that this is the same issue as the 353 Patent inventor depositions which is subject to the Motion to Compel in front of the Court on July 5, 2011. Apple is wrong.  As explained in Elan's Opposition to that Motion to Compel, Elan would have made its 353 Patent inventors available for deposition in NDCA as agreed in the September 2009 CMC statement, but for the fact none of the 353 Patent inventors Apple requested is still employed by Elan, and Elan also represented that fact to Apple as early as September 2009. Thus Elan has no control over these foreign individuals and has no ability to force these foreign resident non-parties to appear in NDCA for a deposition.  Therefore, the dispute regarding the locality of the current Elan employees' depositions has nothing to do with the 353 Patent inventor deposition issue (Apple Admin Mot. Exh B at 4-6).

[2] Indeed, Local Rule 6(3)(c) requires that a party opposing the administrative motion have up to four (4) days to submit the objection, while Apple requested a 3-day response time for the underlying motion to compel.

ELAN'S OPP'N TO APPLE'S MOTION TO COMPEL             2                        Case No. 09-cv-01531 RS (PSG)

depositions in this country (*see id.*, Appendix A, Apple Admin. Mot. Exh B at 4-6).[3]  The next day, Elan proposed a meet and confer to discuss the designated witnesses and the location of the depositions to most efficiently conduct all noticed depositions before the close of fact discovery (Apple Admin Motion Exh. A at 1-2).  On June 13, Apple responded that it would "seek the Court's immediate intervention" (*id*. at 2).  Yet despite the obvious impasse, Apple did not file this motion "immediately", but instead waited more than two weeks.  Yet Apple forces Elan to respond to its motion in three days, and has the chutzpah to complain that there is little time left in the discovery period.

Elan nevertheless continued its attempts to reach agreement with Apple on a reasonable deposition schedule (Apple Admin Mot. Exh B at 3-6).  During a June 15, 2011 telephone call, counsel for Elan committed to make its witnesses available in Taiwan during the last week of June or the first week of July.  Had Apple accepted, the depositions it seeks would be largely complete. (*id*. at 4-6).[4]  Elan followed up with an email reiterating its position in detail, and explaining again why taking the depositions in Taiwan was consistent with the Case Management Statement, advantageous to Apple and necessary to avoid undue hardship on Elan's employees and business (*id*).[5]  Again, Apple neither promptly responded nor filed the oft-threatened motion to compel (Apple Admin. Mot. Exh. B at 3-4).  On June 22, with the issue by then a month old, Elan for the third time, reached out to Apple in an attempt to schedule the depositions and remained willing to promptly produce the witnesses in Taiwan (*id*.).  Apple's response was to again reiterate its threat to file its motion to compel and to shorten time (*id*. at 2-3).  Yet another week passed, marking

---

[3] Indeed, Elan has already produced four key Elan witnesses for deposition in California pursuant to these topics, including the highest ranking officer of Elan, Chairman Yeh, for deposition in California pursuant to these topics. Additionally, some of the same individuals would be required to come to California again to respond to these same topics.

[4] That deadline has been extended by agreement to August 12, 2011 (Dkt. No. 304).

[5] For example, it requires about a week away from work for each witness to travel to make the lengthy trip to the United States, to have an opportunity to overcome jet lag, and then to complete the depositions. This would require 8 to 10 Elan employees to be away from work for a week, all at the approximately the same time, in some instances for depositions that will last only a few hours. By contrast, if Apple's counsel travels to Taiwan, Elan would arrange for all of the depositions to be completed at one time, with the minimum disruption to the witnesses' work, and no undue prejudice to Apple.

three full weeks of threatening to do so, before Apple finally filed the instant Motion to Compel.[6]

Thus, neither the approaching discovery deadline nor the delay in having this matter resolved provides any justification for Apple's motion.

**II.     Elan Never Agreed To Bring Witnesses To NDCA For Apple's Asserted Claims**

Apple's Motion hinges on the argument that Elan has agreed to make its "inventors and witnesses" available for deposition here. Apple provides no discussion or legal support that would require the Court to compel Elan to produce nine or possibly more Elan employees to be deposed in this District within a few short weeks. Elan does not dispute that, in September 2009, it agreed to make its inventors and employees available for deposition here.[7] However, this statement was intended to be limited to Elan's witnesses in support of its own claims. There is no basis to presume that Elan intended to agree to bring an unlimited number of Taiwan witnesses to the U.S. for deposition, at Apple's pleasure, for the purpose of supporting Apple's asserted infringement counter-claims. Indeed, federal courts including the District of Northern California recognize the general presumption that depositions of corporate designees under Fed. R. Civ. P. 30(b)(6) occur in the location of the corporations' principal place of business. *See, e.g.*, Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2112 at 84-85 (1994 rev.); *IO Group, Inc. v. GLBT Ltd.*, 2011 U.S. Dist. LEXIS 63227, 3-4 (N.D. Cal. June 14, 2011).

