UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| ELAN MICROELECTRONICS CORPORATION, | ) ) ) | Case No.: C 09-01531 RS (PSG) |
| Plaintiff, | ) ) | **AMENDED ORDER RE DEFENDANT ELAN MICROELECTRONICS CORPORATION'S MOTIONS TO COMPEL** |
| v. | ) ) | |
| APPLE, INC., | ) ) | **(Docket Nos. 341, 357)** |
| Defendant. | ) ) | |
| _____ | ) | |

In this patent infringement case, Plaintiff Elan Microelectronics Corporation ("Elan") moves to compel Defendant Apple, Inc. ("Apple") to produce discovery related to Apple iOS applications ("iOS apps") for the accused products. Separately, Elan moves to compel Apple to produce (1) financial discovery related to Apple's previous generations of accused products; (2) Apple's communications with Elan customers or potential customers regarding their sales of products that incorporated Elan components; and (3) test data and documents generated by certain tools Apple developed relating to the specifically accused feature. Apple opposes both motions. On August 30, 2011, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Elan's motion to compel Apple to produce discovery related to iOS apps for the accused products is GRANTED.

iOS apps refer to applications or programs that run on the iOS mobile operating system on

ORDER, *page 1*

Apple handheld products, including the accused iPhone, iPod Touch and iPad products. iOS apps are not themselves accused of infringement in this action and do not include the accused feature. Elan's infringement claims are instead directed to touchpads and touchscreens capable of detecting the simultaneous presence of two or more fingers, and the correlation of multi-finger contacts into user input commands. Elan seeks financial data relating to both iOS apps that rely on the specific "Multi-Touch" interface feature accused of patent infringement and those iOS apps that do not in order to apportion the value of the claimed invention. In *Uniloc USA, Inc. v. Microsoft*[1] and *Lucent Techs v. Gateway, Inc.,*[2] the Federal Circuit has made clear that damages experts must provide "evidence tending to separate or apportion the defendant's profits and the patentee's damages between the patented feature and the unpatented features."[3] Evidence of the demand for, and the value of, the accused Multi-Touch interface feature in the iPhone, iPod Touch and iPad products is therefore required.

Elan contends that its experts have detected a trend that shows that iOS apps using the Multi-Touch interface feature enjoy greater consumer demand than those apps that do not. However, because its experts have been limited thus far to only publicly-available information, Elan seeks discovery to allow its experts to conduct a further and more extensive damages analysis. Although it did not describe its proposed analysis as such, what Elan proposes is a classic regression analysis aimed at determining the relationship of various independent variables – *e.g.,* demand for the accused product – and one or more independent variables – *e.g.,* the Multi-Touch interface feature accused of infringing Elan's patents.[4]

Apple disputes that the discovery sought is relevant. Apple specifically complains that a comparison based solely on apps that use multi-finger contacts, as opposed to those that do not, is

---

[1]   632 F.3d 1292, 1318 (Fed. Cir. 2011).

[2]   580 F.3d 1301, 1337 (Fed. Cir. 2009).

[3]   *See Uniloc,* 632 F.3d at 1318.

[4]   Alternatively, citing Factors 6 and 11 of the reasonable royalty analysis required under *Georgia-Pacific Corp. v. United States Plywood Cor.,* 718 F.Supp. 116, 1120 (S.D.N.Y. 1970), Elan seeks to determine the relationship of demand for iOS apps and the Multi-Touch interface feature of the accused products.

not sound economic analysis.  Apple notes that each app contains a large number of features, including but not limited to, the content of the app, program or gameplay options, advanced graphics, sound effects, music, design, updates, camera integration, voice or data network connectivity, GPS integration, and user interface controls.  As a result, the accused Multi-Touch interface feature is but one part of a very large package of features that contribute to the functionality and user experience, and "Elan presents no suggestion as to how it can disentangle the economic value of multiple-finger input from this extensive range of features."[5]  Finally, Apple claims that the discovery sought is extensive and burdensome, although it offers no declaration or other evidence to support its claim.

Apple might be right that Elan's damages theory is unsound, and perhaps even inadmissible under Fed. R. Civ. P. 702.  The discovery sought is nevertheless appropriate.  A *Daubert* challenge is the proper vehicle to test the validity of Elan's damages theory, not an opposition to a motion to compel that invites the undersigned to usurp the authority of the presiding judge to determine what damages theories should or should not go before the jury.  If adopted, Apple's position would effectively require the production of a Rule 702-worthy damages analysis before any discovery that supports such an analysis need be produced.  Elan's proposed regression analysis is not so facially flawed as to require such a draconian result here.  Apple's claim of burden also is not persuasive.  As noted above, other than attorney argument, it has provided no declarations or other evidence to substantiate its claim.  Accordingly, Apple shall produce the following requested discovery no later than September 30, 2011:

1. The identity of the 100 top-selling iOS apps annually since 2007;

2. For each of those apps, by year, spreadsheet(s) in native format, detailing the title, volume of sales (or numbers downloaded), unit price, Apple's costs, Apple's revenue or profit made on these apps;

3. Underlying documentation that reflects the percentage of profit or revenue Apple is entitled to obtain for the sale of any third party iOS apps;

4. Any marketing information or ads relating to the iOS apps that highlight the use of the multifinger input; and

5. A Rule 30(b)(6) witness who can attest to the requested discovery from items 1-4.

---

[5]  Docket No. 369 at 5.

1  IT IS FURTHER ORDERED that Elan's motion to compel Apple to produce financial
2  discovery related to previous generations of the accused products is GRANTED.