At the most, the parties have a misunderstanding regarding the extent of Elan's commitment as expressed in the September 2009 CMC statement. Now that this dispute has become clear, there is no reason that Apple's interpretation is the only authority controlling this motion. Other than its own understanding of the Case Management Statement, Apple offers no legitimate rationale for requiring an unreasonably large number of Elan witness to be deposed in

---

[6] Having delayed its own filing by three *weeks,* Apple demanded that Elan respond in *three days,* and that it be prepared on this subject, as well as the numerous other baseless issues raised in its earlier motion to compel, over the Fourth of July holiday weekend.

[7] Apple incorrectly represents to the court that "Elan has agreed on *multiple occasions* that it would make its inventors and employees voluntarily available for depositions here in the United States" (Apple Motion at 2) (emphasis added). To the contrary, during the January 2011 CMC statement negotiation, the location of the Elan employee deposition for Apple's asserted claims never came up. Indeed, Apple only first served its deposition notices for the NDCA case in May 2011, two years after this case was filed.

this jurisdiction, some for the second time. Accordingly, Apple's Motion should be denied.

### III. Applying the Factors Courts Usually Consider, The Depositions Should Be Taken In Taiwan

A district court has wide discretion to establish the time and place of depositions. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). In determining the appropriate location of the deposition, federal courts consider the convenience of the parties, relative hardships and the economy obtained in attending at a particular location. *IO Group, Inc. v. GLBT Ltd.,* 2011 U.S. Dist. LEXIS 63227, 3-4 (N.D. Cal. June 14, 2011). Relevant factors in making this determination include (1) the location of counsel for both parties, (2) the number of corporate representatives a party seeks to depose, (3) whether the deponent often travels for business purposes, (4) the likelihood of significant discovery disputes arising which would require resolution by the forum court, and (5) the equities with respect to the nature of the claims and the parties' relationship. *Id*. Nowhere in Apple's motion or during any of the meet and confers has Apple identified any undue hardship or burden on it to travel to Taiwan to depose these witnesses, nor did Apple show that taking depositions in Taiwan will in any way substantively prejudice Apple or prevent it from obtaining evidence. To the contrary, Elan has on several occasions explained the potential benefit of taking the depositions in Taiwan given the convenient access to corporate resources, information and personnel. Therefore, an evaluation of these factors, particularly with respect to point (3), leads to the conclusion that economy, efficiency and flexibility favor the depositions going forward in Taiwan.

First, the large number of depositions Apple seeks point to the conclusion that the most efficient way, and perhaps the ***only achievable*** way to complete the depositions before the shortly approaching discovery cut-off, is to take all of the depositions in Taiwan. Apple currently demands to depose five (5) individual Elan Taiwan witnesses. Of Apple's 14 Rule 30(b)(6) topics, nine (9) relate to Apple's counterclaims, and five (5) topics arguably relate to Elan claims or to both parties' claims (s*ee* Appendix A In Support of Elan Opposition). Of those five topics, four are very limited. For example, Apple seeks testimony on Elan's compliance with the marking requirement, Elan's attendance at the yearly Computer Electronics Show event, and Elan's

awareness of Apple infringement (*id*.). Elan has produced all responsive, non-privileged documents and has or will shortly provide detailed interrogatory responses fully addressing these limited topics. (Apple Admin. Mot Exh. B at 3-4)[8]. To the extent Apple feels it necessary to take depositions on these topics, those deposition will also be quite short. Again, forcing multiple witnesses to travel for several days to address such limited topics is neither fair nor reasonable. These depositions could much more efficiently be handled in Taiwan. (Elan would also be amenable to providing these witnesses by videoconference).

Of the individuals noticed, the three touchpad product engineers have essentially the same relevant knowledge. There is one touch screen product engineer, and one patent engineer in Elan's Legal department. That patent engineer, Mr. Lin, prepared very brief summaries of Apple's asserted patents. Those summaries are the only arguably relevant information that ties Mr. Lin to this case, and that deposition should last at most a few hours. Forcing Mr. Lin to spend several days travelling for such a limited purpose is clearly unreasonable.

Further, the remaining four Rule 30(b)(6) topics relate to Elan's licensing efforts relating to its asserted 352 and 353 Patents. Elan has explained that it has never even attempted to license the 353 patent (JBu Decl. ¶ 6, Exh. 4 at 4). Those topics as to the 352 patent are completely redundant to testimony Apple has already taken in the ITC [9] (*see* Appendix A; Apple Admin. Mot. Exh B at 5; JBu Decl. ¶ 5, Exhs 2-3). The deposition topics are essentially identical, and Elan produced Mr. Wayne Chang, the director for Elan's IPR Legal department, to provide testimony in California for these topics over a two-day period.[10] (Appendix A; Apple Admin. Mot. Exh B at 5; JBu Decl. ¶ 5, Exh 2-3). Apple has provided no good reason why Elan should be put to the burden of providing a witness for these 4 topics at all, much less why Elan should be compelled to incur the burden and expense of bringing such witness (or witnesses) to the U.S. to be deposed on the

---

[8] *See also,* JBu Decl. ¶ 6, Exh. 4, Elan Supplemental Interrogatory Responses, where Elan provided detailed information relating to the marking requirement. Particularly, Elan also noted the earliest 352 Patent notice date for Apple irrespective of the marking requirement and stated that Elan has not marked the 353 Patent.