3  Elan previously served Apple with requests for discovery comparing the accused products
4  containing the specifically accused Multi-Touch interface feature to earlier versions of the products
5  lacking the feature. According to Elan, these earlier versions include the MacBook, MacBook Pro
6  and iPod products. Despite past assurances from Apple that it would produce responsive
7  documents, Elan states that Apple has merely referred it to general marketing and customer survey
8  documents already produced. Elan now seeks financial data for prior unaccused versions of the
9  accused products so that it can conduct a comparative analysis to determine the economic return
10 Apple obtained by offering the accused feature.

11 As an initial matter, Apple disputes that Elan ever requested the actual discovery described
12 above. Elan's original document request sought only "documents relating to any internal analysis or
13 study of anticipated and realized changes in product price, profits per units and sales volumes due to
14 the incorporation of the Accused Instrumentality and/or Multi-Touch technology of the Accused
15 Products."[6] Only after Apple explained that it did not have any, nor did it conduct any, comparative
16 analyses, did Elan request sales data of Apple's previous generations of accused products.

17 Apple next argues that even if the court considers Elan's discovery request, the discovery
18 sought is not relevant. Apple notes that while Elan requests financial information for the MacBook
19 products, Elan already has financial information, including cost and marketing information, for all of
20 the versions of the MacBook and MacBook Pro line of products. As a result, says Apple, any
21 request related to the MacBook and MacBook Pro line of products is now moot. Apple also notes
22 that the requested information for the iPod products is irrelevant because the iPod is not a previous
23 generation of any accused product, including the iPod Touch.

24 Elan notes that the iBook and PowerBook also are previous generation products to the
25 MacBook and MacBook Pro line of products, and financial information for those products also
26 should be produced. Elan also notes that despite Apple's assertions that the iPod and iPod Touch
27 are different product lines, its damages expert is entitled to discovery to allow the expert to
28

---

[6] *See* Docket No. 393 at 3.

ORDER, *page 4*

1  distinguish the value Apple derives from the accused Multi-Touch feature included in the iPod
2  Touch.  Elan does not deny that there are other features in the iPod Touch not found in the iPod
3  classic but again urges that such issues of apportionment should be addressed in a *Daubert* hearing,
4  not discovery proceedings.

5        Based on the document request and Elan's subsequent effort to narrow the request in light of
6  Apple's response, the undersigned finds that it does encompass the specific discovery that Elan now
7  seeks.  Additionally, the discovery sought is relevant.  Even if the product lines radically differ as
8  Apple describes, Elan's damages expert is entitled to pursue an analysis to determine any
9  incremental value of the Multi-Touch interface feature.  As before, Apple has not presented any
10 evidence of undue burden.  Instead, without any evidence or proof, it merely recounts that from
11 2003, financial data for 24 different iPod models, or "a mass of financial information," would be
12 responsive to Elan's document request.  Apple shall produce sales, profit and cost information in
13 native spreadsheet format for iPod and iBook, PowerBook, and MacBook products sold since 2003
14 lacking the Multi-Touch interface feature no later than September 30, 2011.

15       IT IS FURTHER ORDERED that Elan's motion to compel Apple to produce its
16 communications with Elan's customers or potential customers regarding sales of products that have
17 incorporated Elan components is GRANTED.

18       Apple served approximately 30 of Elan's customers and potential customers with subpoenas
19 to obtain documents reflecting sales of customer  products that have incorporated Elan components.
20 Elan, in turn, served Apple with a document request seeking any responsive documents that Elan's
21 customers and potential customers produced to Apple.  Apple has provided some responsive
22 documents in response but Elan seeks to determine whether all responsive documents Apple has
23 obtained from Elan's customers and potential customers have been produced.

24       While Apple contends that the issue is moot in light of its recent production of responsive
25 documents, Elan disputes that all responsive documents have been produced.

26 `     Because Apple has unambiguously agreed "to produce the correspondence [Elan] seek[s] this
27 week, along with any formal responses [Elan] [has] not already received" and it confirmed at the
28 hearing that all responsive documents would be produced,  Elan's motion to compel is granted.

ORDER, *page 5*

1  Apple shall produce any further responsive documents no later than September 30, 2011.

2  IT IS FURTHER ORDERED that Elan's motion to compel Apple to produce test data and
3  documents generated by certain tools Apple developed relating to the accused feature is GRANTED.

4  Elan's document request nos. 101-104 seek Apple's internal testing documents since 2003.
5  The documents are sought to refute claims that Elan has failed to provide evidence that Apple
6  employees test or use its accused products in an infringing manner. Elan argues that "[s]ince
7  infringement occurs when the touchpad is operated with multi-finger touches or gestures, documents
8  reflecting the results of use of these testing tools may be clear evidence of direct infringement by
9  Apple employees." The parties do not dispute that the discovery sought is relevant. Rather, Apple
10 claims that the discovery sought is vast, excessive, and unduly burdensome.

11 Apple states that the discovery sought is not maintained in a central repository or database.
12 The data is allegedly logged in raw data files in "one-off circumstances" or reflected in one-off
13 screen captures and if it exists, resides on the hard drives and in email files (of an unclear number)
14 of engineers on an *ad hoc* basis. Apple again complains that the discovery sought is staggeringly
15 overbroad and unduly burdensome. Moreover, Apple complains that Elan has refused any effort to
16 narrow the scope of its requests.

17 Aside from claiming that there is a staggering or impossible burden in meeting these
18 document requests, once again Apple has not provided any specific evidence, including any
19 declarations, showing the extent of any burden. Because the parties do not dispute the relevance of
20 the discovery sought and Apple has not demonstrated burden, Apple shall produce responsive
21 documents no later than September 30, 2011.

22 **IT IS SO ORDERED**.

23 Dated:   September 9, 2011

24 _____
   PAUL S. GREWAL
25 United States Magistrate Judge

26
27
28

ORDER, *page 6*