[9] The parties expressly agreed, in this matter and in the ITC, that discovery would be common to both actions to avoid precisely the duplication Apple now seeks to impose.

[10] In fact, Mr. Chang gave over four hours of testimony, including thorough cross examinations at the ITC hearing regarding Elan's licensing efforts relating to the 352 patent.

same topic again.

Indeed, Apple recognized as much in the January 20, 2011 Joint Case Management Conference Statement, where the parties agreed that "[e]ach party has made voluminous production of documents, and depositions of party witnesses, inventors and non-parties have taken place. Much of this discovery has been undertaken in connection with the ITC investigation. Remaining topics of discovery include completion of document productions, depositions of certain individuals named as inventors and party witnesses relating to the accused functionalities, as well as damages-related discovery including sales and profits derived from the accused products" (Apple Admin. Mot. Exh B at 4).  Nowhere does Apple indicate its desire to revisit the depositions of party witnesses that have already taken place.

Bringing all of these witnesses to this country – and the additional witnesses Apple would likely seek if given a blanket order – entails substantial planning and undue burden.  Most of these witnesses do not travel to the U.S. on regular basis.  Many would need to acquire visas.  While Elan has started the visa process for all these witnesses, that procedure is not trivial.  Also not trivial is the travel costs for all of these individuals.  Apple's belated demands would impose an undue disruption of Elan's normal work flow and operations, especially with so many employees travelling at the same time.   Even for witnesses who will only be deposed for a few hours, each will have to take nearly a week off from work (e.g, two days travel each way, at least one day to adjust to the time difference and at least one day for the deposition).  Therefore, requiring Elan witness(es) to travel to the US for such short depositions is inefficient and unduly burdensome.

Second, Elan's touchpad and touchscreen product business units are two completely separate divisions (Apple Admin. Mot Exh B at 4).  Thus any given Elan employee is much more familiar with either Elan's touchpad or touchscreen product lines, not both (*id*.; Appendix A).  The ability of a witness to obtain additional information should they not recall particular subject matter relevant to a Rule 30(b)(6) topic will be greatly enhanced by having corporate resources readily available.  If Elan is forced to bring its witnesses to NDCA, Elan will certainly designate the most knowledgeable witnesses and prepare them on the topics they do not know from their daily experience.  However, given the sheer number of depositions Apple is demanding, Elan simply

will not be able to provide more than one witness for all Elan product related topics. In the alternative, if the depositions were to taken place in Taiwan, Elan will have the added benefit of ready access to other employees to consult with or to offer for follow-up depositions. As such, if necessary and within reason, Elan could easily produce additional witnesses for each topic relating to Elan products to best comprehensively cover Apple's deposition topics (*id*.). Therefore, the availability of additional individuals that could cover other aspects of deposition topics favors Taiwan as the location for all of the depositions.

In short, Apple should not be permitted to force a large number of Elan employees to travel for a week, all in the same short period of time, to provide testimony either on topics already covered or so limited as to hardly warrant a deposition at all. Accordingly, the relevant factors of fairness, efficiency and flexibility show that, the depositions should go forward in Taiwan.[11]

**IV.    In the Alternative the Court Should Consider Alternative Arrangements for Certain Depositions**

There are alternatives to travel that would reduce the undue prejudice and burden on Elan. For example, Elan respectfully requests that the Court consider whether depositions on at least the more limited topics occur via video conference. Similarly after the 30(b)(6) depositions, should Apple establish a reasonable need for additional witness testimony, that testimony should take place either in Taiwan or by videoconference. At a minimum, should the Court decide that all nine witnesses should appear here, Elan asks that the Court order Apple to share the travel costs for Elan's Rule 30(b)(6) deponents and pay the full costs for its individual witnesses. *See e.g., Intagio Corp. v Tiger Oak Publications, Inc.*, 2007 U.S. Dist., LEXIS 11735, No.C-06-3592 (N.D. CA, Feb. 7, 2007) (ordering the moving party to pay for the travel cost of the company's president to appear for deposition).

---

[11] With respect to factors (4) and (5), Elan believes that counsel will conduct themselves professionally during depositions such that all depositions can be completed in full. (JBu Decl. ¶ 7, Exh 5, *Apeldyn Corp. v Au Optronics Corp,* Civil Action No. 08-568-SLR, Dtk 380, December 13, 2010 Order Denying Motion to Compel Deposition in U.S. at 4). In none of the numerous depositions in the ITC action did either party require the ALJ's real-time intervention.

1 | DATED: July 1, 2011            Respectfully submitted,

2 |                                ALSTON & BIRD LLP

3 |                                By:  _____*/s/ Sean P. DeBruine*_____
                                        Sean P. DeBruine
4 |                                     Attorneys for Plaintiff
                                        ELAN MICROELECTRONICS CORPORATION
5 | LEGAL02/32722774v1